I HEREBY CERTIFY that the above and foregoing is a true and correct copy of the original on file in my office.
ATTEST
WILLIAM T. WALSH, Clerk
United States District Court
District of New Jersey
By: _____ Deputy Clerk
02/04/2016

UNITED STATES JUDICIAL PANEL
on
MULTIDISTRICT LITIGATION

IN RE: LIQUID ALUMINUM SULFATE
ANTITRUST LITIGATION                                            MDL No. 2687

## TRANSFER ORDER

**Before the Panel:**[*] Plaintiff in a District of Minnesota action and plaintiff in a District of New Jersey action separately move under 28 U.S.C. § 1407 to centralize pretrial proceedings in this litigation in, respectively, the District of Minnesota and the District of New Jersey. The litigation consists of nineteen actions listed on Schedule A. Additionally, the Panel has been notified of 27 related actions pending in six districts.[1]

All responding parties support centralization, but disagree as to the appropriate transferee district for this litigation. Plaintiffs in six actions and potential tag-along actions support centralization in the District of Minnesota. Plaintiffs in fourteen actions and potential tag-along actions and all but one responding defendant[2] support centralization in the District of New Jersey. Plaintiffs in nine actions and potential tag-along actions suggest centralization in the Eastern District of Pennsylvania, in the first instance or in the alternative.

On the basis of the papers filed and the hearing session held, we find that these actions involve common questions of fact, and that centralization of this litigation in the District of New Jersey will serve the convenience of the parties and witnesses and promote the just and efficient conduct of this litigation. These actions share factual questions arising out of allegations that defendants conspired to fix prices; conspired to circumvent competitive bidding and independent pricing; and committed other anticompetitive practices designed to unlawfully fix, raise, maintain and stabilize the prices at which liquid aluminum sulfate was sold in the U.S. between 1997 and 2010, in violation of Section 1 of the Sherman Act. Centralization will eliminate duplicative

---

[*] Judge Charles R. Breyer took no part in the decision of this matter.

[1] These and any other related actions are potential tag-along actions. *See* Panel Rules 1.1(h), 7.1, and 7.2.

[2] Chemtrade Logistics Income Fund; Chemtrade Logistics, Inc.; Chemtrade Solutions, LLC; Chemtrade Chemicals US, LLC; Chemtrade Chemicals Corporation; General Chemical Corporation; GenTek, Inc.; General Chemical Performance Products, LLC; Frank A. Reichl; C&S Chemicals, Inc.; GEO Specialty Chemicals, Inc.; and Kemira Chemicals, Inc.. Defendant Hawkins, Inc., takes no position as to the Section 1407 motion.

-2-

discovery; prevent inconsistent pretrial rulings, particularly with respect to class certification; and conserve the resources of the parties, their counsel and the judiciary.

We are persuaded that the District of New Jersey has the closest nexus to this litigation. Several defendants are located in or near this district, including defendants named in most actions, and therefore, relevant documents and witnesses are likely to be found there. A related criminal action is pending in this district, and a majority of actions already are pending there.

IT IS THEREFORE ORDERED that the actions listed on Schedule A and pending outside the District of New Jersey are transferred to the District of New Jersey and, with the consent of that court, assigned to the Honorable Jose L. Linares for coordinated or consolidated pretrial proceedings.

PANEL ON MULTIDISTRICT LITIGATION

_____
Sarah S. Vance
Chair

| | |
|---|---|
| Marjorie O. Rendell | Lewis A. Kaplan |
| Ellen Segal Huvelle | R. David Proctor |
| Catherine D. Perry | |

IN RE: LIQUID ALUMINUM SULFATE
ANTITRUST LITIGATION                                                          MDL No. 2687

## SCHEDULE A

<u>District of Minnesota</u>

CITY OF ROCHESTER, MINNESOTA v. HAWKINS, INC., ET AL.,
    C.A. No. 0:15-04266
METROPOLITAN COUNCIL v. HAWKINS, INC., ET AL., C.A. No. 0:15-04303

<u>District of New Jersey</u>

CENTRAL ARKANSAS WATER v. REICHL, ET AL., C.A. No. 2:15-07827
DETROIT WATER AND SEWERAGE DEPARTMENT v. REICHL, ET AL.,
    C.A. No. 2:15-07896
CHESTER WATER AUTHORITY v. REICHL, ET AL., C.A. No. 2:15-07928
CITY AND COUNTY OF DENVER v. GENERAL CHEMICAL PERFORMANCE
    PRODUCTS, LLC, ET AL., C.A. No. 2:15-07996
CITY OF WINTER PARK v. GENERAL CHEMICAL CORPORATION, ET AL.,
    C.A. No. 2:15-08031
HAZELTON CITY AUTHORITY v. REICHL, ET AL., C.A. No. 2:15-08056
THE CITY OF CINCINNATI v. REICHL, ET AL., C.A. No. 2:15-08065
AMERICAN EAGLE PAPER MILLS, INC. v. REICHL, ET AL., C.A. No. 2:15-08142
OAKLAND COUNTY, MICHIGAN v. REICHL, ET AL., C.A. No. 2:15-08198
AMREX CHEMICAL COMPANY, INC. v. REICHL, ET AL., C.A. No. 2:15-08227
CITY OF GREENSBORO v. REICHL, ET AL., C.A. No. 2:15-08230
CITY OF NEWARK v. REICHL, ET AL., C.A. No. 2:15-08261
THE BRICK TOWNSHIP MUNICIPAL UTILITIES AUTHORITY, ET AL. v.
    REICHL, ET AL., C.A. No. 2:15-08273
THE CITY OF TEXARKANA, ARKANSAS, ET AL. v. REICHL, ET AL.,
    C.A. No. 2:15-08294
CLARKSVILLE LIGHT & WATER CO. v. GENERAL CHEMICAL CORPORATION,
    ET AL., C.A. No. 2:15-08295

<u>Eastern District of Pennsylvania</u>

ENVIRONMENTAL RESEARCH AND DESIGN, INC., ET AL. v. GENERAL
    CHEMICAL CORPORATION, ET AL., C.A. No. 2:15-06421
FLAMBEAU RIVER PAPERS, LLC v. REICHL, ET AL., C.A. No. 2:15-06422