# NUSSBAUM LAW GROUP, P.C.

570 Lexington Avenue, 19th Floor, New York, New York 10022
Telephone:  (212) 702-7053 / Fax:  (212) 681-0300
www.nussbaumlawgroup.com

March 9, 2016

*Via ECF*
Honorable Jose L. Linares, U.S.D.J.
M. L. King, Jr. Federal Bldg. & U.S. Cthse
50 Walnut Street, Rm. 5054
Newark, NJ 07101

      Re:    *In re Liquid Aluminum Sulfate Antitrust Litig.*, DNJ 2:16md02687 (JLL)(JAD)

Dear Judge Linares:

I respectfully submit this application to serve as a Plaintiff Steering Committee member, along with my resume (Exhibit A).  I have been at the forefront of this litigation from the outset.  Working collaboratively with James Cecchi of Carella, Byrne, Cecchi, Olstein, Brody & Agnello, P.C., I filed one of the earliest cases in this District on behalf of the City of Winter Park, Florida (DNJ 2:15cv08031)[1] after determining that the pending government investigations and the presence of key third parties made this District the optimal location, a conclusion the JPML also reached.

Successful prosecution of this litigation will require a team with the stature, experience, skill and track record to develop the record, certify the class, and the capability to successfully try this case or negotiate a settlement.  I respectfully submit that I am willing and able to serve on this team and would make a valuable contribution.  In my view, the most important experience, attributes and abilities for the leadership in this case are the ability to: (i) work cordially and cooperatively with *both* plaintiff and defense counsel; (ii) work efficiently with a solution-oriented, get-the-job-done approach; (iii) involve the Court to resolve disputes *only* when necessary; and (iv) expedite resolution of this case, while zealously protecting the interests of the class. To that end, since filing the City of Winter Park action, I have collaborated with other Plaintiffs' counsel to conduct ongoing fact development and investigation in the best interest of the class.

**<u>Twice Appointed Lead Counsel in the District of New Jersey</u>**
I am proud of my track record in this District and across the United States.  I have successfully managed cases with collegiality, effectiveness, and efficiency, in accordance with the letter and spirit of Rule 1, while, at the same time, recovering hundreds of millions in valuable relief for my clients.  By way of example only, I have been honored to have been selected as one of two co-lead counsel in two antitrust class action cases in the District of New Jersey.  First, in June 2003, I was appointed co-lead class counsel by Judge Faith S. Hochberg in *In re Remeron Antitrust Litig.*, 2:03cv0085-FSH-PS, Dkt. No. 37 (D.N.J.).  After several years of contested litigation, that case settled for $75 million.  In approving the settlement of that case, Judge Hochberg recognized the skill and contribution of the co-lead counsel, commenting that:  "[W]e sitting here don't get to see

---

[1]  I also represent Bay County, Florida.  My clients are municipalities that are representative of the vast majority of class members, and are prepared to serve as part of a smaller group of class representatives in furtherance of the litigation.

such fine lawyering, and it's really wonderful for me both to have tough issues and smart lawyers. On behalf of the entire federal judiciary I want to thank you for the kind of lawyering we wish everybody would do."

In January 2012, I was appointed by Your Honor to serve as co-lead counsel in *Castro, et al. v. Sanofi Pasteur, Inc.*, 2:11cv07178-JLL-MAH, Dkt. No. 27 (D.N.J.). The *Castro* case alleges anticompetitive conduct by the manufacturer of Menactra and other pediatric vaccines. Your Honor denied the motion to dismiss, and defendants' affirmative defenses and counterclaims against the named plaintiffs, in favorable opinions. *See* Dkt. Nos. 106, 135. After that case was later reassigned, Judge Arleo held a three-day *Daubert* hearing, rejected Defendants' *Daubert* attack, and certified the direct purchaser class. *See* Dkt. No. 415.

**Appointed Co-Lead Counsel in Six Antitrust Class Cases in the Chemical Industry**
I have been appointed to the leadership of six antitrust class actions alleging anticompetitive activity in the chemicals industry. Over the years, I have developed expertise in handling those matters and the rather unique challenges that those cases can present in discovery and class certification. A number of those cases, like this one, had parallel criminal proceedings. These matters include: *In re Sorbates Direct Purchaser Antitrust Litig.*, No. 3:98cv04886-MMC (N.D. Cal.) (Co-Lead) ($92 million, November 2002); *In re Methionine Antitrust Litig.*, MDL No. 1311, 3:00md01311-CRB (N.D. Cal.) (Co-Lead) ($107 million, June 2003); *In re Plastics Additives Antitrust Litig.*, MDL No. 1684, Master Docket No. 2:03cv02038-LDD (E.D. Pa.) (Co-Lead) ($46.8 million, June 2008); *In re Microcrystalline Cellulose Antitrust Litig.,* MDL No. 1402, Master File No. 2:01cv00111-TON (E.D. Pa.) (Co-lead) ($50 million, November 2006); *In re Rubber Chemicals Antitrust Litig.*, MDL No. 1648, 3:04md01648-MMC (N.D. Cal.) (Co-Lead) ($319.5 million, November 2006); and *In re Foundry Resins Antitrust Litig.*, MDL No. 1638, 2:04md01638-GLF-MRA (S.D. Ohio) (Co-Lead) ($14.1 million, March 2008).

