WOLF HALDENSTEIN ADLER FREEMAN & HERZ LLP

FOUNDED 1888

270 MADISON AVENUE
NEW YORK, NY 10016
212-545-4600

750 B STREET · SUITE 2770
SAN DIEGO, CA 92101

WOLF HALDENSTEIN ADLER FREEMAN & HERZ LLC
ONE SOUTH DEARBORN STREET, SUITE 2122
CHICAGO, IL 60603

THOMAS H. BURT
DIRECT DIAL: 212-545-4669
FACSIMILE: 212-686-0114
burt@whafh.com

March 9, 2016

VIA ECF FILING
Honorable Jose L. Linares
United States District Judge
Courtroom MLK 5D
Martin Luther King Building
 & U.S. Courthouse
50 Walnut Street
Newark, New Jersey 07101

**Application of Wolf Haldenstein Adler Freeman & Herz LLP
for Appointment to the
Plaintiffs' Steering Committee**

***In re Liquid Aluminum Sulfate Antitrust Litigation,* Case No. 2:16-md-2687**

Dear Judge Linares:

I am a member of Wolf Haldenstein Adler Freeman & Herz LLP, a 37-lawyer firm that has represented plaintiffs in class actions nationwide for 40 years, recovering several billion dollars for clients. A resume of my firm's leadership experience in MDL and class action antitrust matters appears at Attachment A.

In this case, we represent two municipalities on behalf of whom we filed lawsuits on December 15, 2015 and January 26, 2016: *City of East Moline v. Reichl et al.*, Case No. 2:15-cv-6638 (E.D. Pa.), subsequently transferred to D.N.J. by the J.P.M.L. as Case No. 2:16-cv-897 and *City of Mattoon v. Reichl et al.*, Case No. 2:16-cv-319 (E.D. Pa.), subsequently transferred to D.N.J. as Case No. 2:16-cv-870.  We respectfully submit that the Court should prioritize the public interest in the participation of municipal entities, particularly in a capacity as critical to their residents as water processing, by appointing a steering committee that allows as many municipal clients as possible to have their chosen counsel at the table.  In this regard, I commend to the Court's attention *In re Pool Products Distribution Market Antitrust Litigation*, Case No. 2:12-md-2328 (E.D. La.), where Judge Vance, the current Chief Judge of the J.P.M.L. and a jurist with significant antitrust experience, appointed a PSC of some twelve members, and an executive committee of four, in a case which compared favorably with this one in terms of the

1



WOLF HALDENSTEIN ADLER FREEMAN & HERZ LLP

number of parties, scale and scope. *See* ECF No. 79. That litigation has produced settlements from all but one defendant and is in the dispositive motion phase.

Wolf Haldenstein is a major nationwide law firm strongly focused on class actions, and with a long history in antitrust class actions. Wolf Haldenstein's experience in the realm of class action antitrust matters, mostly involving products with a nationwide reach, is as deep as any firm representing clients in this litigation. For example, Wolf Haldenstein served as lead or co-lead counsel, or had substantial PSC involvement, in *In re: Dynamic Random Access Memory Antitrust Litigation*, MDL No. 1486 (N.D. Cal.); *In re: Industrial Gas Antitrust Litigation*, Case No. 1:80-cv-3479 (N.D. Ill.); *In re: Infant Formula Antitrust Litigation*, MDL No. 878 (N.D. Fla.); *In re: Prescription Drugs Antitrust Litigation*, MDL No. 997 (N.D. Ill.); and *In re: Sulfuric Acid Antitrust Litigation*, Case No. 1:03-cv-4576 (N.D. Ill.). Currently, Wolf Haldenstein holds a leadership position, or has substantial involvement, in numerous cases, including: *In re Keurig Green Mountain Single-Serve Coffee Antitrust Litigation., MDL No. 2542 (S.D.N.Y.)*; *Ward et al. v. Apple, Inc.*, Case No. 4:12-cv-5404 (N.D. Cal.); *In re: Blue Cross Blue Shield Antitrust Litigation*, MDL No. 2406 (N.D. Ala.); *In re: Pool Products Distribution Market Antitrust Litigation*, MDL No. 2328 (E.D. La.); and *In re: Packaged Seafood Products Antitrust Litigation*, MDL No. 2670 (S.D. Cal.)(Application pending).

