March 9, 2016

**VIA ECF**
The Honorable Jose L. Linares
Martin Luther King Building & U.S. Courthouse
50 Walnut Street
Newark, NJ 07101

      Re:  *In re Liquid Aluminum Sulfate Antitrust Litig.,* 16-md-02687 (D.N.J);
            Whitney Street Application for Appointment to the Steering Committee

Dear Judge Linares:

I am an equity partner in Block & Leviton LLP ("B&L"), an antitrust and securities class action litigation firm. I seek to represent the interests of public entities, including municipalities, counties, and government agencies, in this litigation and respectfully request appointment to the Plaintiffs' Steering Committee (the "PSC").[1] While I would be honored and prepared to serve in any capacity the Court sees fit, I believe I would be uniquely suited to spearhead the PSC's forensic communications discovery efforts. An overview of my experience in this regard, as well as my additional qualifications, are set forth below, followed by a brief analysis of the Rule 23(g) factors applicable to selection of class counsel.

## Experience and Qualifications

❖ ***Experience Representing Governmental Entities.*** A significant portion of my practice includes the representation of government entities in antitrust class action litigation. For example, I currently represent a municipality in a class action alleging the unlawful monopolization of the market for vital cancer treatment drugs. *See In re Thalomid and Revlimid Antitrust Litig.,*14-cv-06997 (D.N.J.). My partner Lesley Weaver similarly has significant experience working with, and representing, municipal entities in complex class actions. Among the matters B&L is currently litigating on behalf of government entities are *In re Lithium Ion Batteries Antitrust Litig.,* 13-md-02420 (N.D.Cal.) and *In re BP Securities Litig.,* 10-md-02185 (S.D.Tex.). The breadth of our collective experience in this regard is described in the C.V. submitted herewith as Exh. A.

❖ ***Forensic Communications Discovery Expertise.*** Following my individual appointment as Co-Lead Counsel on behalf of indirect purchaser plaintiffs in *In re Domestic Drywall Antitrust Litig.,* 13-md-02437 (E.D.Pa.), one of the areas on which I focused was inter-defendant telephonic and instant text message communications – evidence that played an important role in the court's denial

---

[1]  In the event the Court is considering firm applications, please consider this letter as an application on behalf of Block & Leviton LLP.

**BLOCK & LEVITON LLP**    520 Third Street, Suite 108 • Oakland, California 94607
Direct Dial:  (415) 968-1852 • Facsimile: (617) 507-6020
Email: wstreet@blockesq.com • Website: www.blockesq.com

of summary judgment as to four of the five remaining defendants in February 2016. These efforts involved subpoenaing the records of many dozens of phone numbers from a multitude of phone carriers, resulting in the production and analysis of tens of thousands of pages of phone records. Thus, I believe my experience could be used to great benefit in the present case in terms of proving the scope of the conspiracy.

❖ *Advanced Knowledge Regarding E-Discovery*.  I am a frequent author and commentator on e-Discovery issues. For example, I recently authored *Technology Assisted Review: the Disclosure of Training Sets & Related Transparency Issues*[2] and served as faculty at the 2014 Georgetown University Law Advanced e-Discovery Institute.

❖ *Training in Economics and Econometrics*.  Building on my undergraduate degree in economics, I took a one-year sabbatical following my sixth year of practice to advance my training in econometrics.  The experience has enabled me to make meaningful contributions at the expert discovery phase, specifically with respect to the complex regression models often used to prove liability and damages in antitrust class actions.

❖ *Commitment to the Field of Antitrust Law*.  I am Co-Founder and Co-Chair of the American Association for Justice Antitrust Litigation Group and a member of the Law360 Competition Law Editorial Advisory Board.  I have authored a number of articles on antitrust law and complex litigation, including most recently *What Lies Ahead in High Stakes Pay-For-Delay Antitrust Litigation*.[3]

## Analysis of Rule 23(g) Factors

The Fed. R. Civ. Proc. 23(g) factors govern the selection of class counsel.

As to the first factor (*i.e.,* work counsel has undertaken to identify claims), B&L moved swiftly following the public disclosure of Mr. Reichl's guilty plea, filing the complaint on behalf of our client, Oakland County, Michigan, on Nov. 20, 2015.  In so doing, we took care to tailor the class definition to fit the facts of this case, ensuring that governmental entities – who are major purchasers of liquid aluminum sulfate – were included.  Additionally, we included claims under §3 (as well as §1) of the Sherman Act to ensure that all class members, including those residing in the District of Columbia and the U.S. territories, are able to share in any recovery, as appropriate.  Our investigation of the factual allegations and relevant economic factors is ongoing.

---

[2] Available at: http://blockesq.com/wp-content/uploads/2014/11/georgetown-eDiscovery-conference.pdf
[3] Available at: https://www.justice.org/sections/newsletters/articles/what-lies-ahead-high-stakes-pay-delay-litigation

As for my experience handling class actions and the types of claims asserted in this action, I represent individuals, companies, and government entities in antitrust litigation spanning a wide range of industries, including building products, pharmaceuticals, consumer goods, and transportation. *See e.g., In re Domestic Drywall Antitrust Litig.*, 13-md-02437 (E.D.Pa.) (serving as Co-Lead Counsel on behalf of the class of indirect purchaser plaintiffs and, to date, recovering more than $10 million for the class); *In re Thalomid and Revlimid Antitrust Litig.*, 14-cv-06997 (D.N.J.)(KSH)(CLW) (pursuing claims on behalf of a proposed class of third party payors and consumers for the unlawful exclusion of generic competition for cancer treatment drugs); *In re Packaged Seafood Products Antitrust Litig.*, 15-md-02670 (S.D.Cal.) (litigating price fixing claims on behalf of direct purchasers).

As for my knowledge of the applicable law, I have more than thirteen years of complex litigation experience and focus my practice solely on the representation of plaintiffs in antitrust class action litigation, as described more fully in Exh. A.

With respect to the resources I will commit to this action, my firm and I have a deep appreciation for the resources needed to litigate complex antitrust class actions. Our commitment to providing the funding and other resources necessary to aggressively prosecute this matter is evidenced by our current role in litigating a number of large and contentious class action matters, including *In re Volkswagen "Clean Diesel" Marketing, Sales Practices, & Products Liability Litig.*, 15-md-02672 (N.D.Cal.), *In re BP Securities Litig.*, 10-md-02185 (S.D.Tex.), and *In re Domestic Drywall Antitrust Litig.*, 13-md-02437 (E.D.Pa.).

Lastly, pursuant to Fed. R. Civ. Proc. 23(g)(1)(B), the Court may consider "any other matter pertinent to counsel's ability to fairly and adequately represent the interests of the class." As reflected in *MDL Standards and Best Practices,* one such factor is "whether the leadership team adequately reflects the diversity of legal talent available and the requirements of the case."[4] I believe my unique background and expertise, as summarized at the outset of this letter and described in more detail in Exhibit A, would be well suited to the requirements of this case and would provide a diverse complement to the esteemed attorneys similarly seeking appointment to protect and uphold the interests of the class.[5]

Thank you for this opportunity.

Sincerely,

/s/  Whitney Street

Whitney E. Street

---

[4] Duke Law Center For Judicial Studies, *MDL Standards and Best Practices,* Sept. 11, 2014, available at:  https://www.google.com/search?q=duke+mdl+best+practices&ie=utf-8&oe=utf-8

[5] This application is supported by a number of firms with whom we have worked successfully. A representative but not exhaustive list of such support is submitted herewith as Exh. B.