

**WEINSTEIN KITCHENOFF & ASHER LLC**

100 S. Broad Street | 215.545.7200 phone
Suite 705 | 215.545.6535 fax
Philadelphia, PA 19110 | www.wka-law.com

ROBERT S. KITCHENOFF | Member | kitchenoff@wka-law.com

March 9, 2016

**VIA ECF**

Honorable Jose L. Linares
United States District Court for the District of New Jersey
Martin Luther King Building & U.S. Courthouse
50 Walnut Street, Room 5054
Newark, NJ 07101

    *In Re Liquid Aluminum Sulfate Antitrust Litigation*

Dear Judge Linares:

    I am counsel for the City of Greensboro, North Carolina, one of the earliest filed actions in this District. Greensboro has a significant stake in the litigation, having purchased thousands of tons of liquid aluminum sulfate from defendant General Chemical during the class period. Please accept this letter as my application for appointment to the Plaintiffs' Steering Committee.

    I am the managing member of Weinstein Kitchenoff & Asher LLC, and for the past 30 years have concentrated my practice in the prosecution of class and individual/multiparty antitrust litigation, among other matters. I am a graduate of the University of Pittsburgh (B.A., 1981), and Rutgers Law School (J.D., 1986).

### Professional Experience in this Type of Litigation

    As the accompanying resume substantiates, I have extensive experience in the management and prosecution of complex, multidistrict litigation, including antitrust class actions. I have been appointed by courts and chosen by my co-counsel to serve as lead counsel, liaison counsel, on steering committees and in various other committee leadership positions.

    Most significant to this application, I currently serve as co-lead counsel in *In re: Ductile Iron Pipe Fittings ("DIPF") Indirect Purchaser Antitrust Litigation,* 3:12-cv-169-AET-LHG (D.NJ). In this case as in DIPF, the majority of the victims of the defendants' antitrust conspiracies are identical – municipal water and sewer authorities. I will bring to this case the knowledge gained in *DIPF* litigation, including the ability to identify and communicate with the members of the class, the knowledge of their operations and of their purchasing/bidding processes. This is a significant benefit to the progress of the litigation.

    I am also actively involved in *In re: Libor Based Financial Instrument Antitrust Litigation,* MDL 2262 (S.D.NY), in which case my firm serves as court-appointed interim co-lead counsel for a putative class of purchasers of US dollar LIBOR based debt securities. Our complaint, which alleged a single antitrust claim, was dismissed by the District Court. The Second Circuit dismissed our appeal *sua sponte,* holding that it lacked jurisdiction because the dismissal did not dispose of all claims as to all parties in the consolidated MDL action. Rather than languishing in purgatory for years while the remaining cases wended their way to conclusion, we filed for certiorari, which the Supreme Court granted. In a 9-0 decision, the



ROBERT S. KITCHENOFF | Member | kitchenoff@wka-law.com

Supreme Court resolved a four-way circuit split, reversed the Second Circuit's decision, and remanded us for a hearing on the merits of our appeal. _____ US __; 135 S.Ct. 897; 190 L.Ed.2d 789 (2015) (Ginsburg, J). That hearing has now taken place, and the matter is under submission. I will bring that tenacity to my representation of the class in this matter.

I will also bring to this matter my fidelity to the task. I currently serve as court-appointed settlement class counsel in *In re: Imprelis Herbicide Marketing, Sales Practices, and Products Liability Litigation,* MDL 2284 (E.D.PA), before the Hon. Gene E. K. Pratter. I am proud of the settlement that my co-counsel and I crafted for the Class. We created a settlement that specifically addressed the damage done to the trees on the class members' properties by defendant's herbicide. Under the settlement, class members were eligible to have their dead or dying trees removed, and to receive money to replace those trees. If used with the designated tree providers, class members were able to replace dead or dying trees up to 20 feet in height with the identical species for the money received. The settlement also provided a warranty against subsequent damage, money to care for new trees, and other benefits. As the settlement administration process has moved along, I have continued to work with class members, defendants' counsel, and the Court to resolve the matter. I have done so without additional compensation. I view it as my duty to the Class that they obtain the relief to which they are entitled. I further view it as my duty to the Court that the settlement we asked her to approve as fair, reasonable, and adequate for all class members is such in application. I will bring that same fidelity of purpose to my duties to this class if appointed.

