IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| IN RE: LIQUID ALUMINUM SULFATE ANTITRUST LITIGATION | : : : | |
| This Document Relates to: *City of Homestead, Florida v. General Chemical Corporation et al.* 2:16-cv-02873-JLL-JAD | : : : : : : : | 16-md-2687(JLL)(JAD)(MDL 2687) |

**ORDER APPOINTING INTERIM LEAD
COUNSEL AND LIAISON COUNSEL FOR THE INDIRECT PURCHASER CLASS**

On June 9, 2016, the Indirect Purchaser Plaintiff City of Homestead, Florida ("Plaintiff")

filed a letter supporting its appointment of interim lead IPP class counsel and liaison counsel for

the IPP Class. Having considered the qualifications and experience of each applicant and law

firm identified in the letter, and the Court's own experience with the applicant for liaison counsel

*and no party having submitted any objections, and no other counsel having submitted*

(Mr. William L. Mentlik), the Court hereby ORDERS as follows:        *a competing application,*

1. **Interim Co-Lead Counsel For Indirect Purchaser Class**

The Court hereby designates Jay B. Shapiro of Stearns Weaver Miller Weissler Alhadeff

& Sitterson, P.A. and Marvin A. Miller of Miller Law LLC and to serve as Interim Co-Lead

Counsel. Messrs. Shapiro and Miller shall be generally responsible for coordinating Plaintiff's

pretrial activities and shall:

      a.  Determine and present (in briefs, oral argument, or such other fashion as may be appropriate, personally or by a designee) to the Court and Defendants the position of Plaintiff on all matters arising during pretrial proceedings;

      b.  Coordinate the initiation and conduct of discovery on behalf of Plaintiff consistent with the requirements of Fed. R. Civ. P. 26, including the preparation of master interrogatories and master requests for production of documents and coordinate the examination of witnesses in depositions;

1

    c. Coordinate discovery efforts with co-counsel to ensure that discovery is conducted in an efficient, orderly, and non-duplicative manner;

    d. Conduct settlement negotiations on behalf of the putative indirect purchaser class, but not enter into binding agreements except to the extent expressly authorized;

    e. Delegate specific tasks to other counsel or committees of counsel, as authorized by the Court, in a manner to ensure that pretrial preparation is conducted efficiently and effectively;

    f. Enter into stipulations with opposing counsel as necessary for the conduct of the litigation;

    g. Prepare and distribute periodic status reports to co-counsel;

    h. Maintain adequate time and disbursement records covering services performed as lead counsel;

    i. Monitor the activities of co-counsel to ensure that schedules are met and unnecessary expenditures of time and funds are avoided;

    j. Perform such other duties as may be incidental to proper coordination of pretrial activities or authorized by further order of the Court; and

    k. Appoint committees, as necessary, including but not limited to a steering committee, expert, discovery, trial, and settlement committees.

## 2. Liaison Counsel

The Court hereby designates William L. Mentlik of Lerner, David, Littenberg, Krumholz & Mentlik, LLP to serve as Liaison Counsel. Mr. Mentlik shall work in conjunction with Messrs. Shapiro and Miller in coordinating the overall prosecution and presentation of Plaintiff's case and, in addition, Mr. Mentlik shall be prepared, if so requested by the Court or Interim Lead IPP Class Counsel, to serve as intermediary between Plaintiff's counsel and the Court.

## 3. Compensation

The Court will make the final determination as to any compensation and reimbursement of expenses to Plaintiff's counsel. Any plaintiff's counsel who may seek an

award of fees or expenses by the Court in connection with this case shall keep a daily record of his/her time spent and expenses incurred, including a specific record of the hours, locations and particular activities. The failure to maintain such records and/or provide a sufficient description of the activity will be grounds for denying applications for attorneys' fees. Time and expense submissions should be submitted timely, on a quarterly basis, to Plaintiff's Interim Co-Lead Counsel for compilation. Nothing contained in this paragraph shall be construed to limit the rights of any party or counsel to oppose an award of attorneys' fees. The Court will provide further details in a subsequent Order.

### 4. Attorney Client Privilege

This Court recognizes that cooperation by and among Plaintiff's counsel and by and among Defendants' counsel is essential for the orderly and expeditious conduct of this litigation. The communication of information among and between Plaintiff's counsel and among and between Defendant's counsel shall not be deemed a waiver of attorney client privilege or the protection afforded attorney's work product, and cooperative efforts contemplated above shall not in any way be used against Plaintiff by any Defendant or against Defendant by any Plaintiff. Nothing contained in this paragraph shall be construed to limit the rights of any party or counsel to assert the attorney-client or joint prosecution privilege or the attorney work-product doctrine.

**IT IS SO ORDERED**

DATED: July 6], 2016

_____

**Hon. Joseph A. Dickson**
**United States Magistrate Judge**

*Proposed Order Prepared By*:

3

William L. Mentlik
LERNER, DAVID, LITTENBERG
KRUMHOLZ & MENTLIK, LLP
600 South Avenue West
Westfield, NJ 07090-1497
Tel: 908.654.5000
Fax: 908.654.7866