**SILLS CUMMIS & GROSS P.C.**
Richard H. Epstein
One Riverfront Plaza
Newark, NJ 07102
Phone: (973) 643-7000
Fax: (973) 643-6500
repstein@sillscummis.com

**WEIL, GOTSHAL & MANGES LLP**
Steven A. Reiss
Adam C. Hemlock
767 Fifth Avenue
New York, NY 10153-0119
Phone: (212) 310-8000
Fax: (212) 310-8007
steven.reiss@weil.com
adam.hemlock@weil.com

*Attorneys for Defendants General Chemical Corporation, General Chemical Performance Products, LLC, and General Chemical LLC*

### UNITED STATES DISTRICT COURT
### DISTRICT OF NEW JERSEY

| | |
|---|---|
| **IN RE: LIQUID ALUMINUM SULFATE ANTITRUST LITIGATION**<br><br>*This Document Relates to: All Actions* | Civil Action No. 16-md-2687 (JLL)(JAD)<br><br>MDL No. 2687<br><br>**DECLARATION OF STEVEN A. REISS, IN SUPPORT OF MOTION TO SEAL** |

1.  I, Steven A. Reiss, pursuant to 28 U.S.C. § 1746, declare as follows: I am a partner of the law firm of Weil Gotshal & Manges, LLP, attorneys for Defendants General Chemical Corporation, General Chemical Performance Products, LLC, and General Chemical LLC (the "GCC Defendants"), in the above-captioned action. I make this declaration based upon my personal knowledge.

1

2. I respectfully submit this declaration in further support of Plaintiff's motion (ECF 221) for an order sealing the Consolidated Amended Complaint ("CAC") (ECF 220), and in support of the GCC Defendants' proposed redactions to a publicly-available version of the CAC that Plaintiffs will file.

3. I respectfully submit this declaration pursuant to (i) Local Civil Rules 5.3(c)(2) and 7.1; and (ii) the Discovery Confidentiality Order stipulated to by the parties and entered by the Honorable Joseph A. Dickson, U.S.M.J., on May 12, 2016 (ECF 164).

4. Paragraph 4 of the Discovery Confidentiality Order permits the parties to designate information in the categories specified therein as "Highly Confidential Information."

5. Paragraph 12 of the Discovery Confidentiality Order provides that information designated as "Highly Confidential Information" thereunder may be disclosed only to the Court, outside counsel, qualifying In-House Designees, and a limited universe of other "Qualifying Persons."

6. Paragraph 21 of the Discovery Confidentiality Order provides that a party filing any document that contains or references information designated as "Confidential" or "Highly Confidential Information" move to file the document under seal in accordance with L. Civ. R. 5.3.

7. On April 20, 2016, the GCC Defendants produced to Plaintiffs' counsel documents they previously produced to the United States Department of Justice pursuant to the Antitrust Criminal Penalty Enhancement and Reform Act of 2004 ("ACPERA"). The GCC Defendants designated these documents "Highly Confidential Information" in accordance with the Discovery Confidentiality Order.

8. On August 22, 2016, Plaintiffs filed their unredacted Consolidated Amended Complaint under seal (ECF 220).

9. Plaintiffs contemporaneously filed a motion to seal the unredacted Consolidated Amended Complaint (ECF 221), stating that the complaint "quotes from, references and contains facts taken from documents that were produced by Defendants to the Department of Justice and which were produced [to] Plaintiffs as 'Confidential' or 'Highly Confidential' under the terms of the Discovery Confidentiality Order." (ECF 221-1 ¶ 1.)

10. Plaintiffs also indicated that Defendants are in a "better position to determine which information [in the CAC] would be harmful to their business interests and/or position in the marketplace if it were publicly revealed," and that Plaintiffs would consult with Defendants in order that Plaintiffs may file a redacted version of the CAC. (ECF 221-1 ¶ 4.)

11. Plaintiffs' counsel and counsel for Defendants have conferred and Plaintiffs consent to the redactions proposed in paragraph 12, below.

12. The CAC indeed contains the GCC Defendants' highly confidential, highly commercially sensitive information, and as such the GCC Defendants seek to (1) retain under seal the unredacted copy of the CAC filed as ECF 220, and to (2) redact the following language from the publicly-available version of the CAC that Plaintiffs will file:

   a. Paragraph 74(a)
   b. Paragraph 74(c)
   c. The last two sentences of Paragraph 77
   d. Paragraph 78
   e. Paragraph 80
   f. Paragraph 83

    g.  The last three sentences of Paragraph 89

    h.  Paragraph 91

    i.  The first and last sentences of Paragraph 93

    j.  The last three sentences of Paragraph 95

    k.  Paragraph 98

    l.  The second sentence of Paragraph 100

    m.  The last sentence of Paragraph 103

    n.  Paragraph 104, beginning after "USALCO customer."

    o.  Paragraph 109(a) through 109(c)

    p.  Paragraph 113, following "For example,"

    q.  The last two sentences in Paragraph 114

    r.  The second sentence of Paragraph 116

    s.  The last sentence of Paragraph 128.

13.    The GCC Defendants submit that the proposed redactions identified above discuss, reference, reflect, and in some instances quote, the GCC Defendants' internal business strategy and practices, pricing data, and information contained in and likely derived from documents the GCC Defendants designated as "Highly Confidential Information" pursuant to the Discovery Confidentiality Order. By so designating this information, the GCC Defendants sought to protect their commercial interests through restricting access to it to the limited categories of persons specified in Paragraph 12 of the Discovery Confidentiality Order.

14.    The GCC Defendants believe that if the information that is the subject of the proposed redactions were publicly disclosed, they would suffer a clearly defined and serious injury. *See Pansy v. Borough of Stroudsburg*, 23 F.3d 772, 786 (3d Cir. 1994). Disclosure of the

GCC Defendants' highly sensitive commercial information, including internal business strategy and practices and pricing information within the scope of *Fed. R. Civ. P.* 26(c)(1)(G), would put the GCC Defendants at a competitive disadvantage and compromise their business interests by revealing internal information that is not otherwise available to the public. *See Purdue Pharm. Prods. L.P. v. Actavis Elizabeth LLC*, 2015 U.S. Dist. LEXIS 111363 (D.N.J. Aug. 24, 2015).

15. The GCC Defendants submit that if the information that is the subject of the proposed redactions were publicly disclosed, it would violate the confidentiality interests of and thereby cause serious harm to the GCC Defendants. *See Mylan Inc. v. SmithKline Beecham Corp.*, 723 F.3d 413, 415 n.3 (3d Cir. 2013).

16. The GCC Defendants believe that retaining the unredacted CAC under seal and permitting the publicly-available version of the CAC to contain the redactions identified above are the least-restrictive means of protecting the GCC Defendants' confidentiality interests. The proposed redactions are limited to the sensitive information the GCC Defendants seek to protect, and there is no means aside from redacting the specific information at issue from a publicly-available version of the CAC that will protect the confidentiality of the information.

17. I declare under penalty of perjury that the foregoing statements are true and correct to the best of my knowledge, information, and belief.

        WEIL GOTSHAL & MANGES LLP
        767 Fifth Avenue
        New York, NY 10153-0119
        *Attorneys for Defendants General Chemical Corporation, General Chemical Performance Products, LLC, and General Chemical LLC*

        By: s/ Steven A. Reiss
            Steven A. Reiss

Dated: September 13, 2016