# EXHIBIT 2

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

**Caption in Compliance with D.N.J. LBR 9004-2(c)**

**THOMPSON HINE LLP**
3900 Key Center
127 Public Square
Cleveland, OH  44114-1291
(216) 566-5500
Alan R. Lepene, Esq. (Ohio Bar # 0023276)
Robert C. Folland, Esq. (Ohio Bar # 0065728)
Sean A. Gordon, Esq. (Ohio Bar # 0074243)

-and-

**RAVIN GREENBERG PC**
101 Eisenhower Parkway
Roseland, New Jersey 07068
(973) 226-1500
Howard S. Greenberg, Esq. (HSG8559)
Stephen B. Ravin, Esq. (SR7074)
Brian L. Baker, Esq. (BB4569)

*Co-Attorneys for Debtors and Debtors-in-Possession,*
*GEO Specialty Chemicals, Inc. and GEO Specialty*
*Chemicals Limited*

|  |  |
|---|---|
| In Re:<br><br>GEO Specialty Chemicals, Inc., et al,<br><br>         Debtors. | Chapter 11<br><br>Case No.: 04-19148 (MS)<br>         (Jointly Administered)<br><br>Hearing Date:  December 20, 2004 |

**FILED**
JAMES J. WALDRON, CLERK
DEC  2 0 2004
U.S. BANKRUPTCY COURT
NEWARK, N.J.
BY _____ DEPUTY

## ORDER CONFIRMING THIRD MODIFIED JOINT PLAN OF REORGANIZATION UNDER CHAPTER 11, TITLE 11, UNITED STATES CODE OF GEO SPECIALTY CHEMICALS, INC., AND GEO SPECIALTY CHEMICALS LIMITED, DEBTORS

The relief set forth on the following pages, numbered two (2) through twenty-two (22) is

hereby **ORDERED**.

**(Page 2)**
Debtor:     **GEO Specialty Chemicals, Inc. and GEO Specialty Chemicals Limited**
Case No:    **04-19148(MS)**
Caption of Order:  **ORDER CONFIRMING THIRD MODIFIED JOINT PLAN OF REORGANIZATION UNDER CHAPTER 11, TITLE 11, UNITED STATES CODE OF GEO SPECIALTY CHEMICALS, INC., AND GEO SPECIALTY CHEMICALS LIMITED, DEBTORS**

A HEARING HAVING BEEN HELD BEFORE THE COURT on December 20, 2004

(the "Confirmation Hearing"), to consider confirmation of the Third Modified Joint Plan of

Reorganization Under Chapter 11, Title 11, United States Code of GEO Specialty Chemicals,

Inc. and GEO Specialty Chemicals Limited, Debtors, filed November 22, 2004 (the "Plan"),[1]

proposed by GEO Specialty Chemicals, Inc. and GEO Specialty Chemicals Limited and affiliates

in the above-captioned jointly administered cases (the "Debtors" or the "Reorganized Debtors,"

depending on the context);

IT APPEARING TO THE COURT that the Plan is supported by the Official Committee

of the Debtors' Unsecured Creditors (the "Creditors Committee") ~~and by the Prepetition Secured Lenders~~;

IT FURTHER APPEARING TO THE COURT that the Disclosure Statement with

Respect to Third Modified Joint Plan of Reorganization Under Chapter 11, Title 11, United

States Code of GEO Specialty Chemicals, Inc. and GEO Specialty Chemicals Limited, Debtors,

dated November 22, 2004 (the "Disclosure Statement"), has been previously approved by the

Court, pursuant to the Order Approving Disclosure Statement with Respect to Joint Plan of

Reorganization Under Chapter 11, Title 11, United States Code of GEO Specialty Chemicals,

Debtors, dated November 22, 2004 (the "Disclosure Statement Approval Order");

IT FURTHER APPEARING TO THE COURT that solicitation and noticing procedures

with respect to the Plan have been approved by the Court, pursuant to the Disclosure Statement

Approval Order;

---

[1] Capitalized terms used herein without definition have the meanings provided for in the Plan.

*\* Plan as modified on 12/20/04 to provide 55¢ distribution to Class 8 + as otherwise set forth on the record in open Court.*

**(Page 3)**

| | |
|---|---|
| Debtor: | **GEO Specialty Chemicals, Inc. and GEO Specialty Chemicals Limited** |
| Case No: | **04-19148(MS)** |
| Caption of Order: | **ORDER CONFIRMING THIRD MODIFIED JOINT PLAN OF REORGANIZATION UNDER CHAPTER 11, TITLE 11, UNITED STATES CODE OF GEO SPECIALTY CHEMICALS, INC., AND GEO SPECIALTY CHEMICALS LIMITED, DEBTORS** |

IT FURTHER APPEARING TO THE COURT that the Debtors have filed with the Court a Plan Supplement Pursuant to Section 12.15 of the Third Modified Joint Plan of Reorganization Under Chapter 11, Title 11, United States Code of GEO Specialty Chemicals, Inc. and GEO Specialty Chemicals Limited, Debtors, dated December 13, 2004 (the "Plan Supplement"), submitting therein draft forms of certain documents necessary to implement the Plan, including (1) the Articles of Incorporation of Reorganized GEO, (2) the Code of Regulations of Reorganized GEO, (3) the Exit Facility, comprised of (a) the Indenture governing $125,000,000 Senior Secured Floating Rate Notes due 2009, (b) the Exhibits to said Indenture, and (c) the GEO Specialty Chemicals, Inc. Senior Secured Floating Rate Note and Common Stock Purchase Agreement; and (4) the New GEO Senior Executive Incentive Plan;

IT FURTHER APPEARING TO THE COURT that the deadline for filing objections to the Plan has passed and that the only objections to confirmation of the Plan were filed by the Pennsylvania Department of Revenue; Next Factors, Inc.; the Dow Chemical Company; Delphi Petroleum Inc.; and SNF Holding Company;

IT FURTHER APPEARING TO THE COURT that the deadline for casting ballots to accept or reject the Plan has passed and that the Trumbull Group acting as Voting Agent pursuant to the Disclosure Statement Approval Order has filed herein the Declaration of William R. Gruber, Jr. Certifying Voting on and Tabulation of Ballots Accepting or Rejecting the Third Modified Joint Plan of Reorganization of the Debtors (the "Gruber Declaration");

