# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| **IN RE: LIQUID ALUMINUM SULFATE ANTITRUST LITIGATION**<br><br>*This Document Relates to: Putative Class of Indirect Purchaser Plaintiffs* | Civil Action No. 16-md-2687 (JLL)(JAD)<br><br>MDL No. 2687 |

## MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT GEO SPECIALTY CHEMICALS, INC.'S FED. R. CIV. P. 12(B)(6) MOTION TO DISMISS INDIRECT PURCHASER PLAINTIFFS' COMPLAINT

James H. Mutchnik
Sydney L. Schneider
**KIRKLAND & ELLIS LLP**
300 N. LaSalle Street
Chicago, IL 60654
Phone: (312) 862-2000
Fax: (312) 862-2200
james.mutchnik@kirkland.com
sydney.schneider@kirkland.com

Cormac T. Connor
**KIRKLAND & ELLIS LLP**
655 15th Street, N.W., Ste. 1200
Washington, DC 20005
Phone: (202) 879-5000
Fax: (202) 879-5200
cormac.connor@kirkland.com

*Attorneys for Defendant GEO Specialty Chemicals, Inc.*

Robert F. Ware
Mark R. Butscha, Jr.
**THOMPSON HINE LLP**
3900 Key Center
127 Public Square
Cleveland, OH  44114
Phone:  (216) 566-5500
Fax:  (216) 566-5800
rob.ware@thompsonhine.com
mark.butscha@thompsonhine.com

**TABLE OF CONTENTS**

**Page**

I. INTRODUCTION ..................................................................................................1

II. ARGUMENT..........................................................................................................2

    A. Plaintiffs' Claims Were Dischargeable in Bankruptcy .........................3

    B. GEO's Chapter 11 Bankruptcy Discharged All Existing Claims .........4

        1. Proper Notice to Known and "Unknown" Creditors ..................4

        2. GEO's Reorganization Plan and Discharge of Claims ...............5

        3. Bankruptcy Court Retained Exclusive Jurisdiction ....................6

    C. GEO Gave Proper Notice to All Known and Unknown Claimants ..................................................................................................6

    D. Plaintiffs' Claims Accrued Pre-Discharge ............................................7

    E. Damages, Including Those Based on Joint and Several Liability Theory, Accrued and Were Subject to Discharge .................................8

    F. Plaintiffs' Lack of Knowledge Irrelevant to Discharge ......................10

III. CONCLUSION ....................................................................................................10

# **TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

*Avellino & Bienes v. M. Frenville Co., Inc. (Matter of M. Frenville Co., Inc.)*,
 744 F.2d 332 (3d Cir. 1984) ..................................................................................7

*Chrysler Motors Corp. v. Schneiderman*,
 940 F.2d 911 (3d Cir. 1991) ...................................................................................6

*E.I. DuPont De Nemours & Co. v. United States*,
 460 F.3d 515 (3d Cir. 2006) ...................................................................................3

*In re GEO Specialty Chemicals, Inc., et al.*,
 Case No. 04-19148 (MS) (Bankr. D.N.J.) ....................................................1, 2, 4

*In re Penn Cent. Transp. Co.*,
 771 F.2d 762 (3d Cir. 1985) ...............................................................................3, 10

*In re Shear*,
 123 B.R. 247 (Bankr. N.D. Ohio 1991)..............................................................4

*In re Trump Taj Mahal Assocs.*,
 156 B.R. 928 (Bankr. D.N.J. 1993) ......................................................................6

*JELD-WEN, Inc. v. Van Brunt (In re Grossman's Inc.)*,
 607 F.3d 114 (3d Cir. 2010) ..................................................................................3

*Kleen Prods., LLC v. Int'l Paper, et al.*,
 306 F.R.D. 585 (N.D. Ill. 2015), *aff'd* 831 F.3d 919 (7th Cir. 2016)...................8

*Matter of Reading Co.*,
 115 F.3d 1111 (3d Cir. 1997) ...........................................................................3, 10

*Okla. Dep't of Sec., ex. rel. Faught v. Wilcox*,
 691 F.3d 1171 (10th Cir. 2012) .............................................................................3

*Ragupathi v. Bairrington (In re Bairrington)*,
 183 B.R. 754 (Bankr. W.D. Tex. 1995)..............................................................4

# **TABLE OF AUTHORITIES (CONT'D)**

**Page(s)**

*Wiatt v. Winston & Strawn LLP*,
  838 F. Supp. 2d 296 (D.N.J. 2012) .................................................................................2

