**SILLS CUMMIS & GROSS P.C.**
One Riverfront Plaza
Newark, NJ 07102
Phone: (973) 643-7000
Fax: (973) 643-6500

**WEIL, GOTSHAL & MANGES LLP**
767 Fifth Avenue
New York, NY 10153-0119
Phone: (212) 310-8000
Fax: (212) 310-8007

*Attorneys for Defendants General Chemical Corporation, General Chemical Performance Products, LLC, General Chemical, LLC, GenTek Inc., Chemtrade Logistics Income Fund, Chemtrade Logistics Inc., Chemtrade Chemicals Corporation, Chemtrade Chemicals US LLC, and Chemtrade Solutions, LLC*

### UNITED STATES DISTRICT COURT
### DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| **IN RE: LIQUID ALUMINUM SULFATE ANTITRUST LITIGATION**<br><br>*This Document Relates to:*<br>*16-md-2687 (JLL) (JAD) (MDL 2687)*<br>*16-cv-2873 (JLL) (JAD)* | Civil Action No. 16-md-2687 (JLL) (JAD) (MDL No. 2687)<br><br>**GCC DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES TO INDIRECT PURCHASER PLAINTIFFS' CONSOLIDATED CLASS ACTION COMPLAINT** |

Defendants General Chemical Corporation, General Chemical Performance Products, LLC, General Chemical, LLC, GenTek Inc., Chemtrade Logistics Income Fund, Chemtrade Logistics Inc., Chemtrade Chemicals Corporation, Chemtrade Chemicals US LLC, and Chemtrade Solutions, LLC ("GCC") by and through its attorneys, answers the allegations set forth in the Indirect Purchaser Plaintiffs' ("Plaintiffs") Consolidated Class Action Complaint (Dkt. No. 242) (the "Complaint"), and alleges additional or affirmative defenses as follows. To the extent not specifically admitted herein, all allegations of the Complaint are denied. Furthermore, the section headings included herein are included only for purposes of clarity and

organization, and GCC does not admit, but rather hereby specifically denies, any factual or legal allegations in the headings used in the Complaint.

1.      The allegations contained in Paragraph 1 of the Complaint constitute legal contentions and/or conclusions and Plaintiffs' characterization of claims to which no response is required.

## INTRODUCTION

2.      GCC denies the allegations contained in Paragraph 2 of the Complaint, except admits that liquid aluminum sulfate ("Alum") is a water treatment chemical that, among other things, is used to remove impurities and other substances from water.  GCC avers that the allegations contained in the last sentence of Paragraph 2 of the Complaint constitute legal contentions and/or conclusions and Plaintiffs' characterization of claims to which no response is required.  To the extent that a response is required, GCC denies the allegations contained in the last sentence of Paragraph 2 of the Complaint as they relate to GCC, except admits that this lawsuit purports to be a proposed class action by indirect purchasers of Alum against Defendants in which Plaintiffs purport to allege a conspiracy involving Defendants in connection with the sale and marketing of Alum in the United States.

3.      GCC denies the allegations contained in Paragraph 3 of the Complaint, except admits that indirect purchasers typically purchase Alum from distributors.

4.      GCC admits the allegations contained in Paragraph 4 of the Complaint.

5.      GCC denies the allegations contained in Paragraph 5 of the Complaint as they relate to GCC except admits that GCC engaged in certain discrete instances of collusive conduct pertaining to the sale and marketing of Alum in the United States during the Class Period.

6.      GCC denies the allegations contained in Paragraph 6 of the Complaint as they relate to GCC, except admits that GCC agreed in certain discrete instances not to aggressively

pursue certain accounts previously supplied by another Alum manufacturer during the Class Period.  GCC further avers that in certain instances it submitted bids for accounts, without intending to win those accounts, for legitimate business purposes.

7.      The allegations contained in Paragraph 7 of the Complaint constitute legal contentions and/or conclusions and Plaintiffs' characterization of claims to which no response is required.  To the extent that a response is required, GCC denies the allegations contained in Paragraph 7 of the Complaint, except admits that GCC engaged in certain discrete instances of collusive conduct pertaining to the sale and marketing of Alum in the United States during the Class Period

8.      GCC denies the allegations contained in Paragraph 8 of the Complaint as they relate to GCC, except admits that in certain discrete instances, some GCC employees communicated with certain Defendants with regard to certain discrete instances of collusion in the sale and marketing of Alum in the United States, including for legitimate purposes, including the procurement of raw materials from a Defendant, and that certain phone records and emails between GCC employees and employees of other Defendants reflect these communications.

9.      GCC denies the allegations contained in Paragraph 9 of the Complaint as they relate to GCC, except admits that GCC engaged in certain discrete instances of collusive conduct pertaining to the sale and marketing of Alum in the United States during the Class Period and as a result may have contributed to, in some circumstances, Alum price increases for certain affected customers.  GCC denies the allegations contained in the last sentence of Paragraph 9 of the Complaint for lack of knowledge or information sufficient to form a belief as to the truth thereof.

10.     GCC denies the allegations contained in Paragraph 10 of the Complaint, except admits that two Defendants have entered into plea agreements in connection with the sale and marketing of Alum and that two other Defendants are under criminal indictment by the United States Department of Justice ("DOJ").

11.     The allegations contained in Paragraph 11 of the Complaint constitute legal contentions and/or conclusions and Plaintiffs' characterization of claims to which no response is required.  To the extent that a response is required, GCC denies the allegations contained in Paragraph 11 of the Complaint, except admits that Plaintiffs purport to bring this action pursuant to the laws of the states identified therein.

## JURISDICTION AND VENUE

12.     The allegations contained in Paragraph 12 of the Complaint constitute legal contentions and/or conclusions to which no response is required.

13.     The allegations contained in Paragraph 13 of the Complaint constitute legal contentions and/or conclusions to which no response is required.

14.     The allegations contained in Paragraph 14 of the Complaint constitute legal contentions and/or conclusions to which no response is required.

15.     The allegations contained in Paragraph 15 of the Complaint constitute legal contentions and/or conclusions to which no response is required.  To the extent that a response is required, GCC denies the allegations in Paragraph 15 as they relate to GCC, except admits that GCC engaged in certain discrete instances of collusive conduct pertaining to the sale and marketing of Alum in the United States during the Class Period.

16.     The allegations contained in Paragraph 16 of the Complaint constitute legal contentions and/or conclusions to which no response is required.  To the extent that a response is required, GCC denies the allegations in Paragraph 16 as they relate to GCC, except admits that

GCC's products are sold in the flow of interstate commerce and that GCC engaged in certain discrete instances of collusive conduct pertaining to the sale and marketing of Alum in the United States during the Class Period.

17.     The allegations contained in Paragraph 17 of the Complaint constitute legal contentions and/or conclusions to which no response is required.  To the extent that a response is required, GCC denies the allegations in Paragraph 17 as they relate to GCC except admits that GCC engaged in certain discrete instances of collusive conduct pertaining to the sale and marketing of Alum in the United States during the Class Period.

18.     The allegations contained in Paragraph 18 of the Complaint constitute legal contentions and/or conclusions to which no response is required.  To the extent that a response is required, GCC denies the allegations in Paragraph 18 as they relate to GCC.

**I.     PLAINTIFFS**

19.     GCC denies the allegations contained in the first three sentences of Paragraph 19 of the Complaint for lack of knowledge or information sufficient to form a belief as to the truth thereof.  GCC denies the allegations contained in the fourth sentence of Paragraph 19 of the Complaint.  GCC further avers that the allegations contained in the last sentence of Paragraph 19 of the Complaint constitute legal contentions and/or conclusions to which no response is required.

20.     GCC denies the allegations contained in the first two sentences of Paragraph 20 of the Complaint for lack of knowledge or information sufficient to form a belief as to the truth thereof.  GCC denies the allegations contained in the third sentence of Paragraph 20 of the Complaint.  GCC further avers that the allegations contained in the last sentence of Paragraph 20 of the Complaint constitute legal contentions and/or conclusions to which no response is required.

## II.    CORPORATE DEFENDANTS

### A.    GenChen

21.    GCC admits the allegations contained in Paragraph 21 of the Complaint.

22.    GCC admits the allegations contained in Paragraph 22 of the Complaint.

23.    GCC admits the allegations contained in Paragraph 23 of the Complaint.

24.    GCC denies the allegations contained in Paragraph 24 of the Complaint, except admits that GenTek, Inc. ("GenTek") was a Delaware corporation, with its principal place of business at 90 East Halsey Road, Parsippany, New Jersey, that General Chemical Corporation, General Chemical Performance Products, LLC, and General Chemical LLC ("GenChem") were subsidiaries of GenTek, and that General Chemical was a wholly owned and controlled subsidiary of GenTek.  GCC further admits that on October 11, 2002 GenTek filed a voluntary Chapter 11 bankruptcy in the United States Bankruptcy Court for the District of Delaware, including on behalf of its subsidiaries, including GenChem, and that GenTek and General Chemical emerged from bankruptcy on October 7, 2003 under a plan of reorganization that became effective on November 10, 2003.  GCC further admits that GCC engaged in certain discrete instances of collusive conduct pertaining to the sale and marketing of Alum in the United States during the Class Period, including after emerging from bankruptcy.  GCC avers that the allegations contained in subpart 24(c) of the Complaint constitute legal contentions and/or conclusions and Plaintiffs' characterization of claims to which no response is required, except GCC admits that GCC engaged in certain discrete instances of collusive conduct pertaining to the sale and marketing of Alum in the United States after emerging from bankruptcy.  To the extent that a response is required, GCC denies the remaining allegations contained in Paragraph 24(c) of the Complaint.

25.     GCC denies the allegations contained in Paragraph 25 of the Complaint, except admits that Chemtrade Logistics Income Fund ("CLIF"), located at 155 Gordon Baker Road, Suite 300 Toronto, Ontario, Canada M2H 3N5, is a Canadian provider of chemicals to customers in North America, that CLIF is publicly traded and listed on the Toronto Stock Exchange, and that in January 2014, CLIF acquired GenChem.  GCC further avers that the allegations contained in the last sentence of Paragraph 25 of the Complaint constitute legal contentions and/or conclusions to which no response is required.

26.     GCC admits the allegations contained in Paragraph 26 of the Complaint.

27.     GCC admits the allegations contained in Paragraph 27 of the Complaint.

28.     GCC admits the allegations contained in Paragraph 28 of the Complaint.

**B.      C&S**

29.     GCC denies the allegations contained in Paragraph 29 of the Complaint for lack of knowledge or information sufficient to form a belief as to the truth thereof, except admits that C&S manufactures and sells water treatment chemicals, including Alum.

**C.      GEO**

30.     GCC denies the allegations contained in Paragraph 30 of the Complaint for lack of knowledge or information sufficient to form a belief as to the truth thereof, except admits that GEO manufactures and sells water treatment chemicals, including Alum.

31.     GCC denies the allegations contained in Paragraph 31 of the Complaint for lack of knowledge or information sufficient to form a belief as to the truth thereof, except admits that GEO filed a voluntary Chapter 11 petition in the United States Bankruptcy Court for the District of New Jersey on March 18, 2004.  With respect to the outcome of the bankruptcy proceedings, GCC refers Plaintiffs to the respective bankruptcy docket for a review of its contents.

32.     GCC denies the allegations contained in Paragraph 32 of the Complaint for lack of knowledge or information sufficient to form a belief as to the truth thereof.

33.     The allegations contained in Paragraph 33 of the Complaint constitute legal contentions and/or conclusions and Plaintiffs' characterization of claims to which no response is required.  To the extent that a response is required, GCC denies the allegations contained in Paragraph 33 of the Complaint for lack of knowledge or information sufficient to form a belief as to the truth thereof.

### D.     USALCO

34.     GCC denies the allegations contained in Paragraph 34 of the Complaint for lack of knowledge or information sufficient to form a belief as to the truth thereof, except admits that USALCO, LLC ("USALCO") manufactures and sells water treatment chemicals, including Alum.

35.     GCC denies the allegations contained in Paragraph 35 of the Complaint for lack of knowledge or information sufficient to form a belief as to the truth thereof, except admits that USALCO acquired Delta Chemical Corporation in 2011.

36.     GCC denies the allegations contained in Paragraph 36 of the Complaint for lack of knowledge or information sufficient to form a belief as to the truth thereof, except admits that USALCO sold Alum in the United States during the Class Period.

### E.     Kemira

37.     GCC denies the allegations contained in Paragraph 37 of the Complaint for lack of knowledge or information sufficient to form a belief as to the truth thereof.

38.     GCC denies the allegations contained in Paragraph 38 of the Complaint for lack of knowledge or information sufficient to form a belief as to the truth thereof, except admits that

Kemira Chemicals, Inc. ("Kemira") manufactures and sells water treatment chemicals, including Alum.

### F.     Southern Ionics

39.     GCC denies the allegations contained in Paragraph 39 of the Complaint for lack of knowledge or information sufficient to form a belief as to the truth thereof, except admits that Southern Ionics, Inc. ("Southern Ionics") manufactures and sells water treatment chemicals, including Alum.

### III.    INDIVIDUAL DEFENDANTS

40.     GCC denies the allegations contained in Paragraph 40 of the Complaint, except admits that Frank Reichl held certain positions at GCC, including General Manager of Water Chemicals from 1997 to 2005, and Vice President of Sales and Marketing from 2006 until 2010. GCC further admits that Reichl undertook actions in support of GCC's efforts to fix prices for Alum.  GCC further admits that on October 27, 2015 Reichl entered a plea agreement in connection with the sale and marketing of Alum.  GCC refers Plaintiffs to the respective plea agreement for a review of its contents.  GCC denies the allegations contained in the first sentence of Paragraph 40 of the Complaint for lack of knowledge or information sufficient to form a belief as to the truth thereof.

41.     GCC denies the allegations contained in Paragraph 41 of the Complaint for lack of knowledge or information sufficient to form a belief as to the truth thereof, except admits that Brian Steppig and some of GCC's employees engaged in certain discrete instances of collusive conduct pertaining to the sale and marketing of Alum in the United States during the Class Period.  GCC further admits that Steppig has been indicted by the United States in connection with the sale and marketing of Alum.  With respect to the terms of the indictment, GCC refers Plaintiffs to the respective documents and dockets for a review of their contents.

