**SILLS CUMMIS & GROSS P.C.**
One Riverfront Plaza
Newark, NJ 07102
Phone: (973) 643-7000
Fax: (973) 643-6500

**WEIL, GOTSHAL & MANGES LLP**
767 Fifth Avenue
New York, NY 10153-0119
Phone: (212) 310-8000
Fax: (212) 310-8007

*Attorneys for Defendants General Chemical Corporation, General Chemical Performance Products LLC, General Chemical LLC, GenTek Inc., Chemtrade Logistics Income Fund, Chemtrade Logistics, Inc., Chemtrade Chemicals Corporation, Chemtrade Chemicals US LLC, and Chemtrade Solutions LLC*

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| **IN RE: LIQUID ALUMINUM SULFATE ANTITRUST LITIGATION**<br><br>*This Document Relates to:*<br>*City of Richmond v. General Chemical Corp., et al., Civil Action No. 17-cv-4656 (JLL) (JAD)* | Civil Action No. 16-md-2687 (JLL) (JAD) (MDL No. 2687)<br><br>**GCC DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES TO CITY OF RICHMOND'S COMPLAINT** |

Defendants General Chemical Corporation, General Chemical Performance Products LLC, General Chemical LLC, GenTek Inc., Chemtrade Logistics Income Fund, Chemtrade Logistics, Inc., Chemtrade Chemicals Corporation, Chemtrade Chemicals US LLC, and Chemtrade Solutions LLC ("GCC") by and through its attorneys, answers the allegations set forth in the City of Richmond's ("Plaintiff") Complaint (the "Complaint"), and allege additional or affirmative defenses as follows. To the extent not specifically admitted herein, all allegations of the Complaint are denied. Furthermore, the section headings included herein are included

only for purposes of clarity and organization, and GCC does not admit, but rather hereby specifically denies, any factual or legal allegations in the headings used in the Complaint.

## I.   **INTRODUCTION**

1.      The allegations contained in Paragraph 1 of the Complaint constitute legal contentions and/or conclusions and Plaintiff's characterization of claims to which no response is required. To the extent that a response is required, GCC denies the allegations contained in Paragraph 1 of the Complaint, except admits that this lawsuit purports allege to a conspiracy involving Defendants in connection with the sale of Alum in the United States.

2.      GCC denies the allegations in Paragraph 2 of the Complaint, except admits that GCC manufactured and distributed Alum used by certain municipalities to treat potable water and wastewater, certain pulp and paper manufacturers as part of their manufacturing process, and in lake treatment.

3.      GCC denies the allegations contained in Paragraph 3 of the Complaint, except admits that GCC engaged in certain discrete instances of collusive conduct in the sale and marketing of Alum in the United States from January 1, 1997 through February 2011 (the "Relevant Period"). GCC also admits that both Frank Reichl, a former employee of GCC, and GEO entered plea agreements in connection with the sale and marketing of Alum. With respect to the terms of those pleas, GCC refers Plaintiff to the relevant plea agreements for a review of their contents. GCC also admits that GCC obtained leniency from the DOJ pursuant to the Antitrust Division's Corporate Leniency Policy. With respect to the terms of the DOJ's leniency program, GCC refers Plaintiff to the DOJ's policies and procedures for a review of their contents. GCC also admits that the DOJ has filed indictments against Vincent Opalewski, a former GCC employee, and Brian Steppig, a former employee of GEO. Opalewski was Reichl's superior at General Chemical Corporation during a portion of the Relevant Period.

4.      GCC denies the allegations contained in Paragraph 4 of the Complaint as they relate to GCC, except admits that in certain discrete instances, certain of GCC employees communicated with certain Defendants with regard to certain discrete instances of collusion in the sale and marketing of Alum in the United States, as well as for legitimate purposes, including the procurement of raw materials from a Defendant, and that phone records and emails between GCC employees and employees of other Defendants substantiate these instances. With regard to subpart (a), GCC admits that in certain discrete instances certain of GCC employees met or otherwise communicated with Defendants to discuss their respective Alum businesses. With regard to subpart (b), GCC admits that GCC agreed in certain discrete instances not to aggressively pursue certain accounts previously supplied by another Alum manufacturer. With regard to subpart (c), GCC admits that in certain discrete instances GCC submitted a high bid in an effort not to win a particular account, including for legitimate business reasons. With regard to subpart (d), GCC admits that in certain discrete instances GCC withdrew a winning bid.

5.      GCC denies the allegations contained in Paragraph 5 of the Complaint.

6.      GCC denies the allegations contained in Paragraph 6 of the Complaint.

## II.      JURISDICTION AND VENUE

7.      The allegations contained in Paragraph 7 of the Complaint constitute legal contentions and/or conclusions to which no response is required.

8.      The allegations contained in Paragraph 8 of the Complaint constitute legal contentions and/or conclusions to which no response is required.

9.      The allegations contained in Paragraph 9 of the Complaint constitute legal contentions and/or conclusions to which no response is required.

### III.    PARTIES

**A.    PLAINTIFF**

10.    GCC denies the allegations contained in Paragraph 10 of the Complaint for lack of knowledge or information sufficient to form a belief as to the truth thereof. To the extent that a response is required, except admits that Plaintiff purchased Alum from one or more Defendants for at least a portion of the Relevant Period.

**B.    DEFENDANTS**

11.    GCC denies the allegations contained in Paragraph 11 of the Complaint, except admits that Reichl held certain positions at General Chemical, including General Manager of Water Chemicals from 1993 to 2005, and Vice President of Sales and Marketing for All Chemicals from 2006 until he was terminated in 2010. GCC further admits that, at certain points during the identified period, Reichl oversaw the sale and marketing of water treatment chemicals, including Alum, had a role in pricing and bidding, and supervised employees responsible for pricing. GCC further admits that Reichl entered a plea agreement in connection with the sale and marketing of Alum. GCC refers Plaintiff to the respective plea agreement for a review of its contents. GCC denies the allegations contained in the first sentence of Paragraph 11 of the Complaint for lack of knowledge or information sufficient to form a belief as to the truth thereof.

12.    GCC denies the allegations contained in Paragraph 12 of the Complaint, except admits that Opalewski possibly engaged in at least one discrete instance of collusive conduct pertaining to the sale and marketing of alum in the United States while employed by GCC during the Relevant Period. GCC further admits that Opalewski held certain positions at General Chemical during the identified period, including Vice President of Sales and Marketing from 2005 to 2006, Vice President and General Manager from 2006 to 2009, and President from 2009

to 2011. GCC further admits that Opalewski has been indicted in connection with the sale and marketing of Alum. With respect to the terms of the indictment, GCC refers Plaintiff to the respective documents and dockets for a review of their contents. GCC denies the allegations contained in the first sentence of Paragraph 12 of the Complaint for lack of knowledge or information sufficient to form a belief as to the truth thereof.

13.     GCC denies the allegations contained in Paragraph 13 of the complaint for lack of knowledge or information sufficient to form a belief as to the truth thereof, except admits that Steppig and certain of GCC's employees engaged in certain discrete instances of collusive conduct pertaining to the sale and marketing of Alum in the United States during the Relevant Period. GCC further admits that Steppig has been indicted in connection with the sale and marketing of Alum. With respect to the terms of the indictment, GCC refers Plaintiff to the respective documents and dockets for a review of their contents.

14.     GCC denies the allegations of Paragraph 14 of the Complaint as they relate to GCC, except admits that Alex Avraamides held certain positions at General Chemical and GEO Specialty Chemicals, Inc. during the identified period, including serving as the Director of Sales and Marketing for Water Chemicals at General Chemical from 1994 to 2000 and Vice President of Sales and Marketing at General Chemical from 2010 to 2011. GCC further admits that in at least some of these roles, Avraamides' responsibilities included directing the sale and marketing of Alum. GCC further admits that Avraamides engaged in certain discrete instances of collusive conduct in the sale and marketing of Alum in the United States during the Relevant Period. GCC denies the allegations contained in the first sentence of Paragraph 14 of the Complaint for lack of knowledge or information sufficient to form a belief as to the truth thereof.

