**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| In Re: LIQUID ALUMINUM SULFATE ANTITRUST LITIGATION | Civil Action No. 16-md-2687 (JLL) (JAD) |
|---|---|

**ORDER OF PRELIMINARY APPROVAL OF SETTLEMENT**

WHEREAS, this matter having come before the Court by way of Indirect Purchaser Class Plaintiffs' Motion for Preliminary Approval of Proposed Settlement Between Indirect Purchaser Class Plaintiffs and the GEO Settling Parties;

WHEREAS, the Court has received the Indirect Purchaser Settlement Agreement dated as of June 15, 2018 (the "Settlement Agreement"), that has been entered into by Indirect Purchaser Class Plaintiffs and GEO Specialty Chemicals Inc. ("GEO"), Kenneth A. Ghazey ("Ghazey") and Brian C. Steppig ("Steppig") (collectively the "GEO Settling Parties"), which, if finally approved by the Court, will result in the settlement of all claims asserted against the GEO Settling Parties in the above-captioned action (the "Action");

WHEREAS, in full and final settlement of the claims asserted against the GEO Settling Parties in the Action, GEO, on behalf of itself and the GEO Settling Parties, has agreed to: (i) pay $3,375,000 in cash; (ii) pay up to $1,000,000 from a sale of all or substantially all of GEO's equity interests, a merger of GEO and another entity, or a sale of all or substantially all of GEO's assets (collectively, a "Sale"), EBITDA-based payments, and/or shareholder dividends; and (iii) provide certain cooperation measures in Indirect Purchaser Class Plaintiffs' ongoing litigation efforts against the Non-Settling Defendants;

WHEREAS, the Settlement does not release any claims of the Indirect Purchaser Class Plaintiffs and the other members of the Indirect Purchaser Settlement Class against the Non-Settling Defendants;

WHEREAS, Indirect Purchaser Class Plaintiffs have moved pursuant to Rule 23(e) of the Federal Rules of Civil Procedure for an order preliminarily approving the Settlement Agreement, which sets forth the terms and conditions of the Settlement with the GEO Settling Parties;

WHEREAS, the Court has before it a motion for certification of a settlement class, for appointment of Interim IPP Lead Counsel as class counsel for the Indirect Purchaser Settlement Class and appointment of Indirect Purchaser Plaintiffs as class representatives for the Indirect Purchaser Settlement Class, for preliminary approval of a proposed settlement between Indirect Purchaser Plaintiffs and the GEO Settling Parties, and for approval of the form of notice to the Indirect Purchaser Settlement Class and the Notice Plan.

**ORDERED, ADJUDGED AND DECREED:**

Preliminary Approval of Settlement Agreement

1. Unless otherwise defined herein, all terms that are capitalized herein shall have the meanings ascribed to those terms in the Settlement Agreement.

2. This Court has jurisdiction over the subject matter of the Action (and all actions and proceedings consolidated in the Action), and over Indirect Purchaser Class Plaintiffs, the Indirect Purchaser Settlement Class, and GEO Settling Parties.

3. The Court finds, subject to final determination following a hearing on notice to potential class members, that the proposed settlement with the GEO Settling Parties forth in the Settlement Agreement is sufficiently fair, reasonable and adequate such that notice of the

settlement should be provided to the Indirect Purchaser Settlement Class (defined in paragraph 4 of this Order) and a hearing should be held as provided in paragraph 14 of this Order.

Class Certification

4.  For purposes of the settlement, the Court certifies the following Indirect Settlement Class pursuant to Fed. R. Civ. P. 23(a) and (b)(3):

> All persons or entities in Alabama, Arizona, California, Colorado, District of Columbia, Florida, Hawaii, Idaho, Illinois, Iowa, Kansas, Maine, Massachusetts, Michigan, Minnesota, Mississippi, Missouri, Nebraska, Nevada, New Hampshire, New Mexico, New York, North Carolina, North Dakota, Oregon, Rhode Island, South Dakota, Tennessee, Utah, Vermont, West Virginia, and Wisconsin, who indirectly purchased liquid aluminum sulfate, not for resale, which was manufactured, produced or supplied by Defendants or their unnamed co-conspirators from January 1, 1997 through February 28, 2011.

