UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| | : | |
| **IN RE: LIQUID ALUMINUM** | : | Civil Action No. 16-md-2687-JLL-JAD |
| **SULFATE ANTITRUST LITIGATION** | : | |
| | : | |
| *This Document Relates to* | : | |
| *Indirect Purchaser Plaintiffs* | : | |
| | x | |

### INDIRECT PURCHASER PLAINTIFFS' MOTION FOR REIMBURSEMENT OF EXPENSES AND FOR AWARD OF INCENTIVE PAYMENTS TO CLASS REPRESENTATIVES

Indirect Purchaser Plaintiffs ("IPPs") hereby move this Court for reimbursement of reasonable out-of-pocket expenses incurred to-date by Class Counsel and for a reasonable incentive award to the class representatives in connection with the IPPs' recent settlement with GEO Specialty Chemicals, Inc. ("GEO") and two individual Defendants, Kenneth Ghazey ("Ghazey"), and Brian Steppig ("Steppig").

## I.   Relevant Background

Over two years ago, IPPs commenced this class action, which asserts claims under numerous states' antitrust, consumer protection, and unjust enrichment laws, to recover monetary damages on behalf of a class of indirect purchasers of liquid aluminum sulfate. The claims were asserted against numerous corporate and individual Defendants, some of whom had entered guilty pleas in connection with this conspiracy. On July 20, 2017, this Court denied the Defendants' various motions to dismiss, and the parties began extensive discovery. Dkt. No. 405. Document discovery is still in process, and oral discovery will begin in the coming months.

After reviewing and analyzing hundreds of thousands of documents produced by Defendants and third parties, reviewing and producing documents of named Plaintiffs, engaging in frank discussions with GEO's counsel and analyzing GEO's precarious financial condition,

IPPs' Class Counsel were in a strong position to evaluate the strengths of their claims against GEO as well as judgment collectability issues relating to GEO.

IPPs' counsel and GEO's counsel engaged in private mediation sessions over several months, both in person and telephonically, but those efforts to resolve the litigation were unavailing. The litigation continued until this Court ordered that the parties appear for court-sponsored mediation. At that time, IPPs and GEO reached a settlement in principle on the dollars to be paid, but the remaining terms of the settlement still needed to be negotiated.  That process required a couple of additional months of negotiations, but ultimately, on June 22, 2018, IPPs and GEO, Ghazey, and Steppig executed a settlement agreement under which the three Defendants would pay the IPP class an amount up to over $4 million.

Aside from the significant cash component, another substantial benefit to the IPPs under the settlement agreement is the extensive cooperation obligations that GEO, Ghazey, and Steppig agreed to provide the IPPs in terms of documentation, interviews, and other information in connection with the ongoing claims against the remaining, non-settling Defendants.

On July 19, 2018, this Court granted preliminary approval of the settlement, approved the forms of Notices to be disseminated to the settlement class, and approved the Notice Plan. Dkt. No. 985. Dissemination of the Notices, which commenced July 8, 2018, advised members of the Settlement Class that Indirect Purchasers would seek reimbursement of expenses incurred by class counsel and for an incentive award of up to $25,000 to each class representative.

This present Motion is consistent with that Notice and is also consistent with the IPP Class Counsel's goals for the GEO settlement – to secure a healthy position for the IPP Class going

forward against the remaining non-settling Defendants, and to help Class Counsel continue to aggressively prosecute this case against the other Defendants.[1]

Notably, while Class Counsel has also spent considerable time and effort prosecuting the claims for the Class, we will defer requesting attorneys' fees until a later date. Class Counsel is currently seeking only reimbursement of out-of-pocket expenses incurred to-date and a reasonable incentive award for the two named class representatives.

## II.   The Out of Pocket Expenses Are Appropriate and Reasonable.

It is well established that counsel in a class action is entitled to reimbursement of reasonable expenses that were appropriately incurred. *See In re Safety Components, Inc. Sec. Litig.,* 166 F. Supp. 2d 72, 108 (D.N.J. 2001) ("Counsel for a class action is entitled to reimbursement of expenses that were adequately documented and reasonably and appropriately incurred in the prosecution of the class action") (*citing Abrams v. Lightolier, Inc.,* 50 F.3d 1204, 1225 (3d Cir. 1995)); *In re Ikon Office Solutions, Inc. Sec. Litig.*, 194 F.R.D. 166, 192 (E.D. Pa. 2000) ("There is no doubt that an attorney who has created a common fund for the benefit of the class is entitled to reimbursement of . . . reasonable litigation expenses from that fund."). The appropriate analysis for deciding whether expenses are compensable in a common fund case is whether the particular costs are of the type typically billed by attorneys to paying clients in the marketplace. *See In re Cardizem CD Antitrust Litig.*, 218 F.R.D. 508, 538 (E.D. Mich. 2003).

