**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| In Re: LIQUID ALUMINUM SULFATE ANTITRUST LITIGATION | Civil Action No. 16-md-2687 (JLL) (JAD)<br><br>**ORDER AWARDING ATTORNEYS' FEES, REIMBURSEMENT OF LITIGATION EXPENSES AND PAYMENT OF CASE CONTRIBUTION AWARDS** |

WHEREAS, this matter came on for hearing on November 14, 2018 (the "Fairness Hearing") on Interim DPP Lead Counsel's Motion for an Award of Attorneys' Fees, Reimbursement of Litigation Expenses, and Payment of Case Contribution Awards to the Direct Purchaser Class Plaintiffs. The Court having considered all matters submitted to it at the Fairness Hearing and otherwise; and it appearing that notice of the Fairness Hearing substantially in the form approved by the Court was mailed to all Direct Purchaser Settlement Class Members who were readily and reasonably identified by or were previously identified by GEO; were identified by or were previously identified by Non-Settling Defendants; and were identified by Interim DPP Lead Counsel, and that a summary notice of the hearing substantially in the form approved by the Court was published in *The Municipal* pursuant to the specifications of the Court; and the Court having considered and determined the fairness and reasonableness of the award of attorneys' fees, litigation expenses and case contribution awards requested; and

WHEREAS, this Order incorporates by reference the definitions in the Settlement Agreement Between Direct Purchaser Class Plaintiffs and Defendants GEO Specialty Chemicals, Inc., Kenneth A. Ghazey and Brian C. Steppig dated June 1, 2018 (ECF No. 911-3) ("Settlement Agreement"), and all capitalized terms not otherwise defined herein shall have the same meanings as set forth in the Settlement Agreement.

IT IS ON THIS 3rd day of December, 2018,

ORDERED as follows:

1. **Jurisdiction** – The Court has jurisdiction to enter this Order and over the subject matter of the Action, as well as personal jurisdiction over all of the Parties and each of the Direct Purchaser Settlement Class Members.

2. **Notice** – Notice of Interim DPP Lead Counsel's motion for an award of attorneys' fees, reimbursement of litigation expenses and case contribution awards was given to all Direct Purchaser Settlement Class Members who were readily and reasonably identified by or were previously identified by GEO; were identified by or were previously identified by Non-Settling Defendants; and were identified by Interim DPP Lead Counsel. The form and method of notifying the Direct Purchaser Settlement Class of the motion for an award of attorneys' fees, reimbursement of litigation expenses and case contribution awards satisfied the requirements under Rule 23 of the Federal Rules of Civil Procedure and due process, and all other applicable law and rules; constituted the best notice practicable under the circumstances; and constituted due and sufficient notice to all persons and entities entitled thereto.

3. **Fee and Expense Award** – Interim DPP Lead Counsel is hereby awarded attorneys' fees in the amount of 33.3% of the total cash proceeds made available to the Direct Purchaser Settlement Class, including any funds that may be paid pursuant to a Sale. With respect to the $10,796,800 cash component of the Settlement, payment of attorneys' fees shall be made from the last two payments, proportionally, and not from the initial payment (*i.e.*, "First Installment").[1] With respect to any additional cash proceeds received, payment of attorneys'

---

[1] With respect to the $10,796,800 in cash, GEO will use its best efforts to cause its insurers to pay $6,198,926 directly into the Direct Purchaser Escrow Account within 30 days of Final Judgment (*i.e.*, the First Installment). GEO will make two additional payments into the Direct

fees shall be paid to Interim DPP Lead Counsel from the proceeds as received. In addition, Interim DPP Lead Counsel is hereby awarded $2,109,260.17 in reimbursement of certain of Plaintiffs' Counsel's out-of-pocket expenses. Payment of the expense award shall be made from the First Installment.[2] All fees and expenses awarded by the Court shall be paid from the Settlement Funds, and the Court finds the sums awarded to be fair and reasonable. Interim DPP Lead Counsel shall allocate the attorneys' fees awarded amongst Plaintiffs' Counsel in a manner which it, in good faith, believes reflects the contributions of such counsel to the institution, prosecution, and settlement of the Action with the GEO Settling Parties.

