**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| In Re: LIQUID ALUMINUM SULFATE ANTITRUST LITIGATION | Civil Action No. 16-md-2687 (JLL) (JAD) |

**FINAL ORDER AND JUDGMENT**

WHEREAS, a class action is pending in this Court entitled *In re Liquid Aluminum Sulfate Antitrust Litigation*, Civil Action No. 16-md-2687 (JLL) (JAD) (the "Action" or "Consolidated Proceedings");

WHEREAS, Indirect Purchaser Class Plaintiffs, on behalf of themselves and the Indirect Purchaser Settlement Class Members, and Defendants, GEO Specialty Chemicals Inc. ("GEO"), Kenneth A. Ghazey ("Ghazey"), and Brian C. Steppig ("Steppig") (collectively the "GEO Settling Parties") entered into a Settlement Agreement dated June 29, 2018 (the "Settlement Agreement") (ECF No. 935-1), that provides for a complete dismissal of the Action with prejudice as to the GEO Released Parties on the terms and conditions set forth in the Settlement Agreement, subject to the approval of this Court (the "Settlement");

WHEREAS, by Order dated July 19, 2018 (the "Preliminary Approval Order"), this Court: (a) preliminarily approved the Settlement; (b) provisionally certified the Indirect Purchaser Settlement Class for purposes of effectuating the Settlement only; (c) ordered that notice of the proposed Settlement be provided to potential Indirect Purchaser Settlement Class Members; (d) provided the Indirect Purchaser Settlement Class Members with the opportunity either to exclude themselves from the Indirect Purchaser Settlement Class or to object to the proposed Settlement; and (e) scheduled a hearing regarding final approval of the Settlement;

WHEREAS, unless otherwise defined in this Judgment, the capitalized terms herein shall have the same meanings as they have in the Settlement Agreement;

WHEREAS, Indirect Purchaser Class Plaintiffs filed a motion for reimbursement of expenses and award of incentive payments to the Indirect Purchaser Class Plaintiffs and that motion was also posted on the dedicated website established by the Claims Administrator. No objections to the motion have been filed by any member of the Indirect Settlement Class. On October 10, 2018, the Court granted the motion. (ECF No. 1095).

WHEREAS, due and adequate notice has been given to the Indirect Purchaser Settlement Class;

WHEREAS, the Court conducted a hearing on November 14, 2018 (the "Fairness Hearing") to consider, among other things, (a) whether the terms and conditions of the Settlement are fair, reasonable and adequate to the Indirect Purchaser Settlement Class, and should therefore be approved; and (b) whether a judgment should be entered dismissing the Action with prejudice as against the GEO Released Parties; and

WHEREAS, the Court having reviewed and considered the Settlement Agreement, all papers filed and proceedings held herein in connection with the Settlement, all oral and written comments received regarding the Settlement, and the record in the Action, and good cause appearing therefor;

IT IS ON THIS 3rd day of December, 2018
ORDERED and ADJUDGED as follows:

1. **Jurisdiction:** This Court has jurisdiction over the subject matter of this litigation, all members of the Class, and the GEO Settling Parties.

2. **Incorporation of Settlement Documents**- This Judgment incorporates and makes a part hereof: (a) the Settlement Agreement filed with the Court on June 29, 2018; and (b) the Notice and the Summary Notice, both of which were filed with the Court on June 29, 2018.

3. **Certification of Indirect Purchaser Settlement Class for Settlement Purposes** -

    The Indirect Purchaser Settlement Class is hereby certified as a settlement class pursuant to Rule 23 of the Federal Rules of Civil Procedure and is comprised of:

    > All persons or entities that purchased liquid aluminum sulfate in Alabama, Arkansas, Arizona, California, Colorado, District of Columbia, Florida, Hawaii, Illinois, Iowa, Kansas, Maine, Massachusetts, Michigan, Minnesota, Mississippi, Nebraska, Nevada, New Hampshire, New Mexico, New York, North Carolina, North Dakota, Oregon, Puerto Rico, Rhode Island, South Carolina, South Dakota, Tennessee, Utah, Vermont, West Virginia, and Wisconsin indirectly from a Defendant or a co-Conspirator and not for resale from January 1, 1997 through February 28, 2011.

