## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| In Re: LIQUID ALUMINUM SULFATE ANTITRUST LITIGATION | Civil Action No. 16-md-2687 (JLL) (JAD)<br><br>**ORDER GRANTING PRELIMINARY APPROVAL OF PROPOSED SETTLEMENT BETWEEN DIRECT PURCHASER CLASS PLAINITFFS AND KEMIRA, AUTHORIZING DISSEMINATION OF NOTICE OF THE SETTLEMENT, AND SCHEDULING A HEARING FOR FINAL APPROVAL OF THE PROPOSED SETTLEMENT** |

WHEREAS, this matter having come before the Court by way of Direct Purchaser Class Plaintiffs' unopposed Motion for Preliminary Approval of Proposed Settlement Between Direct Purchaser Class Plaintiffs and Kemira Chemicals, Inc. ("Kemira"), Authorizing Dissemination of Notice of the Settlement, and Scheduling a Hearing for Final Approval of the Proposed Settlement ("Motion");

WHEREAS, on November 8, 2018, Direct Purchaser Class Plaintiffs, individually and on behalf of the putative Direct Purchaser Settlement Class (as defined below), and Kemira entered into a Settlement Agreement ("Settlement"), which, if finally approved by the Court, will result in the settlement of all claims asserted against Kemira in the above-captioned action ("Action");

WHEREAS, in full and final settlement of the claims asserted against Kemira, Kemira has agreed to pay $3,800,000 in cash;

WHEREAS, the Settlement does not release any claims of the Direct Purchaser Class Plaintiffs and the other members of the Direct Purchaser Settlement Class against the Non-Settling Defendants;

WHEREAS, Direct Purchaser Class Plaintiffs have moved pursuant to Federal Rule of Civil Procedure 23(e) for an order preliminarily approving the Settlement Agreement, which sets forth the terms and conditions of the Settlement with Kemira;

WHEREAS, Direct Purchaser Class Plaintiffs have further moved for this Court's (i) provisional certification of the Direct Purchaser Settlement Class, for purposes of effectuating the Settlement only; (ii) approval of the manner and form of notice of the Settlement to the Direct Purchaser Settlement Class; (iii) appointment of Angeion Group, LLC as Settlement Administrator; (iv) approval of a proposed briefing schedule for (1) final approval of the Settlement and proposed plan for distribution of the Net Settlement Fund to eligible Direct Purchaser Settlement Class Members and (2) Interim DPP Lead Counsel's application for attorneys' fees, reimbursement of expenses and Case Contribution Awards to Direct Purchaser Class Plaintiffs; and (v) scheduling of a date and time for the Fairness Hearing;

WHEREAS, Direct Purchaser Class Plaintiffs and Kemira have agreed to the entry of this Order (the "Order");

WHEREAS, all terms with initial capitalization used in this Order shall have the same meanings as set forth in the Settlement Agreement, unless otherwise defined herein; and

WHEREAS, the Court has considered the Settlement Agreement and the other documents submitted by the Parties in connection with Direct Purchaser Class Plaintiffs' Motion, and good cause appearing therefor:

IT IS THIS _____ day of December, 2018,

ORDERED as follows:

**I.**    **Preliminary Approval of the Settlement**

1.    Upon review of the record, the Court finds that the Settlement Agreement resulted from arm's-length negotiations between highly experienced counsel and falls within the range of possible approval. Therefore, the Settlement Agreement is hereby preliminarily approved, subject to further consideration thereof at the Fairness Hearing described below. The Court preliminarily finds that the Settlement set forth in the Settlement Agreement raises no obvious reasons to doubt its fairness and raises a reasonable basis for presuming that it satisfies the requirements under Rule 23 and due process so that notice of the Settlement should be given as provided in this Order.

2.    At or after the Fairness Hearing the Court shall determine, among other matters, whether the Settlement warrants final approval.

**II.**    **Provisional Certification of the Direct Purchaser Settlement Class**

3.    Pursuant to Rule 23, and solely for the purpose of effectuating the Settlement, this Court provisionally certifies a settlement class defined as "all persons or entities that purchased liquid aluminum sulfate ("Alum") in the United States directly from a Defendant from January 1, 1997 through February 28, 2011." Excluded from the Direct Purchaser Settlement Class are (1) Defendants and their respective parents, subsidiaries, and affiliates, and (2) any Direct Purchaser Settlement Class Members who timely and validly elect to be excluded from the Direct Purchaser Settlement Class. The provisional certification of the Direct Purchaser Settlement Class shall be vacated if the Settlement is terminated or not approved by the Court.

4.    Solely for purposes of effectuating the proposed Settlement, the Court preliminarily finds that the prerequisites for class action certification under Rule 23 are

3

satisfied as: (a) the members of the Direct Purchaser Settlement Class are so numerous that joinder of all Direct Purchaser Settlement Class Members in the Action is impracticable; (b) there are questions of law and fact common to the Direct Purchaser Settlement Class; (c) the claims of Direct Purchaser Class Plaintiffs are typical of the claims of the Direct Purchaser Settlement Class; (d) the interests of all Direct Purchaser Settlement Class Members are adequately represented by Direct Purchaser Class Plaintiffs and Interim DPP Lead Counsel; (e) the issues common to Direct Purchaser Settlement Class Members predominate over any individualized issues; and (f) a class action is superior to other available methods for the fair and efficient adjudication of the controversy. These preliminary findings shall be vacated if the Settlement is terminated or not approved by the Court.

5.      Pursuant to Rule 23, and solely for the purposes of effectuating the Settlement, Direct Purchaser Class Plaintiffs are appointed as class representatives for the Direct Purchaser Settlement Class, and Interim DPP Lead Counsel is appointed as class counsel for the Direct Purchaser Settlement Class. These designations shall be vacated if the Settlement is terminated or not approved by the Court.

### III.   Notice to the Direct Purchaser Settlement Class

6.      The Court approves the appointment of Angeion Group, LLC as Settlement Administrator for the Settlement.

7.      Approval of a notice plan is deferred at this time.   Direct Purchaser Class Plaintiffs will submit a form of notice, and a schedule for providing notice, objections, opting out, and final approval of the settlement as part of a common notice plan with the proposed settlement with the General Chemical defendants.

8.       Neither this Order nor the Settlement Agreement nor any Settlement-related document nor any proceeding undertaken in accordance with the terms set forth in the Settlement Agreement or in any other Settlement-related documents, shall constitute, be construed as or be deemed to be an admission or evidence of any violation of any statute or law or of any liability or wrongdoing by the Kemira Released Parties, or likewise, constitute, be construed as or be deemed to be an admission or evidence of or presumption against Direct Purchaser Class Plaintiffs or any other Direct Purchaser Settlement Class Member that any of their claims are without merit or infirm, that a class should not be certified, or that recoverable damages against the Kemira in the Account would not have exceeded the Settlement Funds.

_____
JOSE L. LINARES
Chief Judge, United States District Court