# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| In Re: LIQUID ALUMINUM SULFATE ANTITRUST LITIGATION | Civil Action No. 16-md-2687 (JLL) (JAD) <br><br> **ORDER GRANTING FINAL APPROVAL OF SETTLEMENTS, GRANTING AWARD OF ATTORNEYS' FEES AND EXPENSES, GRANTING CASE CONTRIBUTION AWARDS AND APPROVING PLAN OF DISTRIBUTION** |

THIS MATTER having been opened to the Court by Interim DPP Lead Counsel for final approval of the proposed Settlements[1] of the Action with defendants Kemira Chemicals, Inc. ("Kemira") and with the Chemtrade Defendants[2] (together "Chemtrade"), and one objection having been received, and the Court having read the parties' papers and good cause appearing for the reasons set forth on the record on April 17, 2019,

IT IS THIS 22nd day of April, 2019,

ORDERED and ADJUDGED as follows:

1. **Jurisdiction** – The Court has jurisdiction to enter this Order and over the subject matter of the Action, as well as personal jurisdiction over all of the Parties and each of the Direct Purchaser Settlement Class Members.

2. **Incorporation of Settlement Documents** – This Judgment incorporates and makes a part hereof: (a) the Kemira Settlement Agreement filed with the Court on November

---

[1] Unless otherwise noted, capitalized terms used herein have the meanings ascribed to them in the respective Settlement Agreements with Kemira and with the Chemtrade Defendants.

[2] The Chemtrade Defendants include Chemtrade Logistics Income Fund; General Chemical Corporation; General Chemical LLC; General Chemical Performance Products, LLC; Chemtrade Chemicals Corporation; Chemtrade Chemicals US LLC; and Chemtrade Solutions, LLC, as well as former Chemtrade employees named as defendants, Alex Avraamides, Frank Reichl, Amita Gupta, and Vincent Opalewski.

20, 2018; (b) the Chemtrade Settlement Agreement filed with the Court on January 14, 2019; and (c) the Notice and the Summary Notice, both of which were filed with the Court on January 18, 2019.

3. **Notice** – Notice of Interim DPP Lead Counsel's motion for an award of attorneys' fees, reimbursement of litigation expenses and case contribution awards was given to all Direct Purchaser Settlement Class Members who were readily and reasonably identified by or were previously identified by GEO, Kemira and Chemtrade, were identified by or were previously identified by Non-Settling Defendants; and were identified by Interim DPP Lead Counsel. The form and method of notifying the Direct Purchaser Settlement Class of the motion for an award of attorneys' fees, reimbursement of litigation expenses and case contribution awards satisfied the requirements under Fed.R.Civ.P. 23 and due process, and all other applicable law and rules; constituted the best notice practicable under the circumstances; and constituted due and sufficient notice to all persons and entities entitled thereto.

4. **Certification of Direct Purchaser Settlement Class for Settlement Purposes** – Pursuant to Fed.R.Civ.P. 23, and solely for the purpose of effectuating the Settlement, this Court finally certifies a settlement class defined as "all persons or entities that purchased liquid aluminum sulfate ("Alum") in the United States directly from a Defendant from January 1, 1997 through February 28, 2011." Excluded from the Direct Purchaser Settlement Class are (1) Defendants and their respective parents, subsidiaries, and affiliates, and (2) any Direct Purchaser Settlement Class Members who timely and validly elected to be excluded from the Direct Purchaser Settlement Class, as listed on the attached Exhibit 1.

5. Direct Purchaser Class Plaintiffs are hereby appointed, for purposes of effectuating the Settlement only, as class representatives for the Direct Purchaser Settlement Class

and Interim DPP Lead Counsel is appointed as class counsel for the Direct Purchaser Settlement Class pursuant to Fed.R.Civ.P. 23(c)(1)(B) and (g).

6. **CAFA** – The Court finds that the notice requirements set forth in the Class Action Fairness Act of 2005, 28 U.S.C. § 1715, to the extent applicable to the Action, have been satisfied.