**Two Decades of Antitrust Experience**
I have had considerable additional experience over the past two decades in serving in the leadership of class actions and other complex litigation, and in the types of claims asserted in this case. Chief Judge Hogan of the District of Columbia complemented my work as co-lead counsel in *In re Lorazepam & Clorazepate Antitrust Litig.* MDL 1290, 99ms00276-TFH (DDC) stating: "Obviously, the skill of the attorneys, and I'm not going to spend the time reviewing it, I'm familiar with counsel, and they, as I said, are among the best antitrust litigators in the country." I have been appointed co-lead or lead counsel in numerous other MDL cases.[2] I have successfully served in a variety of leadership structures, from sole lead, to one of 2, 3, or 4 co-leads, to a leadership

---

[2] *In re Relafen Antitrust Litig.*, Master File 1:01cv12239-WGY (D. Mass.) (Co-Lead) ($175 million, April 2004); *Oncology & Radiation Associates, P.A. v. Bristol-Myers Squibb Company & American Bioscience*, 1:01cv02313-EGS (D.D.C.) (Sole Lead) ($65.8 million, October 2003); *North Shore Hematology-Oncology Associates, P.C. v. Bristol-Myers Squibb Co.*, 1:04cv00248-EGS (D.D.C.) (Sole Lead) ($50 million, November 2004); *In re Children's Ibuprofen Oral Suspension Antitrust Litig.*, 1:04mc00535-GDF (D.D.C.) (Sole Lead) ($9.7 million, April 2006); *Meijer, Inc. v. Warner Chilcott Holdings Co. III, Ltd.,* 1:05cv02195-CKK (D.D.C.) (Co-Lead) ($22 million, April 2009); *In re Puerto Rican Cabotage Antitrust Litig.*, 3:08md1960-DRD (D.P.R.) (Co-Lead) ($52.25 million cash portion, $13.6 million base rate freeze, December 2010); *In re DDAVP Direct Purchaser Antitrust Litig.*, 7:05cv02237-CLB (S.D.N.Y.) (Co-Lead) ($20.25 million, November 2011); *Meijer, Inc. v. Abbott Laboratories,* 4:07cv05985-CW (N.D. Cal.) (Co-Lead) ($52 million, August 2011); *In re Metoprolol Succinate Direct Purchaser Antitrust Litig.*, 1:06cv00052-MPT (D. Del.) (Co-Lead) ($20 million, January 2012); *Meijer, Inc. v. Braintree Laboratories, Inc.*, 1:07cv00142-SLR (D. Del.) (Co-Lead) ($17.25 million, April 2012); and *In re Aluminum Warehousing Antitrust Litig.*, 1:13md02481-KBF (S.D.N.Y.) (Co-Lead) (case pending).

committee of as many as six firms. All structures in which I participated have been efficient, collegial, and successful. No court has ever questioned the adequacy of my representation on behalf of any direct purchaser class.

**Chosen As Antitrust Counsel By Over a Dozen Fortune 500 Companies**
I am unique among leaders of the Plaintiffs' antitrust bar in that I have also been retained by over one dozen Fortune 500 companies to serve as antitrust counsel in direct action antitrust cases. *See, e.g., In re Payment Card Interchange Fee and Merchant Antitrust Litig.*, 1:05md01720-JG-JO (E.D.N.Y.) (clients included Hewlett-Packard Company, Wegmans Food Markets, Inc., Bed Bath & Beyond Inc., Burlington Coat Factory Warehouse Corporation, Progressive Casualty Insurance Company, and Meijer, Inc.). My experience representing large corporations provides valuable insight and understanding that benefits my clients, and my co-counsel, in class cases.

**Trial Experience**
I am proud of my ability to handle all aspects of antitrust litigation, from discovery through trial. I have been a trial team member in several antitrust class actions in the past ten years. Although most commenced trial and then settled at some point before verdict, I prosecuted through trial and appeal a landmark RICO case concerning the prescription drug Neurontin. *In re Neurontin Marketing and Sales Practices Litig.*, No. 04cv10981 (D. Mass.). Following six years of litigation, the case proceeded to a five-week jury trial in Boston, where the jury returned a verdict for Kaiser for over $47 million, which was statutorily trebled to over $142 million. Following the trial, Judge Patti Saris commented that: "[this was] a fabulous trial[.] [I]t's the kind of thing that you become a judge to sit on." For my lead trial work on that case, I was recognized as "Litigator of the Week" by the AMLAW LITIGATION DAILY and named as a Finalist for the Public Justice Foundation's 2011 Trial Lawyer of the Year Award.

**Experience with ACPERA, Coordination with DOJ and Guilty Plea Defendants**
I have worked cooperatively, extensively, and closely with the Department of Justice, the Federal Trade Commission, and States Attorneys General in many antitrust matters. Most recently, I coordinated extensively with senior attorneys from the Department of Justice in the *American Express* litigation, conducting joint discovery and depositions. I have experience in a number of cases involving defendant guilty pleas and in working with ACPERA defendants. I have expertise in organizing and making productive use of the cooperation offered by those defendants, and how to utilize such cooperation in the best interest of the class.

**Antitrust Resources Committed to Representing the Class**
My experience has given me an understanding of the magnitude of time, energy, and resources that these cases require for effective leadership. I fully appreciate the challenges of working effectively, efficiently, and collegially with others in the best interest of the class. I am, at heart, a collaborative person who works cooperatively. I am humbled by the support of my application by other senior members of the plaintiffs' antitrust bar, and proud to have earned their confidence in my abilities to help lead this case.[3] I have carefully reflected and confirm that my other current MDL responsibilities would allow me to make the required commitment here. I am prepared to devote the time and resources necessary to successfully prosecute and resolve this litigation.

                                                          Respectfully submitted,
                                                          *s/ Linda P. Nussbaum*

---

[3] This includes James E. Cecchi of Carella, Byrne; W. Joseph Bruckner of Lockridge; Roberta D. Liebenberg of Fine Kaplan; Paul J. Geller of Robbins Geller; Gregory S. Asciolla of Labaton; Bernard Persky of Robins Kaplan; Kimberly A. Justice of Kessler Topaz; and several others.