Wolf Haldenstein's leadership position in the *Sulfuric Acid* litigation is particularly pertinent. In that case, Chemtrade Logistics, Inc. was one of the major defendants, and the allegation was of a horizontal conspiracy among manufacturers of basic industrial chemicals sold by the ton, not dissimilar to those at issue here. Also relevant is Wolf Haldenstein's representation of Plaintiff Nyrstar in *In re: Rail Freight Surcharge Antitrust Litigation*, Case No. 1:07-mc-489 (D.D.C.), currently before Judge Paul L. Friedman. Nyrstar is a maker and shipper of basic industrial chemicals, and our experience with them has further expanded our understanding of this economic sector.

Wolf Haldenstein has a long history of working collaboratively with virtually every firm that is seeking a position in this case. A full history of our collaborative work with the firms in this case is impossible due to space limitations. By way of example, we are currently working on several litigations where Hausfeld LLP is lead or co-lead, including the aforementioned *Rail Freight* litigation; *In re: Domestic Airline Travel Antitrust Litigation*, Case No. 1:15-mc-1404 (D.D.C.); and *In re: Disposable Contact Lens Antitrust Litigation*, Case No. 3:15-md-2626 (M.D. Fla.). Additionally, Wolf Haldenstein is working with Labaton Sucharow LLP on the aforementioned *Pool Products* litigation; with Quinn Emanuel Urquhart & Sullivan, LLP on the aforementioned *Rail Freight* litigation; with Lowey Dannenberg Cohen & Hart, P.C. on *In re: London Silver Fixing, Ltd., Antitrust Litigation*, Case No. 1:14-md-2573 (S.D.N.Y.); and with Lockridge Grindal Nauen P.L.L.P. on the *Packaged Seafood Products* litigation.

We have the support of three other firms for Steering Committee participation: Lockridge Grindal, Robbins Geller Rudman & Dowd LLP, and Spector Roseman Kodroff & Willis, P.C. Each has had the opportunity to work with our lawyers on multiple matters, especially antitrust class actions, and to assess the quality of our contributions. Recently, I personally litigated *In re: Text Messaging Antitrust Litigation*, Case No. 1:08-cv-7082 (N.D. Ill.), through dispositive motions and appeal working closely with David W. Mitchell at Robbins

WOLF HALDENSTEIN ADLER FREEMAN & HERZ LLP

Geller.  I personally have worked with Heidi M. Silton in *Packaged Seafood Products*, where the Interim Class Counsel motions are being argued before Judge Sammartino tomorrow, and my firm has a long history of working with Lockridge Grindal.  We have extended to each of these firms permission to note our support for their application for a steering committee position, based on a high opinion of the capabilities of their lawyers.

We particularly commend to the Court's attention Spector Roseman for lead or co-lead counsel in this litigation.   I personally have worked closely with Spector Roseman in *McDonough, et al. v. Toys "R" Us, Inc., et al*., Case No. 2:06-cv-242 (E.D. Pa.), a complex, vertical, hub-and-spoke conspiracy case litigated close to trial.  Spector Roseman represents both the City of Cincinnati and the Detroit Water and Sewerage Department in this MDL.  We respectfully suggest that at this moment in the national conversation, the ability of the largest water system in Michigan to have the counsel of its choice at the helm of this litigation, so as to be seen to act for the benefit of its water-consuming public, has benefits both for the case and for the public.

We believe our wealth of experience in class action litigation and our strong substantive antitrust experience, together with our resources, position us to provide excellent representation to the Class.  We look forward to an opportunity to contribute to that effort.

Respectfully submitted,

Thomas H. Burt

cc:     All Counsel of Record