Finally, I will bring to this litigation the creativity that has been the hallmark of my career. Sometimes money is an appropriate remedy and it may be so here. However, in other instances plaintiffs' counsel have the ability to provide relief that transcends a check. We can fix the problem as part of the settlement. Thus, in the *Imprelis* case, we negotiated a settlement that provided removal of dead trees and the ability to arrange for tree replacement of the same species and size; in *Frazier v. Weyerhaeuser*, litigated in state court in Camden, we negotiated a settlement that provided class members with the option to have their defective windows replaced with the thermal break window they were promised; and in *Tina Cox v. Shell Oil Co., et al.,* where polybutylene pipe and fittings cracked, degraded, and burst, sometimes flooding homes from behind the walls, we created a settlement corporation that inspected, adjusted damages, and arranged for the replumb of homes. Ultimately, the settlement provided replacement plumbing in 340,000 homes and provided compensation for other damage, all together costing defendants in excess of $1.1 billion. If appointed, I will bring knowledge, tenacity, fidelity, and creativity to the litigation of this matter.

### Willingness and Availability to Commit to a Time-consuming Project.

I am committed to this litigation. If appointed I will personally serve this class with the same zealous advocacy that I have brought to cases throughout my career.



ROBERT S. KITCHENOFF | Member | kitchenoff@wka-law.com

### Ability to Work Cooperatively With Others.

During my thirty year career, I have demonstrated my ability to work cooperatively with both plaintiffs' and defendants' counsel in scores of class and multiparty cases. As proof I offer the following. First, I have maintained an AV Preeminent rating by Martindale-Hubbell for the past 20 years. That rating reflects the confidential opinions of members of the bar and the judiciary regarding my legal ability and ethical standards. It says that I'm a skilled lawyer and that my word means something. Similarly, an unknown peer nominated me to be a Pennsylvania Super Lawyer. I was then vetted by my peers, and investigated by the Thompson Reuters staff who concluded that my professional accomplishments merited this status. Finally, I ask you to read a profile of me that appeared on Law 360, a daily electronic publication that has gained wide acceptance in the legal field. www.law360.com.articles/587576/titan-of-the-plaintiffs-bar-robert-s-kitchenoff. I offer it not because of the fancy title but because of the unsolicited comments of both plaintiff's and defendants' counsel regarding our working relationship, my effectiveness, and my relationship with the judges before whom I appear.[1]

### Willingness to Commit the Necessary Resources to Pursue this Matter.

As the managing member of Weinstein Kitchenoff & Asher LLC, I state unequivocally that the Firm has and will commit the necessary financial resources and person power to prosecute this case to successful conclusion.

### Conclusion

Your honor has a difficult series of decisions to make. My fellow applicants, most of whom I know personally, are highly qualified, have held myriad leadership positions, and achieved significant results for the classes they have represented. I truly believe that I bring a little something extra to the matter that will benefit the parties, the Class and the Court. I am anxious for the opportunity and eager to get started.

Respectfully submitted,

/s/ Robert S. Kitchenoff
Robert S. Kitchenoff
WEINSTEIN KITCHENOFF & ASHER LLC
100 South Broad Street, Suite 705
Philadelphia, PA  19110-1061
215-545-7200

---

[1] Over the last few days I have received calls asking me to endorse the applications of other firms and offering, in exchange, to endorse my application. While I truly believe those firms I agreed to endorse would do a very good job, I believe that the unsolicited comments of my peers in this article mean more for your analysis of me than all of the endorsements I could have obtained had I chosen to work the phones and email.