IT FURTHER APPEARING TO THE COURT that the Debtors have presented testimony, evidence and argument of counsel in support of confirmation of the Plan, and that

| | |
|---|---|
| Debtor: | **GEO Specialty Chemicals, Inc. and GEO Specialty Chemicals Limited** |
| Case No: | **04-19148(MS)** |
| Caption of Order: | **ORDER CONFIRMING THIRD MODIFIED JOINT PLAN OF REORGANIZATION UNDER CHAPTER 11, TITLE 11, UNITED STATES CODE OF GEO SPECIALTY CHEMICALS, INC., AND GEO SPECIALTY CHEMICALS LIMITED, DEBTORS** |

additional testimony, evidence or argument of counsel has been presented by other parties in interest;

NOW, THEREFORE, based upon the Court's review of (a) the Disclosure Statement, (b) the Plan and Plan Supplement (c) the unresolved objections to confirmation of the Plan, (d) all of the evidence proffered or adduced at, filings in connection with, and arguments of counsel made at, the Confirmation Hearing, and (e) the entire record of these Chapter 11 cases; and after due deliberation thereon and good cause appearing therefor, and for the reasons set forth on the record at the Confirmation Hearing,

IT IS HEREBY FOUND AND DETERMINED THAT:[2]

A.    Jurisdiction; Venue; Core Proceeding. The Court has jurisdiction over the Debtors' Chapter 11 cases pursuant to 28 U.S.C. §§ 157 and 1334. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409. Confirmation of the Plan is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(L) over which the Court has exclusive jurisdiction.

B.    Judicial Notice. The Court takes judicial notice of the docket of the Debtors' Chapter 11 cases maintained by the Clerk of the Court and/or its duly-appointed agent, including, without limitation, all pleadings and other documents filed with, all orders entered by, and evidence and argument made, proffered or adduced at the hearings held before the Court during the pendency of the Chapter 11 cases.

---

[2] Pursuant to Fed. R. Bankr. P. 7052, findings of fact shall be construed as conclusions of law and conclusions of law shall be construed as findings of fact when appropriate.

**(Page 5)**

| | |
|---|---|
| Debtor: | **GEO Specialty Chemicals, Inc. and GEO Specialty Chemicals Limited** |
| Case No: | **04-19148(MS)** |
| Caption of Order: | **ORDER CONFIRMING THIRD MODIFIED JOINT PLAN OF REORGANIZATION UNDER CHAPTER 11, TITLE 11, UNITED STATES CODE OF GEO SPECIALTY CHEMICALS, INC., AND GEO SPECIALTY CHEMICALS LIMITED, DEBTORS** |

C.     <u>Transmittal and Mailing of Solicitation Materials and Notices</u>.  The solicitation

materials and notices prescribed by the Disclosure Statement Approval Order were served in

compliance with the Disclosure Statement Approval Order, including, without limitation, with

respect to participation in the Exit Facility, and such service was adequate and sufficient.

Adequate and sufficient notice of the Confirmation Hearing and the other deadlines and matters

required to be noticed pursuant to the Disclosure Statement Approval Order was given in

compliance with the Bankruptcy Rules and the Disclosure Statement Approval Order, and no

other or further notice is or shall be required.

D.     <u>Adequacy of Solicitation Procedures</u>.  All procedures used to distribute the

solicitation materials to the appropriate creditors entitled to vote on the Plan and to tabulate the

ballots returned by creditors were fair and were conducted in accordance with the applicable

provisions of the Bankruptcy Code, the Bankruptcy Rules and the Disclosure Statement

Approval Order.  Votes for acceptance or rejection of the Plan were solicited and cast in good

faith and in compliance with 11 U.S.C. §§ 1125 and 1126 and Fed. R. Bankr. P. 3017 and 3018.

E.     <u>Good Faith Solicitation (11 U.S-C. § 1125(e))</u>.  Based on the record before the

Court in these Chapter 11 cases, the Debtors, the Prepetition Secured Lender Agent, the

Prepetition Secured Lenders and the Creditors Committee, and each of their respective directors,

officers, employees, members, agents, advisors, accountants, financial advisors, consultants,

attorneys, and other representatives, have acted in good faith within the meaning of 11 U.S.C.

§ 1125(e) and in compliance with the applicable provisions of the Bankruptcy Code, the

Bankruptcy Rules and the Disclosure Statement Approval Order in connection with all of their

**(Page 6)**
Debtor:           **GEO Specialty Chemicals, Inc. and GEO Specialty Chemicals Limited**
Case No:          **04-19148(MS)**
Caption of Order: **ORDER CONFIRMING THIRD MODIFIED JOINT PLAN OF
                  REORGANIZATION UNDER CHAPTER 11, TITLE 11, UNITED
                  STATES CODE OF GEO SPECIALTY CHEMICALS, INC., AND
                  GEO SPECIALTY CHEMICALS LIMITED, DEBTORS**

respective activities relating to the solicitation of acceptances of the Plan and their participation

in the activities described in 11 U.S.C. § 1125, and are entitled to the protections afforded by 11

U.S.C. § 1125(e) and, to the extent applicable, the exculpation and injunctive provisions set forth

in Section 12.12 of the Plan.

F.      Impaired Classes That Have Voted to Accept or Reject the Plan.  As evidenced

by the Gruber Declaration, which certifies both the method and results of the voting, Classes 4,

5, 6, and 9 are each impaired and have voted to accept the Plan pursuant to the requirements of

11 U.S.C. §§ 1124 and 1126.  Thus, at least one impaired Class of Claims has voted to accept the

Plan.  Class 8 has voted to reject the Plan.

G.      Classes Deemed to have Accepted or Rejected the Plan.  Classes 1, 2 and 3 are

not impaired under the Plan and are deemed to have accepted the Plan pursuant to 11 U.S.C.

§ 1126(f).  Classes 10, 11 and 12 will receive no distribution under the Plan and are deemed to

have rejected the Plan pursuant to 11 U.S.C. § 1126(g).