*Wright v. Owens Corning (In re Owens Corning)*,
  679 F.3d 101 (3d Cir. 2012) ............................................................................................7

**Statutes**

11 U.S.C. § 523 ....................................................................................................................4

11 U.S.C. § 1141(d) .............................................................................................................9

11 U.S.C. § 1141(d)(1)A .....................................................................................................3

**Rules**

Fed. R. Civ. P. 12(b)(6) ...................................................................................................1, 2

## I.     INTRODUCTION

In their Consolidated Amended Complaint (the "Amended Complaint"), the putative class of Indirect Purchaser Plaintiffs ("Plaintiffs") identify a "Class Period" lasting from "as early as January 1, 1997 and continuing until the anticompetitive effects of Defendants' unlawful conduct ceases", during which Defendant GEO Specialty Chemicals, Inc. ("GEO") and other Defendants allegedly conspired to violate numerous antitrust, unfair trade and deceptive trade practices and unjust enrichment laws (collectively, the "Claims"). (Dkt. 242 ¶¶ 1, 191-413). Plaintiffs know that, in the middle of the alleged Class Period, GEO sought and received protection under chapter 11 of title 11 of the Bankruptcy Code (the "Bankruptcy Case").[1] (*See* Dkt. 242 ¶¶ 30-33.) *See In re GEO Specialty Chemicals, Inc., et al.*, Case No. 04-19148 (MS) (Bankr. D.N.J.). Although Plaintiffs acknowledge that their Claims had accrued and were subject to the discharge order in the Bankruptcy Case, Plaintiffs improperly seek to recover damages related to pre-discharge conduct. (*See, e.g., id.* at ¶¶ 191-413). All of the

---

[1] In the instant action, GEO has filed two other Fed. R. Civ. P. 12(b)(6) motions: against the putative class of Direct Purchaser Plaintiffs (Dkt. 251) and against Plaintiff City of Shreveport (Dkt. 299), respectively (hereinafter referred to collectively as "GEO's Prior Motions" or by docket number). Parts of GEO's Prior Motions are referenced below and are incorporated herein by each reference. For example, basic background information is set forth in both of GEO's Prior Motions at Part II. Capitalized terms in this Motion have the same meaning as in GEO's Prior Motions.

Claims and any damages related to the Claims – including damages under a joint and several liability theory – should now be dismissed pursuant to Fed. R. Civ. P. 12(b)(6)[2] to the extent that the Claims and related damages were discharged as part of GEO's Bankruptcy Case.

## II.    ARGUMENT

The following facts are not in dispute: (i) as part of its Bankruptcy Case, GEO provided proper notice to all potential claimants; (ii) Plaintiffs' Claims had accrued and were subject to discharge in the Bankruptcy Case;[3] and (iii) under the Confirmation Order, all claims that had accrued against GEO as of December 31, 2004, were discharged.[4]  The disputes in the instant case arise from Plaintiffs' contentions that, even though portions of their Claims were discharged as part of

---

[2]   Applicable legal standards are set forth in GEO's Prior Motions at Part III.

[3]   The Bankruptcy Court approved GEO's Reorganization Plan, the Effective Date of which was December 31, 2004. (*See In re GEO Specialty Chemicals, Inc., et al.*, Case No. 04-19148 (MS) (Bankr. D.N.J.), 11/22/04 Debtors' Third Modified Joint Plan of Reorganization Under ch. 11, tit. 11, at art. 12.10 (Dkt. 887) (hereinafter, the "Reorganization Plan") (Connor Decl. Ex. 1); 12/20/04 Order Confirming Third Modified Joint Plan of Reorganization Under ch. 11, tit. 11 (Dkt. 1014) (hereinafter, the "Confirmation Order") (Connor Decl. Ex. 2).)  The confirmed Reorganization Plan discharged and released all accrued claims. (*See* Connor Decl. Ex. 1, Reorganization Plan, at art. 11.1.) [Note: All references to Connor Decl. herein are to the Declaration of Cormac T. Connor filed contemporaneously with the instant Motion to Dismiss.]

[4]   GEO requests that the Court take judicial notice of certain documents, described herein, that are part of the public record from GEO's Bankruptcy Case and which are pertinent here. *See Wiatt v. Winston & Strawn LLP*, 838 F. Supp. 2d 296, 312 (D.N.J. 2012).