42.     GCC denies the allegations contained in Paragraph 42 of the Complaint, except admits that Vince Opalewski held certain positions at GCC, including General Manager for Sulfur Products from 2000 to 2005, Vice President of Sales and Marketing from 2005 to 2006, Vice President and General Manager from 2006 to 2009, and President from 2009 to 2011.  GCC further admits that in at least some of these roles, Opalewski's responsibilities included directing the sale and marketing of Alum.  GCC further admits that Opalewski possibly engaged in at least one discrete instance of collusive conduct pertaining to the sale and marketing of Alum in the United States while employed by GCC during the Class Period.  GCC further admits that Opalewski has been indicted by the United States in connection with the sale and marketing of Alum.  With respect to the terms of the indictment, GCC refers Plaintiffs to the respective documents and dockets for a review of their contents.  GCC denies the allegations contained in the first sentence of Paragraph 36 of the Complaint for lack of knowledge or information sufficient to form a belief as to the truth thereof.

43.     GCC denies the allegations contained in Paragraph 43 of the Complaint as they relate to GCC, except admits that Alex Avraamides held certain positions at GCC and GEO, including serving as the Director of Sales and Marketing for Water Chemicals at GCC from 1994 to 2000 and Vice President of Sales and Marketing at GCC from 2010 to 2011.  GCC further admits that in at least some of these roles, Avraamides' responsibilities included directing the sale and marketing of Alum.  GCC further admits that Avraamides engaged in certain discrete instances of collusive conduct in the sale and marketing of Alum in the United States during the Class Period.  GCC denies the allegations contained in the first sentence of Paragraph 43 of the Complaint for lack of knowledge or information sufficient to form a belief as to the truth thereof.

44.     GCC denies the allegations contained in Paragraph 44 of the Complaint, except admits that Amita Gupta held certain positions at GCC, including serving as the Director of Marking for Water Chemicals from 2008 to 2012 and that her responsibilities included directing the sale and marketing of Alum.  GCC further admits that Gupta engaged in certain discrete instances of conduct with competitors with regard to the sale and marketing of Alum in the United States while employed by GCC during the Class Period.  GCC denies the allegations contained in the first sentence of Paragraph 44 of the Complaint for lack of knowledge or information sufficient to form a belief as to the truth thereof.

45.     GCC denies the allegations contained in Paragraph 45 of the Complaint for lack of knowledge or information sufficient to form a belief as to the truth thereof.

46.     GCC denies the allegations contained in Paragraph 46 of the Complaint for lack of knowledge or information sufficient to form a belief as to the truth thereof.

47.     GCC denies the allegations contained in Paragraph 47 of the Complaint as they relate to GCC, except admits that, through its employees, GCC engaged in certain discrete instances of collusive conduct pertaining to the sale and marketing of Alum in the United States during the Class Period.

48.     GCC denies the allegations contained in Paragraph 48 of the Complaint as they relate to GCC.

49.     GCC denies the allegations contained in Paragraph 49 of the Complaint as they relate to GCC.

## BACKGROUND CONCERNING ALUM AND ASPECTS
## OF THE ALUM MARKET THAT MADE IT SUSCEPTIBLE TO COLLUSION

### I.     Liquid Aluminum Sulfate

50.     GCC admits the allegations contained in Paragraph 50 of the Complaint.

51.     GCC admits the allegations contained in Paragraph 51 of the Complaint.

52.     GCC denies the allegations contained in Paragraph 52 of the Complaint except admits that Alum can be used for a variety of purposes, including water treatment and purification as a coagulant, in wastewater treatment, in lakes and ponds for algae control, in poultry houses, and in paper mills to make paper.

53.     GCC denies the allegations contained in Paragraph 53 of the Complaint except admits that Alum is widely used by municipalities.

54.     GCC denies the allegations contained in Paragraph 54 of the Complaint for lack of knowledge or information sufficient to form a belief as to the truth thereof.

55.     GCC denies the allegations contained in Paragraph 55 of the Complaint except admits that some water treatment service providers purchase Alum to treat lakes and ponds.

**II.     The Nature Of The LAS Industry Makes It Susceptible To Collusion**

56.     GCC denies the allegations contained in Paragraph 56 of the Complaint.

**A.     Alum Is A Commoditized Product**

57.     GCC denies the allegations contained in Paragraph 57 of the Complaint for lack of knowledge or information sufficient to form a belief as to the truth thereof.

58.     GCC denies the allegations contained in Paragraph 58 of the Complaint, except admits that Plaintiffs purport to characterize a 2009 Water Research Foundation report, a 2012 analyst report, and a 2015 analyst report.  GCC refers Plaintiffs to the respective documents for a review of their contents.  GCC denies the allegations contained in the first sentence of Paragraph 58 of the Complaint for lack of knowledge or information sufficient to form a belief as to the truth thereof.

**B.     The Bidding Process**

59.     GCC admits the allegations contained in Paragraph 59 of the Complaint.

60.     GCC denies the allegations contained in Paragraph 60 of the Complaint, except admits that typically, prospective bidders for Alum contracts learn of a municipality's Alum needs and requirements through invitations to bid sent to suppliers by the municipality.

61.     GCC denies the allegations contained in Paragraph 61 of the Complaint, except admits that prospective bidders for a municipality's Alum contract often have until a specified date to submit their bids, that thereafter the bids become publicly available, and that members of the public in certain circumstances attend the announcement of the bids.

62.     GCC admits the allegations contained in Paragraph 62 of the Complaint.

63.     GCC denies the allegations contained in Paragraph 63 of the Complaint, except admits that in certain instances, for certain bids, municipalities required bidders to submit affidavits of non-collusion with their bids certifying that they had not colluded on their bid with any competitors.

### C.     The Market For Alum Is Mature And Demand Growth Was Weak During the Class Period

64.     GCC denies the allegations contained in Paragraph 64 of the Complaint for lack of knowledge or information sufficient to form a belief as to the truth thereof.

65.     GCC denies the allegations contained in Paragraph 65 of the Complaint, except admits that Plaintiffs purport to characterize a certain 2008 annual report.  GCC refers Plaintiffs to the respective document for a review of its contents.

66.     GCC denies the allegations contained in Paragraph 66 of the Complaint, except admits that Plaintiffs purport to characterize certain articles and publications.  GCC refers Plaintiffs to the respective documents for a review of their contents.  GCC further admits that Chemtrade acquired GenChem in 2014.

67.     GCC admits that Plaintiffs purport to quote an article containing an interview with GCC's Marketing Manager Karla Doremus-Tranfield.  GCC refers Plaintiffs to the respective document for a review of its contents.

### D.     Despite Stable Or Declining Costs, The Prices For Alum Increased During The Class Period

68.     GCC denies the allegations contained in the first sentence of Paragraph 68 of the Complaint.  GCC denies the remaining allegations contained in Paragraph 68 of the Complaint for lack of knowledge or information sufficient to form a belief as to the truth thereof, except admits that bauxite is one ingredient that can be used to produce Alum.  GCC further admits that there are many factors, including the costs of raw materials, that are used to determine the price of Alum in the United States.

69.     GCC denies the allegations contained in Paragraph 69 of the Complaint, except admits that prices for sulfuric acid, an ingredient used to make Alum, increased in 2008 and decreased in 2009.

70.     GCC denies the allegations contained in Paragraph 70 of the Complaint, including all of its subparts, except admits that Plaintiffs purport to characterize certain articles and publications therein.  GCC refers Plaintiffs to the respective documents for a review of their contents.

71.     GCC denies the allegations contained in Paragraph 71 of the Complaint, except admits that Plaintiffs purport to characterize a survey from the Water Research Foundation. GCC refers Plaintiffs to the respective document for a review of its contents.

72.     GCC denies the allegations contained in Paragraph 72 of the Complaint, except admits that Plaintiffs purport to characterize GenTek's 2009 Form 10-K.  GCC refers Plaintiffs to the respective document for a review of its contents.

73.     GCC denies the allegations contained in Paragraph 73 of the Complaint.

### E.     High Barriers To Entry Exist In The Alum Market

74.     GCC denies the allegations contained in Paragraph 74 of the Complaint, except admits that Plaintiffs purport to characterize an article from Water World.  GCC refers Plaintiffs to the respective document for a review of its contents.

75.     GCC denies the allegations contained in Paragraph 75 of the Complaint, except admits that supplies of Alum are typically transported to customers by rail or truck, that one of the many factors used to determine the price of Alum is the cost of freight, and that suppliers of Alum frequently consider the cost of shipping in the bid price.

76.     GCC denies the allegations contained in Paragraph 76 of the Complaint, except admits that Plaintiffs purport to cite a former GCC Marketing Manager, Karla Doremus-Transfield.  GCC refers Plaintiffs to the respective document for a review of its contents.  GCC further admits that Reichl is a co-owner of Affinity Chemical, LLC, which was formed in 2011.  GCC further admits that Reichl entered a plea agreement in connection with the sale and marketing of Alum.

### F.     The Alum Market Is Highly Concentrated

77.     GCC denies the allegations contained in Paragraph 77 of the Complaint as they relate to GCC, except admits that Defendants are water treatment chemicals manufacturers in North America and that, together, they control and share a majority of the United States market for Alum.  GCC further admits that it periodically bought and/or sold Alum to and/or from certain competitors during the Class Period.

## EVIDENCE OF THE CONSPIRACY

**I.      Several Defendants Have Pled Guilty Or Have Been Indicted**

78.      GCC denies the allegations contained in Paragraph 78 of the Complaint, except admits that the DOJ is investigating GCC in connection with the sale and marketing of Alum. GCC further admits that GCC obtained a marker for leniency in March 2011 and became a conditional leniency applicant in April 2013 pursuant to the Antitrust Division's Corporate Leniency Policy, and that GCC is cooperating with the DOJ's investigation.

79.      GCC denies the allegations contained in Paragraph 79 of the Complaint, except admits that two Defendants have entered plea agreements in connection with the sale and marketing of Alum and that two others have been indicted in connection with the sale and marketing of Alum.  GCC further admits that GCC is a conditional leniency applicant pursuant to the Antitrust Division's Corporate Leniency Policy, and that GCC is cooperating with the DOJ's investigation.

80.      GCC denies the allegations contained in Paragraph 80 of the Complaint, except admits that Reichl, a former employee of GCC, entered a plea agreement on October 27, 2015 in connection with the sale and marketing of Alum.  With respect to the terms of the plea, GCC refers Plaintiffs to the respective plea agreement for a review of its contents.

81.      GCC denies the allegations contained in Paragraph 81 of the Complaint, except admits that GEO entered a plea agreement in June 2016 in connection with the sale and marketing of Alum.  With respect to the terms of the plea, GCC refers Plaintiffs to the respective plea agreement for a review of its contents.  GCC further avers that the allegations contained in the fourth sentence of Paragraph 81 of the Complaint constitute legal contentions and/or conclusions to which no response is required.

82.     GCC denies the allegations contained in Paragraph 82 of the Complaint, except admits that the DOJ has filed indictments in the District of New Jersey against Opalewski, a former employee at GCC, and Steppig, a former employee of GEO.  With respect to the terms of the indictments, GCC refers Plaintiffs to the respective documents and dockets for a review of their contents.

83.     GCC admits that it sought and received leniency from the DOJ Antitrust Division pursuant to the Antitrust Division's Corporate Leniency Policy, and that GCC, including CLIF, is cooperating with the DOJ's investigation regarding the sale and marketing of Alum.  With respect to the terms of the DOJ's leniency program, GCC refers Plaintiffs to the DOJ's policies and procedures for a review of their contents.

**II.     Defendants Had An Incentive To Conspire**

84.     GCC denies the allegations contained in Paragraph 84 of the Complaint, except admits that in the mid-1990s there was a price war between GCC and GEO.

85.     GCC denies the allegations contained in Paragraph 85 of the Complaint, except admits that in 1996 or 1997 there was a meeting at which employees from GCC met with employees from GEO.

**III.     The Conspiracy Was Hatched With A Meeting In 1997**

86.     GCC denies the allegations contained in Paragraph 86 of the Complaint.

87.     GCC denies the allegations contained in Paragraph 87 of the Complaint, except admits that in 1996 or 1997 there was a meeting in Little Rock, Arkansas at which Avraamides, then the Director of Sales and Marketing at GCC, and Reichl, then the General Manager of Water Chemicals at GCC, met with Grandle from GEO and discussed the Alum market in the United States.

88.     GCC denies the allegations contained in Paragraph 88 of the Complaint.

### IV.    Defendants Participated In And Furthered The Conspiracy In Several Ways

89.    GCC denies the allegations contained in Paragraph 89 of the Complaint as they relate to GCC, except admits that GCC engaged in certain discrete instances of collusion, including allocating customers, price fixing, and bid rigging, with regard to the sale and marketing of Alum in the United States during the Class Period.

### A.    Meetings Between Supposed Competitors

90.    GCC denies the allegations contained in Paragraph 90 of the Complaint as they relate to GCC, except admits that GCC employees attended meetings and events sponsored by certain trade associations during the Class Period.

91.    GCC denies the allegations contained in Paragraph 91 of the Complaint, except admits that GCC employees, including Reichl, attended certain industry meetings and events at which other Defendants were present during the Class Period.

92.    GCC denies the allegations contained in Paragraph 92(a) of the Complaint for lack of knowledge or information sufficient to form a belief as to the truth thereof.  GCC denies the allegations contained in Paragraph 92(b) of the Complaint, except admits that in 2005, Richard Fedison of GCC met with Denny Grandle of GEO in Chicago, and that the next day Fedison met with Jorge Goytisolo of USALCO in Schaumberg, IL.  GCC denies the allegations contained in Paragraph 92(c) of the Complaint for lack of knowledge or information sufficient to form a belief as to the truth thereof.  GCC denies the allegations contained in Paragraph 92(d) of the Complaint, except admits that in September 2008 Gupta and Housel met for lunch with Steppig and Scot Lang in order to introduce Gupta to certain employees at GEO and to discuss the Alum market, including certain existing buy/resell agreements between GCC and GEO. GCC denies the allegations contained in Paragraph 92(e) of the Complaint for lack of knowledge or information sufficient to form a belief as to the truth thereof, except admits that Avraamides

met with John Besson of Delta in June 2010.  GCC denies the allegations contained in Paragraph 92(f) of the Complaint for lack of knowledge or information sufficient to form a belief as to the truth thereof, except admits that Avraamides met with Jay Richie of Kemira during the Class Period.

**B.      Defendants Repeatedly Affirmed Their Commitment To Conspire With Each Other**

93.     GCC denies the allegations contained in Paragraph 93 of the Complaint for lack of knowledge or information sufficient to form a belief as to the truth thereof.

94.     GCC denies the allegations contained in Paragraph 94 of the Complaint for lack of knowledge or information sufficient to form a belief as to the truth thereof.