15.     GCC denies the allegations contained in Paragraph 15 of the Complaint, except admits that Amita Gupta held certain positions at GCC during the identified period, including serving as the director of Marketing for Water Chemicals from 2008 to 2012 and that, at certain points during the identified period, her responsibilities included directing the sale and marketing of Alum. GCC further admits that Gupta engaged in certain discrete instances of conduct with competitors with regard to the sale and marketing of Alum in the United States while employed by GCC during the Relevant Period. GCC denies the allegations contained in the first sentence of Paragraph 15 for lack of knowledge or information sufficient to form a belief as to the truth thereof.

16.     GCC denies the allegations contained in Paragraph 16 of the Complaint, except admits that Chemtrade Chemicals Corporation is a Delaware corporation with its principal place of business at 90 East Halsey Road, Parsippany, New Jersey, 07054. GCC further admits that it maintained certain Alum manufacturing and distribution facilities in the United States during the Relevant Period. GCC further admits that during the Relevant Period, General Chemical Corporation sold Alum in the United States.

17.     GCC denies the allegations contained in Paragraph 17 of the Complaint, except admits that General Chemical Performance Products, LLC was a Delaware limited liability company with its principal place of business at 90 East Halsey Road, Parsippany, New Jersey, 07054. GCC further admits that during the Relevant Period, General Chemical Performance Products, LCC sold Alum in the United States. GCC further admits that General Chemical Performance Products, LLC was a wholly-owned subsidiary of General Chemical Corporation.

18.     GCC admits the allegations contained in Paragraph 18 of the Complaint.

19.     GCC avers that no response is required as to the allegations contained in Paragraph 19 of the Complaint as the allegations are definitional.

20.     GCC denies the allegations contained in Paragraph 20 of the Complaint.

21.     GCC denies the allegations contained in Paragraph 21 of the Complaint, except admits that GenTek, Inc. ("GenTek") was a Delaware corporation with its principal place of business at 90 East Hasley Road , Parsippany, New Jersey, 07054, that the General Chemical Corporation, General Chemical Performance Products, LLC, and General Chemical LLC ("General Chemical") were subsidiaries of GenTek, and that General Chemical was a wholly owned and controlled subsidiary of GenTek. GCC further admits that during the Relevant Period, GenTek sold Alum directly or through its subsidiaries in the United States.

22.     GCC denies the allegations contained in Paragraph 22 of the Complaint, except admits that on October 11, 2002, GenTek filed a voluntary Chapter 11 bankruptcy petition in the United States Bankruptcy Court for the District of Delaware, including on behalf of its subsidiaries, including General Chemical, and that GenTek and General Chemical emerged from bankruptcy on October 7, 2003 under a plan of reorganization that became effective on November 10, 2003. GCC further admits that GCC engaged in certain discrete instances of collusive conduct pertaining to the sale and marketing of Alum in the United States during the Relevant Period, including after emerging from bankruptcy.

23.     GCC admits the allegations contained in Paragraph 23 of the Complaint.

24.     GCC denies the allegations contained in Paragraph 24 of the Complaint, except admits that Chemtrade Logistics Income Fund is a limited purpose trust established in 2001 under the laws of the Province of Ontario, and has its principal place of business in Toronto, Canada. GCC also admits that Chemtrade Logistics Income Fund's subsidiaries supply

chemicals in Canada and the United States. GCC further admits that Chemtrade Logistics

Income Fund's Water Solutions and Specialty Chemicals segment manufactures and markets a

variety of inorganic coagulants used in water treatment, including Alum.

     25.     GCC admits the allegations contained in Paragraph 25 of the Complaint.

     26.     GCC admits the allegations contained in Paragraph 26 of the Complaint.

     27.     GCC denies the allegations contained in Paragraph 27 of the Complaint, except

admits that Chemtrade Chemicals corporation is a Delaware corporation with its principal place

of business at 90 East Hasley Road, Parsippany, New Jersey, 07054, is a wholly owned

subsidiary of Chemtrade Logistics, Inc., and that Chemtrade sold Alum directly to purchasers in

the United States during the Relevant Period.

     28.     GCC denies the allegations contained in Paragraph 28 of the Complaint, except

admits that Chemtrade Chemicals US, LLC is a Delaware limited liability company with its

principal place of business at 90 East Hasley Road, Parsippany, New Jersey, 07054, is a wholly

owned subsidiary of Chemtrade Logistics, Inc., and that Chemtrade sold Alum directly to

purchasers in the United States during the Relevant Period.

     29.     GCC admits the allegations contained in Paragraph 29 of the Complaint.

     30.     GCC denies the allegations contained in Paragraph 30 of the Complaint, except

admits that General Chemical Corporation was renamed Chemtrade Chemicals Corporation,

General Chemicals Performance Products, LCC was renamed Chemtrade Chemicals US, LLC,

and General Chemical LLC was renamed Chemtrade Solutions LLC.

     31.     GCC avers that no response is required as to the allegations contained in the first

sentence of Paragraph 31 of the Complaint as the allegations are definitional.  GCC denies the

remaining allegations contained in Paragraph 31 of the Complaint, except admits that Chemtrade

Logistics Income Fund, Chemtrade Logistics, Inc., Chemtrade Chemicals Corporation, Chemtrade Chemicals US, LLC, and Chemtrade Solutions, LLC (collectively, "Chemtrade") manufactures and sells water treatment chemicals, including Alum, in the United States.

32.     GCC denies the allegations contained in Paragraph 32 of the Complaint for lack of knowledge or information sufficient to form a belief as to the truth thereof, except admits that GEO manufactures and sells water treatment chemicals, including Alum. GCC also admits that GEO entered a plea agreement in June 2016 in connection with the sale and marketing of Alum.

33.     GCC denies the allegations contained in Paragraph 33 of the Complaint for lack of knowledge or information sufficient to form a belief as to the truth thereof, except admits that GEO filed a voluntary Chapter 11 petition in the United States Bankruptcy Court for the District of New Jersey on March 18, 2004. With respect to the outcome of the bankruptcy proceedings, GCC refers Plaintiff to the relevant bankruptcy docket for a review of its content.

34.     GCC denies the allegations contained in Paragraph 34 of the Complaint for lack of knowledge or information sufficient to form a belief as to the truth thereof, except admits that C&S Chemicals, Inc. ("C&S Chemicals") manufactures and sells water treatment chemicals, including Alum.

35.     GCC denies the allegations contained in Paragraph 35 of the Complaint for lack of knowledge or information sufficient to form a belief as to the truth thereof.

36.     GCC avers that no response is required as to the allegations contained in Paragraph 36 of the Complaint as the allegations are definitional.

37.     GCC denies the allegations contained in Paragraph 37 of the Complaint for lack of knowledge or information sufficient to form a belief as to the truth thereof.

38.     GCC denies the allegations contained in Paragraph 38 of the Complaint for lack of knowledge or information sufficient to form a belief as to the truth thereof.

39.     GCC avers that no response is required as to the allegations contained in Paragraph 39 of the Complaint as the allegations are definitional.

40.     GCC denies the allegations contained in Paragraph 40 of the Complaint for lack of knowledge or information sufficient to form a belief as to the truth thereof, except admits that USALCO, LLC ("USALCO") manufactures and sells water treatment chemicals, including Alum.

41.     GCC denies the allegations contained in Paragraph 41 of the Complaint for lack of knowledge or information sufficient to form a belief as to the truth thereof. To the extent that a response is required, GCC denies the allegations contained in Paragraph 41 of the Complaint, except admits that Delta Chemical Corporation ("Delta Chemical") manufactured and sold water treatment chemicals, including Alum. GCC further admits that USALCO acquired Delta Chemical.

42.     GCC denies the allegations contained in Paragraph 42 of the Complaint for lack of knowledge or information sufficient to form a belief as to the truth thereof, except admits that Kemira Chemicals, Inc. ("Kemira") manufactures and sells water treatment chemicals, including Alum.