5.  Subject to final approval of the settlement at the hearing described in paragraph 13 of this Order, the Court finds and concludes for settlement purposes that: (a) the Indirect Settlement Class is so numerous that joinder of all members is impracticable; (b) there are question of law or fact common to the Indirect Purchaser Settlement Class; (c) the claims of the Indirect Purchaser Plaintiffs are typical of the claims of the Indirect Purchaser Settlement Class; (d) Indirect Purchaser Class Plaintiffs and Interim IPP Lead Counsel (defined below) will fairly and adequately represent the Indirect Purchaser Settlement Class; and (e) common issues predominate over any individual issues affecting the members of the Indirect Purchaser Settlement Class.   The Court also finds settlement of this action on a class action basis superior to other means of resolving this matter.  The Court appoints Interim IPP Lead Counsel, Jay B. Shapiro of Stearns Weaver Miller Weissler Alhadeff & Sitterson, P.A. and Marvin A. Miller of Miller Law LLC, as class counsel, having determined that the requirements of Rule 23(g) of the Federal Rules of Civil Procedure are fully satisfied by this appointment. The City of Homestead,

Florida, and City of Creston Water Works Department will serve as class representatives on behalf of the Indirect Purchaser Settlement Class.

Notice to Potential Class Members

6. The Court approves the Notice of Pendency and Proposed Settlement of Class Action (the "Settlement Notice") and finds that the publication of the Notice substantially in the manner and form in the Notice Plan complies fully with the requirements of the Federal Rule of Civil Procedure 23 and due process and is the best notice practicable under the circumstances.

7. The foregoing notice provisions are hereby found to be the best means of providing notice under the circumstances and, when completed, shall constitute due and sufficient notice of the proposed Settlement Agreement and the Final Approval Hearing to all persons affected by and/or entitled to participate in the Settlement Agreement, in full compliance with the notice requirements of Rule 23 of the Federal Rules of Civil Procedure and due process of law.

8. All funds held by the Escrow Agent shall be deemed and considered to be in *custodia legis* of the Court and shall remain subject to the jurisdiction of the Court, until such time as such funds shall be distributed pursuant to the Settlement Agreement and further order(s) of the Court.

9. The Settlement Fund shall be a trust and, to the extent it is held at a financial institution designated by Interim IPP Interim Lead Counsel, it shall be established as a fiduciary account and administered in accordance with the provisions of Paragraph 5 of the Settlement Agreement. The Court approves the establishment of the Indirect Purchaser Escrow Account under the Settlement Agreement as a qualified settlement fund ("QSF") pursuant to Internal

Revenue Code Section 468B and the Treasury Regulations promulgated thereunder, and retains continuing jurisdiction as to any issue that may arise in connection with the formation and/or administration of the QSF. Interim IPP Lead Counsel are, in accordance with the Settlement Agreement, authorized to expend funds from the QSF for payment of taxes, notice costs, and related expenses.

10. The Action is stayed only as to matters related to the GEO Settling Parties, the Settlement Agreement, implementation of the Settlement contemplated by it, or matters related to the Settlement Fund, including applications for attorneys' fees, reimbursement of expenses, and incentive awards to Indirect Purchaser Plaintiffs.

11. Indirect Purchaser Plaintiffs and the Indirect Purchaser Settlement Class Members are hereby preliminarily enjoined, until such Final Approval Hearing, from commencing or proceeding with any action against GEO Settling Parties or their Releasees that includes allegations or claims on account, or arising out of, relating to, or based on conduct alleged or asserted in this Action.

12. If the Settlement Agreement is not approved by the Court, or is terminated in accordance with its provisions, the Settlement Agreement and all proceedings had in connection therewith shall be null and void, except insofar as expressly provided to the contrary in the Settlement Agreement, and without prejudice to the *status quo ante* rights of Indirect Purchaser Class Plaintiffs, GEO Settling Parties, and the members of the Indirect Purchaser Settlement Class.

13. The Court sets the following Schedule for further proceedings relating to this Settlement:

- Commencement of Notice to the IPP Settlement Class-

- Date to file and serve Requests for Exclusion-

- Date to file and serve Objections-

- Date to file Responses to Objections-

- Date and time for Final Approval Hearing

Dated: _____

_____
Jose Linares, U.S.D.J.