Here, Class Counsel has incurred, and is obligated to pay, substantial out-of-pocket expenses for expert witnesses, third-party vendors, and Notice costs to the Class – all of which

---

[1] It is also consistent with other recent cases where similar relief has been approved.  *See Kleen Products LLC v. Packaging Corporation of America, et. al.*, No. 10-cv-05711 (N.D. Ill. 2014, Dkt. #770); *In re: Solodyn (Minocycline Hydrochloride) Antitrust Litigation*, No. MDL 2503, 14 md-2503 DJC (D. Mass. 2017, Dkt. # 807).

currently total $1,339,831.17.  Specifically, Class Counsel seeks reimbursement at this time for the following expenses incurred to-date: (a) expert witness analysis expenses in the sum of $982,519.80; (b) the cost of third-party database hosting vendors in the sum of $231,607.67; (c) the cost of implementing the Notice Plan approved by this Court and disseminating Notice to the Class (using A.B. Data, Ltd.), in the sum of $77,712.57; (d) transcripts in the sum of $2,686.13; and (e) mediation and special master expenses (to Pilgrim Mediation Group and Hochberg ADR, respectively) in the sum of $45,305.00. *See* Declaration of Marvin Miller, attached hereto as Ex. A, at ¶2 (a)-(e).

Class Counsel respectfully submits that these categories of expenses are the type routinely charged to hourly-fee paying clients in preparation for a modern-day antitrust case of this size and scope. *Id.* at ¶3. For this reason, these expenses were all reasonably incurred and should be reimbursed in full.

## III.   The IPP Class Representatives are Entitled to a Reasonable Incentive Award.

Additionally, IPPs request a $25,000 incentive award for each of the two IPP Class representatives (the City of Homestead and the Creston Water Works Department), in connection with this GEO settlement.

Such an incentive award is commonly granted, particularly for institutional plaintiffs. *See In re Linerboard Antitrust Litig.*, 2004 WL 1221350, at \*18 (E.D. Pa. 2004) ("Petitioners have requested $25,000 for each of the five representatives of the classes and the Court concludes that such an award is appropriate. The Court finds ample authority in this district and in other circuits for such an incentive award."). Courts typically focus on the level of the representatives' involvement, whether or not they are institutional entities (that typically have greater burdens in litigation than individual/consumer plaintiffs), and the amount of the requested award in

comparison to the total amount obtained on behalf of the class. *See, e.g., In re Lorazepam & Clorazepate Antitrust Litig.*, 205 F.R.D. 369, 400 (D.D.C. 2002); *In re Vitamin C Antitrust Litig.*, 2012 WL 5289514, at *11 (E.D.N.Y. Oct. 23, 2012).

For the past two years, both of the IPP class representatives have dutifully represented the Class in all matters related to this action. They have been subject to extensive document discovery from the Defendants and have aided IPP Counsel with both understanding and prosecuting the case. They have also stayed informed regarding the settlement negotiations and provided their consent once IPP Counsel reached an appropriate settlement amount for the settling Defendants. In all, through IPP Counsel and these two class representatives' coordinated efforts, the Class has obtained this outstanding result, which not only provides over $4 million in recovery but also obtains important cooperation from the settling Defendants to help prosecute IPPs' claims against the many remaining corporate and individual Defendants. Given all of this, IPPs respectfully submit that all factors support the requested $25,000 incentive award for each of the two named plaintiffs, for a total of $50,000.

## IV.  Conclusion

For the reasons set forth herein, IPP Class Counsel respectfully requests that this Court reimburse Class Counsel for reasonable out-of-pocket expenses incurred to-date in the amount of $1,339,831.17, and that the Court grant each of the two IPP class representatives a $25,000 incentive award, for a total of $50,000 in incentive awards to be paid from the settlement fund.

Dated: August 17, 2018                         Respectfully submitted,

By: *s/ Marvin A. Miller*

**MILLER LAW LLC**
Marvin A. Miller
Matthew E. Van Tine
Andrew Szot
Kathleen E. Boychuck
115 S. LaSalle Street, Suite 2910
Chicago, IL 60603
Tel: 312.332.3400
Fax: 312.676.2676
E-mail: mmiller@millerlawllc.com
        mvt@millerlawllc.com
        aszot@millerlawllc.com
        kboychuck@millerlawllc.com
*Interim Co-Lead Counsel for Indirect Purchasers*


**STEARNS WEAVER MILLER WEISSLER**
  **ALHADEFF & SITTERSON, P.A.**
Jay B. Shapiro
Samuel O. Patmore
Abigail G Corbett
150 West Flagler Street, Suite 2200
Miami, FL 33130
Tel: 305.789.3200
Fax: 305.789.3395
E-mail: jshapiro@stearnsweaver.com
        spatmore@stearnsweaver.com
        acorbett@stearnsweaver.com
*Interim Co-Lead Counsel for Indirect Purchasers*


**LERNER, DAVID, LITTENBERG,**
  **KRUMHOLZ & MENTLIK, LLP**
William L. Mentlik
600 South Avenue West
Westfield, NJ 07090-1497
Tel:    908.654.5000
Fax:    908.654.7866
E-mail: wmentlik@lernerdavid.com
        litigation@lernerdavid.com
*Liaison Counsel for Indirect Purchasers*

6

## CERTIFICATE OF SERVICE

I hereby certify that on August 17, 2018, I caused the foregoing to be filed electronically via the Court's CM/ECF system, which will send electronic notification of filing to the registered participants as identified on the Notice of Electronic Filing (NEF). The foregoing document is also available for viewing and downloading from the ECF system.

s/ *Marvin A. Miller*
Marvin A. Miller