4.  **Factual Findings** – In making this award of attorneys' fees and expenses to be paid from the Settlement Funds, the Court has considered and found that:

(a) The Settlement will provide: (i) a total of $10,796,800 in cash; and (ii) up to $13,527,400 from a Sale, EBITDA-based payments, and/or shareholder dividends; and will also provide for certain cooperation measures in the ongoing litigation of the Action against the Non-Settling Defendants. The cash Settlement Funds are to be funded into escrow pursuant to the terms of the Settlement Agreement, and numerous Direct Purchaser Settlement Class Members who submit acceptable Claim Forms will benefit from the Settlement that occurred because of the efforts of Plaintiffs' Counsel;

(b) More than 10,000 copies of the Notice were mailed to potential Direct Purchaser Settlement Class Members stating that Interim DPP Lead Counsel would apply for attorneys' fees in an amount up to 33.3% of the total consideration made available to the Direct

---

Purchaser Escrow Account: the first, in the amount of $1,361,437, on or before the first anniversary of the First Installment, and the second, in the amount of $3,236,437, on or before the second anniversary of the First Installment. Settlement Agreement, ¶¶8 (a) & (b).

[2] Plaintiffs' Counsel have the right to move for the additional expenses they have incurred at a later date.

Purchaser Settlement Class, reimbursement of the costs and expenses advanced on behalf of the Direct Purchaser Settlement Class and Case Contribution Awards of no more than $40,000 to each Direct Purchaser Class Plaintiff;

(c) No objections were filed concerning the requested fees and expenses;

(d) Interim DPP Lead Counsel have conducted the litigation against the GEO Settling Parties and achieved the Settlement with skill, perseverance, and diligent advocacy;

(e) The Action raised a number of complex issues;

(f) Had Interim DPP Lead Counsel not achieved the Settlement there would remain a significant risk that Direct Purchaser Class Plaintiffs and the other members of the Direct Purchaser Settlement Class may have recovered less or nothing from the GEO Settling Parties;

(g) Plaintiffs' Counsel have devoted more than 28,000 hours to the prosecution of the Direct Purchaser Settlement Class's claims against Defendants, with a lodestar value of approximately $17,595,176; and

(h) The amount of attorneys' fees awarded and expenses to be reimbursed from the Settlement Funds are fair and reasonable and consistent with awards in similar cases.

5. **Case Contribution Awards** – Each of the following Direct Purchaser Class Plaintiffs (i) Central Arkansas Water; (ii) City of Charlotte, North Carolina; (iii) City and County of Denver, Colorado, acting by and through its board of Water Commissioners; (iv) Flambeau River Papers, LLC; (v) City of Greensboro, North Carolina; (vi) Mobile Area Water and Sewer System; (vii) City of Rochester, Minnesota; (viii) City of Sacramento, California; (ix) SUEZ Water Environmental Services Inc.; SUEZ Water New Jersey Inc.; SUEZ Water Princeton Meadows Inc.; SUEZ Water New York Inc.; SUEZ Water Pennsylvania Inc.; and (x) City of

Texarkana, Arkansas and City of Texarkana, Texas, d/b/a Texarkana Water Utilities are hereby awarded $15,000 each, for a total of $150,000 from the Settlement Funds for their work, to date, representing the Direct Purchaser Settlement Class in the Action.[3] The awards to Direct Purchaser Class Plaintiffs shall be made from the First Installment. These awards are in addition to whatever monetary amounts the Direct Purchaser Class Plaintiffs may receive from the net Settlement proceeds pursuant to the Plan of Distribution.

6. **No Impact on Judgment** – Any appeal or any challenge affecting this Court's approval regarding any attorneys' fees and expense application shall in no way disturb or affect the finality of the Final Order or Final Judgment.

7. **Retention of Jurisdiction** – Exclusive jurisdiction is hereby retained over the Parties and the Direct Purchaser Settlement Class Members for all matters relating to this Action, including the administration, interpretation, effectuation, or enforcement of the Stipulation and this Order.

8. **Termination of Settlement** – In the event that the Settlement is terminated or Final Judgment with respect to the Settlement otherwise fails to occur, this Order shall be rendered null and void to the extent provided by the Settlement Agreement.

JOSE L. LINARES
Chief Judge, United States District Court

---

[3] As the Action is ongoing, Interim DPP Lead Counsel may request additional Case Contribution Awards for the Direct Purchaser Class Plaintiffs in connection with future settlements and/or judgments obtained.