    Excluded from the Indirect Purchaser Settlement Class are (1) Defendants and their respective parents, subsidiaries, and affiliates, and (2) any Indirect Purchaser Settlement Class Members who timely and validly elected to be excluded from the Indirect Purchaser Settlement Class, as listed on the attached Exhibit 1.

4. Indirect Purchaser Class Plaintiffs are hereby appointed, for purposes of effectuating the Settlement only, as class representative for the Indirect Purchaser Settlement Class and Interim IPP Lead Counsel is appointed as class counsel for the Indirect Purchaser Settlement Class pursuant to Rules 23(c)(1)(B) and (g) of the Federal Rules of Civil Procedure.

5. **Notice** - The Preliminary Approval Order outlined the form and manner by which the Indirect Purchaser Class Plaintiffs would provide the Indirect Purchaser Settlement Class with notice of the settlement, the fairness hearing, and related matters. The notice program included individual notice via U.S. Mail to members of the Class who could be identified through reasonable efforts, as well as the

      publication of a summary notice as detailed in the Declaration of Lynda Young and through the set-up and maintenance of a case-specific website. Proof that mailing and publication conformed to the Preliminary Approval Order has been filed with the Court. This notice program fully complied with Fed. R. Civ. P. 23 and the requirements of due process. It provided due and adequate notice to the Indirect Purchaser Settlement Class.

6. **CAFA** - The Court finds that the notice requirements set forth in the Class Action Fairness Act of 2005, 28 U.S.C. § 1715, to the extent applicable to the Action, have been satisfied.

7. **Final Settlement Approval and Dismissal of Claims** - Pursuant to, and in accordance with, Rule 23 of the Federal Rules of Civil Procedure, this Court hereby fully and finally approves the Settlement set forth in the Settlement Agreement in all respects (including, without limitation: the amount of the Settlement; the releases provided for therein; and the dismissal with prejudice of the Action as to the GEO Released Parties), and finds that the Settlement is, in all respects, fair, reasonable, and adequate to the Indirect Purchaser Settlement Class. The Parties are directed to implement, perform and consummate the Settlement in accordance with the terms and provisions contained in the Settlement Agreement.

8. The Action and all of the claims asserted against the GEO Settling Parties in the Action by Indirect Purchaser Class Plaintiffs and the other Indirect Purchaser Settlement Class Members are hereby dismissed with prejudice. The Parties shall bear their own costs and expenses, except as otherwise expressly provided in the Settlement Agreement.

9. **Binding Effect** – The terms of the Settlement Agreement and of this Judgment shall be forever binding on the GEO Settling Parties, Indirect Purchaser Class Plaintiffs, and all other Indirect Purchaser Settlement Class Members (regardless of whether or not any individual Indirect Purchaser Settlement Class Member submits a Claim Form or seeks or obtains a distribution from the net Settlement proceeds), as well as their respective successors and assigns. The persons listed on Exhibit 1 hereto are excluded from the Indirect Purchaser Settlement Class pursuant to request and are not bound by the terms of the Settlement Agreement or this Judgment.

10. The provisions of paragraphs 15, 16 and 17 of the Settlement Agreement, together with the definitions contained in paragraph 1 of the Settlement Agreement relating thereto, are expressly incorporated herein in all respects. The releases are effective as of the Final Judgment. Accordingly, this Court orders that:

   (a) <u>Release</u>: Upon Final Judgment and in consideration of payment of the Settlement Funds into the Indirect Purchaser Escrow Account, and for other valuable consideration, and provided that the GEO Settling Parties have not breached any of their material obligations under this Agreement, and provided that this Agreement has not been terminated, the GEO Released Parties shall be completely released, acquitted, and forever discharged from any and all claims, demands, actions, suits, causes of action, whether class, individual, or otherwise in nature (whether or not any Indirect Purchaser Settlement Class Member has objected to the Settlement or makes a claim upon or participates in the Settlement Funds, whether directly, representatively, derivatively or in any other capacity) that the Releasing