7. **Objections** – The Court has considered the one objection to the Settlement submitted pursuant to Fed.R.Civ.P. 23(e)(5). (ECF No. 1256). That objector also filed a motion to intervene. (ECF No. 1257). The objector's motion to intervene is denied and the objection is hereby overruled for the reasons stated on the record during the April 17, 2019 hearing and for the same reasons the objector's previous motion to intervene and objection were overruled. (ECF No. 1169).

8. **Final Settlement Approval and Dismissal of Claims** – Pursuant to, and in accordance with, Fed.R.Civ.P. 23, this Court hereby fully and finally approves the Settlement set forth in the Kemira Settlement Agreement and the Chemtrade Settlement Agreement in all respects (including, without limitation: the amount of the Settlement; the releases provided for therein; and the dismissal with prejudice of the Action as to Kemira and the Chemtrade Defendants), and finds that the Settlement is, in all respects, fair, reasonable, and adequate to the Direct Purchaser Settlement Class. The Parties are directed to implement, perform and consummate the Settlement in accordance with the terms and provisions contained in the Settlement Agreement.

9. The Action and all of the claims asserted against the Kemira and the Chemtrade Defendants in the Action by Direct Purchaser Class Plaintiffs and the other Direct Purchaser

Settlement Class Members are hereby dismissed with prejudice. The Parties shall bear their own costs and expenses, except as otherwise expressly provided in the Settlement Agreement.

10. **Binding Effect** – The terms of the respective Settlement Agreements and of this Judgment shall be forever binding on Kemira and the Chemtrade Defendants, Direct Purchaser Class Plaintiffs, and all other Direct Purchaser Settlement Class Members (regardless of whether or not any individual Direct Purchaser Settlement Class Member submits a Claim Form or seeks or obtains a distribution from the net Settlement proceeds), as well as their respective successors and assigns. The persons listed on Exhibit 1 hereto are excluded from the Direct Purchaser Settlement Class pursuant to request and are not bound by the terms of the Settlement Agreement or this Judgment.

11. The provisions of paragraphs 14, 15, and 16 of the Kemira Settlement Agreement and paragraphs 15, 16 and 17 of the Chemtrade Settlement Agreement, together with the definitions contained in paragraph 1 of the respective Settlement Agreements relating thereto, are expressly incorporated herein in all respects.

12. Notwithstanding paragraph 6 above, nothing in this Judgment shall bar any action by any of the Parties to enforce or effectuate the terms of the Settlement Agreement or this Judgment.

13. **Rule 11 Findings** – The Court finds and concludes that the Parties and their respective counsel have complied in all respects with the requirements of Fed.R.Civ.P. 11, and the requirements of 28 U.S.C. § 1927, in connection with the institution, prosecution, defense, and settlement of the Action.

14. **No Admissions** – Whether or not Final Judgment is entered or the Settlement Agreement is terminated, the Parties expressly agree that the Settlement Agreement and its

contents, and any and all statements, negotiations, documents, and discussions associated with it, are not and shall not be deemed or construed to be an admission or evidence of any violation of any statute or law or of any liability or wrongdoing by Kemira or the Chemtrade Defendants. Nothing in the Settlement Agreement shall affect the application of Federal Rule of Evidence 408 in any instance where it would otherwise apply.

15. **Retention of Jurisdiction** – Without affecting the finality of this Judgment in any way, this Court retains continuing and exclusive jurisdiction over: (a) the Parties for purposes of the administration, interpretation, implementation and enforcement of the Settlement, including the administration and execution and disputes that may arise concerning the Settling Parties' cooperation; (b) the disposition of the Settlement Funds; (c) any motion for an award of attorneys' fees and/or expenses by Interim DPP Lead Counsel in the Action that will be paid from the Settlement Funds; (d) any motion to approve the Plan of Distribution; (e) any motion to approve an order directing distribution of the net Settlement proceeds to the Direct Purchaser Settlement Class; and (f) the Direct Purchaser Settlement Class Members for all matters relating to the Action.