H.      Debtor Releases, Voluntary Creditor Releases and Exculpations.  The releases

proposed to be made by the Debtors on behalf of third parties pursuant to Section 12.9(a) of the

Plan are appropriate and should be approved.  There is an identity of interest between the

Debtors and certain of the proposed released parties; the proposed released parties have made a

substantial contribution to the Debtor's reorganization; the releases are necessary to the

effectuation of the compromises and settlements embodied in the Plan and to the success of the

Debtors' rehabilitation under the Plan; the Plan has been accepted by substantial majorities in all

but one of the voting classes, and the compromises and settlements contained in the Plan upon

**(Page 7)**
Debtor:          **GEO Specialty Chemicals, Inc. and GEO Specialty Chemicals Limited**
Case No:         **04-19148(MS)**
Caption of Order: **ORDER CONFIRMING THIRD MODIFIED JOINT PLAN OF**
                 **REORGANIZATION UNDER CHAPTER 11, TITLE 11, UNITED**
                 **STATES CODE OF GEO SPECIALTY CHEMICALS, INC., AND**
                 **GEO SPECIALTY CHEMICALS LIMITED, DEBTORS**

which certain of the releases are premised will allow for distributions to creditors not otherwise

available. The voluntary creditor releases provided for in Section 12.9(b) of the Plan are

appropriate and should be approved. Such releases were fully disclosed and are consensual

agreements by creditors who voted to accept the Plan. The exculpation provisions in

Section 12.12 of the Plan are appropriate and should be approved.

      I.     <u>Exit Financing Under the Plan</u>. The Plan contemplates that the Debtors will

obtain exit financing pursuant to the terms of the Exit Facility to be entered into with third party

investors. The Debtors have received commitments for such financing (the "Exit Financing

Commitments") from Merrill Lynch Global Investment Series – Income Strategies Portfolio,

Debt Strategies Fund, Inc., Senior High Income Portfolio, Inc., Master Senior Floating Rate

Trust, Floating Rate Income Strategies Fund, Inc., Floating Rate Income Strategies Fund II, Inc.,

Stanfield Capital, Airlie Opportunity Fund, Quadrangle Debt Recovery Income Fund Master

Ltd., and QDRF Master Ltd. (each an "Investor" and hereinafter collectively referred to as the

"Investors"), and are finalizing the terms of the Exit Facility. The decision to accept the Exit

Facility is the result of an extensive effort by the Debtors, the Committee and their financial

advisors to market the proposed financing to potential lenders, including the distribution of a

marketing brochure and the solicitation of indications of interest. The Debtors' entry into the

Exit Facility is in the best interest of the Debtors' estates and creditors and hereby is approved.

      J.     <u>Plan Compliance with Bankruptcy Code (11 U.S.C. § 1129(a)(1))</u>. The Plan

complies with the applicable provisions of the Bankruptcy Code, thereby satisfying

11 U.S.C.§ 1129(a)(1).

**(Page 8)**

| | |
|---|---|
| Debtor: | **GEO Specialty Chemicals, Inc. and GEO Specialty Chemicals Limited** |
| Case No: | **04-19148(MS)** |
| Caption of Order: | **ORDER CONFIRMING THIRD MODIFIED JOINT PLAN OF REORGANIZATION UNDER CHAPTER 11, TITLE 11, UNITED STATES CODE OF GEO SPECIALTY CHEMICALS, INC., AND GEO SPECIALTY CHEMICALS LIMITED, DEBTORS** |

(i)     Proper Classification (11 U.S.C. §§ 1122, 1123(a)(1)). In addition to Administrative Claims and Priority Tax Claims, which need not be classified, the Plan designates twelve classes of claims and interests. The claims and interests placed in each class are substantially similar to other claims and interests, as the case may be, in each such class. Valid business, factual and legal reasons exist for separately classifying the various classes of claims and interests created under the Plan, and such classification does not unfairly discriminate among holders of claims and interests. Thus, the Plan satisfies 11 U.S.C. §§ 1122 and 1123 (a) (1).

(ii)     Specify Unimpaired Classes (11 U.S.C. § 1123(a)(2)). Sections 3.2 and 4.1 of the Plan specify that Classes 1, 2 and 3 are unimpaired under the Plan, thereby satisfying 11 U.S.C. § 1123(a)(2).

(iii)     Specify Treatment of Impaired Classes (11 U.S.C. § 1123(a)(3)). Sections 3.3 and 3.4 of the Plan designate Classes 4, 5, 6, 7, 8, 9, 10, 11, and 12 as impaired and Sections 4.3 and 4.4 specify the treatment of claims and interests in those classes, thereby satisfying 11 U.S.C. § 1123(a)(3).

(iv)     No Discrimination (11 U.S.C. § 1123(a)(4)). The Plan provides for the same treatment by the Debtors for each claim or interest in each respective class unless the holder of a particular claim or interest has agreed to a less favorable treatment of such claim or interest, thereby satisfying 11 U.S.C. § 1123(a) (4).

(v)     Implementation of Plan (11 U.S.C. § 1123(a)(5)). The Plan provides adequate and proper means for its implementation, thereby satisfying 11 U.S.C. § 1123(a)(5).

(vi)     Non-Voting Equity Securities (11 U.S.C. § 1123(a)(6)). Section 6.2 of the Plan provides that the Articles of Incorporation and/or Operating Agreement, and/or Code of Regulations of both of the Debtors shall be amended to provide for the inclusion of provisions prohibiting the issuance of nonvoting equity securities, subject to further amendment of such Articles of Incorporation and/or Operating Agreement, and/or Code of Regulations or other organization documents as permitted by applicable law. Thus, the requirements of 11 U.S.C. § 1123(a)(6) are satisfied.

(vii)     Selection of Officers and Directors (11 U.S.C. § 1123(a)(7)). In the Disclosure Statement, the Debtors properly and adequately disclosed the identity and affiliations of all individuals or entities proposed to serve on or after the Effective Date as officers or directors of the Reorganized Debtors and the manner of selection and appointment of such individuals or entities is consistent with the interests of holders of claims and interests and with public policy and, accordingly, satisfies the requirements of 11 U.S.C. § 1123(a)(7).

**(Page 9)**

| | |
|---|---|
| Debtor: | **GEO Specialty Chemicals, Inc. and GEO Specialty Chemicals Limited** |
| Case No: | **04-19148(MS)** |
| Caption of Order: | **ORDER CONFIRMING THIRD MODIFIED JOINT PLAN OF REORGANIZATION UNDER CHAPTER 11, TITLE 11, UNITED STATES CODE OF GEO SPECIALTY CHEMICALS, INC., AND GEO SPECIALTY CHEMICALS LIMITED, DEBTORS** |

(viii)    Additional Plan Provisions (11 U.S.C. § 1123(b)). The Plan's additional provisions are appropriate and not inconsistent with the applicable provisions of the Bankruptcy Code.

K.    Compliance with Fed. R. Bankr. P. 3016. The Plan is dated and identifies the entities submitting it, thereby satisfying Fed. R. Bankr. P. 3016(a). The filing of the Disclosure Statement with the Court satisfies Fed. R. Bankr. P. 3016(b).