2

the Bankruptcy Case, Plaintiffs may use a joint and several liability damages theory to sidestep the Confirmation Order, improperly allowing Plaintiffs to recover damages from GEO that relate entirely to discharged portions of Plaintiffs' Claims. Plaintiffs' contentions, however, fail as a matter of law. Any of Plaintiffs' Claims, which inherently include damages related to those Claims, that legally "accrued" before the Effective Date were discharged. *See Matter of Reading Co.*, 115 F.3d 1111, 1121-24 (3d Cir. 1997), *abrogation on other grounds recognized by E.I. DuPont De Nemours & Co. v. United States*, 460 F.3d 515, 518 (3d Cir. 2006); *In re Penn Cent. Transp. Co.*, 771 F.2d 762, 767-70 (3d Cir. 1985). Plaintiffs cannot now recover damages under any theory if those damages pertain to any claims that were discharged by the Bankruptcy Court.

### A. Plaintiffs' Claims Were Dischargeable in Bankruptcy

Upon confirmation of a chapter 11 bankruptcy reorganization plan, 11 U.S.C. § 1141(d)(1)A) provides for a discharge of "***any debt that arose before the date of confirmation***." *See JELD-WEN, Inc. v. Van Brunt (In re Grossman's Inc.)*, 607 F.3d 114, 122 (3d Cir. 2010) (emphasis added).[5] Plaintiffs' state law-based unfair trade practices and unjust enrichment claims were subject to discharge in bankruptcy. *See, e.g., Okla. Dep't of Sec., ex. rel. Faught v. Wilcox*, 691 F.3d

---

[5] Additional relevant bankruptcy principles, including those applicable to the discharge-ability of antitrust claims, are set forth in GEO's Prior Motions at Part IV(A). (*See* Dkt. 251 at 5; Dkt. 299 at 8).

3

1171, 1176-77 (10th Cir. 2012) (finding unjust enrichment claims were subject to discharge); *Ragupathi v. Bairrington (In re Bairrington)*, 183 B.R. 754, 761 (Bankr. W.D. Tex. 1995) (finding an unfair trade practices judgment insufficient to render the judgment non-dischargeable in Chapter 7 proceedings, as a judgment alone does not establish the necessary elements of 11 U.S.C. § 523); *In re Shear*, 123 B.R. 247, 254 (Bankr. N.D. Ohio 1991) (denying a creditor's complaint to deem an unjust enrichment claim non-dischargeable in Chapter 7 case).

### B. GEO's Chapter 11 Bankruptcy Discharged All Existing Claims

Plaintiffs acknowledge that GEO filed for Chapter 11 bankruptcy protection. (*See In re GEO Specialty Chemicals, Inc. et al*., Case No. 04-19148 (MS) (Bankr. D.N.J.) 3/18/04 ch. 11 Voluntary Pet. (Dkt. 1) (Connor Decl. Ex. 3).) Plaintiffs have not challenged any procedures or rulings from the Bankruptcy Case.

#### 1. Proper Notice to Known and "Unknown" Creditors

During its Bankruptcy Case, GEO fulfilled its due process notice obligations to creditors.[6] All of GEO's creditors, both known and unknown, had constitutionally sufficient notice of the applicable dates for filing claims against GEO's bankruptcy estate.[7]

---

[6] Discussion of GEO's Bankruptcy Case notices, as well as applicable legal standards, are set forth in GEO's Prior Motions at Part IV(B)(1). (*See* Dkt. 251 at 7; Dkt. 299 at 10).

[7] None of the entities named as indirect purchaser plaintiffs in the Amended Complaint were GEO customers or creditors during the Class Period. Thus, to

4

## 2. GEO's Reorganization Plan and Discharge of Claims

On December 20, 2004 (the "Confirmation Date"), the Bankruptcy Court entered the Confirmation Order, confirming GEO's Reorganization Plan. (*See* Connor Decl. Ex. 2, Confirmation Order.) Pertinent here, the terms of GEO's Reorganization Plan provided for a broad settlement, discharge and release of all "claims" that might have been asserted against GEO and its assets, ***whether or not a proof of claim was filed on account of such claim***. (*See* Connor Decl. Ex. 1, Reorganization Plan, at art. 12.10.)[8]

---

the extent that their claims are viable, the named plaintiffs would be regarded as "unknown" claimants for purpose of notice. GEO provided actual notice to known creditors and publication notice to unknown creditors, such as Plaintiffs. (*See* 1/25/05 Aff. Regarding Serv. of the Notice of Entry Confirmation Order at Ex. A (Dkt. 1073) (Connor Decl. Ex. 4) (describing actual notice to known creditors); 7/26/04 Aff. Regarding Pub. of Debtor's Notice of Bar Date (Dkt. 493) (Connor Decl. Ex. 5) (describing publication notice to unknown creditors of July 21, 2004 General Claims Bar Date); 1/27/05 Aff. Regarding Pub. of Notice of Entry of Confirmation Order (Dkt. 1082) (Connor Decl. Ex. 6) (describing publication notice to unknown creditors of January 19, 2005 Administrative Claims Bar Date); 5/22/04 Serv. of Notice of Meeting of Creditors (Dkt. 270) (Connor Decl. Ex. 7) (describing actual notice to known creditors) and 7/14/04 Serv. of Notice of Bar Date (Dkt. 454) (Connor Decl. Ex. 8).)