95.     GCC denies the allegations contained in Paragraph 95 of the Complaint for lack of knowledge or information sufficient to form a belief as to the truth thereof.

96.     GCC denies the allegations contained in Paragraph 96 of the Complaint, except admits that Plaintiffs purport to cite certain GCC phone logs.  GCC refers Plaintiffs to the respective documents for a review of their contents.

**C.      Defendants' Internal Documents Demonstrate A Commitment To Conspire**

97.     GCC denies the allegations contained in Paragraph 97 of the Complaint, except as otherwise set forth herein.  GCC denies the allegations contained in Paragraph 97(a) of the Complaint, except admits that Plaintiffs purport to quote a 2003 GCC document.  GCC refers Plaintiffs to the respective document for a review of its contents.  GCC denies the allegations contained in Paragraph 74(b) of the Complaint, except admits that Plaintiffs purport to quote a March 31, 2003 GCC internal memorandum.  GCC refers Plaintiffs to the respective document for a review of its contents.  GCC denies the allegations contained in Paragraph 97(c) of the Complaint for lack of knowledge or information sufficient to form a belief as to the truth thereof.

19

GCC denies the allegations contained in Paragraph 97(d) of the Complaint for lack of knowledge or information sufficient to form a belief as to the truth thereof.  GCC denies the allegations contained in Paragraph 97(e) of the Complaint for lack of knowledge or information sufficient to form a belief as to the truth thereof, excepts admits that C&S, the incumbent supplier, renewed its contract for the 2007 year and GCC did not submit a bid in 2007.  GCC denies the allegations contained in Paragraph 97(f) of the Complaint, except admits that Gupta replaced Housel in April 2008 as the director of Marketing for Alum, and that Housel gave Gupta a summary of the market and explained which individuals from certain competitors would discuss pricing.

### D.   Defendants Used Code Phrases To Hide And Further The Conspiracy

98.   GCC denies the allegations contained in Paragraph 98 of the Complaint as they relate to GCC.  To the extent that the allegations contained in Paragraph 98 of the Complaint relate to other Defendants, GCC lacks knowledge or information sufficient to form a belief as to their truth and therefore denies them.

99.   GCC denies the allegations contained in Paragraph 99 of the Complaint for lack of knowledge or information sufficient to form a belief as to the truth thereof.

100.   GCC denies the allegations contained in Paragraph 100 of the Complaint for lack of knowledge or information sufficient to form a belief as to the truth thereof.

101.   GCC denies the allegations contained in Paragraph 101 of the Complaint for lack of knowledge or information sufficient to form a belief as to the truth thereof.

102.   GCC denies the allegations contained in Paragraph 102 of the Complaint for lack of knowledge or information sufficient to form a belief as to the truth thereof.

103.    The allegations contained in Paragraph 103 of the Complaint constitute legal contentions and/or conclusions and Plaintiffs' characterization of claims to which no response is required.

**E.      Specific Examples Of Defendants Rigging Bids And Allocating Customers**

104.    GCC denies the allegations contained in the first sentence of Paragraph 104 of the Complaint for lack of knowledge or information sufficient to form a belief as to the truth thereof. GCC avers that the remaining allegations contained in Paragraph 104 of the Complaint constitute legal contentions and/or conclusions and Plaintiffs' characterization of claims to which no response is required.

**a.      Rochester, MN (2005)**

105.    GCC denies the allegations contained in Paragraph 105 of the Complaint.

106.    GCC denies the allegations contained in Paragraph 106 of the Complaint, except admits that at the end of 2005, GCC submitted the lowest bid to supply Alum for the city of Rochester, Minnesota.

107.    GCC denies the allegations contained in Paragraph 107 of the Complaint, except admits that GCC's bid to supply Alum to the city of Rochester, Minnesota was withdrawn and that C&S was awarded the account at the end of 2005.

**b.      Mahrt, AL (2006)**

108.    GCC denies the allegations contained in Paragraph 108 of the Complaint, except admits that employees from GCC and GEO communicated regarding the accounts referenced in Paragraph 108 of the Complaint resulting in them swapping their respective historical accounts of the MeadWestvaco paper mill in Mahrt, Alabama and the municipality of Fayetteville, North Carolina.

109.    GCC denies the allegations contained in Paragraph 109 of the Complaint, except admits that GCC had been the historical supplier of Alum to the Mahrt paper mill until 2005 or 2006 and that the owners of the mill were potentially looking for a new supplier.

110.    GCC denies the allegations contained in Paragraph 110 of the Complaint, except admits that a GCC employee informed Avraamides at GEO that the owners of the Mahrt paper mill were potentially looking for a new supplier.

111.    GCC denies the allegations contained in Paragraph 111 of the Complaint, except admits that a GCC employee called GEO after GEO won the Mahrt plant and asked for the Fayetteville, North Carolina Alum account.

112.    GCC denies the allegations contained in Paragraph 112 of the Complaint, except admits that after a GCC employee called GEO after GEO won the Mahrt plant and asked for the Fayetteville, North Carolina Alum account, GCC won the Fayetteville account which had been supplied in the previous year by Southern States, supported by GEO.

113.    GCC denies the allegations contained in Paragraph 113 of the Complaint for lack of knowledge or information sufficient to form a belief as to the truth thereof.

114.    GCC denies the allegations contained in Paragraph 114 of the Complaint for lack of knowledge or information sufficient to form a belief as to the truth thereof.

### c.    Akzo Nobel and Mead-Westvaco (2006)

115.    GCC denies the allegations contained in Paragraph 115 of the Complaint for lack of knowledge or information sufficient to form a belief as to the truth thereof.

116.    GCC denies the allegations contained in Paragraph 116 of the Complaint for lack of knowledge or information sufficient to form a belief as to the truth thereof.

### d.    Pittsburg, CA (2008 & 2009)

117.    GCC denies the allegations contained in Paragraph 117 of the Complaint.

118.    GCC denies the allegations contained in Paragraph 118 of the Complaint for lack of knowledge or information sufficient to form a belief as to the truth thereof, except admits that in 2008 and 2009 GCC submitted the only bid to supply Alum for the city of Pittsburg, California.

119.    GCC denies the allegations contained in Paragraph 119 of the Complaint, except admits that in 2007 GCC submitted a bid to Pittsburg, California of $248.86 per ton, and in 2008 submitted a bid of $398 per ton.

### e.    Dekalb County, GA (2009)

120.    GCC denies the allegations contained in Paragraph 120 of the Complaint.

121.    GCC denies the allegations contained in Paragraph 121 of the Complaint, except admits that in February 2009, Larry McShane sent an internal email regarding the Dekalb, Georgia account, and that RGM of Georgia, with support from C&S, supplied Alum to DeKalb County Georgia between July 2007 and February 2009.

122.    GCC denies the allegations contained in Paragraph 122 of the Complaint, except admits that Plaintiffs purport to quote an email communication between McShane and Gupta. GCC refers Plaintiffs to the respective document for a review of its contents.

123.    GCC denies the allegations contained in Paragraph 123 of the Complaint, except admits that Plaintiffs purport to quote an email communication between McShane and Gupta. GCC refers Plaintiffs to the respective document for a review of its contents.

### f.    City of Frankfort, KY (2009)

124.    GCC denies the allegations contained in Paragraph 124 of the Complaint.

125.    GCC denies the allegations contained in Paragraph 125 of the Complaint for lack of knowledge or information sufficient to form a belief as to the truth thereof.

### g.    Henderson and Charlotte, NC (2009)

126.    GCC denies the allegations contained in Paragraph 126 of the Complaint, except admits that in 2009 GCC and Alchem, Inc. coordinated bids for the municipality of Charlotte. GCC further avers that in 2009 it decided not to bid aggressively for Alum for the Henderson account.

127.    GCC denies the allegations contained in Paragraph 127 of the Complaint, except admits that in May 2009 GCC gave CFS, a distributor, a support price of $294 per ton to supply Alum to Henderson, North Carolina.  GCC further admits that Gupta subsequently instructed McShane to bid aggressively on the account and McShane lowered the bid price to $270.

128.    GCC denies the allegations contained in Paragraph 128 of the Complaint, except admits that Gupta met with Wolcott of Alchem and discussed an agreement to win Charlotte back from Alchem.

129.    GCC denies the allegations contained in Paragraph 129 of the Complaint, except admits that after Gupta met with Wolcott regarding the Charlotte account, she instructed McShane to revert to the original support price of $294.

130.    GCC denies the allegations contained in Paragraph 130 of the Complaint, except admits that Alchem submitted a lower bid than GCC and won the Henderson account in 2009.

### h.    Maryville, TN (2009 – 2010)

131.    GCC denies the allegations contained in Paragraph 131 of the Complaint, except admits that in 2009 GCC and GEO engaged in certain discrete instances of collusive conduct pertaining to the sale and marketing of Alum to Maryville, Tennessee.

132.    GCC denies the allegations contained in Paragraph 132 of the Complaint, except admits that in 2009 GCC submitted a low bid for Maryville, historically supplied by Dycho, a

distributor supported by GEO, and that a GEO employee subsequently called Gupta to complain about the bid.

133.    GCC denies the allegations contained in Paragraph 133 of the Complaint, except admits that, after Gupta spoke to the GEO employee in 2009 regarding the Maryville account, GCC withdrew its Alum bid.  GCC further admits that Plaintiffs purport to cite an internal GCC email string from June 18, 2009.  GCC refers Plaintiffs to the respective document for a review of its contents.

134.    GCC denies the allegations contained in Paragraph 134 of the Complaint, except admits that in 2010 GCC was the highest bidder for Maryville and GEO won the account.

### i.    High Point, NC (2010)

135.    GCC denies the allegations contained in Paragraph 135 of the Complaint.

136.    GCC denies the allegations contained in Paragraph 136 of the Complaint, except admits that GCC acquired Alchem's customer list in January 2011 and that Steppig communicated with Avraamides regarding the acquisition and High Point, an account that had historically been supplied by Alchem.

137.    GCC denies the allegations contained in Paragraph 137 of the Complaint, except admits that Gupta and Avraamides discussed GCC's intent to take the High Point account following GCC's acquisition of Alchem's customers list, and that Gupta spoke with Steppig at GEO regarding GCC's intent to take the High Point account.  GCC further admits that Plaintiffs purport to quote a document and refers Plaintiffs to the respective document for a review of its contents.

138.    GCC denies the allegations contained in Paragraph 138 of the Complaint, except admits that Avraamides informed C&S about GCC's acquisition of Alchem's customer list. GCC further admits that C&S did not bid on the High Point account in 2011.

139.     GCC denies the allegations contained in Paragraph 139 of the Complaint, except admits that GCC was the low bidder and won the bid for the High Point account in 2011 with a bid of $315.47 per ton.

140.     GCC denies the allegations contained in Paragraph 140 of the Complaint.

141.     GCC denies the allegations contained in Paragraph 141 of the Complaint, except admits that Plaintiffs purport to quote a certain GCC communication.  GCC refers Plaintiffs to the respective document for a review of its contents.

### j.      Maysville, KY (2010)

142.     GCC denies the allegations contained in Paragraph 142 of the Complaint.

143.     GCC denies the allegations contained in Paragraph 143 of the Complaint for lack of knowledge or information sufficient to form a belief as to the truth thereof.

144.     GCC denies the allegations contained in Paragraph 144 of the Complaint for lack of knowledge or information sufficient to form a belief as to the truth thereof.

145.     GCC denies the allegations contained in Paragraph 145 of the Complaint for lack of knowledge or information sufficient to form a belief as to the truth thereof.

### k.      Sulphur Springs, TX (2010)

146.     GCC denies the allegations contained in Paragraph 146 of the Complaint.

147.     GCC denies the allegations contained in Paragraph 147 of the Complaint for lack of knowledge or information sufficient to form a belief as to the truth thereof.

148.     GCC denies the allegations contained in Paragraph 148 of the Complaint, except admits that in 2010 GEO submitted a bid for Alum to Sulphur Springs, Texas in the amount of $450.38 per ton, and GCC submitted a bid of $285 per ton.

**l.      Hickory, NC (2010)**

149.    GCC denies the allegations contained in Paragraph 149 of the Complaint, except admits that GCC and C&S engaged in certain discrete instances of collusive conduct pertaining to the sale and marketing of Alum in the United States during the Class Period.

150.    GCC denies the allegations contained in Paragraph 150 of the Complaint for lack of knowledge or information sufficient to form a belief as to the truth thereof.

**m.      Somerset, KY (2010)**

151.    GCC denies the allegations contained in Paragraph 151 of the Complaint.

152.    GCC denies the allegations contained in Paragraph 152 of the Complaint, except admits that, in 2010, GCC won the Alum bid for Somerset, Kentucky, an account that USALCO had supplied in the past, that Peter Bailey from USALCO called Gupta to complain about the bid, and that Gupta said she would look into it.

153.    GCC denies the allegations contained in Paragraph 153 of the Complaint for lack of knowledge or information sufficient to form a belief as to the truth thereof.

154.    GCC denies the allegations contained in Paragraph 154 of the Complaint.

**n.      Columbia, SC (2010)**

155.    GCC denies the allegations contained in Paragraph 155 of the Complaint, except admits that in 2010 GCC and C&S coordinated bids for Alum for the municipality of Columbia, South Carolina.

156.    GCC admits the allegations contained in Paragraph 156 of the Complaint.

157.    GCC admits the allegations contained in Paragraph 157 of the Complaint.

158.    GCC denies the allegations contained in Paragraph 158 of the Complaint, except admits that after Avraamides' call with Chandler, GCC submitted a higher bid than it had originally planned to submit.

### o.      Sidney, OH (2010)

159.    GCC denies the allegations contained in Paragraph 159 of the Complaint.

160.    GCC denies the allegations contained in Paragraph 160 of the Complaint, except admits that at the end of 2010, Sidney, Ohio was a USALCO customer.  GCC further admits that Plaintiffs purport to quote a December 2010 email between Lisa Brownlee and Gupta regarding this account.  GCC refers Plaintiffs to the respective document for a review of its contents.

### p.      Monteregie & St. Jean sur Richlieu (2010)

161.    GCC denies the allegations contained in Paragraph 161 of the Complaint.

162.    GCC denies the allegations contained in Paragraph 162 of the Complaint, except admits that Plaintiffs purport to quote a November 2010 email between Gupta and Opalewski. GCC refers Plaintiffs to the respective document for a review of its contents.

### q.      Domtar Paper Company (2010-2011)

(i)      GCC denies the allegations contained in Paragraph (i) of the Complaint, except admits that in 2010 GCC and GEO engaged in price-fixing pertaining to the sale and marketing of Alum to the Domtar paper company.