43.     GCC denies the remaining allegations contained in Paragraph 43 of the Complaint for lack of knowledge or information sufficient to form a belief as to the truth thereof.

44.     GCC denies the allegations contained in Paragraph 44 of the Complaint for lack of knowledge or information sufficient to form a belief as to the truth thereof, except admits that

Southern Ionics, Inc. ("Southern Ionics") manufactures and sells water treatment chemicals, including Alum.

45.     The allegations contained in Paragraph 45 of the Complaint constitute legal contentions and/or conclusions and Plaintiff's characterization of claims to which no response is required.

46.     GCC denies the allegations contained in the Paragraph 46 of the Complaint as they relate to GCC, except admits that, through its employees, GCC engaged in certain discrete instances of collusive conduct pertaining to the sale and marketing of Alum in the United States during the Relevant Period.

## IV.     UNDENTIFIED CO-CONSPIRATORS

47.     GCC denies the allegations contained in Paragraph 47 of the Complaint, except admits that GCC engaged in certain discrete instances of collusive conduct in the sale and marketing of Alum in the United States during the Relevant Period with certain other entities not named in the Complaint.

48.     The allegations contained in Paragraph 48 of the Complaint constitute legal contentions and/or conclusions to which no response is required.

49.     GCC denies the allegations contained in the Paragraph 49 of the Complaint as they relate to GCC, except admits that, through its employees, GCC engaged in certain discrete instances of collusive conduct pertaining to the sale and marketing of Alum in the United States during the Relevant Period.

50.     GCC denies the allegations contained in Paragraph 50 of the Complaint for lack of knowledge or information sufficient to form a belief as to the truth thereof.

## V.    <u>INTERSTATE TRADE AND COMMERCE</u>

51.    GCC denies the allegations contained in Paragraph 51, except admits that GCC's products are sold to certain states in the flow of interstate commerce. GCC further admits that it sells Alum to customers in the United States.

52.    The allegations contained in Paragraph 52 of the Complaint constitute legal contentions and/or conclusions to which no response is required. To the extent that a response is required, GCC denies the allegations contained in Paragraph 52 of the Complaint as they relate to GCC, except admits that GCC's products are sold to certain states in the flow of interstate commerce.

## VI.    <u>RELEVANT MARKET</u>

53.    GCC denies the allegations contained in Paragraph 53 of the Complaint.

54.    GCC denies the allegations contained in Paragraph 54 of the Complaint.

## VII.    <u>ALLEGATIONS OF FACT COMMON TO ALL CLAIMS</u>

**A.    ALUM INDUSTRY BACKGROUND**

55.    GCC denies the allegations contained in Paragraph 55 of the Complaint for lack of knowledge or information sufficient to form a belief as to the truth thereof, except admits that Plaintiff purports to cite 2015 market research reports. GCC refers Plaintiff to the respective market reports for a review of their contents.

56.    GCC admits the allegations in Paragraph 56 of the Complaint.

57.    GCC admits the allegations in Paragraph 57 of the Complaint.

58.    GCC admits the allegations in Paragraph 58 of the Complaint.

59.    GCC denies the allegations contained in Paragraph 59 of the Complaint, except admits that Alum can be used for water and wastewater treatment. GCC also admits that Alum

causes impurities to coagulate into larger particles or clump together before settling the bottom of a container, allowing them to be filtered out more easily.

60.     GCC denies the allegations contained in Paragraph 60 of the Complaint, except admits that Alum is widely used as water treatment chemical.

61.     GCC admits the allegations contained in Paragraph 61 of the Complaint.

62.     GCC denies the allegations contained in Paragraph 62 of the Complaint, except admits that one of the many factors used to determine the price of Alum is the cost of freight, and that suppliers of Alum frequently consider the cost of shipping in the bid price.

63.     GCC denies the allegations contained in Paragraph 63 of the Complaint, except admits that some municipalities purchase Alum to treat water and wastewater. GCC also admits that certain municipalities acquire Alum through a bidding process, and that certain municipalities entered contracts for Alum that were one year in duration with options to renew for a period of time. GCC also admits that such municipal contracts for Alum were typically made public.

64.     GCC denies the allegations contained in Paragraph 64 of the Complaint for lack of knowledge or information sufficient to form a belief as to the truth thereof.

**B.     THE ALUM MARKET IN THE UNITED STATES IS SUSCEPTIBLE TO COLLUSION**

65.     GCC denies the allegations contained in Paragraph 65 of the Complaint.

**i.     Alum Is a Commodity Product With a High Degree of Interchangeability**

66.     GCC denies the allegations contained in Paragraph 66 of the Complaint for lack of knowledge or information sufficient to form a belief as to the truth thereof.

67.     GCC denies the allegations contained in Paragraph 67 of the Complaint.

68.     GCC denies the allegations contained in Paragraph 68 of the Complaint for lack of knowledge or information sufficient to form a belief as to the truth thereof, except admits that Plaintiff purports to cite a chart on USALCO's website that purports to show Alum's specific specifications for iron content, specific gravity, density, and color. GCC refers Plaintiff to the relevant chart for a review of its contents.

69.     GCC denies the allegations contained in Paragraph 69 of the Complaint, except admits that Plaintiff purports to quote and characterize certain reports therein. GCC refers Plaintiff to the respective reports for a review of their contents.

ii.     **Input Costs for Alum Were Stable or Declining for Much of the Conspiracy Period**

70.     GCC admits the allegations contained in Paragraph 70 of the Complaint and further avers that rising costs for raw materials constituted one of several factors that caused the price of Alum to increase in the United States during the Relevant Period.

71.     GCC denies the allegations contained in Paragraph 71 of the Complaint, except admits that one way to manufacture Alum is by combining sulfuric acid with aluminum trihydrate, formed by dissolving bauxite in sodium hydroxide.

72.     GCC denies the allegations contained Paragraph 72 of the Complaint, except admits that the graph identified in Paragraph 72 of the Complaint purports to show that bauxite (of the raw materials used to make Alum) prices decreased during the identified period and rose from 2003 to 2007.

73.     GCC denies the allegations contained in Paragraph 73 of the Complaint, except admits that Plaintiff purport to cite a 2014 article by Forbes. GCC refers Plaintiff to the relevant article for a review of its contents. GCC further admits that the graph identified in Paragraph 73

14

of the Complaint purports to show an increase in prices in late 2007 and 2008, and a decrease in prices in late 2008 and early 2009.

74.     GCC denies the allegations contained in Paragraph 74 of the Complaint, except admits that there were increases in the prices for sulfuric acid, an ingredient used to make Alum, in 2008 and decreases in 2009.

75.     GCC denies the allegations contained in Paragraph 75 of the complaint, including all of its subparts, except admits that Plaintiff purports to characterize certain articles and publications therein. GCC refers Plaintiff to the respective documents for a review of their contents.

76.     GCC denies the allegations contained in Paragraph 76 of the Complaint.

77.     GCC denies the allegations contained in Paragraph 77 of the Complaint, except admits that Plaintiff purports to characterize a survey from the Water Research Foundation. GCC refers Plaintiff to the relevant document for a review of its contents.

78.     GCC denies the allegations contained in Paragraph 78 of the Complaint, except admits that Plaintiff purports to characterize GenTek's 2009 Form 10-K. GCC refers Plaintiff to the respective document for a review of its contents.

    **iii.     Alum Experienced Weak Demand in a Mature Market During the Conspiracy Period**

79.     GCC denies the allegations contained in Paragraph 79 of the Complaint.

80.     GCC denies the allegations contained in Paragraph 80 of the Complaint, except admits that Plaintiff purports to cite a 2004 article. GCC refers Plaintiff to the relevant article for a review of its contents.

81.     GCC denies the allegations contained in Paragraph 81 of the Complaint, except admits that Plaintiff purports to characterize Kemira parent company's 2008 annual report. GCC refers Plaintiff to the relevant document for a review of its contents.