Parties ever had, now has, or hereafter can, shall, or may ever have, that exist as of the date of Final Judgment, on account of, or in any way arising out of, any and all known and unknown, foreseen and unforeseen, suspected or unsuspected, actual or contingent, liquidated or unliquidated claims, injuries, damages, and the consequences thereof in any way arising out of or relating in any way to the facts and circumstances alleged in the Consolidated Proceedings ("Released Claims"), provided however, that nothing herein shall release claims involving or arising out of: (i) any negligence, personal injury, breach of contract, bailment, failure to deliver lost goods, damaged or delayed goods, product defect, securities or similar claim relating to Alum; or (ii) any purchase of Alum by a member of the Indirect Purchaser Class that was not an indirect purchase. In other words, to the extent any Indirect Purchaser also made a purchase of Alum directly from GEO or any of the other Defendants in the Consolidated Proceedings, any claims arising out of that direct purchase are not released herein. During the period after the expiration of the deadline for submitting an opt-out notice, as determined by the Court, and prior to Final Judgment, all Releasing Parties shall be preliminarily enjoined and barred from asserting any Released Claims against the GEO Released Parties. The GEO Settling Parties further agree that they will not file any suit against the Releasing Parties and their current and former, direct and indirect, parents, subsidiaries, affiliates, directors, officers, shareholders, and employees arising out of or relating to the Released Claims. The release of the

Released Claims will become effective as to all Releasing Parties upon Final Judgment. Upon Final Judgment, the Releasing Parties further agree that they will not file any other suit against the GEO Released Parties arising out of or relating to the Released Claims.

(b) <u>Further Release</u>. In addition to the provisions of Paragraph 10(a), the Releasing Parties hereby expressly waive and release, solely with respect to the Released Claims, upon Final Judgment, any and all provisions, rights, and benefits conferred by Section 1542 of the California Civil Code, which states:

CERTAIN CLAIMS NOT AFFECTED BY GENERAL RELEASE. A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM OR HER MUST HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR;

or by any law of any state or territory of the United States, or principle of common law, which is similar, comparable, or equivalent to Section 1542 of the California Civil Code. Each Releasing Party may hereafter discover facts other than or different from those which he, she, or it knows or believes to be true with respect to the claims which are released pursuant to the provisions of Paragraph 10(a), but each Releasing Party hereby expressly waives and fully, finally, and forever settles and releases, upon Final Judgment, any known or unknown, suspected or unsuspected, contingent or non-contingent claim that the Releasing Parties have agreed to release pursuant to Paragraph 10(a), whether or not concealed or hidden, without

regard to the subsequent discovery or existence of such different or additional facts.

(c) Reservation of Claims. The Parties intend by this Agreement to release only the GEO Released Parties with respect to the Released Claims. The Parties specifically do not intend this Agreement, or any part hereof or any other aspect of the proposed Settlement, to compromise or otherwise affect in any way any rights the Releasing Parties have or may have against any other person, firm, association, or corporation whatsoever, including, but not limited to the Non-Settling Defendants. The release set forth in Paragraphs 10(a) and 10(b) above is not intended to and shall not release any claims other than the Released Claims. The sales of Alum by GEO in the Indirect Purchaser States from January 1, 1997 through February 28, 2011 shall remain in the cases against the Non-Settling Defendants in the Consolidated Proceedings as a basis for damage claims and shall be part of any joint and several liability claims against Non-Settling Defendants in the Consolidated Proceedings or other persons or entities other than the GEO Released Parties.

11. **Escrow Account-** The Escrow Account established by Class Plaintiffs' Co-Lead Counsel, and into which the GEO Settling Parties shall deposit a total of up to $4,375,000 as the settlement amount, plus accrued interest thereon, is approved as a Qualified Settlement Fund pursuant to Internal Revenue Code Section 458B and the Treasury Regulations promulgated thereunder.

12. **Requests for Exclusion-** The persons and entities identified on Exhibit 1 hereto have timely and validly requested exclusion from the Class and, therefore, are

excluded. Such persons and entities are not included in or bound by this Final Order and Judgment. Such persons and entities are not entitled to any recovery from the settlement proceeds obtained through this Settlement.

13. **Intervention and Objections-** The Court has considered the one motion to intervene and the accompanying objection to the Settlement submitted pursuant to Rule 23(e)(5) of the Federal Rules of Civil Procedure. (ECF Nos 1091-92). The Court addresses the motion and objection in a separate, concurrent Order.