16. **Modification of the Agreement of Settlement** – Without further approval from the Court, Direct Purchaser Class Plaintiffs and Kemira and the Chemtrade Defendants are hereby authorized to agree to and adopt such amendments or modifications of the Settlement Agreement or any exhibits attached thereto to effectuate the Settlement that: (a) are not materially inconsistent with this Judgment; and (b) do not materially limit the rights of Direct Purchaser Settlement Class Members in connection with the Settlement. Without further order of the Court, Direct Purchaser Class Plaintiffs and Kemira and the Chemtrade Defendants may agree to reasonable extensions of time to carry out any provisions of the Settlement.

17. **Termination of Settlement** – If the Settlement is terminated as provided in the Settlement Agreements or the Final Judgment otherwise fails to occur, this Judgment shall be vacated, rendered null and void and be of no further force and effect, except as otherwise provided by the Settlement Agreement, and this Judgment shall be without prejudice to the rights of Direct Purchaser Class Plaintiffs, the other Direct Purchaser Settlement Class Members and Kemira and/or the Chemtrade Defendants, and the Parties shall revert to their respective positions in the Action as of the date and time immediately prior to the execution of the Settlement Agreement.

18. **Direct Purchaser Escrow Account** – The escrow account established by Interim DPP Lead Counsel to receive and maintain the Settlement Funds contributed by Kemira and the Chemtrade Defendants for the benefit of the Direct Purchaser Settlement Class, is approved as a Qualified Settlement Fund pursuant to Internal Revenue Code Section 458B and the Treasury Regulations promulgated thereunder.

19. **Fee and Expense Award** – Interim DPP Lead Counsel is hereby awarded attorneys' fees in the amount of 33.33% of the total cash proceeds made available to the Direct Purchaser Settlement Class. With respect to any additional cash proceeds received pursuant to the Chemtrade Settlement Agreement, payment of attorneys' fees shall be paid to Interim DPP Lead Counsel from the proceeds as received. In addition, Interim DPP Lead Counsel is hereby awarded $1,429,450.19 in reimbursement of certain of Plaintiffs' Counsel's out-of-pocket expenses. All fees and expenses awarded by the Court shall be paid from the Settlement Funds, and the Court finds the sums awarded to be fair and reasonable. Interim DPP Lead Counsel shall allocate the attorneys' fees awarded amongst Plaintiffs' Counsel in a manner which it, in good

faith, believes reflects the contributions of such counsel to the institution, prosecution, and settlement of the Action with the GEO Settling Parties, Kemira and the Chemtrade Defendants.

20. **Factual Findings** – In making this award of attorneys' fees and expenses to be paid from the Settlement Funds, the Court has considered and found that:

(a) The Kemira Settlement will provide a total of $3,800,000 in cash. The cash Settlement Funds are to be funded into escrow pursuant to the terms of the Settlement Agreement, and numerous Direct Purchaser Settlement Class Members who submit acceptable Claim Forms will benefit from the Settlement that occurred because of the efforts of Plaintiffs' Counsel;

(b) The Chemtrade Settlement will provide: (i) a total of $51,000,000 in cash; and (ii) up to $22,500,000 from indemnity and guarantee claims against General Chemical's former owners, with a guaranteed minimum amount of $5,000,000. The cash Settlement Funds are to be funded into escrow pursuant to the terms of the Settlement Agreement, and numerous Direct Purchaser Settlement Class Members who submit acceptable Claim Forms will benefit from the Settlement that occurred because of the efforts of Plaintiffs' Counsel;

(c) More than 10,000 copies of the Notice were mailed to potential Direct Purchaser Settlement Class Members stating that Interim DPP Lead Counsel would apply for attorneys' fees in an amount up to 33.33% of the total consideration made available to the Direct Purchaser Settlement Class, reimbursement of the costs and expenses advanced on behalf of the Direct Purchaser Settlement Class and Case Contribution Awards of no more than $40,000 to each Direct Purchaser Class Plaintiff;