L.    Compliance with Fed. R. Bankr. P. 3017. The Debtors have given notice of the Confirmation Hearing as required by Fed. R. Bankr. P. 3017(d) and the Disclosure Statement Approval Order. The solicitation materials prescribed by the Disclosure Statement Approval Order were transmitted to the creditors entitled to vote on the Plan in accordance with Fed. R. Bankr. P. 3017(d) and, with respect to beneficial holders in Class 6, pursuant to Fed. R. Bankr. P. 3017(e).

M.    Compliance with Fed. R. Bankr. P. 3018. The solicitation of votes to accept or reject the Plan satisfies Fed. R. Bankr. P. 3018. The Plan was transmitted to all creditors entitled to vote on the Plan, sufficient time was prescribed for such creditors to accept or reject the Plan, and the solicitation materials used and solicitation procedures followed comply with 11 U.S.C. § 1126, thereby satisfying the requirements of Fed. R. Bankr. P. 3018.

✱

N.    Debtors' Compliance with Bankruptcy Code (11 U.S.C. § 1129(a)(2)). The Debtors have complied with the applicable provisions of the Bankruptcy Code, thereby satisfying 11 U.S.C. § 1129(a)(2).

O.    Plan Proposed in Good Faith (11 U.S.C. § 1129(a)(3)). The Debtors have proposed the Plan in good faith and not by any means forbidden by law, thereby satisfying

✱ The modifications) the Plan on 12/20/04 satisfied Code requirements under § 1127 and no further solicitation or notice is necessary.

Debtor:           **GEO Specialty Chemicals, Inc. and GEO Specialty Chemicals Limited**
Case No:          **04-19148(MS)**
Caption of Order: **ORDER CONFIRMING THIRD MODIFIED JOINT PLAN OF**
                  **REORGANIZATION UNDER CHAPTER 11, TITLE 11, UNITED**
                  **STATES CODE OF GEO SPECIALTY CHEMICALS, INC., AND**
                  **GEO SPECIALTY CHEMICALS LIMITED, DEBTORS**

11 U.S.C. § 1129(a)(3). In determining that the Plan has been proposed in good faith, the Court

has examined the totality of the circumstances surrounding the formulation of the Plan. The

Debtors filed their Chapter 11 cases and proposed the Plan with legitimate and honest purposes

including, among other things, (i) the reorganization of the Debtors' businesses, (ii) the

preservation and maximization of the Debtors' business enterprise values through a

reorganization under Chapter 11, (iii) restructuring of the Debtors' capital structure,

(iv) maximization of the recovery to creditors under the circumstances of these cases, and

(v) preserving jobs of the Debtors' employees in connection with the Debtors' continuing

operations.

        P.      Payments for Services or Costs and Expenses (11 U.S.C. § 1129(a)(4)). All

payments made or to be made by the Debtors or by a person issuing securities or acquiring

property under the Plan, for services or for costs and expenses in or in connection with the

Chapter 11 cases, or in connection with the Plan and incident to the Chapter 11 cases, have been

approved by, or are subject to the approval of, the Court as reasonable, thereby satisfying

11 U.S.C. § 1129(a)(4).

        Q.      Directors, Officers and Insiders (11 U.S.C. § 1129(a)(5)). The Debtors have

complied with 11 U.S.C. § 1129(a)(5). The identity and affiliations of the persons that will serve

as initial directors or officers of the Reorganized Debtors after confirmation of the Plan have

been fully disclosed in the Disclosure Statement. The appointment to, or continuance in, such

offices of such persons is consistent with the interests of holders of claims against and interests

in the Debtors and with public policy. The identity of any insider that will be employed or

**(Page 11)**

| | |
|---|---|
| Debtor: | **GEO Specialty Chemicals, Inc. and GEO Specialty Chemicals Limited** |
| Case No: | **04-19148(MS)** |
| Caption of Order: | **ORDER CONFIRMING THIRD MODIFIED JOINT PLAN OF REORGANIZATION UNDER CHAPTER 11, TITLE 11, UNITED STATES CODE OF GEO SPECIALTY CHEMICALS, INC., AND GEO SPECIALTY CHEMICALS LIMITED, DEBTORS** |

retained by the Reorganized Debtors and the nature of such insider's compensation have also been fully disclosed, to the extent applicable.

  R.  <u>No Rate Changes (11 U.S.C. § 1129(a)(6))</u>.  There is no regulatory commission having jurisdiction after confirmation of the Plan over the rates of the Debtors and no rate change provided for in the Plan requiring approval of any such commission.  Therefore, 11 U.S.C. § 1129(a)(6) is not applicable.

  S.  <u>Best Interests of Creditors (11 U.S.C. § 1129(a)(7))</u>.  The Plan satisfies 11 U.S.C. § 1129(a)(7).  The liquidation analysis attached as Appendix E to the Disclosure Statement and other evidence proffered or adduced at the Confirmation Hearing, (i) are persuasive and credible, (ii) have not been controverted by other evidence, and (iii) establish that each holder of an impaired claim or interest either has accepted the Plan or will receive or retain under the Plan, on account of such claim or interest, property of a value, as of the Effective Date, that is not less than the amount that such holder would receive or retain if the Debtors were liquidated under Chapter 7 of the Bankruptcy Code on such date.

  T.  <u>Deemed Acceptance or Rejection by Certain Classes (11 U.S.C. § 1129(a)(8))</u>.  Classes 1, 2 and 3 are classes of unimpaired claims and interests that are conclusively presumed to have accepted the Plan under 11 U.S.C. § 1126(f).  Classes 4, 5, 6, 7, 8 and 9 have voted to accept the Plan in accordance with 11 U.S.C. § 1126(c).  ~~Class 8 has voted to reject the Plan pursuant to 11 U.S.C. § 1126(c).~~  Classes 10, 11, and 12 are not entitled to receive or retain any property under the Plan and, therefore, are deemed to have rejected the Plan pursuant to 11 U.S.C. § 1126(g).  ~~Although~~ 11 U.S.C. § 1129(a)(8) has not been satisfied ~~with respect to~~ this *(except as to)*

**(Page 12)**

| | |
|---|---|
| Debtor: | **GEO Specialty Chemicals, Inc. and GEO Specialty Chemicals Limited** |
| Case No: | **04-19148(MS)** |
| Caption of Order: | **ORDER CONFIRMING THIRD MODIFIED JOINT PLAN OF REORGANIZATION UNDER CHAPTER 11, TITLE 11, UNITED STATES CODE OF GEO SPECIALTY CHEMICALS, INC., AND GEO SPECIALTY CHEMICALS LIMITED, DEBTORS** |

Classes 8, 10, 11, and 12, the Plan is confirmable because the Plan satisfies 11 U.S.C. § 1129(b) with respect to those classes of claims and interests, as set forth in Paragraph Z below. *[handwritten: not in those classes]*

U.    Treatment of Administrative, Priority and Tax Claims (11 U.S.C. § 1129(a)(9)). The treatment of Administrative Claims, Priority Tax Claims and Other Priority Claims pursuant to Sections 4.1(a), 4.1(b) and 4.2(a) of the Plan satisfies the requirements of 11 U.S.C. §§ 1129(a)(9)(A), (B) and (C).