[8] Additional information about the terms of the discharge are in GEO's Prior Motions at Part IV(B)(2). (*See* Dkt. 251 at 8-9; Dkt. 299 at 12-14).

5

### 3. Bankruptcy Court Retained Exclusive Jurisdiction

The Bankruptcy Court also retained "exclusive jurisdiction" over issues related to GEO's Bankruptcy Case, including those related to the instant Motion, and may be the more appropriate forum to resolve these issues. (*Id.* at art. 11.1.)[9]

### C. GEO Gave Proper Notice to All Known and Unknown Claimants

Despite having received constitutionally sufficient notice of the applicable bar dates and despite the fact that their Claims had accrued, Plaintiffs did not timely assert any of their Claims during GEO's Bankruptcy Case. "The well-established law of [the Third] Circuit is… that bar dates for filing Proofs of Claim are strictly construed." *In re Trump Taj Mahal Assocs.*, 156 B.R. 928, 936 (Bankr. D.N.J. 1993) (citing *Chrysler Motors Corp. v. Schneiderman*, 940 F.2d 911, 912 (3d Cir. 1991). Therefore, any part of Plaintiffs' Claims (including any type of damages) that arose before the Effective Date were barred by the application of the bar date and Confirmation Order, and should be dismissed.

---

[9] GEO filed a motion to reopen the Bankruptcy Case because the Confirmation Order provides the Bankruptcy Court with exclusive jurisdiction. Plaintiffs filed a motion to have the District Court resolve all issues related to the Bankruptcy Case. These motions are briefed and now pending. More information on the Bankruptcy Court's exclusive jurisdiction is provided in GEO's Prior Motions at Part IV(B)(3). (*See* Dkt. 251 at 9-10; Dkt. 299 at 14-15).

### D. Plaintiffs' Claims Accrued Pre-Discharge

At the time that GEO's Reorganization Plan was confirmed, courts in the Third Circuit determined whether a claim was dischargeable by analyzing whether the underlying cause of action had accrued under the standards of proof applicable to that cause of action. *Avellino & Bienes v. M. Frenville Co., Inc. (Matter of M. Frenville Co., Inc.)*, 744 F.2d 332, 337 (3d Cir. 1984) (setting forth this rule); *see Wright v. Owens Corning (In re Owens Corning)*, 679 F.3d 101, 108 (3d Cir. 2012).[10]  Here, Plaintiffs allege that "GEO participated in the conspiracy… ***throughout the Class Period***." (Dkt. 242 ¶ 31 (emphasis added).)  Nowhere do Plaintiffs suggest that GEO ever left the alleged 14-year conspiracy during the Class Period. Plaintiffs also concede that: "this complaint seeks to recover damages from GEO only for GEO's post-discharge conduct, and in no way seeks to violate any orders of the Bankruptcy Court." (*Id.* at ¶ 33.)  Through these allegations, Plaintiffs admit that all of their Claims accrued as of the discharge date in GEO's Bankruptcy Case. If GEO was engaged in conduct that gave rise to Plaintiffs' Claims ***throughout*** the Class Period (*i.e.*, from 1997 through at least 2011), then all of the Claims accrued and were subject to the discharge.

---

[10]  The applicability of the *Frenville* standard is discussed in GEO's Prior Motions. (*See* Dkt. 251 at 11 n.9; Dkt. 299 at 16 n.15.)

7

### E. Damages, Including Those Based on Joint and Several Liability Theory, Accrued and Were Subject to Discharge

As noted above, Plaintiffs' allegations show that all of the Claims had accrued as of the Effective Date and were thus subject to the comprehensive discharge provisions set forth in Article 12.10 of the Reorganization Plan. (*See* Connor Decl. Ex. 1.) Although Plaintiffs do not purport to "violate" any orders from the Bankruptcy Case (Dkt. 242 ¶ 33), Plaintiffs use allegations of GEO's post-discharge conduct in an attempt to circumvent the discharge order and recover damages that were encompassed by the discharge. In particular, Plaintiffs claim that GEO's post-discharge conduct makes it liable jointly and severally for all prior acts of the conspiracy – even those that had been covered by the discharge – as if GEO had joined the conspiracy *for the first time* after receiving its discharge. (*Id.*)