(ii)     GCC denies the allegations contained in Paragraph (ii) of the Complaint, except admits that in December 2010 Gupta and Steppig discussed Alum price increases for various Domtar plants located around the United States  to make sure the companies' prices would be in line with one another.  GCC further admits that it was initially planning to raise prices by $11 or $19 per ton, that Steppig told Gupta that GEO would be increasing prices by $35 per ton, and that GCC ultimately increased prices by $29 per ton.

(iii)    GCC denies the allegations contained in Paragraph (iii) of the Complaint, except admits that in early 2011 Domtar's purchasing agent was unhappy with GCC's pricing.

GCC further admits that Plaintiffs purport to cite certain GCC communications. GCC refers Plaintiffs to the respective documents for a review of their contents.

(iv) GCC denies the allegations contained in Paragraph (iv) of the Complaint, except admits that Domtar's purchasing agent asked Steppig if GEO could be competitive for Domtar's Ashdown, Arkansas mill. GCC further admits that Steppig subsequently asked Gupta where GEO had to be to look competitive without winning the account and Gupta said $300 or more. GCC further admits that GEO then bid higher than GCC and GCC continued to supply the account.

**r.    Georgia Pacific Paper Company (2011)**

(i) GCC denies the allegations contained in Paragraph (i) of the Complaint, except admits that in 2011 GCC and GEO communicated with respect to the sale and marketing of Alum to certain discrete locations of the Georgia Pacific paper company.

(ii) GCC denies the allegations contained in Paragraph (ii) of the Complaint, except admits that in January 2011, Avraamides and Gupta spoke with Lang and Steppig regarding the sale and marketing of Alum to certain discrete locations of the Georgia Pacific paper company.

**s.    Manatee County, Tampa Bay & Peace
River Manasota Regional Water Supply**

163. GCC denies the allegations contained in Paragraph 163 of the Complaint.

164. GCC denies the allegations contained in Paragraph 164 of the Complaint for lack of knowledge or information sufficient to form a belief as to the truth thereof.

165. GCC denies the allegations contained in Paragraph 165 of the Complaint for lack of knowledge or information sufficient to form a belief as to the truth thereof.

F.      **To Maintain The Conspiracy, Defendants Also Allocated Customers Involving Other Sulfate-Based Water Treatment Chemical Products**

166.    GCC denies the allegations contained in Paragraph 166 of the Complaint as they relate to GCC.  To the extent that the allegations of Paragraph 166 of the Complaint relate to other Defendants, GCC lacks knowledge or information sufficient to form a belief as to their truth and therefore denies them.

167.    GCC denies the allegations contained in Paragraph 167 of the Complaint, except admits that Plaintiffs purport to cite an April 2009 communication between GCC's Reichl and Opalewski.  GCC refers Plaintiffs to the respective document for a review of its contents.

168.    GCC denies the allegations contained in the first sentence of Paragraph 168 of the Complaint, except admits that Plaintiffs purport to cite a January 2010 email between GCC's Reichl and Opalewski.  GCC refers Plaintiffs to the respective document for a review of its contents.  GCC denies the allegations contained in the last sentence of Paragraph 168 of the Complaint for lack of knowledge or information sufficient to form a belief as to the truth thereof, except admits that Kemira acquired Water Elements in September 2010.

G.      **Defendants Relied Upon Throw-Away Bids To Further The Conspiracy**

169.    GCC denies the allegations contained in Paragraph 169 of the Complaint, except as otherwise set forth herein.  GCC denies the allegations contained in Paragraph 169(a) of the Complaint for lack of knowledge or information sufficient to form a belief as to the truth thereof. GCC denies the allegations contained in Paragraph 169(b) of the Complaint for lack of knowledge or information sufficient to form a belief as to the truth thereof. GCC denies the allegations contained in Paragraph 169 of the Complaint, except admits that in May 2009, GCC submitted the winning bid for Milwaukee, Wisconsin at a price of $429 per ton and that USALCO was the only other bidder and submitted a bid in the amount of $562 per ton. GCC

denies the allegations contained in Paragraph 169(d) of the Complaint for lack of knowledge or information sufficient to form a belief as to the truth thereof.

170.    GCC denies the allegations contained in Paragraph 170 of the Complaint as they relate to GCC, except admits that GCC and other Defendants engaged in certain discrete instances of collusive conduct pertaining to the sale and marketing of Alum in the United States during the Class Period, which may have contributed to price increases with regard to certain affected customers.

### H.    Defendants Policed And Enforced The Conspiracy

171.    GCC denies the allegations contained in Paragraph 171 of the Complaint as they relate to GCC.

172.    GCC denies the allegations contained in Paragraph 172 of the Complaint.

173.    GCC denies the allegations contained in Paragraph 173 of the Complaint for lack of knowledge or information sufficient to form a belief as to the truth thereof.

174.    The allegations contained in Paragraph 174 of the Complaint constitute legal contentions and/or conclusions and Plaintiffs' characterization of claims to which no response is required.

### CLASS ACTION ALLEGATIONS

175.    The allegations contained in Paragraph 175 of the Complaint, including all subparts, constitute legal contentions and/or conclusions and Plaintiffs' characterization of claims to which no response is required.  To the extent that a response is required, GCC denies the allegations in their entirety.

176.    The allegations contained in Paragraph 176 of the Complaint constitute legal contentions and/or conclusions and Plaintiffs' characterization of claims to which no response is required.

177.    The allegations contained in Paragraph 177 of the Complaint constitute legal contentions and/or conclusions and Plaintiffs' characterization of claims to which no response is required.  To the extent that a response is required, GCC denies the allegations contained in Paragraph 177 of the Complaint.

178.    The allegations contained in Paragraph 178 of the Complaint constitute legal contentions and/or conclusions and Plaintiffs' characterization of claims to which no response is required.

179.    The allegations contained in Paragraph 179 of the Complaint constitute legal contentions and/or conclusions and Plaintiffs' characterization of claims to which no response is required.

180.    The allegations contained in Paragraph 180 of the Complaint constitute legal contentions and/or conclusions and Plaintiffs' characterization of claims to which no response is required.

181.    The allegations contained in Paragraph 181 of the Complaint constitute legal contentions and/or conclusions and Plaintiffs' characterization of claims to which no response is required.

**PLAINTIFFS AND THE CLASS SUFFERED
ANTITRUST AND CONSUMER PROTECTION INJURY**

182.    GCC denies the allegations contained in Paragraph 182 of the Complaint as they relate to GCC, except admits that GCC engaged in certain discrete instances of collusive conduct pertaining to the sale and marketing of Alum in the United States during the Class Period and as a result may have contributed to, in some circumstances, Alum price increases for certain affected customers.

183.    GCC denies the allegations contained in Paragraph 183 of the Complaint as they relate to GCC, except admits that GCC engaged in certain discrete instances of collusive conduct pertaining to the sale and marketing of Alum in the United States during the Class Period and as a result may have contributed to, in some circumstances, Alum price increases for certain affected customers.

184.    The allegations contained in Paragraph 184 of the Complaint constitute legal contentions and/or conclusions and Plaintiffs' characterization of claims to which no response is required.  To the extent that a response is required, GCC denies the allegations contained in Paragraph 184 of the Complaint as they relate to GCC, except admits that, with respect to certain specific accounts and for discrete competitive opportunities, GCC was able to charge more for Alum than it otherwise would have been able to charge due to certain discrete instances of collusive behavior.

### TOLLING OF THE STATUTE OF LIMITATIONS,
### FRAUDULENT CONCEALMENT AND EQUITABLE TOLLING

185.    GCC denies the allegations contained in Paragraph 185 of the Complaint.

186.    The allegations contained in Paragraph 186 of the Complaint constitute legal contentions and/or conclusions and Plaintiffs' characterization of claims to which no response is required.  To the extent that a response is required, GCC denies the allegations contained in Paragraph 186 of the Complaint.

187.    The allegations contained in Paragraph 187 of the Complaint constitute legal contentions and/or conclusions and Plaintiffs' characterization of claims to which no response is required.  To the extent that a response is required, GCC denies the allegations contained in Paragraph 187 of the Complaint.

188.    The allegations contained in Paragraph 188 of the Complaint constitute legal contentions and/or conclusions and Plaintiffs' characterization of claims to which no response is required.  To the extent that a response is required, GCC denies the allegations contained in Paragraph 188 of the Complaint.

189.    The allegations contained in Paragraph 189 of the Complaint constitute legal contentions and/or conclusions and Plaintiffs' characterization of claims to which no response is required.  To the extent that a response is required, GCC denies the allegations contained in Paragraph 190 of the Complaint.

190.    The allegations contained in Paragraph 190 of the Complaint constitute legal contentions and/or conclusions and Plaintiffs' characterization of claims to which no response is required.  To the extent that a response is required, GCC denies the allegations contained in Paragraph 190 of the Complaint.

## FIRST CLAIM FOR RELIEF

### (Violation of State Antitrust Statutes)

191.    GCC repeats and incorporates by reference its responses to Paragraphs 1 through 190 above, as if fully set forth herein and denies the allegations contained in Paragraph 191 of the Complaint.

192.    GCC denies the allegations contained in Paragraph 192 of the Complaint, except as otherwise set forth herein.  GCC denies the allegations contained in Paragraph 192(a) of the Complaint as they relate to GCC, except admits that GCC engaged in certain discrete instances of collusive conduct pertaining to the sale and marketing of Alum in the United States during the Class Period and as a result may have contributed to, in some circumstances, Alum price increases for certain affected customers.  GCC denies the allegations contained in Paragraph 192(b) of the Complaint as they relate to GCC, except admits that, in certain discrete instances,

certain GCC employees communicated with other Defendants regarding certain discrete instances of collusive conduct with regard to the sale and marketing of Alum in the United States during the Class Period.  GCC denies the allegations contained in Paragraph 192(c) of the Complaint as they relate to GCC, except admits that some of GCC's employees engaged in certain discrete actions to allocate customers with respect to the sale and marketing of Alum in the United States during the Class Period.  GCC denies the allegations contained in Paragraph 192(d) of the Complaint.  GCC denies the allegations contained in Paragraph 192(e) of the Complaint.

193.    The allegations contained in Paragraph 193 of the Complaint, including its subparts, constitute legal contentions and/or conclusions and Plaintiffs' characterization of claims to which no response is required.  To the extent that a response is required, GCC denies the allegations contained in Paragraph 193 of the Complaint, except admits that GCC engaged in certain discrete instances of collusive conduct pertaining to the sale and marketing of Alum in the United States during the Class Period and as a result may have contributed to, in some circumstances, Alum price increases for certain affected customers.

194.    The allegations contained in Paragraph 194 of the Complaint constitute legal contentions and/or conclusions and Plaintiffs' characterization of claims to which no response is required.  To the extent that a response is required, GCC denies the allegations contained in Paragraph 194 of the Complaint.

195.    The allegations contained in Paragraph 195 of the Complaint constitute legal contentions and/or conclusions and Plaintiffs' characterization of claims to which no response is required.  To the extent that a response is required, GCC denies the allegations contained in Paragraph 195 of the Complaint, except admits that GCC engaged in certain discrete instances of

collusive conduct pertaining to the sale and marketing of Alum in the United States during the Class Period and as a result may have contributed to, in some circumstances, Alum price increases for certain affected customers.

196.    The allegations contained in Paragraph 196 of the Complaint, including its subparts, constitute legal contentions and/or conclusions and Plaintiffs' characterization of claims to which no response is required.  To the extent that a response is required, GCC denies the allegations contained in Paragraph 196 of the Complaint.

## SECOND CLAIM FOR RELIEF

### (Violation of State Consumer Protection and
### Unfair and Deceptive Trade Practices Statutes)

197.    GCC repeats and incorporates by reference its responses to Paragraphs 1 through 196 above, as if fully set forth herein.

198.    The allegations contained in Paragraph 198 of the Complaint constitute legal contentions and/or conclusions and Plaintiffs' characterization of claims to which no response is required.  To the extent that a response is required, GCC denies the allegations contained in Paragraph 198 of the Complaint.

199.    GCC denies the allegations contained in Paragraph 199 of the Complaint.

200.    The allegations contained in Paragraph 200 of the Complaint constitute legal contentions and/or conclusions and Plaintiffs' characterization of claims to which no response is required.  To the extent that a response is required, GCC denies the allegations contained in Paragraph 200 of the Complaint, except admits that GCC engaged in certain discrete instances of collusive conduct pertaining to the sale and marketing of Alum in the United States during the Class Period and as a result may have contributed to, in some circumstances, Alum price increases for certain affected customers.

**Alabama Deceptive Trade Practices Act**
**Ala. Code §§ 8-19-10 et seq.**

201.    The allegations contained in Paragraph 201 of the Complaint constitute legal

contentions and/or conclusions to which no response is required.  To the extent a response is

required, GCC admits that Plaintiffs purport to cite the referenced statute and refers Plaintiffs to

the respective statute for a review of its contents.

202.    GCC denies the allegations contained in Paragraph 202 of the Complaint except

admits that it engaged in certain discrete instances of collusive conduct pertaining to the sale and

marketing of Alum in the United States during the Class Period.

203.    GCC denies the allegations contained in Paragraph 203 of the Complaint as they

relate to GCC, except admits that GCC engaged in certain discrete instances of collusive conduct

pertaining to the sale and marketing of Alum in the United States during the Class Period and as

a result may have contributed to, in some circumstances, Alum price increases for certain

affected customers.

204.    The allegations contained in Paragraph 204 of the Complaint constitute legal

contentions and/or conclusions to which no response is required.  To the extent a response is

required, GCC denies the allegations contained in Paragraph 204 of the Complaint.

**Arkansas Deceptive Trade Practices Act**
**Arkansas Code Annotated, § 4-88-101 et seq.**

205.    The allegations contained in Paragraph 205 of the Complaint constitute legal

contentions and/or conclusions to which no response is required.  To the extent a response is

required, GCC admits that Plaintiffs purport to cite the referenced statute and refers Plaintiffs to

the respective statute for a review of its contents.

206.     GCC denies the allegations contained in Paragraph 206 of the Complaint except admits that it engaged in certain discrete instances of collusive conduct pertaining to the sale and marketing of Alum in the United States during the Class Period.

207.     GCC denies the allegations contained in Paragraph 207 of the Complaint as they relate to GCC, except admits that GCC engaged in certain discrete instances of collusive conduct pertaining to the sale and marketing of Alum in the United States during the Class Period and as a result may have contributed to, in some circumstances, Alum price increases for certain affected customers.