82.     GCC denies the allegations contained in Paragraph 82 of the Complaint, except admits that Plaintiff purports to characterize certain articles and publications. GCC refers Plaintiff to the respective documents for a review of their contents.

83.     GCC denies the allegations contained in Paragraph 83 of the Complaint.

84.     GCC denies the allegations contained in Paragraph 84 of the Complaint as they relate to GCC, except avers that in certain circumstances, certain of GCC's water treatment chemical plants were working at or near full capacity in terms of Alum production during the Relevant Period.

**iv.     There Are No Apparent Economic Substitutes for Alum**

85.     GCC denies the allegations contained in Paragraph 85 of the Complaint.

86.     GCC denies the allegations contained in Paragraph 86 of the Complaint, except admits that switching from Alum to another inorganic coagulant may require some reconfiguration of water treatment plants.

**v.     There Are Significant Barriers to Entry in the Alum Market**

87.     GCC denies the allegations contained in Paragraph 87 of the Complaint.

88.     GCC denies the allegations contained in Paragraph 88 of the Complaint, except admits that Plaintiff purports to characterize an article from Water World. GCC refers Plaintiff to the relevant document for a review of its contents.

89.     GCC denies the allegations contained in Paragraph 89 of the Complaint, except admits that Plaintiff purports to cite a former GCC Marketing Manager, Karla Doremus-Transfield. GCC refers Plaintiff to the relevant document for a review of its contents. GCC

further admits that Reichl is a co-owner of Affinity Chemical, LLC, which was formed in 2011. GCC further admits that Reichl entered a plea agreement in connection with the sale and marketing of Alum.

### vi.   The Alum Industry Is Highly Concentrated and Has Experienced Heavy Consolidation

90.     GCC denies the allegations contained in Paragraph 90 of the Complaint.

91.     GCC denies the allegations contained in Paragraph 91 of the Complaint.

92.     GCC denies the allegations contained in Paragraph 92 of the Complaint for lack of knowledge or information sufficient to form a belief as to the truth thereof, except admits that GEO acquired the Gulf Coast Alum business of Rhone Poulenc in 1993, Courtney Industries' assets in July 1994, Cytec's Alum business, which included seven plants, in December 1998, and Henkel Corporation's Construction & Paper Chemicals Division in March 1997.

93.     GCC denies the allegations contained in Paragraph 93 of the Complaint, except admits that General Chemical acquired Perifot Holdings, Inc. om June 1997, GAC MidAmerica, Inc. in September 2006, Chalum, Inc. in February 2007, Bay Chemical and Supply Company in December 2007, and certain assets of Alchem, including its customer list, in early 2011.

94.     GCC denies the allegations contained in Paragraph 94 of the Complaint, except admits that Plaintiff purports to characterize an October 1998 article from the Chemical Market Reporter. GCC refers Plaintiff to the article for a review of its content.

95.     GCC denies the allegations contained in Paragraph 95 of the Complaint for lack of knowledge or information sufficient to form a belief as to the truth thereof.

96.     GCC denies the allegations contained in Paragraph 96 of the Complaint, except admits that it periodically bought and/or sold Alum to and/or from certain competitors during the Relevant Period. GCC denies the allegations contained in the second sentence of Paragraph 96 of

the Complaint for lack of knowledge or information sufficient to form a belief as to the truth thereof.

**vii.    Opportunities To Collude Facilitated Defendants' Conspiracy**

97.    GCC denies the allegations contained in Paragraph 97 of the Complaint, except admits that Plaintiff purports to characterize Reichl's indictment. GCC refers Plaintiff to the terms of the relevant indictment for a review of its content.

98.    GCC denies the allegations contained in Paragraph 98 of the Complaint, except admits that GCC employees, including Reichl, attended certain industry meetings and events at which other Defendants were present.

99.    GCC denies the allegations contained in Paragraph 99 of the Complaint, except admits that GCC employees attended certain AWWA trade shows. To the extent that the allegations contained in Paragraph 99 of the Complaint relate to other Defendants, GCC lacks knowledge or information sufficient to form a belief as to their truth and therefore denies them.

100.    GCC denies the allegations contained in Paragraph 100 of the Complaint as they relate to GCC. To the extent that the allegations contained in Paragraph 100 of the Complaint relate to other Defendants, GCC lacks knowledge or information sufficient to form a belief as to their truth and therefore denies them

101.    GCC denies the allegations contained in Paragraph 101 of the Complaint, except admits that GCC employees, including Reichl, attended certain industry meetings and events at which other competitors were present during the Relevant Period.

102.    GCC denies the allegations contained in Paragraph 102 of the Complaint, except admits that Plaintiff purports to characterize and quote a 2004 ICIS article. GCC refers Plaintiff to the relevant article for a review of its contents.

103.     Plaintiff appears to rely on documents to support its allegations in Paragraph 103 of the Complaint.  GCC refers Plaintiff to those documents for a review of their contents.

104.     GCC denies the allegations contained in Paragraph 104 of the Complaint for lack of knowledge or information sufficient to form a belief as to the truth thereof.

105.     GCC denies the allegations contained in Paragraph 105 of the Complaint for lack of knowledge or information sufficient to form a belief as to the truth thereof.

106.     GCC denies the allegations contained in Paragraph 106 of the Complaint, except that Plaintiff purports to characterize various public documents. GCC refers Plaintiff to the respective documents for a review of their contents. GCC further admits that in certain discrete instances GCC submitted a high bid in an effort not to win a particular account, including for legitimate business reasons.

### viii.    There Is a History of Collusive Conduct in the Water Treatment Chemicals Industry

107.     GCC denies the allegations contained in Paragraph 107 of the Complaint.

108.     GCC denies the allegations contained in Paragraph 108 of the Complaint for lack of knowledge or information sufficient to form a belief as to the truth thereof.

109.     GCC denies the allegations contained in Paragraph 109 of the Complaint for lack of knowledge or information sufficient to form a belief as to the truth thereof, except admits that Plaintiff purports to characterize certain settlement agreements entered into by Kemira. GCC refers Plaintiff to the relevant settlement agreements for a review of their contents.

## C.    DEFENDANTS' MARKET ALLOCATION AND RELATED BID-RIGGING ACTIVITIES

110.     GCC denies the allegations contained in Paragraph 110 of the Complaint, except admits that in the mid-1990s there was a price war between GCC and GEO.

111.    GCC denies the allegations contained in Paragraph 111 of the Complaint, except admits that in 1996 or 1997 there was a meeting at which employees from GCC met with employees from GEO. With respect to the terms of the criminal pleas and indictments, GCC refers Plaintiff to the respective plea agreements and indictments for a review of their contents.

112.    GCC denies the allegations contained in Paragraph 112 of the Complaint, except admits that in 1996 or 1997 there was a meeting in Little Rock, Arkansas at which Avraamides, then the Director of Sales and Marketing at GCC, and Reichl, then the General Manager of Water Chemicals at GCC, met with Grandle from GEO and discussed the Alum market in the United States.

113.    GCC denies the allegations contained in Paragraph 113 of the Complaint as they relate to GCC, except admits that certain of GCC's employees engaged in certain discrete actions to allocate customers, including engaging in certain discrete communications with competitors regarding the sale and marketing of Alum in the United States during the Relevant Period. To the extent that the allegations of Paragraph 113 of the Complaint relate to other Defendants, GCC lacks knowledge or information sufficient to form a belief as to their truth and therefore denies them.

i.      **Regular Inter-Defendant Meetings and Communications**

114.    GCC denies the allegations contained in Paragraph 114 of the Complaint as they relate to GCC, except admits that certain of GCC's employees engaged in certain discrete communications with certain competitors regarding the allocation of certain customers in connection with the sale and marketing of Alum in the United States during the Relevant Period. To the extent that the allegations of Paragraph 114 of the Complaint relate to communications between Defendants not including GCC, GCC lacks knowledge or information sufficient to form

20

a belief as to their truth and therefore denies them. With respect to the terms of the criminal

pleas, GCC refers Plaintiff to the respective plea agreements for a review of their contents.