14. **Rule 11 Findings** – The Court finds and concludes that the Parties and their respective counsel have complied in all respects with the requirements of Rule 11 of the Federal Rules of Civil Procedure, and the requirements of 28 U.S.C. Section 1927, in connection with the institution, prosecution, defense, and settlement of the Action.

15. **No Admissions** – Whether or not Final Judgment is entered or the Settlement Agreement is terminated, the Parties expressly agree that the Settlement Agreement and its contents, and any and all statements, negotiations, documents, and discussions associated with it, are not and shall not be deemed or construed to be an admission or evidence of any violation of any statute or law or of any liability or wrongdoing by the GEO Released Parties. Nothing in the Settlement Agreement shall affect the application of Federal Rule of Evidence 408 in any instance where it would otherwise apply.

16. **Retention of Jurisdiction-** Without affecting the finality of this Final Order and Judgment, the Court retains exclusive jurisdiction over: (a) the enforcement of this Order and Final Judgment; (b) the enforcement of the Settlement Agreement; (c) any application for attorneys' fees and costs made by Class

Counsel; (d) any application for incentive awards for the Indirect Purchaser Class Plaintiffs; and (e) the distribution of the settlement proceeds to the Indirect Purchaser Settlement Class.

17. **Modification of the Agreement of Settlement** – Without further approval from the Court, Indirect Purchaser Class Plaintiffs and the GEO Settling Parties are hereby authorized to agree to and adopt such amendments or modifications of the Settlement Agreement or any exhibits attached thereto to effectuate the Settlement that: (a) are not materially inconsistent with this Judgment; and (b) do not materially limit the rights of Indirect Purchaser Settlement Class Members in connection with the Settlement. Without further order of the Court, Indirect Purchaser Class Plaintiffs and the GEO Settling Parties may agree to reasonable extensions of time to carry out any provisions of the Settlement.

18. **Termination of Settlement** – If the Settlement is terminated as provided in the Settlement Agreement or the Final Judgment otherwise fails to occur, this Judgment shall be vacated, rendered null and void and be of no further force and effect, except as otherwise provided by the Settlement Agreement, and this Judgment shall be without prejudice to the rights of Indirect Purchaser Class Plaintiffs, the other Indirect Purchaser Settlement Class Members and the GEO Settling Parties, and the Parties shall revert to their respective positions in the Action as of the date and time immediately prior to the execution of the Settlement Agreement.

19. **Entry of Judgment** - There is no just reason to delay the entry of this Judgment in this Action. Accordingly, the Clerk of the Court is expressly directed to immediately enter this Judgment in this Action.

SO ORDERED this 3rd day of December, 2018.

_____
JOSE L. LINARES
Chief Judge, United States District Court

# EXHIBIT 1

# Ballard Spahr LLP

1675 Broadway, 19th Floor
New York, NY 10019-5820
TEL 212.223.0200
FAX 212.223.1942
www.ballardspahr.com

Justin W. Lamson
Fax: 212.223.2447
lamsonjw@ballardspahr.com

September 12, 2018

*By Federal Express*

In re Liquid Aluminum Sulfate Antitrust Litigation
(Indirect Purchaser Action)
EXCLUSIONS
P.O. Box 173001
Milwaukee, WI 53217

Re:   In re Liquid Aluminum Sulfate Antitrust Litigation, No. 16-md-2687(JLL)(JAD)

Dear Settlement Administrator:

In accordance with Paragraph 13 of the Notice Of Class Action And Of Proposed Partial End-Payor Settlement, if and to the extent any of entities listed below is a member of the Indirect Purchaser Settlement Class in connection with the proposed settlement with GEO Specialty Chemicals Inc., Kenneth A. Ghazey and Brian C. Steppig, each requests to be excluded therefrom.