(d) No objections were filed concerning the requested fees and expenses;

(e) Interim DPP Lead Counsel have conducted the litigation against Kemira and the Chemtrade Defendants and achieved the Settlement with skill, perseverance, and diligent advocacy;

(f) The Action raised a number of complex issues;

(g) Had Interim DPP Lead Counsel not achieved the Settlement there would remain a significant risk that Direct Purchaser Class Plaintiffs and the other members of the Direct Purchaser Settlement Class may have recovered less or nothing from Kemira and the Chemtrade Defendants;

(h) Plaintiffs' Counsel have devoted more than 51,000 hours to the prosecution of the Direct Purchaser Settlement Class's claims against Defendants, with a lodestar value of approximately $30,932,817.40; and

(i) The amount of attorneys' fees awarded and expenses to be reimbursed from the Settlement Funds are fair and reasonable and consistent with awards in similar cases. The fee award, even as a percentage of the maximum recovery, is less than the aforementioned lodestar value.

21. **Case Contribution Awards** – Each of the following Direct Purchaser Class Plaintiffs (i) Central Arkansas Water; (ii) City of Charlotte, North Carolina; (iii) City and County of Denver, Colorado, acting by and through its board of Water Commissioners; (iv) Flambeau River Papers, LLC; (v) City of Greensboro, North Carolina; (vi) Mobile Area Water and Sewer System; (vii) City of Rochester, Minnesota; (viii) City of Sacramento, California; (ix) SUEZ Water Environmental Services Inc.; SUEZ Water New Jersey Inc.; SUEZ Water Princeton Meadows Inc.; SUEZ Water New York Inc.; SUEZ Water Pennsylvania Inc.; (x) City of Texarkana, Arkansas and City of Texarkana, Texas, d/b/a Texarkana Water Utilities; and (xi) City of Shreveport, Louisiana are hereby awarded $20,000 from the Settlement Funds for their

work, to date, representing the Direct Purchaser Settlement Class in the Action.[3] These awards are in addition to whatever monetary amounts the Direct Purchaser Class Plaintiffs may receive from the net Settlement proceeds pursuant to the Plan of Distribution.

22. **Approval of Plan of Distribution** – The Court hereby finds and concludes that the formula for the calculation of the claims of Direct Purchaser Settlement Class Members ("Claimants") as set forth in the Plan of Distribution described in the Notice mailed to Direct Purchaser Settlement Class Members and posted on the Settlement Website provides a fair and reasonable basis upon which to allocate the net proceeds of the Settlement among Direct Purchaser Settlement Class Members with due consideration having been given to administrative convenience and necessity.

23. The Court hereby finds and concludes that the Plan of Distribution is, in all respects, fair and reasonable to the Direct Purchaser Settlement Class. Accordingly, the Court hereby approves the Plan of Distribution proposed by Direct Purchaser Class Plaintiffs and Interim DPP Lead Counsel.

24. **No Impact on Judgment** – Any appeal or any challenge affecting this Court's approval regarding any attorneys' fees and expense application, or the approval of the plan of distribution, shall in no way disturb or affect the finality of the Final Order or Final Judgment.

25. **Retention of Jurisdiction** – Exclusive jurisdiction is hereby retained over the Parties and the Direct Purchaser Settlement Class Members for all matters relating to this Action, including the administration, interpretation, effectuation, or enforcement of the Settlement Agreements and this Order.

---

[3] As the Action is ongoing, Interim DPP Lead Counsel may request additional Case Contribution Awards for the Direct Purchaser Class Plaintiffs in connection with future settlements and/or judgments obtained.

9

26.  **Entry of Judgment** – There is no just reason to delay the entry of this Judgment in this Action. Accordingly, the Clerk of the Court is expressly directed to immediately enter this Judgment in this Action.

_____
HON. JOSE L. LINARES
Chief Judge, United States District Court