V.    Acceptance by Impaired Class (11 U.S.C. § 1129(a)(10)). Classes 4, 5, 6, 7, and 9 are impaired classes of claims that voted to accept the Plan, and, to the Debtors' knowledge, do not contain insiders whose votes have been counted. Therefore, the requirement of 11 U.S.C. § 1129(a)(10) that at least one class of claims against or interests in the Debtors that is impaired under the Plan has accepted the Plan, determined without including any acceptance of the Plan by any insider, has been satisfied.

W.    Feasibility (11 U.S.C. §1129(a)(11)). The projections set forth in Appendix B to the Disclosure Statement and other evidence proffered or adduced by the Debtors at the Confirmation Hearing with respect to feasibility, (i) are persuasive and credible, (ii) have not been controverted by other evidence or challenged in any objection, and (iii) establish that confirmation of the Plan is not likely to be followed by the liquidation, or the need for further financial reorganization, of the Reorganized Debtors, thus satisfying the requirements of 11 U.S.C. § 1129(a)(11).

X.    Payment of Fees (11 U. S. C. § 1129(a)(12)). All fees payable under 28 U.S.C. § 1930 on or before the Effective Date, as determined by the Court, have been paid or will be

**(Page 13)**

| | |
|---|---|
| Debtor: | **GEO Specialty Chemicals, Inc. and GEO Specialty Chemicals Limited** |
| Case No: | **04-19148(MS)** |
| Caption of Order: | **ORDER CONFIRMING THIRD MODIFIED JOINT PLAN OF REORGANIZATION UNDER CHAPTER 11, TITLE 11, UNITED STATES CODE OF GEO SPECIALTY CHEMICALS, INC., AND GEO SPECIALTY CHEMICALS LIMITED, DEBTORS** |

paid on the Effective Date pursuant to Section 12.3 of the Plan, thus satisfying the requirements of 11 U.S.C. § 1129(a)(12).

    Y.    <u>Continuation of Retiree Benefits (11 U.S.C. § 1129(a)(13))</u>.  Any retiree benefits within the meaning of 11 U.S.C. § 1114 will be treated as executory contracts and assumed pursuant to Section 7.5 of the Plan.  Thus, the requirements of 11 U.S.C. § 1129(a)(12) are satisfied.

    Z.    <u>Fair and Equitable, No Unfair Discrimination (11 U.S.C. § 1129(b))</u>.  ~~Class 8 is an impaired class of claims that has rejected the Plan pursuant to 11 U.S.C. § 1126(c) and~~ Classes 10, 11, and 12 are impaired classes of claims and interests that are deemed to have rejected the Plan pursuant to 11 U.S.C. § 1126(g).  The Plan does not discriminate unfairly and is fair and equitable with respect to Classes ~~8~~, 10, 11 and 12 as required by 11 U.S.C. § 1129(b)(1).  ~~Thus, the Plan may be confirmed~~ notwithstanding the Debtors' ~~failure to satisfy 11 U.S.C. § 1129(a)(8)~~.  Upon confirmation and the occurrence of the Effective Date, the Plan shall be binding upon the members of Classes ~~8~~, 10, 11, and 12.

    AA.    <u>Principal purpose (11 U.S.C. § 1129(d))</u>.  The principal purpose of the Plan is neither the avoidance of taxes nor the avoidance of Section 5 of the Securities Act of 1933, and no governmental unit has objected to the confirmation of the Plan on any such grounds.  The Plan therefore satisfies the requirements of 11 U.S.C. § 1129(d).

    BB.    <u>No Liquidation</u>.  Because the Plan does not provide for the liquidation of all or substantially all of the property of the Debtors' estates and the Reorganized Debtors will engage in businesses following consummation of the Plan, 11 U.S.C. § 1141(d)(3) is not applicable.

**(Page 14)**

| | |
|---|---|
| Debtor: | **GEO Specialty Chemicals, Inc. and GEO Specialty Chemicals Limited** |
| Case No: | **04-19148(MS)** |
| Caption of Order: | **ORDER CONFIRMING THIRD MODIFIED JOINT PLAN OF REORGANIZATION UNDER CHAPTER 11, TITLE 11, UNITED STATES CODE OF GEO SPECIALTY CHEMICALS, INC., AND GEO SPECIALTY CHEMICALS LIMITED, DEBTORS** |

CC.    <u>Burden of Proof</u>.  The Debtors, as proponents of the Plan, have met their burden

of proving the elements of 11 U.S.C. §§ 1129(a) and (b) by a preponderance of the evidence.

DD.    <u>Satisfaction of Confirmation Requirements</u>.  The Plan satisfies the requirements

for confirmation set forth in 11 U.S.C. § 1129.  The Debtors have represented to the Court that

the conditions precedent to confirmation set forth in Section 10.1 of the Plan have either been

satisfied or waived.

IT IS HEREBY ORDERED, ADJUDGED AND DECREED THAT;

1.    <u>Objections</u>.  All objections that have not been withdrawn, resolved,

waived or settled, and all reservations of rights pertaining to confirmation of the Plan included

therein, are overruled on the merits.

2.    <u>Confirmation of Plan</u>.  The Plan is approved and confirmed under

11 U.S.C. § 1129.

3.    <u>Incorporation of Terms and Provisions of Plan</u>.  The terms and provisions

of the Plan are incorporated by reference into and are an integral part of this Confirmation Order.