While there is a single case that may support Plaintiffs' position,[11] the larger problem with that case and with Plaintiffs' joint and several liability allegations is

---

[11] In *Kleen Prods., LLC v. Int'l Paper, et al.,* 306 F.R.D. 585 (N.D. Ill. 2015), *aff'd* 831 F.3d 919 (7th Cir. 2016), the Northern District of Illinois reviewed a motion for class certification and a defendant that, similar to GEO, had entered and emerged from Chapter 11 bankruptcy during the course of an alleged antitrust conspiracy. Faced with what the *Kleen* court realized was an "absence of controlling, binding authority," the *Kleen* court found that the defendant could not be held liable for its own pre-discharge conduct, but if the plaintiffs could prove that the defendant engaged in post-discharge misconduct, then the defendant would be deemed to have re-joined its own conspiracy and, thus, become jointly and severally liable for the entire conspiracy. *Kleen*, 306 F.R.D. at 608-09. GEO submits, however, that *Kleen* was wrongly decided because it

that it cannot be reconciled with the plain meaning of the Bankruptcy Code. Assuming, as Plaintiffs do, that a participant in a conspiracy is jointly and severally liable for all damages incurred throughout the entire term of a conspiracy, then that liability arises when the participant first joins the conspiracy. If the participant later seeks bankruptcy protection and obtains a discharge of accrued claims, it would be nonsensical and counterproductive to discharge only the claims, but not all damages related to those claims. *Cf.* 11 U.S.C. § 1141(d).

By discharging claims that accrued as of the Effective Date, the Reorganization Plan created a floor beneath which later claims arising from ongoing conduct cannot reach. While allegations that GEO engaged in post-discharge conspiratorial conduct may expose GEO to civil liability, Plaintiffs cannot use post-discharge conduct to unravel GEO's Bankruptcy Case, undo the discharge of claims and undermine the settlement that GEO reached with its creditors. This is because GEO could not "rejoin" a continuing conspiracy that it never left. Plaintiffs should not be permitted to use a joint and several damages theory (or any other damages theory) to circumvent the long-standing policies behind the Bankruptcy Code and the Bankruptcy Court's order approving GEO's Reorganization Plan.

---

failed to evaluate joint and several liability damages as being part of a claim that had accrued at the time of the defendant's Chapter 11 discharge.

9

### F. Plaintiffs' Lack of Knowledge Irrelevant to Discharge

Plaintiffs contend that their Claims were not discharged because GEO and its co-defendants withheld information that would have informed Plaintiffs of the alleged conspiracy. (Dkt. 242 ¶¶ 122-131.) However, two Third Circuit decisions show that Plaintiffs' lack of knowledge of their Claims is irrelevant. *See In re Penn Cent.*, 771 F.2d at 767-769 (holding that antitrust claims were discharged, even if claimant was not aware of its claims); *Matter of Reading Co.*, 115 F.3d at 1121-24 (reaffirming *Penn Central*).[12]  Consistent with these teachings, the threshold question for bankruptcy purposes focuses on when the illegal act *occurred*, not when Plaintiffs discovered it.

### III. CONCLUSION

For the reasons stated above, to the extent that Plaintiffs' claims for relief accrued before December 31, 2004, those claims and any type of damages arising from those claims should be barred and dismissed.

---

[12] GEO's Prior Motions describe these cases in greater detail. (Dkt. 251 at Part IV(E); Dkt. 299 at Part IV(F).)

Dated: December 22, 2016

**KIRKLAND & ELLIS LLP**
James H. Mutchnik, P.C.
Sydney L. Schneider
300 N. LaSalle Street
Chicago, IL 60654
Phone: (312) 862-2000
Fax: (312) 862-2200
james.mutchnik@kirkland.com
sydney.schneider@kirkland.com

Cormac T. Connor
655 15th Street, N.W.
Suite 1200
Washington, DC 20005
Phone: (202) 879-5000
Fax: (202) 879-5200
cormac.connor@kirland.com

By: */s/ Cormac T. Connor*

**THOMPSON HINE LLP**
Robert F. Ware
Mark R. Butscha, Jr.
3900 Key Center
127 Public Square
Cleveland, OH  44114
Phone:  (216) 566-5500
Fax:  (216) 566-5800
rob.ware@thompsonhine.com
mark.butscha@thompsonhine.com

*Attorneys for Defendant GEO Specialty Chemicals, Inc.*