208.     The allegations contained in Paragraph 208 of the Complaint constitute legal contentions and/or conclusions to which no response is required.  To the extent a response is required, GCC denies the allegations contained in Paragraph 208 of the Complaint.

**California Unfair Competition Law ("CUCL")**
**California Bus. & Prof. Code § 17200, et seq.**

209.     The allegations contained in Paragraph 209 of the Complaint constitute legal contentions and/or conclusions to which no response is required.  To the extent a response is required, GCC admits that Plaintiffs purport to cite the referenced statute and refers Plaintiffs to the respective statute for a review of its contents.

210.     GCC denies the allegations contained in Paragraph 210 of the Complaint except admits that it engaged in certain discrete instances of collusive conduct pertaining to the sale and marketing of Alum in the United States during the Class Period.

211.     GCC denies the allegations contained in Paragraph 211 of the Complaint as they relate to GCC, except admits that GCC engaged in certain discrete instances of collusive conduct pertaining to the sale and marketing of Alum in the United States during the Class Period and as

a result may have contributed to, in some circumstances, Alum price increases for certain affected customers.

212.    The allegations contained in Paragraph 212 of the Complaint constitute legal contentions and/or conclusions to which no response is required.  To the extent a response is required, GCC denies the allegations contained in Paragraph 212 of the Complaint.

**Colorado Consumer Protection Act ("CCPA")**
**Colo. Rev. Stat. § 6-1-101, et seq.**

213.    The allegations contained in Paragraph 213 of the Complaint constitute legal contentions and/or conclusions to which no response is required.  To the extent a response is required, GCC admits that Plaintiffs purport to cite the referenced statute and refers Plaintiffs to the respective statute for a review of its contents.

214.    The allegations contained in the first sentence of Paragraph 214 of the Complaint constitute legal contentions and/or conclusions to which no response is required.  To the extent a response is required, GCC admits that Plaintiffs purport to cite the referenced statute and refers Plaintiffs to the respective statute for a review of its contents.  GCC denies the remaining allegations contained in Paragraph 214 of the Complaint.

215.    GCC denies the allegations contained in Paragraph 215 of the Complaint as they relate to GCC, except admits that GCC engaged in certain discrete instances of collusive conduct pertaining to the sale and marketing of Alum in the United States during the Class Period and as a result may have contributed to, in some circumstances, Alum price increases for certain affected customers.

216.    The allegations contained in Paragraph 216 of the Complaint constitute legal contentions and/or conclusions to which no response is required.  To the extent a response is required, GCC denies the allegations contained in Paragraph 216 of the Complaint.

**District of Columbia Consumer Protection Procedures Act ("DCCPPA")**
**District of Columbia Code §28-3901, et seq.**

217.    The allegations contained in Paragraph 217 of the Complaint constitute legal contentions and/or conclusions to which no response is required.  To the extent a response is required, GCC admits that Plaintiffs purport to cite the referenced statute and refers Plaintiffs to the respective statute for a review of its contents.

218.    The allegations contained in the first sentence of Paragraph 218 of the Complaint constitute legal contentions and/or conclusions to which no response is required.  To the extent a response is required, GCC admits that Plaintiffs purport to cite the referenced statute and refers Plaintiffs to the respective statute for a review of its contents.  GCC denies the remaining allegations contained in Paragraph 218 of the Complaint except admits that it engaged in certain discrete instances of collusive conduct pertaining to the sale and marketing of Alum in the United States during the Class Period.

219.    GCC denies the allegations contained in Paragraph 219 of the Complaint as they relate to GCC, except admits that GCC engaged in certain discrete instances of collusive conduct pertaining to the sale and marketing of Alum in the United States during the Class Period and as a result may have contributed to, in some circumstances, Alum price increases for certain affected customers.

220.    The allegations contained in Paragraph 220 of the Complaint constitute legal contentions and/or conclusions to which no response is required.  To the extent a response is required, GCC denies the allegations contained in Paragraph 220 of the Complaint.

**Florida Deceptive and Unfair Trade Practices Act ("FDUTPA")**
**Florida Stat. §§ 501.201, et seq.**

221.    The allegations contained in Paragraph 221 of the Complaint constitute legal contentions and/or conclusions to which no response is required.  To the extent a response is

40

required, GCC admits that Plaintiffs purport to cite the referenced statute and refers Plaintiffs to the respective statute for a review of its contents.

222.    GCC denies the allegations contained in Paragraph 222 of the Complaint as they relate to GCC, except admits that GCC engaged in certain discrete instances of collusive conduct pertaining to the sale and marketing of Alum in the United States during the Class Period and as a result may have contributed to, in some circumstances, Alum price increases for certain affected customers.

223.    The allegations contained in Paragraph 223 of the Complaint constitute legal contentions and/or conclusions to which no response is required.  To the extent a response is required, GCC denies the allegations contained in Paragraph 223 of the Complaint.

**Massachusetts Consumer Protection Act ("MCPA")**
**Mass. Gen. L. Ch. 93A, et seq.**

224.    The allegations contained in Paragraph 224 of the Complaint constitute legal contentions and/or conclusions to which no response is required.  To the extent a response is required, GCC admits that Plaintiffs purport to cite the referenced statute and refers Plaintiffs to the respective statute for a review of its contents.

225.    GCC denies the allegations contained in Paragraph 225 of the Complaint except admits that it engaged in certain discrete instances of collusive conduct pertaining to the sale and marketing of Alum in the United States during the Class Period.

226.    GCC denies the allegations contained in Paragraph 226 of the Complaint as they relate to GCC, except admits that GCC engaged in certain discrete instances of collusive conduct pertaining to the sale and marketing of Alum in the United States during the Class Period and as a result may have contributed to, in some circumstances, Alum price increases for certain affected customers.

227.    The allegations contained in Paragraph 227 of the Complaint constitute legal contentions and/or conclusions to which no response is required.  To the extent a response is required, GCC denies the allegations contained in Paragraph 227 of the Complaint.

**Nebraska Consumer Protection Act ("CPA")**
**Nebraska Rev. Stat. §59-1601, et seq.**

228.    The allegations contained in Paragraph 228 of the Complaint constitute legal contentions and/or conclusions to which no response is required.  To the extent a response is required, GCC admits that Plaintiffs purport to cite the referenced statute and refers Plaintiffs to the respective statute for a review of its contents.

229.    The allegations contained in Paragraph 229 of the Complaint constitute legal contentions and/or conclusions to which no response is required.  To the extent a response is required, GCC admits that Plaintiffs purport to cite the referenced statute and refers Plaintiffs to the respective statute for a review of its contents.

230.    GCC denies the allegations contained in Paragraph 230 of the Complaint except admits that it engaged in certain discrete instances of collusive conduct pertaining to the sale and marketing of Alum in the United States during the Class Period.

231.    GCC denies the allegations contained in Paragraph 231 of the Complaint as they relate to GCC, except admits that GCC engaged in certain discrete instances of collusive conduct pertaining to the sale and marketing of Alum in the United States during the Class Period and as a result may have contributed to, in some circumstances, Alum price increases for certain affected customers.

232.    The allegations contained in Paragraph 232 of the Complaint constitute legal contentions and/or conclusions to which no response is required.  To the extent a response is required, GCC denies the allegations contained in Paragraph 232 of the Complaint.

**New Hampshire Consumer Protection Act ("NHCPA")**
**New Hampshire Rev. Stat. §358-A:2, et seq.**

233.    The allegations contained in Paragraph 233 of the Complaint constitute legal contentions and/or conclusions to which no response is required.  To the extent a response is required, GCC admits that Plaintiffs purport to cite the referenced statute and refers Plaintiffs to the respective statute for a review of its contents.

234.    The allegations contained in Paragraph 234 of the Complaint constitute legal contentions and/or conclusions to which no response is required.  To the extent a response is required, GCC admits that Plaintiffs purport to cite the referenced statute and refers Plaintiffs to the respective statute for a review of its contents.

235.    GCC denies the allegations contained in Paragraph 235 of the Complaint except admits that it engaged in certain discrete instances of collusive conduct pertaining to the sale and marketing of Alum in the United States during the Class Period.

236.    GCC denies the allegations contained in Paragraph 236 of the Complaint as they relate to GCC, except admits that GCC engaged in certain discrete instances of collusive conduct pertaining to the sale and marketing of Alum in the United States during the Class Period and as a result may have contributed to, in some circumstances, Alum price increases for certain affected customers.

237.    The allegations contained in Paragraph 237 of the Complaint constitute legal contentions and/or conclusions to which no response is required.  To the extent a response is required, GCC denies the allegations contained in Paragraph 237 of the Complaint.

**New Mexico Unfair Practices Act ("NMUPA")**
**New Mexico Stat. §57-12-1, et seq.**

238.    The allegations contained in Paragraph 238 of the Complaint constitute legal contentions and/or conclusions to which no response is required.  To the extent a response is

required, GCC admits that Plaintiffs purport to cite the referenced statute and refers Plaintiffs to the respective statute for a review of its contents.

239.    GCC denies the allegations contained in Paragraph 239 of the Complaint.

240.    GCC denies the allegations contained in Paragraph 240 of the Complaint as they relate GCC, except admits that GCC engaged in certain discrete instances of collusive conduct pertaining to the sale and marketing of Alum in the United States during the Class Period and as a result may have contributed to, in some circumstances, Alum price increases for certain affected customers.

241.    The allegations contained in Paragraph 241 of the Complaint constitute legal contentions and/or conclusions to which no response is required.  To the extent a response is required, GCC denies the allegations contained in Paragraph 241 of the Complaint.

**New York Consumer Protection Act ("CPA")**
**New York Gen Bus. Law §349, et seq.**

242.    The allegations contained in Paragraph 242 of the Complaint constitute legal contentions and/or conclusions to which no response is required.  To the extent a response is required, GCC admits that Plaintiffs purport to cite the referenced statute and refers Plaintiffs to the respective statute for a review of its contents.

243.    GCC denies the allegations contained in Paragraph 243 of the Complaint except admits that it engaged in certain discrete instances of collusive conduct pertaining to the sale and marketing of Alum in the United States during the Class Period.

244.    GCC denies the allegations contained in Paragraph 244 of the Complaint as they relate to GCC, except admits that GCC engaged in certain discrete instances of collusive conduct pertaining to the sale and marketing of Alum in the United States during the Class Period and as

a result may have contributed to, in some circumstances, Alum price increases for certain affected customers.

245.    The allegations contained in Paragraph 245 of the Complaint constitute legal contentions and/or conclusions to which no response is required.  To the extent a response is required, GCC denies the allegations contained in Paragraph 245 of the Complaint.

**North Carolina Unfair And Deceptive Trade Practices Act ("UDTPA")**
**North Carolina Gen. Stat. §75-1.1, et seq.**

246.    The allegations contained in Paragraph 246 of the Complaint constitute legal contentions and/or conclusions to which no response is required.  To the extent a response is required, GCC admits that Plaintiffs purport to cite the referenced statute and refers Plaintiffs to the respective statute for a review of its contents.

247.    GCC denies the allegations contained in Paragraph 247 of the Complaint except admits that it engaged in certain discrete instances of collusive conduct pertaining to the sale and marketing of Alum in the United States during the Class Period.

248.    GCC denies the allegations contained in Paragraph 248 of the Complaint as they relate to GCC, except admits that GCC engaged in certain discrete instances of collusive conduct pertaining to the sale and marketing of Alum in the United States during the Class Period and as a result may have contributed to, in some circumstances, Alum price increases for certain affected customers.

249.    The allegations contained in Paragraph 249 of the Complaint constitute legal contentions and/or conclusions to which no response is required.  To the extent a response is required, GCC denies the allegations contained in Paragraph 249 of the Complaint.

**Oregon Unfair Trade Practices Act ("OUTPA")**
**Oregon Rev. Stat. §646.605, et seq.**

250.     The allegations contained in Paragraph 250 of the Complaint constitute legal

contentions and/or conclusions to which no response is required.  To the extent a response is

required, GCC admits that Plaintiffs purport to cite the referenced statute and refers Plaintiffs to

the respective statute for a review of its contents.

251.     The allegations contained in Paragraph 251 of the Complaint constitute legal

contentions and/or conclusions to which no response is required.  To the extent a response is

required, GCC admits that Plaintiffs purport to cite the referenced statute and refers Plaintiffs to

the respective statute for a review of its contents.

252.     GCC denies the allegations contained in Paragraph 252 of the Complaint except

admits that it engaged in certain discrete instances of collusive conduct pertaining to the sale and

marketing of Alum in the United States during the Class Period.

253.     GCC denies the allegations contained in Paragraph 253 of the Complaint as they

relate to GCC, except admits that GCC engaged in certain discrete instances of collusive conduct

pertaining to the sale and marketing of Alum in the United States during the Class Period and as

a result may have contributed to, in some circumstances, Alum price increases for certain

affected customers.

254.     The allegations contained in Paragraph 254 of the Complaint constitute legal

contentions and/or conclusions to which no response is required.  To the extent a response is

required, GCC denies the allegations contained in Paragraph 254 of the Complaint.

**Rhode Island Deceptive Trade Practices Act ("DTPA")**
**Rhode Island Gen. Laws §6-13.1-1, et seq**

255.     The allegations contained in Paragraph 255 of the Complaint constitute legal

contentions and/or conclusions to which no response is required.  To the extent a response is

required, GCC admits that Plaintiffs purport to cite the referenced statute and refers Plaintiffs to the respective statute for a review of its contents.

256.    GCC denies the allegations contained in Paragraph 256 of the Complaint except admits that it engaged in certain discrete instances of collusive conduct pertaining to the sale and marketing of Alum in the United States during the Class Period.

257.    GCC denies the allegations contained in Paragraph 257 of the Complaint as they relate to GCC, except admits that GCC engaged in certain discrete instances of collusive conduct pertaining to the sale and marketing of Alum in the United States during the Class Period and as a result may have contributed to, in some circumstances, Alum price increases for certain affected customers.

258.    The allegations contained in Paragraph 258 of the Complaint constitute legal contentions and/or conclusions to which no response is required.  To the extent a response is required, GCC denies the allegations contained in Paragraph 258 of the Complaint.

**South Carolina Unfair Trade Practices Act ("UTPA")**
**South Carolina Code 1976 § 39-5-140 et seq.**

259.    The allegations contained in Paragraph 259 of the Complaint constitute legal contentions and/or conclusions to which no response is required.  To the extent a response is required, GCC admits that Plaintiffs purport to cite the referenced statute and refers Plaintiffs to the respective statute for a review of its contents.