115.     GCC denies the allegations contained in Paragraph 115 of the Complaint, except

admits that Plaintiff purports to cite an email exchange between Gupta, the Director of

Marketing for Alum at GenChem, and Steppig from May 28, 2008. GCC refers Plaintiff to the

relevant document for a review of its contents. GCC further admits that Gupta later called

Steppig on his mobile phone.

116.     GCC denies the allegations contained in Paragraph 116 of the Complaint, except

admits that Plaintiff purports to quote an email between Opalewski and Milton Sundbeck from

January 14, 2010. GCC refers Plaintiff to the relevant document for a review of its contents.

**ii.      Widespread Anomalous Bidding Behavior**

117.     GCC denies the allegations contained in Paragraph 117 of the Complaint as they

relate to GCC, except admits that in certain discrete instances GCC may have had the ability to

submit bids at lower prices than it did.

118.     GCC denies the allegations contained in Paragraph 118 of the Complaint, except

admits that one of the many factors used to determine the price of Alum is the cost of freight and

that suppliers of Alum frequently included the cost of shipping in the bid price. GCC further

admits that in some instances, a supplier that is "freight logical" may have an economic

advantage over other suppliers if those suppliers are materially farther away from the customer.

119.     GCC denies the allegations contained in Paragraph 119 of the Complaint, except

admits that in some instances suppliers that were not necessarily the closest supplier won bids

over suppliers with plants that were located closer to the customer but who submitted bids that

were higher than the supplier who was less freight logical.

### iii.    Policing and Enforcement Efforts

120.    GCC denies the allegations contained in Paragraph 120 of the Complaint as they relate to GCC.

121.    GCC denies the allegations contained in Paragraph 121 of the Complaint as they relate to GCC.

### iv.    Defendants' Actions Increased Prices Across the Industry

122.    GCC denies the allegations contained in Paragraph 122 of the Complaint as they relate to GCC, except admits that it engaged in certain discrete instances of collusion with regard to the sale and marketing of Alum in the United States during the Relevant Period that may have contributed to price increases for certain affected customers of Alum.

123.    GCC denies the allegations contained in Paragraph 123 of the Complaint as they relate to GCC, except admits that during the Relevant Period, GCC told certain customers that price increases for raw materials were at least partially responsible for increases in the price of Alum sold in the United States. GCC further admits that in December 2004 Rich Fedison communicated with a customer regarding raw material costs. GCC refers Plaintiff to the relevant document for a review of its contents.

124.    GCC denies the allegations contained in Paragraph 124 of the Complaint as they relate to GCC, except admits that GCC engaged in certain discrete instances of collusion with regard to the sale and marketing of Alum in the United States during the Relevant Period that may have contributed to higher prices for certain affected customers of Alum. GCC denies the allegations contained in the last sentence of Paragraph 124 of the Complaint for lack of knowledge or information sufficient to form a belief as to the truth thereof.

125.    GCC denies the allegations contained in the first sentence of Paragraph 125 of the Complaint. GCC denies the allegations contained in the second sentence of Paragraph 125 of the Complaint for lack of knowledge or information sufficient to form a belief as to the truth thereof.

126.    GCC denies the allegations contained in Paragraph 126 of the Complaint, except admits that GCC's sales to the water treatment market rose from 2007 to 2009, as outlined in GenTek's 2009 Form 10-K. GCC refers Plaintiff to the relevant document for a review of its contents.

**D.     UNITED STATES DEPARTMENT OF JUSTICE INVESTIGATIONS**

127.    GCC denies the allegations contained in Paragraph 127 of the Complaint for lack of knowledge or information sufficient to form a belief as to the truth thereof, except admits that Reichl, a former employee of GCC, entered a plea agreement in October 2015 in connection with the sale and marketing of Alum, and GEO entered a plea agreement in 2016 in connection with the sale and marketing of Alum. GCC refers Plaintiff to the respective pleas for a review of their contents.

128.    GCC denies the allegations contained in Paragraph 128 of the Complaint, except admits that Chemtrade issued an Annual Information Form on March 4, 2014, and that Plaintiff purports to characterize and quote said Annual Information Form. GCC refers Plaintiff to the relevant document for a review of its contents. GCC further admits that it sought and received leniency from the DOJ Antitrust Division pursuant to the Antitrust Division's Corporate Leniency Policy, and that GCC is cooperating with the DOJ's investigation regarding the sale and marketing of Alum. With respect to the terms of the DOJ's leniency program, GCC refers Plaintiff to the DOJ's policies and procedures for a review of their contents.

129.    GCC denies the allegations contained in Paragraph 129 of the Complaint, except admits that Chemtrade issued an Annual Information Form on March 5, 2015, and that Plaintiff

purports to characterize and quote said Annual Information Form. GCC refers Plaintiff to the relevant document for a review of its contents. GCC further admits that it sought and received leniency from the DOJ Antitrust Division pursuant to the Antitrust Division's Corporate Leniency Policy, and that GCC is cooperating with the DOJ's investigation regarding the sale and marketing of Alum. With respect to the terms of the DOJ's leniency program, GCC refers Plaintiff to the DOJ's policies and procedures for a review of their contents.

130.    GCC denies the allegations contained in Paragraph 130 of the Complaint, except admits that Chemtrade issued an Annual Information Form on March 4, 2016, and that Plaintiff purports to characterize and quote said Annual Information Form. GCC refers Plaintiff to the relevant document for a review of its contents. GCC further admits that it sought and received leniency from the DOJ Antitrust Division pursuant to the Antitrust Division's Corporate Leniency Policy, and that GCC is cooperating with the DOJ's investigation regarding the sale and marketing of Alum. With respect to the terms of the DOJ's leniency program, GCC refers Plaintiff to the DOJ's policies and procedures for a review of their contents.

131.    GCC denies the allegations contained in Paragraph 131 of the Complaint, except admits that Chemtrade issued an Annual Information Form on March 2, 2017, and that Plaintiff purports to characterize and quote said Annual Information Form. GCC refers Plaintiff to the relevant document for a review of its contents. GCC further admits that it sought and received leniency from the DOJ Antitrust Division pursuant to the Antitrust Division's Corporate Leniency Policy, and that GCC is cooperating with the DOJ's investigation regarding the sale and marketing of Alum. With respect to the terms of the DOJ's leniency program, GCC refers Plaintiff to the DOJ's policies and procedures for a review of their contents.

132.     GCC denies the allegations contained in Paragraph 132 of the Complaint, except admits that Plaintiff purports to characterize and quote the Department of Justice's Frequently Asked Questions regarding the its corporate leniency program. GCC refers the Plaintiff to the relevant document for a review of its contents.

133.     GCC denies the allegations contained in Paragraph 133 of the Complaint, except admits that Reichl, a former employee of GCC, entered a plea agreement in October 2015 in connection with the sale and marketing of Alum. With respect to the terms of the plea, GCC refers Plaintiff to the relevant plea agreement for a review of its contents.

134.     GCC denies the allegations contained in Paragraph 134 of the Complaint, except admits that Reichl held certain positions at General Chemical Corporation, including General Manager of Water Chemicals from 1993 to 2005, and Vice President of Sales and Marketing for All Chemicals from 2006 until he was terminated in 2010. GCC further admits that, at certain points during the identified period, Reichl oversaw the sale and marketing of water treatment chemicals, including Alum, and had a role in pricing and bidding, and supervised employees responsible for pricing.

135.     GCC denies the allegations contained in Paragraph 135 of the Complaint, except admits that a criminal information was filed against Reichl, and refers Plaintiff to the relevant criminal information for a review of its contents.

136.     GCC denies the allegations in Paragraph 136 of the Complaint, except admits that criminal information was filed against Reichl and refers Plaintiff to the respective criminal information for a review of its contents.

137.     GCC denies the allegations contained in Paragraph 137 of the Complaint, except admits that Opalewski and Steppig have been indicted by the United States in connection with

the sale and marketing of Alum. With respect to the terms of the indictments, GCC refers Plaintiff to the respective indictments for a review of their contents.