Mayor and City Council of Baltimore
City Hall
100 North Holliday Street
Baltimore, Maryland 21202, USA

City of Richmond
900 East Broad Street
Richmond, VA 23219

Washington Suburban Sanitary Commission
14501 Sweitzer Lane
Laurel, Maryland 20707

Fairfax County Water Authority
8570 Executive Park Avenue
Fairfax, VA 22031

In re Liquid Aluminum Sulfate Antitrust Litigation Faith S. Hochberg (ret.)
September 12, 2018
Page 2

Appomattox River Water Authority
21300 Chesdin Road
South Chesterfield, VA 2383

County of Chesterfield
9901 Lori Road
Chesterfield, VA 23832

County of Henrico
4301 East Parham Road
Henrico, VA 23228

City of Lynchburg
900 Church Street
Lynchburg, VA 24504

City of Newport News
2400 Washington Avenue
Newport News, VA 23607

City of Norfolk
810 Union Street
Norfolk, VA 23510

Rivanna Water & Sewer Authority
695 Moores Creek Lane
Charlottesville, VA 22902

South Central Wastewater Authority
900 Magazine Road
Petersburg, VA 23803

City of Springfield
840 Boonville Avenue
Springfield, MO 65802

Commissioners of Public Works of the City of Charleston (d/b/a Charleston Water System)
80 Broad Street
Charleston, SC 29401-0304

Grand Strand Water & Sewer Authority
166 Jackson Bluff Road
Conway, SC 29526

In re Liquid Aluminum Sulfate Antitrust LitigationFaith S. Hochberg (ret.)
September 12, 2018
Page 3

City of Spartanburg
200 Commerce Street
Spartanburg, SC 29304

City of Winston-Salem
101 North Main Street
Winston-Salem, NC 27101

South Carolina Public Service Authority (d/b/a Santee Cooper)
1 Riverwood Drive
P.O. Box 2946101
Moncks Corner, SC 29461

Sincerely,

Jay N. Fastow
Justin W. Lamson
**BALLARD SPAHR LLP**
1675 Broadway, 19th Floor
New York, New York 10019
Email: FastowJ@ballardspahr.com
LamsonJW@ballardpahr.com

Edward D. Rogers
Jason A. Leckerman
Thomas G. Gallagher, IV
**BALLARD SPAHR LLP**
1735 Market Street, 51st Floor
Philadelphia, Pennsylvania 19103
Email: RogersE@ballardspahr.com
LeckermanJ@ballardspahr.com
GallagherT@ballardspahr.com

*Counsel for the Mayor and City Council of Baltimore, the City of Richmond, Washington Suburban Sanitary Commission, Fairfax County Water Authority, Appomattox River Water Authority, County of Chesterfield, County of Henrico, City of Lynchburg, City of Newport News, City of Norfolk, Rivanna Water & Sewer Authority, South Central*

In re Liquid Aluminum Sulfate Antitrust Litigation Faith S. Hochberg (ret.)
September 12, 2018
Page 4

                                        *Wastewater Authority, City of Springfield, Commissioners of Public Works of the City of Charleston (d/b/a Charleston Water System), Grand Strand Water & Sewer Authority, City of Spartanburg, City of Winston-Salem, and the South Carolina Public Service Authority (d/b/a Santee Cooper)*

cc:    Marvin Miller, Esq. (by email)
        Jay B. Shap[iro, Esq. (by email)


Gibson Laborde
Counsel
XTO Energy Inc.
22777 Springwoods Village Pkwy.
Spring, TX 77389
(832) 968-5555

September 14th, 2018

<u>VIA CERTIFIED MAIL, RETURN RECEIPT REQUESTED – (7012 2920 0001 8034 0074)</u>

EXCLUSIONS
P.O. Box 173001
Milwaukee, WI 53217

Re:   *In re Liquid Aluminum Sulfate Antitrust Litigation*
      Civil Action No. 16-md-2687
      U.S. District Court for the District of New Jersey

Dear Counsel:

XTO Energy Inc. and its subsidiaries and predecessors-in-interest (including but not limited to those listed below) do not want to be a member of the Indirect Purchaser Settlement Class in the above-referenced matter. We understand it will be our responsibility to pursue any claims that we may have, if we so desire, on our own and at our expense.