Each term and provision of the Plan is valid, binding and enforceable as though fully set forth

herein.  The provisions of the Plan and this Confirmation Order, including the findings of fact

and conclusions of law set forth herein, are non-severable and mutually dependent.  The failure

specifically to include or reference any particular term or provision of the Plan in this

Confirmation Order shall not diminish or impair the effectiveness of such term and provision, it

being the intent of the Court that the Plan be confirmed in its entirety.

| | |
|---|---|
| **(Page 15)** | |
| Debtor: | **GEO Specialty Chemicals, Inc. and GEO Specialty Chemicals Limited** |
| Case No: | **04-19148(MS)** |
| Caption of Order: | **ORDER CONFIRMING THIRD MODIFIED JOINT PLAN OF REORGANIZATION UNDER CHAPTER 11, TITLE 11, UNITED STATES CODE OF GEO SPECIALTY CHEMICALS, INC., AND GEO SPECIALTY CHEMICALS LIMITED, DEBTORS** |

4.    <u>Binding Effect</u>. Effective on the Effective Date, and except as expressly provided in this Confirmation Order, the Plan and its provisions shall be binding upon the Debtors, the Reorganized Debtors, any entity acquiring or receiving property or a distribution under the Plan and any holder of a claim against or interest in the Debtors, including all governmental entities, whether or not the claim or interest of such holder is impaired under the Plan and whether or not such holder or entity has accepted the Plan. Pursuant to 11 U.S.C. §§ 1123(a) and 1142(a) and the provisions of this Confirmation Order, the Plan and all Plan-related documents shall apply and be enforceable notwithstanding any otherwise applicable non-bankruptcy law.

5.    <u>Approval of Releases and Exculpation; Injunction</u>. The Debtor releases of parties provided in Section 12.9(a) of the Plan, the consensual and voluntary creditor releases of third parties provided in Section 12.9(b) of the Plan, and the exculpations provided for in Section 12.12 of the Plan are approved. As of the Effective Date, (a) the Reorganized Debtors and any Persons seeking to exercise the rights of the Debtors' estates (including, without limitation, any estate representative appointed pursuant to 11 U.S.C. § 1123(b)(3)(B)), as to the Persons released pursuant to Section 12.9(a), (b) all creditors who have voted to accept the Plan, as to the Persons released in Section 12.9(b), and (c) all parties in interest as to the Persons exculpated in Section 12.12, are permanently enjoined from taking any of the following actions on account of claims, obligations, suits, judgments, damages, demands, debts, rights, causes of action, or liabilities or terminated interests or rights against any such Persons: commencing or continuing, in any manner or in any place, any action or other proceeding; enforcing, attaching,

**(Page 16)**

| | |
|---|---|
| Debtor: | **GEO Specialty Chemicals, Inc. and GEO Specialty Chemicals Limited** |
| Case No: | **04-19148(MS)** |
| Caption of Order: | **ORDER CONFIRMING THIRD MODIFIED JOINT PLAN OF REORGANIZATION UNDER CHAPTER 11, TITLE 11, UNITED STATES CODE OF GEO SPECIALTY CHEMICALS, INC., AND GEO SPECIALTY CHEMICALS LIMITED, DEBTORS** |

collecting, or recovering in any manner any judgment, award, decree, or order; creating,

perfecting, or enforcing any lien or encumbrance; asserting a setoff against any debt, liability, or

obligation due to any such Person; or commencing or continuing any action, in any manner, in

any place, or against any Person that does not comply with or is inconsistent with the provisions

of the Plan.

      6.    <u>Allowance of Prepetition Secured Lender Claims and Liens</u>. The

Prepetition Secured Lenders' Claims are hereby Allowed and their Liens are legal, valid, binding,

perfected, not subject to recharacterization, subordination and otherwise unavoidable for all

purposes of these Chapter 11 cases and subsequent proceedings (if any). All settlements,

compromises, releases, discharges, injunctions and exculpations set forth in the Plan shall be,

and hereby are, effective and binding on all Persons and entities who may have had standing to

assert such claims or causes of action against the Prepetition Secured Lender Agent or the

Prepetition Secured Lenders, and no other Person or entity shall possess such standing to assert

such claims or causes of action after the Effective Date.

      7.    <u>Approval of Exit Financing Under Plan</u>. The Exit Facility is approved. In

addition, (i) the terms and conditions of Exit Facility loan documents are approved as being

entered into in good faith, providing the most favorable financing terms, and being critical to the

success and feasibility of the Plan; and (ii) the Debtors or Reorganized Debtors, as applicable,

are authorized to execute and deliver the Exit Facility, pay the fees and costs required

thereunder, and grant the liens and security interests required thereunder in substantially all of

their assets. The Debtors or Reorganized Debtors, as applicable, are authorized to execute,

**(Page 17)**

| | |
|---|---|
| Debtor: | **GEO Specialty Chemicals, Inc. and GEO Specialty Chemicals Limited** |
| Case No: | **04-19148(MS)** |
| Caption of Order: | **ORDER CONFIRMING THIRD MODIFIED JOINT PLAN OF REORGANIZATION UNDER CHAPTER 11, TITLE 11, UNITED STATES CODE OF GEO SPECIALTY CHEMICALS, INC., AND GEO SPECIALTY CHEMICALS LIMITED, DEBTORS** |

deliver and perform their obligations under the Exit Facility and the New Senior Notes, with such changes as may be agreed between the Debtors or Reorganized Debtors, as applicable, and the lenders thereunder, as necessary or appropriate to effect the exit financing in accordance with the Plan without any further board of directors or shareholder consent, action or approval as permitted by Section 1701.75 of the Ohio Revised Code. The Exit Facility shall constitute legal, valid, binding and authorized obligations of the Debtors or Reorganized Debtors, as applicable, enforceable in accordance with their terms, and shall create the security interests, liens and mortgages purported to be created thereby. The process implemented for soliciting participation in the Exit Facility, including, *inter alia*, (1) the establishment of a record date to determine participants; (2) the establishment of minimum investment levels; and (3) the inclusion of notice of the "Unsecured Creditor Participation Opportunity" in the Ballots for Classes 6 and 8 and as otherwise made known to Class 5, is hereby deemed fair and reasonable under the circumstances and is hereby approved.

8.     <u>Approval of New GEO Senior Executive Incentive Plan.</u> The New GEO Senior Executive Incentive Plan is hereby approved, and the Debtors or Reorganized Debtors, as applicable, are authorized to execute and deliver the New GEO Senior Executive Incentive Plan, pay any amounts required thereunder and perform their obligations thereunder. The New GEO Senior Executive Incentive Plan shall constitute legal, valid, binding and authorized obligations of the Debtors or Reorganized Debtors, as applicable, enforceable in accordance with its terms, without any further board of directors or shareholder consent, action or approval as permitted by Section 1701.75 of the Ohio Revised Code.