260.    GCC denies the allegations contained in Paragraph 260 of the Complaint except admits that it engaged in certain discrete instances of collusive conduct pertaining to the sale and marketing of Alum in the United States during the Class Period.

261.    GCC denies the allegations contained in Paragraph 261 of the Complaint as they relate to GCC, except admits that GCC engaged in certain discrete instances of collusive conduct

pertaining to the sale and marketing of Alum in the United States during the Class Period and as a result may have contributed to, in some circumstances, Alum price increases for certain affected customers.

262.     The allegations contained in Paragraph 262 of the Complaint constitute legal contentions and/or conclusions to which no response is required.  To the extent a response is required, GCC denies the allegations contained in Paragraph 262 of the Complaint.

### Vermont Consumer Fraud Act ("CFA")
### Vermont Stat. tit. 9 § 2451, et seq.

263.     The allegations contained in Paragraph 263 of the Complaint constitute legal contentions and/or conclusions to which no response is required.  To the extent a response is required, GCC admits that Plaintiffs purport to cite the referenced statute and refers Plaintiffs to the respective statute for a review of its contents.

264.     GCC denies the allegations contained in Paragraph 264 of the Complaint except admits that it engaged in certain discrete instances of collusive conduct pertaining to the sale and marketing of Alum in the United States during the Class Period.

265.     GCC denies the allegations contained in Paragraph 265 of the Complaint as they relate to GCC, except admits that GCC engaged in certain discrete instances of collusive conduct pertaining to the sale and marketing of Alum in the United States during the Class Period and as a result may have contributed to, in some circumstances, Alum price increases for certain affected customers.

266.     The allegations contained in Paragraph 266 of the Complaint constitute legal contentions and/or conclusions to which no response is required.  To the extent a response is required, GCC denies the allegations contained in Paragraph 266 of the Complaint.

## THIRD CLAIM FOR RELIEF

### (Unjust Enrichment and Disgorgement of Profits)

267.     GCC repeats and incorporates by reference its responses to Paragraphs 1 through 266 above, as if fully set forth herein.

268.     The allegations contained in Paragraph 268 of the Complaint constitute legal contentions and/or conclusions and Plaintiffs' characterization of claims to which no response is required.

269.     GCC denies the allegations contained in Paragraph 269 of the Complaint as they relate to GCC, except admits that GCC engaged in certain discrete instances of collusive conduct pertaining to the sale and marketing of Alum in the United States during the Class Period and as a result may have contributed to, in some circumstances, Alum price increases for certain affected customers.

270.     GCC denies the allegations contained in Paragraph 270 of the Complaint as they relate to GCC, except admits that GCC engaged in certain discrete instances of collusive conduct that may have contributed to higher profits with regard to certain affected customers.

271.     The allegations contained in Paragraph 271 of the Complaint constitute legal contentions and/or conclusions to which no response is required.  To the extent a response is required, GCC denies the allegations contained in Paragraph 271 of the Complaint.

272.     The allegations contained in Paragraph 272 of the Complaint constitute legal contentions and/or conclusions to which no response is required.  To the extent a response is required, GCC denies the allegations contained in Paragraph 272 of the Complaint.

273.     The allegations contained in Paragraph 273 of the Complaint constitute legal contentions and/or conclusions to which no response is required.  To the extent a response is required, GCC denies the allegations contained in Paragraph 273 of the Complaint.

274.     The allegations contained in Paragraph 274 of the Complaint constitute legal contentions and/or conclusions to which no response is required.  To the extent a response is required, GCC denies the allegations contained in Paragraph 274 of the Complaint.

275.     The allegations contained in Paragraph 275 of the Complaint constitute legal contentions and/or conclusions to which no response is required.  To the extent a response is required, GCC denies the allegations contained in Paragraph 275 of the Complaint.

276.     The allegations contained in Paragraph 276 of the Complaint constitute legal contentions and/or conclusions to which no response is required.  To the extent a response is required, GCC denies the allegations contained in Paragraph 276 of the Complaint.

277.     The allegations contained in Paragraph 277 of the Complaint constitute legal contentions and/or conclusions to which no response is required.

**Unjust Enrichment: Alabama**

278.     The allegations contained in Paragraph 278 of the Complaint constitute legal contentions and/or conclusions to which no response is required.  To the extent a response is required, GCC denies the allegations contained in Paragraph 278 of the Complaint.

279.     The allegations contained in Paragraph 279 of the Complaint constitute legal contentions and/or conclusions to which no response is required.  To the extent a response is required, GCC denies the allegations contained in Paragraph 279 of the Complaint.

280.     The allegations contained in Paragraph 280 of the Complaint constitute legal contentions and/or conclusions to which no response is required.  To the extent a response is required, GCC denies the allegations contained in Paragraph 280 of the Complaint.

## Unjust Enrichment: Arizona

281.    The allegations contained in Paragraph 281 of the Complaint constitute legal contentions and/or conclusions to which no response is required.  To the extent a response is required, GCC denies the allegations contained in Paragraph 281 of the Complaint.

282.    The allegations contained in Paragraph 282 of the Complaint constitute legal contentions and/or conclusions to which no response is required.  To the extent a response is required, GCC denies the allegations contained in Paragraph 282 of the Complaint.

283.    GCC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 283 of the Complaint and therefore denies them.

284.    GCC denies the allegations contained in Paragraph 284 of the Complaint.

285.    GCC denies the allegations contained in Paragraph 285 of the Complaint.

286.    The allegations contained in Paragraph 286 of the Complaint constitute legal contentions and/or conclusions to which no response is required.  To the extent a response is required, GCC denies the allegations contained in Paragraph 286 of the Complaint.

## Unjust Enrichment: Arkansas

287.    The allegations contained in Paragraph 287 of the Complaint constitute legal contentions and/or conclusions to which no response is required.  To the extent a response is required, GCC denies the allegations contained in Paragraph 287 of the Complaint.

288.    The allegations contained in Paragraph 288 of the Complaint constitute legal contentions and/or conclusions to which no response is required.  To the extent a response is required, GCC denies the allegations contained in Paragraph 288 of the Complaint.

289.    The allegations contained in Paragraph 289 of the Complaint constitute legal contentions and/or conclusions to which no response is required.  To the extent a response is required, GCC denies the allegations contained in Paragraph 289 of the Complaint.

**Unjust Enrichment: California**

290.     The allegations contained in Paragraph 290 of the Complaint constitute legal contentions and/or conclusions to which no response is required.  To the extent a response is required, GCC denies the allegations contained in Paragraph 290 of the Complaint.

291.     The allegations contained in Paragraph 291 of the Complaint constitute legal contentions and/or conclusions to which no response is required.  To the extent a response is required, GCC denies the allegations contained in Paragraph 291 of the Complaint.

292.     The allegations contained in Paragraph 292 of the Complaint constitute legal contentions and/or conclusions to which no response is required.  To the extent a response is required, GCC denies the allegations contained in Paragraph 292 of the Complaint.

293.     The allegations contained in Paragraph 293 of the Complaint constitute legal contentions and/or conclusions to which no response is required.  To the extent a response is required, GCC denies the allegations contained in Paragraph 293 of the Complaint.

**Unjust Enrichment: Colorado**

294.     The allegations contained in Paragraph 294 of the Complaint constitute legal contentions and/or conclusions to which no response is required.  To the extent a response is required, GCC denies the allegations contained in Paragraph 294 of the Complaint.

295.     The allegations contained in Paragraph 295 of the Complaint constitute legal contentions and/or conclusions to which no response is required.  To the extent a response is required, GCC denies the allegations contained in Paragraph 295 of the Complaint.

296.     The allegations contained in Paragraph 296 of the Complaint constitute legal contentions and/or conclusions to which no response is required.  To the extent a response is required, GCC denies the allegations contained in Paragraph 296 of the Complaint.

297.    The allegations contained in Paragraph 297 of the Complaint constitute legal contentions and/or conclusions to which no response is required.  To the extent a response is required, GCC denies the allegations contained in Paragraph 297 of the Complaint.

## Unjust Enrichment: District of Columbia

298.    The allegations contained in Paragraph 298 of the Complaint constitute legal contentions and/or conclusions to which no response is required.  To the extent a response is required, GCC denies the allegations contained in Paragraph 298 of the Complaint.

299.    The allegations contained in Paragraph 299 of the Complaint constitute legal contentions and/or conclusions to which no response is required.  To the extent a response is required, GCC denies the allegations contained in Paragraph 299 of the Complaint.

300.    The allegations contained in Paragraph 300 of the Complaint constitute legal contentions and/or conclusions to which no response is required.  To the extent a response is required, GCC denies the allegations contained in Paragraph 300 of the Complaint.

301.    The allegations contained in Paragraph 301 of the Complaint constitute legal contentions and/or conclusions to which no response is required.  To the extent a response is required, GCC denies the allegations contained in Paragraph 301 of the Complaint.

## Unjust Enrichment: Florida

302.    The allegations contained in Paragraph 302 of the Complaint constitute legal contentions and/or conclusions to which no response is required.  To the extent a response is required, GCC denies the allegations contained in Paragraph 302 of the Complaint.

303.    The allegations contained in Paragraph 303 of the Complaint constitute legal contentions and/or conclusions to which no response is required.  To the extent a response is required, GCC denies the allegations contained in Paragraph 303 of the Complaint.

304.    The allegations contained in Paragraph 304 of the Complaint constitute legal contentions and/or conclusions to which no response is required.  To the extent a response is required, GCC denies the allegations contained in Paragraph 304 of the Complaint.

### Unjust Enrichment: Hawaii

305.    The allegations contained in Paragraph 305 of the Complaint constitute legal contentions and/or conclusions to which no response is required.  To the extent a response is required, GCC denies the allegations contained in Paragraph 305 of the Complaint.

306.    The allegations contained in Paragraph 306 of the Complaint constitute legal contentions and/or conclusions to which no response is required.  To the extent a response is required, GCC denies the allegations contained in Paragraph 306 of the Complaint.

307.    The allegations contained in Paragraph 307 of the Complaint constitute legal contentions and/or conclusions to which no response is required.  To the extent a response is required, GCC denies the allegations contained in Paragraph 307 of the Complaint.

### Unjust Enrichment: Illinois

308.    The allegations contained in Paragraph 308 of the Complaint constitute legal contentions and/or conclusions to which no response is required.  To the extent a response is required, GCC denies the allegations contained in Paragraph 308 of the Complaint.

309.    The allegations contained in Paragraph 309 of the Complaint constitute legal contentions and/or conclusions to which no response is required.  To the extent a response is required, GCC denies the allegations contained in Paragraph 309 of the Complaint.

310.    The allegations contained in Paragraph 310 of the Complaint constitute legal contentions and/or conclusions to which no response is required.  To the extent a response is required, GCC denies the allegations contained in Paragraph 310 of the Complaint.

311.     The allegations contained in Paragraph 311 of the Complaint constitute legal contentions and/or conclusions to which no response is required.  To the extent a response is required, GCC denies the allegations contained in Paragraph 311 of the Complaint.

## Unjust Enrichment: Iowa

312.     The allegations contained in Paragraph 312 of the Complaint constitute legal contentions and/or conclusions to which no response is required.  To the extent a response is required, GCC denies the allegations contained in Paragraph 312 of the Complaint.

313.     The allegations contained in Paragraph 313 of the Complaint constitute legal contentions and/or conclusions to which no response is required.  To the extent a response is required, GCC denies the allegations contained in Paragraph 313 of the Complaint.

314.     The allegations contained in Paragraph 314 of the Complaint constitute legal contentions and/or conclusions to which no response is required.  To the extent a response is required, GCC denies the allegations contained in Paragraph 314 of the Complaint.

## Unjust Enrichment: Kansas

315.     The allegations contained in Paragraph 315 of the Complaint constitute legal contentions and/or conclusions to which no response is required.  To the extent a response is required, GCC denies the allegations contained in Paragraph 315 of the Complaint.

316.     The allegations contained in Paragraph 316 of the Complaint constitute legal contentions and/or conclusions to which no response is required.  To the extent a response is required, GCC denies the allegations contained in Paragraph 316 of the Complaint.

317.     The allegations contained in Paragraph 317 of the Complaint constitute legal contentions and/or conclusions to which no response is required.  To the extent a response is required, GCC denies the allegations contained in Paragraph 317 of the Complaint.

318.     The allegations contained in Paragraph 318 of the Complaint constitute legal contentions and/or conclusions to which no response is required.  To the extent a response is required, GCC denies the allegations contained in Paragraph 318 of the Complaint.

### Unjust Enrichment: Maine

319.     The allegations contained in Paragraph 319 of the Complaint constitute legal contentions and/or conclusions to which no response is required.  To the extent a response is required, GCC denies the allegations contained in Paragraph 319 of the Complaint.

320.     The allegations contained in Paragraph 320 of the Complaint constitute legal contentions and/or conclusions to which no response is required.  To the extent a response is required, GCC denies the allegations contained in Paragraph 320 of the Complaint.

321.     The allegations contained in Paragraph 321 of the Complaint constitute legal contentions and/or conclusions to which no response is required.  To the extent a response is required, GCC denies the allegations contained in Paragraph 321 of the Complaint.

322.     The allegations contained in Paragraph 322 of the Complaint constitute legal contentions and/or conclusions to which no response is required.  To the extent a response is required, GCC denies the allegations contained in Paragraph 322 of the Complaint.

### Unjust Enrichment: Massachusetts

323.     The allegations contained in Paragraph 323 of the Complaint constitute legal contentions and/or conclusions to which no response is required.  To the extent a response is required, GCC denies the allegations contained in Paragraph 323 of the Complaint.

324.     The allegations contained in Paragraph 324 of the Complaint constitute legal contentions and/or conclusions to which no response is required.  To the extent a response is required, GCC denies the allegations contained in Paragraph 324 of the Complaint.

325.    The allegations contained in Paragraph 325 of the Complaint constitute legal contentions and/or conclusions to which no response is required.  To the extent a response is required, GCC denies the allegations contained in Paragraph 325 of the Complaint.

326.    The allegations contained in Paragraph 326 of the Complaint constitute legal contentions and/or conclusions to which no response is required.  To the extent a response is required, GCC denies the allegations contained in Paragraph 326 of the Complaint.

### Unjust Enrichment: Michigan

327.    The allegations contained in Paragraph 327 of the Complaint constitute legal contentions and/or conclusions to which no response is required.  To the extent a response is required, GCC denies the allegations contained in Paragraph 327 of the Complaint.