138.    GCC denies the allegations contained in Paragraph 138 of the Complaint, except admits that Opalewski held certain positions at General Chemical during the identified period, including Vice President of Sales and Marketing from 2005 to 2006, Vice President and General Manager from 2006 to 2009, and President from 2009 to 2011.

139.    GCC admits that Opalewski has been indicted by the United States in connection with the sale and marketing of Alum and refers Plaintiff to the relevant indictment for a review of its contents.

140.    GCC denies the allegations contained in Paragraph 140 of the Complaint for lack of knowledge or information sufficient to form a belief as to the truth thereof.

141.    GCC admits that Steppig has been indicted by the United States in connection with the sale and marketing of Alum and refers Plaintiff to the relevant indictment for a review of its contents.

142.    GCC admits that Opalewski and Steppig have been indicted by the United States in connection with the sale and marketing of Alum and refers Plaintiff to the relevant indictment for a review of its contents.

143.    GCC denies the allegations in Paragraph 143 of the Complaint, except admits that Opalewski and Steppig have been indicted by the United States in connection with the sale and marketing of Alum. With respect to the terms of the indictments, GCC refers Plaintiff to the respective indictments for a review of their contents.

144.    GCC denies the allegations contained in Paragraph 144 of the Complaint, except admits that GEO entered a plea agreement in June 2016 in connection with the sale and

marketing of Alum. With respect to the terms of the plea, GCC refers Plaintiff to the relevant plea agreement for a review of its contents.

145.    GCC denies the allegations contained in Paragraph 145 of the Complaint, except admits that a criminal information was filed against GEO, and refers Plaintiff to the relevant criminal information for a review of its contents.

146.    GCC denies the allegations contained in Paragraph 146 of the Complaint for lack of knowledge or information sufficient to form a belief as to the truth thereof, except admits that, as set forth in the foregoing paragraphs, GCC engaged in certain discrete instances of collusive conduct pertaining to the sale and marketing of Alum in the United States during the Relevant Period.

147.    GCC denies the allegations contained in Paragraph 147 of the Complaint, except admits that Plaintiff purports to quote certain press releases. GCC refers Plaintiff to the respective press releases for a review of their contents.

## VIII.   PLAINTIFF RICHMOND'S ALUM PURCHASING HISTORY

148.    GCC denies the allegations contained in Paragraph 148 of the Complaint.

149.    GCC denies the allegations contained in Paragraph 149 of the Complaint, except admits that Plaintiff purchased Alum from General Chemical throughout the Relevant Period.

150.    GCC denies the allegations contained in Paragraph 150 of the Complaint for lack of knowledge or information sufficient to form a belief as to the truth thereof, except admits that GCC supplied Alum to Plaintiff during the Relevant Period.

151.    GCC denies the allegations contained in Paragraph 151 of the Complaint for lack of knowledge or information sufficient to form a belief as to the truth thereof.

152.     GCC denies the allegations contained in Paragraph 152 of the Complaint, except admits that in 2003, it submitted a bid for Alum to Plaintiff in the amount of $115.80 per ton, and in 2004, Plaintiff renewed its contract with GCC at a price of $131.80 per ton.

153.     GCC denies the allegations contained in Paragraph 153 of the Complaint, except admits that in 2005, Plaintiff renewed its contract with GCC at a price of $151.80 per ton.

154.     GCC denies the allegations contained in Paragraph 154 of the Complaint, except admits that in 2006, Plaintiff renewed its contract with GCC at a price of $176.60 per ton.

155.     GCC denies the allegations contained in Paragraph 155 of the Complaint, except admits that in 2007, Plaintiff renewed its contract with GCC at a price of $191.60 per ton, and that in 2008, GCC submitted a bid for Alum to Plaintiff in the amount of $401.60 per ton.

156.     GCC denies the allegations contained in Paragraph 156, except admits that prices for Alum sold to Plaintiff by GCC remained above $300 per ton from 2008 through the Relevant Period.

157.     GCC denies the allegations contained in Paragraph 157 of the Complaint, except admits that it submitted the lowest bid in 2003 and appears to have submitted the only bid in 2008.  GCC further avers that from 2003 through 2011, bids were submitted for Plaintiff only in 2003 and 2008; Plaintiff renewed its contract with GCC for the other years.

158.     GCC denies the allegations contained in Paragraph 158 of the Complaint, except admits that Plaintiff purchased millions of dollars of Alum from GCC during the Relevant Period.

159.     GCC denies the allegations contained in the first sentence of Paragraph 159 in the Complaint.  GCC denies the allegations contained in second sentence of Paragraph 159 of the Complaint for lack of knowledge or information sufficient to form a belief as to the truth thereof.

## IX.    FRAUDULENT CONCEALMENT

160.    The allegations contained in Paragraph 160 of the Complaint constitute legal contentions and/or conclusions and Plaintiff's characterization of claims to which no response is required. To the extent that a response is required, GCC denies the allegations contained in Paragraph 160 of the Complaint.

161.    GCC denies the allegations contained in Paragraph 161 of the Complaint, except admits that, in certain discrete instances, certain of GCC employees engaged in communications with certain competitors regarding discrete instances of collusive conduct with regard to the sale and marketing of Alum in the United States during the Relevant Period.

162.    GCC denies the allegations contained in Paragraph 162 of the Complaint.

163.    The allegations contained in Paragraph 163 of the Complaint constitute legal contentions and/or conclusions and Plaintiff's characterization of claims to which no response is required. To the extent that a response is required, GCC denies the allegations contained in Paragraph 163 of the Complaint.

164.    The allegations contained in Paragraph 164 of the Complaint constitute legal contentions and/or conclusions and Plaintiff's characterization of claims to which no response is required. To the extent that a response is required, GCC denies the allegations contained in Paragraph 164 of the Complaint.

165.    The allegations contained in Paragraph 165 of the Complaint constitute legal contentions and/or conclusions and Plaintiff's characterization of claims to which no response is required. To the extent that a response is required, GCC denies the allegations contained in Paragraph 165 of the Complaint, except admits that Plaintiff purports to characterize and quote certain Chemtrade Annual Information Forms. GCC refers Plaintiff to the relevant documents for a review of its contents.

166.     GCC denies the allegations contained in Paragraph 166 of the Complaint.

167.     GCC denies the allegations contained in Paragraph 167 of the Complaint as they relate to GCC, except admits that in certain instances, for certain bids, GCC executed and submitted affidavits of non-collusion certifying that it had not discussed its bid with any competitors.

168.     GCC denies the allegations contained in Paragraph 168 of the Complaint, except admits that Plaintiff purports to quote and characterize a 2008 Richmond Alum contract. GCC refers Plaintiff to the relevant contract for a review of its contents.

169.     GCC denies the allegations contained in Paragraph 169 of the Complaint as they relate to GCC, except admits that, during the Relevant Period, GCC told certain customers that price increases for raw materials were at least partially responsible for increases in the price of Alum sold in the United States.

170.     GCC denies the allegations contained in Paragraph 170 of the Complaint lack of knowledge or information sufficient to form a belief as to the truth thereof.

171.     GCC denies the allegations in Paragraph 171 of the Complaint as they relate to GCC.

172.     The allegations contained in Paragraph 172 of the Complaint constitute legal contentions and/or conclusions to which no response is required.

173.     The allegations contained in Paragraph 173 of the Complaint constitute legal contentions and/or conclusions and Plaintiff's characterization of claims to which no response is required. To the extent a response is required, GCC denies the allegations contained in Paragraph 173 of the Complaint.

## COUNT I

### SHERMAN ACT, 15 U.S.C. § 1:
### CONSPIRACY IN RESTRAINT OF TRADE

174.    GCC repeats and incorporates by reference its responses to Paragraphs 1 through 173 above, as if fully set forth herein.