    32 Mineral O&G NM, L.L.C.
    820MT O&G NM, L.L.C.
    ACB O&G NM, LLC
    Antero Resources Corporation
    Antero Resources I GP, LLC
    Antero Resources I, LP
    Antero Resources I LP, LLC
    Antero Resources Pipeline LP
    ARBGT (SRB) O&G NM, LLC
    ARB-LMB PC O&G NM, L.L.C.
    ARB-RMB PC O&G NM, L.L.C.
    ARB-SRB PC O&G NM, L.L.C.
    Barnett Gathering, LLC
    Bass Energy Services, LLC
    BEPCO NM, LLC
    BMT O&G NM, LLC
    BOPCO GP LLC
    BOPCO Midstream Services, LLC
    BOPCO, L.P.
    Capital Partnership II O&G NM, LLC
    Capital Partnership O&G NM, LLC
    Classic Oil & Gas, Inc.
    Classic Petroleum, Inc.

CMB O&G NM, LLC
Cravens Oil Company
Cross Timbers Energy Services, Inc.
Cross Timbers Oil Company
Cross Timbers Oil Company, L.P.
Cross Timbers Trading Company
CTV O&G NM, LLC
DBFL Holdings, L.P.
DBH Genpar, LLC
Delbasin Corporation
Dominion Reserves – Utah, Inc.
Dominion San Juan, Inc.
East Timbers Limited Partnership
Ellora Energy Inc.
English Bay Pipeline, LLC
EPB-PC O&G NM L.L.C.
Fayetteville Gathering Company
Fine Line O&G NM, L.L.C.
Goliad O&G NM, L.L.C.
Hartshorne Gathering, LLC
Havre Pipeline Company, LLC
HHE Energy Company
Hickory Timbers Limited Partnership
HHEC Acquisition Corporation
Houston County Timber Company
HPC Acquisition Corporation
HPT Land Company
Keystone O&G NM, LLC
LMBI O&G NM, LLC
Main Elk Corporation
Mega Natural Gas Company, L.L.C.
MBCA Holdings, LLC
MLB O&G NM, LLC
Mountain Gathering, LLC
Nesson Gathering System, LLC
North Timbers Limited Partnership
NPB Holdings, L.P.
NPBH Genpar, LLC
PBCA Holdings, L.P.
PBH Genpar, LLC
PERI Acquisitions Management #2, LLC
PERI Energy Acquisition #2, LLC
PERI LLC
PERI Texas Resources, LP
Phillips Drilling Company
Phillips Exploration, LLC

Phillips Resources, Inc.
PRB II 1993A O&G NM, LLC
PRB II 1993C O&G NM, LLC
RFB 1993A O&G NM, LLC
RFB 1993C O&G NM, LLC
Ringwood Gathering Company
RMB O&G NM, LLC
San Juan Partners, LLC
SBBCA Holdings, L.P.
SBBH Genpar, LLC
South Timbers Limited Partnership
Spring Holding Company
Spring Resources, Inc.
SRBI O&G NM, L.L.C.
SRBMT O&G NM, L.L.C.
SSB 1993A O&G NM, LLC
SSB 1993C O&G NM, LLC
Summit Gas Gathering, LLC
TBP Holdings, L.L.C.
Thomas C. Mueller Inc.
Thomas C. Mueller of Crawford County, Inc.
Thomas C. Mueller, Limited
Thru Line O&G NM, L.L.C.
Timberland Gathering & Processing Company, Inc.
TRB O&G NM, LLC
Trend Gathering & Treating, LLC
TWP, Inc.
WD O&G, NM, L.L.C
West Timbers Limited Partnership
WTW Properties, Inc.
X Landmark LLC
XH, LLC
XTO Barnett LLC
XTO Offshore Inc.
XTO Netherlands, Ltd.
XTO Resources I GP, LLC
XTO Resources I LP
XTO Resources I LP, LLC
XTO UK, Ltd

Very truly yours,

Gibson T. Laborde
Counsel
XTO Energy Inc.

| | |
|---|---|
| STATE OF TEXAS | § |
| | § |
| COUNTY OF HARRIS | § |

This document was executed before me this 14th of September, 2018, by Gibson Laborde, Counsel for XTO Energy Inc.

_Peggy Pike_
Notary Public

My Commission Expires: March 8, 2020

PEGGY PIKE
Notary ID # 1671647
My Commission Expires
March 8, 2020