**(Page 18)**

| | |
|---|---|
| Debtor: | **GEO Specialty Chemicals, Inc. and GEO Specialty Chemicals Limited** |
| Case No: | **04-19148(MS)** |
| Caption of Order: | **ORDER CONFIRMING THIRD MODIFIED JOINT PLAN OF REORGANIZATION UNDER CHAPTER 11, TITLE 11, UNITED STATES CODE OF GEO SPECIALTY CHEMICALS, INC., AND GEO SPECIALTY CHEMICALS LIMITED, DEBTORS** |

9.      Transfers of Property. On the Effective Date, the transfers of property to
be made by the Debtors under the Plan, including the transfers contemplated by Sections 4.1, 4.2,

4.3, 6.3, 6.4, and 6.5 of the Plan, (a) are or will be legal, valid, and effective transfers of property,

(b) vest or will vest the transferees with good title to such property free and clear of all liens,

charges, claims, encumbrances, or interests, except as expressly provided in the Plan or this

Confirmation Order, (c) do not and will not constitute avoidable transfers under the Bankruptcy

Code or under applicable law, (d) do not and will not subject the Reorganized Debtors to any

liability by reason of such transfer under the Bankruptcy Code or under applicable

nonbankruptcy law, including, without limitation, any laws affecting successor, transferee or

stamp or recording tax liability and (e) are for good consideration and value.

10.      Plan Implementation Authorization. Pursuant to the Plan, each of the
Debtors and the Reorganized Debtors are authorized to negotiate, execute, deliver, file or record

such contracts, instruments, releases, and other agreements or documents and take such actions

as may be necessary or appropriate to effectuate, implement and further evidence the terms and

conditions of the Plan and any documents, notes or securities issued pursuant to the Plan, in form

and substance reasonably acceptable to the Debtors. The Debtors and the Reorganized Debtors

and their respective directors, officers, members, agents and attorneys, are authorized and

empowered to negotiate, issue, execute, deliver, file or record any agreement, document or

security, including, without limitation, the documents referenced in the Plan and/or the Plan

Supplement in form and substance as aforesaid, as the same may be modified, amended and

supplemented in a manner reasonably acceptable to the Debtors, the Committee and the

**(Page 19)**

| | |
|---|---|
| Debtor: | GEO Specialty Chemicals, Inc. and GEO Specialty Chemicals Limited |
| Case No: | 04-19148(MS) |
| Caption of Order: | ORDER CONFIRMING THIRD MODIFIED JOINT PLAN OF REORGANIZATION UNDER CHAPTER 11, TITLE 11, UNITED STATES CODE OF GEO SPECIALTY CHEMICALS, INC., AND GEO SPECIALTY CHEMICALS LIMITED, DEBTORS |

Investors, and to take any action necessary or appropriate to implement, effectuate and consummate the Plan in accordance with its terms, or take any or all corporate actions authorized to be taken pursuant to the Plan, including but not limited to any merger, release, amendment or restatement of any code of regulations, articles of incorporation or other organization documents of the Debtors, whether or not specifically referred to in the Plan or any exhibit thereto, without further order of the Court or any further board of directors or shareholder consent, action or approval as permitted by Section 1701.75 of the Ohio Revised Code. Any or all such documents shall be accepted by each of the respective state filing offices and recorded in accordance with applicable state law and shall become effective in accordance with their terms and the provisions of state law.

11. <u>Governmental Approvals Not Required</u>. This Confirmation Order shall constitute all approvals and consents required, if any, by the laws, rules or regulations of any State or any other governmental authority with respect to the implementation or consummation of the Plan and any documents, instruments or agreements, and any amendments or modifications thereto, and any other acts referred to in or contemplated by the Plan, the Disclosure Statement and any documents, instruments or agreements, and any amendments or modifications thereto.

12. <u>Exemption from Certain Taxes</u>. Pursuant to 11 U.S.C. § 1146(c), neither (a) the issuance, transfer or exchange of notes or equity securities under the Plan, (b) the creation of any mortgage, deed of trust, lien, pledge or other security interest, including, but not limited to, in connection with the Exit Facility, (c) the making or assignment of any contract, lease or

Case 2:16-cv-02697-MCA-MAH Document 25d/04 Filed 10/21/16 Page 21 of 25 PageID: 646
Case 04-19148-MS Doc 1014 Filed 12/20/04 Entered 12/20/04 18:17:37 Desc Main
Document Page 20 of 23

(Page 20)

| | |
|---|---|
| Debtor: | **GEO Specialty Chemicals, Inc. and GEO Specialty Chemicals Limited** |
| Case No: | **04-19148(MS)** |
| Caption of Order: | **ORDER CONFIRMING THIRD MODIFIED JOINT PLAN OF REORGANIZATION UNDER CHAPTER 11, TITLE 11, UNITED STATES CODE OF GEO SPECIALTY CHEMICALS, INC., AND GEO SPECIALTY CHEMICALS LIMITED, DEBTORS** |

sublease, including, but not limited to, in connection with the Exit Facility, nor (d) the making or delivery of any deed or other instrument of transfer under, in furtherance of, or in connection with, the Plan, including, without limitation, the Exit Facility, any merger agreements, any agreements of consolidation, restructuring, disposition, liquidation, or dissolution, any deeds, any bills of sale, or any transfers of tangible or intangible property, shall be subject to any document recording tax, stamp tax, conveyance fee, intangibles or similar tax, mortgage tax, stamp act tax, real estate transfer tax, sales or use tax, mortgage recording tax, or other similar tax or governmental assessment. State and local governmental officials or agents are hereby directed to forego the collection of any such tax or governmental assessment and to accept for filing and recordation any of the foregoing instruments or other documents without the payment of any such tax or governmental assessment.

13. <u>Exemption from Securities Laws</u>. The exemption from the requirements of Section 5 of the Securities Act of 1933, and any state or local law requiring registration for the offer, sale, issuance, exchange or transfer of a security provided for in the Plan in exchange for claims against the Debtors is authorized by 11 U.S.C. § 1145. The offer, sale, issuance, and/or exchange of the New GEO Common Stock to persons in Class 6 in exchange for claims against the Debtors is exempt from registration under 11 U.S.C. § 1145 and such securities are freely tradable by the holders thereof except to the extent a holder is an "underwriter" as defined in 11 U.S.C. § 1145(b).