328.    The allegations contained in Paragraph 328 of the Complaint constitute legal contentions and/or conclusions to which no response is required.  To the extent a response is required, GCC denies the allegations contained in Paragraph 328 of the Complaint.

329.    The allegations contained in Paragraph 329 of the Complaint constitute legal contentions and/or conclusions to which no response is required.  To the extent a response is required, GCC denies the allegations contained in Paragraph 329 of the Complaint.

330.    The allegations contained in Paragraph 330 of the Complaint constitute legal contentions and/or conclusions to which no response is required.  To the extent a response is required, GCC denies the allegations contained in Paragraph 330 of the Complaint.

### Unjust Enrichment: Minnesota

331.    The allegations contained in Paragraph 331 of the Complaint constitute legal contentions and/or conclusions to which no response is required.  To the extent a response is required, GCC denies the allegations contained in Paragraph 331 of the Complaint.

332.    The allegations contained in Paragraph 332 of the Complaint constitute legal contentions and/or conclusions to which no response is required.  To the extent a response is required, GCC denies the allegations contained in Paragraph 332 of the Complaint.

333.    The allegations contained in Paragraph 333 of the Complaint constitute legal contentions and/or conclusions to which no response is required.  To the extent a response is required, GCC denies the allegations contained in Paragraph 333 of the Complaint.

334.    The allegations contained in Paragraph 334 of the Complaint constitute legal contentions and/or conclusions to which no response is required.  To the extent a response is required, GCC denies the allegations contained in Paragraph 334 of the Complaint.

**Unjust Enrichment: Mississippi**

335.    The allegations contained in Paragraph 335 of the Complaint constitute legal contentions and/or conclusions to which no response is required.  To the extent a response is required, GCC denies the allegations contained in Paragraph 335 of the Complaint.

336.    The allegations contained in Paragraph 336 of the Complaint constitute legal contentions and/or conclusions to which no response is required.  To the extent a response is required, GCC denies the allegations contained in Paragraph 336 of the Complaint.

337.    The allegations contained in Paragraph 337 of the Complaint constitute legal contentions and/or conclusions to which no response is required.  To the extent a response is required, GCC denies the allegations contained in Paragraph 337 of the Complaint.

338.    The allegations contained in Paragraph 338 of the Complaint constitute legal contentions and/or conclusions to which no response is required.  To the extent a response is required, GCC denies the allegations contained in Paragraph 338 of the Complaint.

**Unjust Enrichment: Nebraska**

339.    The allegations contained in Paragraph 339 of the Complaint constitute legal contentions and/or conclusions to which no response is required.  To the extent a response is required, GCC denies the allegations contained in Paragraph 339 of the Complaint.

340.    The allegations contained in Paragraph 340 of the Complaint constitute legal contentions and/or conclusions to which no response is required.  To the extent a response is required, GCC denies the allegations contained in Paragraph 340 of the Complaint.

341.    The allegations contained in Paragraph 341 of the Complaint constitute legal contentions and/or conclusions to which no response is required.  To the extent a response is required, GCC denies the allegations contained in Paragraph 341 of the Complaint.

342.    The allegations contained in Paragraph 342 of the Complaint constitute legal contentions and/or conclusions to which no response is required.  To the extent a response is required, GCC denies the allegations contained in Paragraph 342 of the Complaint.

**Unjust Enrichment: Nevada**

343.    The allegations contained in Paragraph 343 of the Complaint constitute legal contentions and/or conclusions to which no response is required.  To the extent a response is required, GCC denies the allegations contained in Paragraph 343 of the Complaint.

344.    The allegations contained in Paragraph 344 of the Complaint constitute legal contentions and/or conclusions to which no response is required.  To the extent a response is required, GCC denies the allegations contained in Paragraph 344 of the Complaint.

345.    The allegations contained in Paragraph 345 of the Complaint constitute legal contentions and/or conclusions to which no response is required.  To the extent a response is required, GCC denies the allegations contained in Paragraph 345 of the Complaint.

346.     The allegations contained in Paragraph 346 of the Complaint constitute legal contentions and/or conclusions to which no response is required.  To the extent a response is required, GCC denies the allegations contained in Paragraph 346 of the Complaint.

347.     The allegations contained in Paragraph 347 of the Complaint constitute legal contentions and/or conclusions to which no response is required.  To the extent a response is required, GCC denies the allegations contained in Paragraph 347 of the Complaint.

**Unjust Enrichment: New Hampshire**

348.     The allegations contained in Paragraph 348 of the Complaint constitute legal contentions and/or conclusions to which no response is required.  To the extent a response is required, GCC denies the allegations contained in Paragraph 348 of the Complaint.

349.     The allegations contained in Paragraph 349 of the Complaint constitute legal contentions and/or conclusions to which no response is required.  To the extent a response is required, GCC denies the allegations contained in Paragraph 349 of the Complaint.

350.     The allegations contained in Paragraph 350 of the Complaint constitute legal contentions and/or conclusions to which no response is required.  To the extent a response is required, GCC denies the allegations contained in Paragraph 350 of the Complaint.

351.     The allegations contained in Paragraph 351 of the Complaint constitute legal contentions and/or conclusions to which no response is required.  To the extent a response is required, GCC denies the allegations contained in Paragraph 351 of the Complaint.

**Unjust Enrichment: New Mexico**

352.     The allegations contained in Paragraph 352 of the Complaint constitute legal contentions and/or conclusions to which no response is required.  To the extent a response is required, GCC denies the allegations contained in Paragraph 352 of the Complaint.

353.     The allegations contained in Paragraph 353 of the Complaint constitute legal contentions and/or conclusions to which no response is required.  To the extent a response is required, GCC denies the allegations contained in Paragraph 353 of the Complaint.

354.     The allegations contained in Paragraph 354 of the Complaint constitute legal contentions and/or conclusions to which no response is required.  To the extent a response is required, GCC denies the allegations contained in Paragraph 354 of the Complaint.

355.     The allegations contained in Paragraph 355 of the Complaint constitute legal contentions and/or conclusions to which no response is required.  To the extent a response is required, GCC denies the allegations contained in Paragraph 355 of the Complaint.

356.     The allegations contained in Paragraph 356 of the Complaint constitute legal contentions and/or conclusions to which no response is required.  To the extent a response is required, GCC denies the allegations contained in Paragraph 356 of the Complaint.

**Unjust Enrichment: New York**

357.     The allegations contained in Paragraph 357 of the Complaint constitute legal contentions and/or conclusions to which no response is required.  To the extent a response is required, GCC denies the allegations contained in Paragraph 357 of the Complaint.

358.     The allegations contained in Paragraph 358 of the Complaint constitute legal contentions and/or conclusions to which no response is required.  To the extent a response is required, GCC denies the allegations contained in Paragraph 358 of the Complaint.

359.     The allegations contained in Paragraph 359 of the Complaint constitute legal contentions and/or conclusions to which no response is required.  To the extent a response is required, GCC denies the allegations contained in Paragraph 359 of the Complaint.

**Unjust Enrichment: North Carolina**

360.     The allegations contained in Paragraph 360 of the Complaint constitute legal contentions and/or conclusions to which no response is required.  To the extent a response is required, GCC denies the allegations contained in Paragraph 360 of the Complaint.

361.     The allegations contained in Paragraph 361 of the Complaint constitute legal contentions and/or conclusions to which no response is required.  To the extent a response is required, GCC denies the allegations contained in Paragraph 361 of the Complaint.

362.     The allegations contained in Paragraph 362 of the Complaint constitute legal contentions and/or conclusions to which no response is required.  To the extent a response is required, GCC denies the allegations contained in Paragraph 362 of the Complaint.

363.     The allegations contained in Paragraph 363 of the Complaint constitute legal contentions and/or conclusions to which no response is required.  To the extent a response is required, GCC denies the allegations contained in Paragraph 363 of the Complaint.

364.     The allegations contained in Paragraph 364 of the Complaint constitute legal contentions and/or conclusions to which no response is required.  To the extent a response is required, GCC denies the allegations contained in Paragraph 364 of the Complaint.

365.     The allegations contained in Paragraph 365 of the Complaint constitute legal contentions and/or conclusions to which no response is required.  To the extent a response is required, GCC denies the allegations contained in Paragraph 365 of the Complaint.

**Unjust Enrichment: North Dakota**

366.     The allegations contained in Paragraph 366 of the Complaint constitute legal contentions and/or conclusions to which no response is required.  To the extent a response is required, GCC denies the allegations contained in Paragraph 366 of the Complaint.

367.    The allegations contained in Paragraph 367 of the Complaint constitute legal contentions and/or conclusions to which no response is required.  To the extent a response is required, GCC denies the allegations contained in Paragraph 367 of the Complaint.

368.    The allegations contained in Paragraph 368 of the Complaint constitute legal contentions and/or conclusions to which no response is required.  To the extent a response is required, GCC denies the allegations contained in Paragraph 368 of the Complaint.

369.    The allegations contained in Paragraph 369 of the Complaint constitute legal contentions and/or conclusions to which no response is required.  To the extent a response is required, GCC denies the allegations contained in Paragraph 369 of the Complaint.

370.    The allegations contained in Paragraph 370 of the Complaint constitute legal contentions and/or conclusions to which no response is required.  To the extent a response is required, GCC denies the allegations contained in Paragraph 370 of the Complaint.

371.    The allegations contained in Paragraph 371 of the Complaint constitute legal contentions and/or conclusions to which no response is required.  To the extent a response is required, GCC denies the allegations contained in Paragraph 371 of the Complaint.

372.    GCC denies the allegations contained in Paragraph 372 of the Complaint.

**Unjust Enrichment: Oregon**

373.    The allegations contained in Paragraph 373 of the Complaint constitute legal contentions and/or conclusions to which no response is required.  To the extent a response is required, GCC denies the allegations contained in Paragraph 373 of the Complaint.

374.    The allegations contained in Paragraph 374 of the Complaint constitute legal contentions and/or conclusions to which no response is required.  To the extent a response is required, GCC denies the allegations contained in Paragraph 374 of the Complaint.

375.    The allegations contained in Paragraph 375 of the Complaint constitute legal contentions and/or conclusions to which no response is required.  To the extent a response is required, GCC denies the allegations contained in Paragraph 375 of the Complaint.

376.    The allegations contained in Paragraph 376 of the Complaint constitute legal contentions and/or conclusions to which no response is required.  To the extent a response is required, GCC denies the allegations contained in Paragraph 376 of the Complaint.

**Unjust Enrichment: Puerto Rico**

377.    The allegations contained in Paragraph 377 of the Complaint constitute legal contentions and/or conclusions to which no response is required.  To the extent a response is required, GCC denies the allegations contained in Paragraph 377 of the Complaint.

378.    The allegations contained in Paragraph 378 of the Complaint constitute legal contentions and/or conclusions to which no response is required.  To the extent a response is required, GCC denies the allegations contained in Paragraph 378 of the Complaint.

379.    The allegations contained in Paragraph 379 of the Complaint constitute legal contentions and/or conclusions to which no response is required.  To the extent a response is required, GCC denies the allegations contained in Paragraph 379 of the Complaint.

380.    GCC denies the allegations contained in Paragraph 380 of the Complaint.

**Unjust Enrichment: Rhode Island**

381.    The allegations contained in Paragraph 381 of the Complaint constitute legal contentions and/or conclusions to which no response is required.  To the extent a response is required, GCC denies the allegations contained in Paragraph 381 of the Complaint.

382.    The allegations contained in Paragraph 382 of the Complaint constitute legal contentions and/or conclusions to which no response is required.  To the extent a response is required, GCC denies the allegations contained in Paragraph 382 of the Complaint.

383.    The allegations contained in Paragraph 383 of the Complaint constitute legal contentions and/or conclusions to which no response is required.  To the extent a response is required, GCC denies the allegations contained in Paragraph 383 of the Complaint.

384.    The allegations contained in Paragraph 384 of the Complaint constitute legal contentions and/or conclusions to which no response is required.  To the extent a response is required, GCC denies the allegations contained in Paragraph 384 of the Complaint.

## Unjust Enrichment: South Carolina

385.    The allegations contained in Paragraph 385 of the Complaint constitute legal contentions and/or conclusions to which no response is required.  To the extent a response is required, GCC denies the allegations contained in Paragraph 385 of the Complaint.

386.    The allegations contained in Paragraph 386 of the Complaint constitute legal contentions and/or conclusions to which no response is required.  To the extent a response is required, GCC denies the allegations contained in Paragraph 386 of the Complaint.

387.    The allegations contained in Paragraph 387 of the Complaint constitute legal contentions and/or conclusions to which no response is required.  To the extent a response is required, GCC denies the allegations contained in Paragraph 387 of the Complaint.

## Unjust Enrichment: South Dakota

388.    The allegations contained in Paragraph 388 of the Complaint constitute legal contentions and/or conclusions to which no response is required.  To the extent a response is required, GCC denies the allegations contained in Paragraph 388 of the Complaint.

389.    The allegations contained in Paragraph 389 of the Complaint constitute legal contentions and/or conclusions to which no response is required.  To the extent a response is required, GCC denies the allegations contained in Paragraph 389 of the Complaint.

390.    The allegations contained in Paragraph 390 of the Complaint constitute legal contentions and/or conclusions to which no response is required.  To the extent a response is required, GCC denies the allegations contained in Paragraph 390 of the Complaint.

391.    The allegations contained in Paragraph 391 of the Complaint constitute legal contentions and/or conclusions to which no response is required.  To the extent a response is required, GCC denies the allegations contained in Paragraph 391 of the Complaint.

392.    GCC denies the allegations contained in Paragraph 392 of the Complaint.

### Unjust Enrichment: Tennessee

393.    The allegations contained in Paragraph 393 of the Complaint constitute legal contentions and/or conclusions to which no response is required.  To the extent a response is required, GCC denies the allegations contained in Paragraph 393 of the Complaint.

394.    The allegations contained in Paragraph 394 of the Complaint constitute legal contentions and/or conclusions to which no response is required.  To the extent a response is required, GCC denies the allegations contained in Paragraph 394 of the Complaint.

395.    The allegations contained in Paragraph 395 of the Complaint constitute legal contentions and/or conclusions to which no response is required.  To the extent a response is required, GCC denies the allegations contained in Paragraph 395 of the Complaint.

396.    The allegations contained in Paragraph 396 of the Complaint constitute legal contentions and/or conclusions to which no response is required.  To the extent a response is required, GCC denies the allegations contained in Paragraph 396 of the Complaint.

397.    The allegations contained in Paragraph 397 of the Complaint constitute legal contentions and/or conclusions to which no response is required.  To the extent a response is required, GCC denies the allegations contained in Paragraph 397 of the Complaint.