175.    The allegations contained in Paragraph 175 of the Complaint constitute legal contentions and/or conclusions and Plaintiff's characterization of claims to which no response is required. To the extent a response is required, GCC denies the allegations contained in Paragraph 175 of the Complaint as they relate to Plaintiff.

176.    The allegations contained in Paragraph 176 of the Complaint constitute legal contentions and/or conclusions and Plaintiff's characterization of claims to which no response is required. To the extent a response is required, GCC denies the allegations contained in Paragraph 176 of the Complaint as they relate to Plaintiff.

177.    The allegations contained in Paragraph 177 of the Complaint constitute legal contentions and/or conclusions and Plaintiff's characterization of claims to which no response is required. To the extent a response is required, GCC denies the allegations contained in Paragraph 177 of the Complaint as they relate to Plaintiff.

178.    The allegations contained in Paragraph 178 of the Complaint constitute legal contentions and/or conclusions and Plaintiff's characterization of claims to which no response is required. To the extent a response is required, GCC denies the allegations contained in Paragraph 178 of the Complaint.

179.    GCC denies the allegations contained in Paragraph 179 of the Complaint as they relate to GCC, except admits that, as set forth in the foregoing paragraphs, GCC engaged in

certain discrete instances of collusive conduct pertaining to the sale and marketing of Alum in the United States during the Relevant Period.

180.    GCC denies the allegations contained in Paragraph 180 of the Complaint.

181.    The allegations contained in Paragraph 181 of the Complaint constitute legal contentions and/or conclusions to which no response is required. To the extent a response is required, GCC denies the allegations contained in Paragraph 181 of the Complaint.

182.    The allegations contained in Paragraph 182 of the Complaint constitute legal contentions and/or conclusions to which no response is required. To the extent a response is required, GCC denies the allegations contained in Paragraph 182 of the Complaint.

## COUNT II

### VIRGINIA ANTITRUST ACT, VA. CODE ANN. § 59.1-9.5 CONSPIRACY IN RESTRAINT OF TRADE

183.    GCC repeats and incorporates by reference its responses to Paragraphs 1 through 182 above, as if fully set forth herein.

184.    The allegations contained in Paragraph 184 of the Complaint constitute legal contentions and/or conclusions to which no response is required. To the extent a response is required, GCC denies the allegations contained in Paragraph 184 of the Complaint.

185.    The allegations contained in Paragraph 185 of the Complaint constitute legal contentions and/or conclusions and Plaintiff's characterization of claims to which no response is required. To the extent a response is required, GCC denies the allegations contained in Paragraph 185 of the Complaint.

186.    The allegations contained in Paragraph 186 of the Complaint constitute legal contentions and/or conclusions and Plaintiff's characterization of claims to which no response is

required. To the extent a response is required, GCC denies the allegations contained in Paragraph 186 of the Complaint.

187.    The allegations contained in Paragraph 187 of the Complaint constitute legal contentions and/or conclusions and Plaintiff's characterization of claims to which no response is required. To the extent a response is required, GCC denies the allegations contained in Paragraph 187 of the Complaint.

188.    GCC denies the allegations contained in Paragraph 188 of the Complaint as they relate to GCC, except admits that, as set forth in the foregoing paragraphs, GCC engaged in certain discrete instances of collusive conduct pertaining to the sale and marketing of Alum in the United States during the Relevant Period.

189.    GCC denies the allegations contained in Paragraph 189 of the Complaint.

190.    GCC denies the allegations contained in Paragraph 190 of the Complaint.

191.    The allegations contained in Paragraph 191 of the Complaint constitute legal contentions and/or conclusions to which no response is required. To the extent that a response is required, GCC denies the allegations contained in Paragraph 191 of the Complaint.

## COUNT III

### COMMON LAW FRAUD
### (Against Defendant General Chemical)

192.    GCC repeats and incorporates by reference its responses to Paragraphs 1 through 191 above, as if fully set forth herein.

193.    The allegations contained in Paragraph 193 of the Complaint constitute legal contentions and/or conclusions to which no response is required. To the extent that a response is required, GCC denies the allegations contained in Paragraph 193 of the Complaint for lack of knowledge or information sufficient to form a belief as to the truth thereof.

194.     GCC denies the allegations contained in Paragraph 194 of the Complaint lack of knowledge or information sufficient to form a belief as to the truth thereof.

195.     The allegations contained in Paragraph 195 of the Complaint constitute legal contentions and/or conclusions to which no response is required. To the extent that a response is required, GCC denies the allegations contained in Paragraph 195 of the Complaint.

196.     The allegations contained in Paragraph 196 of the Complaint constitute legal contentions and/or conclusions to which no response is required. To the extent that a response is required, GCC denies the allegations contained in Paragraph 196 of the Complaint.

197.     The allegations contained in Paragraph 197 of the Complaint constitute legal contentions and/or conclusions to which no response is required. To the extent that a response is required, GCC denies the allegations contained in Paragraph 197 of the Complaint.

198.     The allegations contained in Paragraph 198 of the Complaint constitute legal contentions and/or conclusions to which no response is required.

199.     The allegations contained in Paragraph 199 of the Complaint constitute legal contentions and/or conclusions to which no response is required. To the extent that a response is required, GCC denies the allegations contained in Paragraph 199 of the Complaint.

200.     The allegations contained in Paragraph 200 of the Complaint constitute an assertion of purported right by Plaintiff to which no response is required.

<u>**COUNT IV**</u>

**BREACH OF CONTRACT**
**(Against Defendant General Chemical)**

201.     GCC repeats and incorporates by reference its responses to Paragraphs 1 through 200 above, as if fully set forth herein.

202.     GCC denies the allegations contained in Paragraph 202 of the Complaint for lack of knowledge or information sufficient to form a belief as to the truth thereof, except admits that Plaintiff purports to characterize certain supply contracts. GCC refers Plaintiff to the relevant supply contracts for a review of their contents.

203.     The allegations contained in Paragraph 203 of the Complaint constitute legal contentions and/or conclusions and Plaintiff's characterizations of claims to which no response is required. To the extent to which a response is required, GCC denies the allegations contained in Paragraph 203 of the Complaint for lack of knowledge or information sufficient to form a belief as to the truth thereof.

204.     The allegations contained in Paragraph 204 of the Complaint constitute legal contentions and/or conclusions to which no response is required. To the extent that a response is required, GCC denies the allegations contained in Paragraph 204 of the Complaint.

205.     The allegations contained in Paragraph 205 of the Complaint constitute an assertion of a purported right by Plaintiff to which no response is required.

## COUNT V

### RESTITUTION/DISGORGEMENT/UNJUST ENRICHMENT
### (Against Defendant General Chemical)

206.     GCC repeats and incorporates by reference its responses to Paragraphs 1 through 205 above, as if fully set forth herein.

207.     The allegations contained in Paragraph 207 of the Complaint constitute legal contentions and/or conclusions to which no response is required.

208.     The allegations contained in Paragraph 208 of the Complaint constitute legal contentions and/or conclusions to which no response is required. To the extent a response is required, GCC denies the allegations contained in Paragraph 208 of the Complaint.

209.    The allegations contained in Paragraph 209 of the Complaint constitute legal

contentions and/or conclusions to which no response is required. To the extent to which a

response is required, GCC denies the allegations contained in Paragraph 209 of the Complaint.

210.    The allegations contained in Paragraph 210 of the Complaint constitute an

assertion of a purported right by Plaintiff to which no response is required.

## X. <u>REQUEST FOR RELIEF</u>

GCC denies that Plaintiff suffered any injury or incurred any damages by any act or

omission of GCC as alleged in the Complaint, beyond those caused by the certain discrete

instances of collusive conduct described herein.  GCC further denies that Plaintiff is entitled to

any relief under any theory by means of the allegations set forth in each of the paragraphs and

their subparts in the Complaint except as it may relate to those certain discrete instances of

collusive conduct referenced above.