14. <u>Applicable Non-Bankruptcy Law</u>. Pursuant to 11 U.S.C. §§ 1123(a) and 1142(a), the provisions of this Confirmation Order, the Plan or any amendments or modifications

| | |
|---|---|
| **(Page 21)** | |
| Debtor: | **GEO Specialty Chemicals, Inc. and GEO Specialty Chemicals Limited** |
| Case No: | **04-19148(MS)** |
| Caption of Order: | **ORDER CONFIRMING THIRD MODIFIED JOINT PLAN OF** |
| | **REORGANIZATION UNDER CHAPTER 11, TITLE 11, UNITED** |
| | **STATES CODE OF GEO SPECIALTY CHEMICALS, INC., AND** |
| | **GEO SPECIALTY CHEMICALS LIMITED, DEBTORS** |

thereto shall apply and be enforceable notwithstanding any otherwise applicable non-bankruptcy

law.

      15.   <u>Appointment of Directors</u>.  The initial board of directors of Reorganized

GEO shall be comprised of George P. Ahearn, three (3) individuals to be selected by the

Creditors Committee and three (3) individuals to be selected by the holders of the New Senior

Notes.  Any vacancy existing as of the Effective Date shall be filled in accordance with the terms

of the Articles of Incorporation of Reorganized GEO and the Code of Regulations of

Reorganized GEO.

      16.   <u>Approval of Assumption or Rejection of Contracts and Leases</u>.  Unless

otherwise provided in an order of or in proceedings before the Court specifically dealing with

(a) an executory contract or unexpired lease that is subject to assumption pursuant to Section 7.1

or 7.5 of the Plan, the assumption of such contract or lease is hereby approved as proposed in

such Section 7.1 and 7.5; or (b) an executory contract or unexpired lease that is subject to

rejection pursuant to Section 7.3 of the Plan, the rejection of such contract is hereby approved as

proposed in such Section 7.3.

      17.   <u>Retention of Jurisdiction</u>.  Pursuant to sections 105(a) and 1143 of the

Bankruptcy Code, and notwithstanding the entry of this Confirmation Order or the occurrence of

the Effective date, the Court shall retain exclusive jurisdiction as provided in the Plan over all

matters arising out of, and related to, the Chapter 11 Cases and the Plan to the fullest extent

permitted by law, including, among other items and matters, jurisdiction over those items and

matters set forth in Article 11 of the Plan.

Debtor:          **GEO Specialty Chemicals, Inc. and GEO Specialty Chemicals Limited**
Case No:       **04-19148(MS)**
Caption of Order:  **ORDER CONFIRMING THIRD MODIFIED JOINT PLAN OF REORGANIZATION UNDER CHAPTER 11, TITLE 11, UNITED STATES CODE OF GEO SPECIALTY CHEMICALS, INC., AND GEO SPECIALTY CHEMICALS LIMITED, DEBTORS**

18.    <u>Transfer of Rights to Reorganized Debtors</u>. On the effective Date, the Reorganized Debtors shall succeed to all of the rights, privileges and immunities of the Debtors, including, without limitation, the attorney-client privilege and the time in which claims may be brought under Sections 108 and 546 of the Bankruptcy Code or otherwise.

19.    <u>Reversal</u>. If any or all of the provisions of this Confirmation Order are hereafter reversed, modified or vacated by subsequent order of the Court or any other court, such reversal, modification or vacatur shall not affect the validity of the acts or obligations incurred or undertaken under or in connection with the Plan prior to the Debtors' receipt of written notice of any such order. Notwithstanding any such reversal, modification or vacatur of this Confirmation Order, any such act or obligation incurred or undertaken pursuant to, and in reliance on, this Confirmation Order prior to the effective date of such reversal, modification or vacatur shall be governed in all respects by the provisions of this Confirmation Order and the Plan or any amendments or modifications thereto.

20.    <u>Authorization to Consummate Plan</u>. Notwithstanding Fed. R. Bankr, P. 3020(e), this Confirmation Order shall take effect immediately upon its entry and the Debtors are authorized to consummate the Plan immediately after entry of this Confirmation Order in accordance with the terms of the Plan.

21.    <u>Notice of Entry of Confirmation Order</u>. On or before the tenth business day following the date of entry of this Confirmation Order, the Debtors shall serve notice of the entry of this Confirmation Order pursuant to Fed. R. Bankr. P. 2002(f)(7), 2002(k) and 3020(c) on all holders of claims and interests, the United States Trustee, and other parties in interest.

**(Page 23)**

| | |
|---|---|
| Debtor: | **GEO Specialty Chemicals, Inc. and GEO Specialty Chemicals Limited** |
| Case No: | **04-19148(MS)** |
| Caption of Order: | **ORDER CONFIRMING THIRD MODIFIED JOINT PLAN OF REORGANIZATION UNDER CHAPTER 11, TITLE 11, UNITED STATES CODE OF GEO SPECIALTY CHEMICALS, INC., AND GEO SPECIALTY CHEMICALS LIMITED, DEBTORS** |

22. <u>Notice of Effective Date</u>. Within five business days following the

occurrence of the Effective Date, the Reorganized Debtors shall file notice of the Effective Date

with the Bankruptcy Court and serve a copy of such notice on the parties named on the

2004 Service List maintained in these cases.

*Court acknowledges Amendment to Plan § 4.3(e), etc. of even-date which is incorporated herein*

Form 147 – ntccnfpln

# UNITED STATES BANKRUPTCY COURT

District of New Jersey
MLK Jr Federal Building
50 Walnut Street
Newark, NJ 07102

---

In Re:      GEO Specialty Chemicals, Inc. and GEO Specialty Chemicals Limited
SSN:
EIN:        34−1708689
ADDRESS: First & Essex Streets
            Harrison, NJ 07029

|            |          |              |
|------------|----------|--------------|
|            | Case No: | 04−19148−MS  |
|            | Chapter: | 11           |
|            | Judge:   | Morris Stern |

            Debtor(s)

---

### NOTICE OF ORDER CONFIRMING CHAPTER 11 PLAN

NOTICE IS HEREBY GIVEN that an Order Confirming the Chapter 11 plan was entered on December 20, 2004.

IT IS FURTHER NOTICED,

1. The clerk shall close the case 180 days after entry of the order confirming plan. Local Rule 3022−1(a).

2. On motion of a party in interest filed and served within the time period set forth above, the court may for cause entend the time for closing the case. Local Rule 3022−1(b).

3. All applications for allowance of fees and expenses shall be filed within 90 days after entry of a final order confirming plan, or such fees and expenses shall be deemed to be waived. Local Rule 2016−1(i).

Dated: December 20, 2004
JJW: rah

                              James J. Waldron
                              Clerk