**Unjust Enrichment: Utah**

398.    The allegations contained in Paragraph 398 of the Complaint constitute legal contentions and/or conclusions to which no response is required.  To the extent a response is required, GCC denies the allegations contained in Paragraph 398 of the Complaint.

399.    The allegations contained in Paragraph 399 of the Complaint constitute legal contentions and/or conclusions to which no response is required.  To the extent a response is required, GCC denies the allegations contained in Paragraph 399 of the Complaint.

400.    The allegations contained in Paragraph 400 of the Complaint constitute legal contentions and/or conclusions to which no response is required.  To the extent a response is required, GCC denies the allegations contained in Paragraph 400 of the Complaint.

401.    The allegations contained in Paragraph 401 of the Complaint constitute legal contentions and/or conclusions to which no response is required.  To the extent a response is required, GCC denies the allegations contained in Paragraph 401 of the Complaint.

**Unjust Enrichment: Vermont**

402.    The allegations contained in Paragraph 402 of the Complaint constitute legal contentions and/or conclusions to which no response is required.  To the extent a response is required, GCC denies the allegations contained in Paragraph 402 of the Complaint.

403.    The allegations contained in Paragraph 403 of the Complaint constitute legal contentions and/or conclusions to which no response is required.  To the extent a response is required, GCC denies the allegations contained in Paragraph 403 of the Complaint.

404.    The allegations contained in Paragraph 404 of the Complaint constitute legal contentions and/or conclusions to which no response is required.  To the extent a response is required, GCC denies the allegations contained in Paragraph 404 of the Complaint.

405.    The allegations contained in Paragraph 405 of the Complaint constitute legal contentions and/or conclusions to which no response is required.  To the extent a response is required, GCC denies the allegations contained in Paragraph 405 of the Complaint.

### Unjust Enrichment: West Virginia

406.    The allegations contained in Paragraph 406 of the Complaint constitute legal contentions and/or conclusions to which no response is required.  To the extent a response is required, GCC denies the allegations contained in Paragraph 406 of the Complaint.

407.    The allegations contained in Paragraph 407 of the Complaint constitute legal contentions and/or conclusions to which no response is required.  To the extent a response is required, GCC denies the allegations contained in Paragraph 407 of the Complaint.

408.    The allegations contained in Paragraph 408 of the Complaint constitute legal contentions and/or conclusions to which no response is required.  To the extent a response is required, GCC denies the allegations contained in Paragraph 408 of the Complaint.

409.    The allegations contained in Paragraph 409 of the Complaint constitute legal contentions and/or conclusions to which no response is required.  To the extent a response is required, GCC denies the allegations contained in Paragraph 409 of the Complaint.

### Unjust Enrichment: Wisconsin

410.    The allegations contained in Paragraph 410 of the Complaint constitute legal contentions and/or conclusions to which no response is required.  To the extent a response is required, GCC denies the allegations contained in Paragraph 410 of the Complaint.

411.    The allegations contained in Paragraph 411 of the Complaint constitute legal contentions and/or conclusions to which no response is required.  To the extent a response is required, GCC denies the allegations contained in Paragraph 411 of the Complaint.

412.    The allegations contained in Paragraph 412 of the Complaint constitute legal contentions and/or conclusions to which no response is required.  To the extent a response is required, GCC denies the allegations contained in Paragraph 412 of the Complaint.

413.    The allegations contained in Paragraph 413 of the Complaint constitute legal contentions and/or conclusions to which no response is required.  To the extent a response is required, GCC denies the allegations contained in Paragraph 413 of the Complaint.

## PRAYER FOR RELIEF

GCC denies that Plaintiffs suffered any injury or incurred any damages by any act or omission of GCC as alleged in the Complaint, beyond those caused by the certain discrete instances of collusive conduct described herein.  GCC further denies that Plaintiffs are entitled to any relief under any theory by means of the allegations set forth in each of the paragraphs and their subparts in the Complaint except as it may relate to those certain discrete instances of collusive conduct referenced above.

## JURY DEMAND

The allegations contained under the heading "Demand for Jury Trial" contain no factual assertions for which a response is required.  To the extent that a response is required, GCC denies the allegations contained under the heading "Demand for Jury Trial" in their entirety, except admits that Plaintiffs demand a trial by jury.

## DEFENSES

FURTHER, GCC asserts the following defenses and affirmative defenses to the Complaint.  GCC does not concede that it has the burden of proof on such defenses that would otherwise rest on Plaintiffs:

## FIRST DEFENSE

### (Mitigation)

The relief sought by Plaintiffs is barred, in whole or in part, because Plaintiffs have failed to take appropriate and necessary steps to mitigate their alleged damages, if any.

## SECOND DEFENSE

### (Statute of Limitations)

Plaintiffs' claims should be dismissed to the extent that they are barred, in whole or in part, by the applicable statute(s) of limitations.

## THIRD DEFENSE

### (Due Process)

To the extent Plaintiffs' claims would result in GCC paying damages to more than one claimant for the same alleged overcharges to customers, they are barred because such multiple liability would violate rights guaranteed to GCC by the United States Constitution, including, without limitation, rights guaranteed by the Due Process Clause of the Fourteenth Amendment.

## FOURTH DEFENSE

### (Waiver and Estoppel)

The relief sought by Plaintiffs is barred, in whole or in part, by the doctrines of waiver and/or estoppel.

## FIFTH DEFENSE

### (Laches)

The relief sought by Plaintiffs is barred, in whole or in part, by the equitable doctrine of laches.

## SIXTH DEFENSE

### (Unjust Enrichment)

The relief sought by Plaintiffs is barred, in whole or in part, because Plaintiffs would be unjustly enriched if they were allowed to recover any part of the damages alleged in the Complaint.  The equitable relief sought by Plaintiffs is barred, in whole or in part, because Plaintiffs have available an adequate remedy at law.

## SEVENTH DEFENSE

### (Comparative Fault)

The relief sought by Plaintiffs is barred, in whole or in part, because any and all injuries alleged in the Complaint, the fact and extent of which GCC specifically denies, were directly and proximately caused or contributed to by the statements, acts, and/or omissions of Plaintiffs and/or third parties or entities, other than GCC.

## EIGHTH DEFENSE

### (Acquiescence)

The relief sought by Plaintiffs is barred, in whole or in part, by Plaintiffs' acquiescence and/or confirmation of any and all conduct and/or omissions alleged as to GCC.

## NINTH DEFENSE

### (Set Off)

GCC is entitled to set off from any recovery Plaintiffs may obtain against GCC, including but not limited to any amount paid to Plaintiffs by any other Defendants who have settled, or do settle, Plaintiffs' claims in this matter.

## TENTH DEFENSE

### (Restitution Unmanageable and Inequitable)

The relief sought by Plaintiffs is barred, in whole or in part, to the extent the restitution sought in the Complaint is unmanageable and inequitable.

## ELEVENTH DEFENSE

### (Claims Barred)

The relief sought by Plaintiffs is barred, in whole or in part, to the extent Plaintiffs have failed to exhaust all remedies against GCC.

## TWELFTH DEFENSE

### (Independent, Legitimate Business and Economic Justification)

The relief sought by Plaintiffs is barred, in whole or in part, because some of the conduct engaged in by GCC was reasonable and based on independent, legitimate business and economic justification.

## THIRTEENTH DEFENSE

### (No Unreasonable Restraint of Trade)

Plaintiffs' claims are barred, in whole or in part, because the alleged conduct of GCC did not unreasonably restrain trade.

## FOURTEENTH DEFENSE

### (Reservation of Rights to Assert Additional Defenses)

GCC has not knowingly or intentionally waived any applicable defenses and explicitly reserves the right to assert and rely on such other applicable defenses as may become available or apparent during discovery proceedings. GCC further reserves the right to amend its Answer and/or its defenses accordingly, and/or to delete defenses that it determines are not applicable during the course of subsequent discovery.

## FIFTEENTH DEFENSE

### (Discharge in Bankruptcy)

Plaintiffs are barred from seeking damages for any claims arising prior to GCC's

emergence from bankruptcy on November 10, 2003.  Such claims were discharged, and thus,

affirmatively enjoined by the United States Bankruptcy Court for the District of Delaware in

GCC's bankruptcy case.

## SIXTEENTH DEFENSE

### (Uncertainty of Damages)

Plaintiffs' claims should be dismissed because the alleged damages sought are too

speculative and uncertain, and cannot be practicably ascertained or allocated.

## SEVENTEENTH DEFENSE

### (Uncertainty)

Plaintiffs' claims should be dismissed for uncertainty and vagueness and because their

claims are ambiguous and/or unintelligible.  GCC avers that Plaintiffs' claims do not describe the

events or legal theories with sufficient particularity to permit GCC to ascertain what other

defenses may exist.  GCC therefore reserves the right to amend its Answer to assert additional

defenses and/or supplement, alter, or change its Answer and/or defenses upon the discovery of

more definitive facts upon the completion of its investigation and discovery.

## EIGHTEENTH DEFENSE

### (Intervening or Superseding Acts of Third Parties)

Plaintiffs' damages resulted from the acts or omissions of third parties over whom GCC

had no control or responsibility.  The acts of such third parties constitute intervening or

superseding causes of harm suffered by Plaintiffs.

## NINETEENTH DEFENSE

### (Damages Passed On)

Plaintiffs' claims should be dismissed to the extent they are barred, in whole or in part, because any injury or damage alleged in the Complaint was passed on to persons or entities other than the Plaintiffs and/or was passed on by Plaintiffs to other parties.

## TWENTIETH DEFENSE

### (Lack of Standing as Indirect Purchasers)

Plaintiffs' claims are barred, in whole or in part, to the extent the various states cited have not repealed the *Illinois Brick* doctrine.

## TWENTY-FIRST DEFENSE

### (Unclean Hands)

Plaintiffs' claims should be dismissed to the extent that they are barred, in whole or in part, by the equitable doctrine of unclean hands.

## TWENTY-SECOND DEFENSE

### (Unjust Enrichment Claims Barred)

Plaintiffs' claims for unjust enrichment under the laws of the various states cited are barred, in whole or in part, to the extent Plaintiffs have failed to exhaust all remedies against GCC.

## TWENTY-THIRD DEFENSE

### (Not Entitled To Seek Damages)

Plaintiffs' claims are barred, in whole or in part, to the extent Plaintiffs are not entitled to seek damages under the laws of the various states cited.

## TWENTY-FOURTH DEFENSE

### (Failure To Allege Predicate Acts For Consumer Protection Claims)

Plaintiffs' claims are barred, in whole or in part, to the extent Plaintiffs have failed to allege predicate acts necessary to invoke application of the consumer protection laws of the various states cited.

## TWENTY-FIFTH DEFENSE

### (Failure To Plead Special Damages With Specificity)

Plaintiffs' claims are barred, in whole or in part, to the extent Plaintiffs have failed to plead special damages with specificity as required by the laws of the various states cited.

## TWENTY-SIXTH DEFENSE

### (Goods Not Purchased Primarily For Personal, Family, Or Household Purposes)

Plaintiffs' claims are barred under the laws of the various States cited, in whole or in part, to the extent that at least some Plaintiffs did not purchase goods primarily for personal, family, or household purposes.

## TWENTY-SEVENTH DEFENSE

### (Other Defenses Incorporated by Reference)

GCC adopts and incorporates by reference any and all other additional or affirmative defenses asserted or to be asserted by any other defendant in this proceeding to the extent that GCC may share in such affirmative defenses.

## TWENTY-EIGHTH DEFENSE

### (Failure to State a Claim)

Plaintiffs' claims should be dismissed because the Complaint fails to state facts sufficient to plausibly suggest the existence of the conspiracy it alleges and also because Plaintiffs fail to state a claim under the relevant state and federal laws upon which relief may be granted.

## PRAYER FOR RELIEF

WHEREFORE, GCC prays that the Court determine and adjudge:

(a)      That the Complaint be dismissed with prejudice;

(b)      That judgment be entered in favor of GCC and against Plaintiffs with respect to all causes of action in the Complaint;

(c)      That Plaintiffs take nothing by the Complaint;

(d)      That GCC be awarded its costs, disbursements and attorneys' fees and expenses herein; and

(e)      That GCC be awarded such other and further relief as the Court may deem proper.

Dated: August 21, 2017

Respectfully submitted,

By: /s/ *Richard H. Epstein*
     Richard H. Epstein
     **SILLS CUMMIS & GROSS P.C.**
     One Riverfront Plaza
     Newark, NJ 07102
     Telephone: (973) 643-7000
     Facsimile: (973) 643-6500
     repstein@sillscummis.com

     Steven A. Reiss (admitted pro hac vice)
     Adam C. Hemlock (admitted pro hac vice)
     **WEIL, GOTSHAL & MANGES LLP**
     767 Fifth Avenue
     New York, New York 10153-0119
     Telephone: (212) 310-8000
     Facsimile: (212) 310-8007
     steven.reiss@weil.com
     adam.hemlock@weil.com

     *Counsel for Defendants General Chemical*
     *Corporation, General Chemical Performance*
     *Products, LLC, General Chemical, LLC,*
     *GenTek Inc., Chemtrade Logistics Income*
     *Fund, Chemtrade Logistics Inc., Chemtrade*
     *Chemicals Corporation, Chemtrade*
     *Chemicals US LLC, and Chemtrade*
     *Solutions, LLC*

## LOCAL CIVIL RULE 11.2 CERTIFICATION

Pursuant to Local Civil Rule 11.2, GCC, by its undersigned counsel, certifies to the best of its knowledge, information, and belief that the matter in controversy is not the subject of any other action pending in any court, or of any pending arbitration or administrative proceeding.

Dated: August 21, 2017

_/s/ Richard H. Epstein_____
Richard H. Epstein

**LOCAL CIVIL RULE 201.1 CERTIFICATE OF NON-ARBITRABILITY**

The undersigned counsel certifies that pursuant to L. Civ. R. 201.1, the within matter is

not arbitrable because the Complaint appears to seek compensatory damages in excess of

$150,000.

Dated: August 21, 2017

/s/ Richard H. Epstein
Richard H. Epstein

**CERTIFICATE OF SERVICE**

I hereby certify that on August 21, 2017, I caused the foregoing Answer and Affirmative Defenses of the GCC Defendants to the Indirect Purchaser Plaintiffs' Consolidated Class Action Complaint to be electronically filed with the Clerk of the Court using the CM/ECF system, which will send notifications of such filings to all counsel of record.

Dated: August 21, 2017

_/s/ Richard H. Epstein_____
Richard H. Epstein