## DEFENSES

FURTHER, GCC asserts the following defenses and affirmative defenses to the

Complaint.  GCC does not concede that it has the burden of proof on such defenses that would

otherwise rest on Plaintiff:

## FIRST DEFENSE

## (Mitigation)

The relief sought by Plaintiff is barred, in whole or in part, because Plaintiff has failed to

take appropriate and necessary steps to mitigate their alleged damages, if any.

## SECOND DEFENSE

## (Statute of Limitations)

Plaintiff's claims should be dismissed to the extent that they are barred, in whole or in

part, by the applicable statute(s) of limitations.

**THIRD DEFENSE**

**(Due Process)**

To the extent Plaintiff's claims would result in GCC paying damages to more than one claimant for the same alleged overcharges to customers, they are barred because such multiple liability would violate rights guaranteed to GCC by the United States Constitution, including, without limitation, rights guaranteed by the Due Process Clause of the Fourteenth Amendment.

**FOURTH DEFENSE**

**(Waiver and Estoppel)**

The relief sought by Plaintiff is barred, in whole or in part, by the doctrines of waiver and/or estoppel.

**FIFTH DEFENSE**

**(Laches)**

The relief sought by Plaintiff is barred, in whole or in part, by the equitable doctrine of laches.

**SIXTH DEFENSE**

**(Unjust Enrichment)**

The relief sought by Plaintiff is barred, in whole or in part, because Plaintiff would be unjustly enriched if they were allowed to recover any part of the damages alleged in the Complaint.  The equitable relief sought by Plaintiff is barred, in whole or in part, because Plaintiff has available an adequate remedy at law.

**SEVENTH DEFENSE**

**(Comparative Fault)**

The relief sought by Plaintiff is barred, in whole or in part, because any and all injuries alleged in the Complaint, the fact and extent of which GCC specifically denies, were directly and

proximately caused or contributed to by the statements, acts, and/or omissions of Plaintiff and/or third parties or entities, other than GCC.

## EIGHTH DEFENSE

### (Acquiescence)

The relief sought by Plaintiff is barred, in whole or in part, by Plaintiff's acquiescence and/or confirmation of any and all conduct and/or omissions alleged as to GCC.

## NINTH DEFENSE

### (Set Off)

GCC is entitled to set off from any recovery Plaintiff may obtain against GCC, including but not limited to any amount paid to Plaintiff by any other Defendants who have settled, or do settle, Plaintiff's claims in this matter.

## TENTH DEFENSE

### (Restitution Unmanageable and Inequitable)

The relief sought by Plaintiff is barred, in whole or in part, to the extent the restitution sought in the Complaint is unmanageable and inequitable.

## ELEVENTH DEFENSE

### (Claims Barred)

The relief sought by Plaintiff is barred, in whole or in part, to the extent Plaintiff has failed to exhaust all remedies against GCC.

## TWELFTH DEFENSE

### (Independent, Legitimate Business and Economic Justification)

The relief sought by Plaintiff is barred, in whole or in part, because some of the conduct engaged in by GCC was reasonable and based on independent, legitimate business and economic justification.

## THIRTEENTH DEFENSE

### (No Unreasonable Restraint of Trade)

Plaintiff's claims are barred, in whole or in part, because the alleged conduct of GCC did not unreasonably restrain trade.

## FOURTEENTH DEFENSE

### (Reservation of Rights to Assert Additional Defenses)

GCC has not knowingly or intentionally waived any applicable defenses and explicitly reserves the right to assert and rely on such other applicable defenses as may become available or apparent during discovery proceedings. GCC further reserves the right to amend its Answer and/or its defenses accordingly, and/or to delete defenses that it determines are not applicable during the course of subsequent discovery.

## FIFTEENTH DEFENSE

### (Discharge in Bankruptcy)

Plaintiff is barred from seeking damages for any claims arising prior to GCC's emergence from bankruptcy on November 10, 2003.  Such claims were discharged, and thus, affirmatively enjoined by the United States Bankruptcy Court for the District of Delaware in GCC's bankruptcy case.

## SIXTEENTH DEFENSE

### (Other Defenses Incorporated by Reference)

GCC adopts and incorporates by reference any and all other additional or affirmative defenses asserted or to be asserted by any other defendant in this proceeding to the extent that GCC may share in such affirmative defenses.

## SEVENTEENTH DEFENSE

### (Failure to State a Claim)

Plaintiff's claims should be dismissed because the Complaint fails to state facts sufficient to plausibly suggest the existence of the conspiracy it alleges and also because Plaintiff fails to state a claim under the relevant state and federal laws upon which relief may be granted.

## EIGHTEENTH DEFENSE

### (Unclean Hands)

Plaintiff's claims should be dismissed to the extent that they are barred, in whole or in part, by the equitable doctrine of unclean hands.

## NINETEENTH DEFENSE

### (Failure to Plead with Particularity)

Plaintiff's claim for fraud should be dismissed, in whole or in part, for Plaintiff's failure to plead the claim with particularity.

## PRAYER FOR RELIEF

WHEREFORE, GCC prays that the Court determine and adjudge:

(a)     That the Complaint be dismissed with prejudice;

(b)     That judgment be entered in favor of GCC and against Plaintiff with respect to all causes of action in the Complaint;

(c)     That Plaintiff take nothing by the Complaint;

(d)     That GCC be awarded its costs, disbursements and attorneys' fees and expenses herein; and

(e)     That GCC be awarded such other and further relief as the Court may deem proper.

Dated: September 25, 2017                              Respectfully submitted,


                                              By: */s/ Richard H. Epstein*
                                                  Richard H. Epstein
                                                  **SILLS CUMMIS & GROSS P.C.**
                                                  One Riverfront Plaza
                                                  Newark, NJ 07102
                                                  Telephone: (973) 643-7000
                                                  Facsimile: (973) 643-6500
                                                  repstein@sillscummis.com

                                                  Steven A. Reiss (admitted pro hac vice)
                                                  Adam C. Hemlock (admitted pro hac vice)
                                                  **WEIL, GOTSHAL & MANGES LLP**
                                                  767 Fifth Avenue
                                                  New York, New York 10153-0119
                                                  Telephone: (212) 310-8000
                                                  Facsimile: (212) 310-8007
                                                  steven.reiss@weil.com
                                                  adam.hemlock@weil.com

                                                  *Counsel for Defendants General Chemical*
                                                  *Corporation, General Chemical*
                                                  *Performance Products LLC, General*
                                                  *Chemical LLC, GenTek Inc., Chemtrade*
                                                  *Logistics Income Fund, Chemtrade Logistics,*
                                                  *Inc., Chemtrade Chemicals Corporation,*
                                                  *Chemtrade Chemicals US LLC, and*
                                                  *Chemtrade Solutions LLC*

## LOCAL CIVIL RULE 11.2 CERTIFICATION

Pursuant to Local Civil Rule 11.2, GCC, by its undersigned counsel, certifies to the best of its knowledge, information, and belief that, aside from this multidistrict litigation, the subject matter of this controversy is also the subject of an action captioned *State of North Carolina ex rel. Lawrence McShane v. Reichl, et al.*, Docket Number 17-cv-00321, pending in the North Carolina General Court of Justice, Superior Court Division, County of Carrabus, and is not the subject of any other action pending in any court, or of any pending arbitration or administrative proceeding.

Dated: September 25, 2017

/s/ Richard H. Epstein
Richard H. Epstein

## LOCAL CIVIL RULE 201.1 CERTIFICATE OF NON-ARBITRABILITY

The undersigned counsel certifies that pursuant to L. Civ. R. 201.1, the within matter is not arbitrable because the Complaint appears to seek compensatory damages in excess of $150,000.

Dated: September 25, 2017

/s/ Richard H. Epstein
Richard H. Epstein

## CERTIFICATE OF SERVICE

I hereby certify that on September 25, 2017, I caused the foregoing Answer and Affirmative Defenses of the GCC Defendants to the City of Richmond's Complaint to be electronically filed with the Clerk of the Court using the CM/ECF system, which will send notifications of such filings to all counsel of record.

Dated: September 25, 2017

/s/ Richard H. Epstein
Richard H. Epstein