# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| In Re: LIQUID ALUMINUM SULFATE ANTITRUST LITIGATION | Civil Action No. 16-md-2687 (JLL) (JAD)<br><br>**ORDER GRANTING PRELIMINARY APPROVAL OF PROPOSED SETTLEMENTS BETWEEN DIRECT PURCHASER CLASS PLAINITFFS AND USALCO, LLC AND SOUTHERN IONICS, INCORPORATED, AUTHORIZING DISSEMINATION OF NOTICE OF THE SETTLEMENTS, AND SCHEDULING A HEARING FOR FINAL APPROVAL OF THE PROPOSED SETTLEMENTS** |

WHEREAS, this matter having come before the Court by way of Direct Purchaser Class Plaintiffs' motion for preliminary approval of proposed settlements between Direct Purchaser Class Plaintiffs and USALCO, LLC ("USALCO") and between Direct Purchaser Class Plaintiffs and Southern Ionics Incorporated ("SII"), Authorizing Dissemination of Notice of the Settlement, and Scheduling a Hearing for Final Approval of the Proposed Settlement ("Motion");

WHEREAS, on February 25, 2019, Direct Purchaser Class Plaintiffs, individually and on behalf of the putative Direct Purchaser Settlement Class (as defined below), and USALCO entered into a Settlement Agreement (the "USALCO Settlement Agreement"), which, if finally approved by the Court, will result in the settlement (the "USALCO Settlement") of all claims asserted against USALCO in the above-captioned action ("Action");

WHEREAS, in full and final settlement of the claims asserted against USALCO, USALCO has agreed to pay $6.1 million in cash in installments;

WHEREAS on March 19, 2019, Direct Purchaser Class Plaintiffs, individually and on behalf of the putative Direct Purchaser Settlement Class (as defined below), and SII entered into

a Settlement Agreement (the "SII Settlement Agreement", together with the USALSO Settlement Agreement, the "Settlement Agreements"), which, if finally approved by the Court, will result in the settlement (the "SII Settlement, together with the USALCO Settlement, the "Settlements") of all claims asserted against SII in the above-captioned action ("Action");

WHEREAS, in full and final settlement of the claims asserted against SII, SII has agreed to pay $6.5 million in cash;

WHEREAS, USALCO and SII entered into the USALCO Settlement and SII Settlement, respectively without admitting any liability or wrongdoing, but rather to avoid the costs, expenses, and uncertainties of this complex litigation;

WHEREAS, the Settlements do not release any claims of the Direct Purchaser Class Plaintiffs and the other members of the Direct Purchaser Settlement Class against the Non-Settling Defendants;

WHEREAS, Direct Purchaser Class Plaintiffs have moved pursuant to Fed.R.Civ.P. 23(e) for an order preliminarily approving the Settlement Agreements, which set forth the terms and conditions of the Settlements with USALCO and SII;

WHEREAS, Direct Purchaser Class Plaintiffs have further moved for this Court's (i) provisional certification of the Direct Purchaser Settlement Class, for purposes of effectuating the Settlements only; (ii) approval of the manner and form of notice of the Settlements to the Direct Purchaser Settlement Class; (iii) appointment of Angeion Group, LLC as Settlement Administrator; (iv) approval of a proposed briefing schedule for (1) final approval of the Settlements and proposed plan for distribution of the Net Settlement Fund to eligible Direct Purchaser Settlement Class Members and (2) Interim DPP Lead Counsel's application for

attorneys' fees, reimbursement of expenses and Case Contribution Awards to Direct Purchaser Class Plaintiffs; and (v) scheduling of a date and time for the Fairness Hearing;

WHEREAS, Direct Purchaser Class Plaintiffs, USALCO and SII have agreed to the entry of this Order (the "Order");

WHEREAS, all terms with initial capitalization used in this Order shall have the same meanings as set forth in the respective Settlement Agreements, unless otherwise defined herein; and

WHEREAS, the Court has considered the Settlement Agreements and the other documents submitted by the Parties in connection with Direct Purchaser Class Plaintiffs' Motion, and good cause appearing therefor:

IT IS THIS 24th day of April, 2019,

ORDERED as follows:

## I.   Preliminary Approval of the Settlements

1. Upon review of the record, the Court finds that the Settlement Agreements resulted from arm's-length negotiations between highly experienced counsel and falls within the range of possible approval. Therefore, the Settlement Agreements are hereby preliminarily approved, subject to further consideration thereof at the Fairness Hearing described below. The Court preliminarily finds that the Settlements set forth in the Settlement Agreements raise no obvious reasons to doubt its fairness and raise a reasonable basis for presuming that they satisfy the requirements under Fed.R.Civ.P. 23 and due process so that notice of the Settlements should be given as provided in this Order.

2. At or after the Fairness Hearing the Court shall determine, among other matters, whether the Settlements warrant final approval.

## II. Provisional Certification of the Direct Purchaser Settlement Class

3. Pursuant to Fed.R.Civ.P. 23, and solely for the purpose of effectuating the Settlements, this Court provisionally certifies a settlement class defined as "all persons or entities that purchased liquid aluminum sulfate ("Alum") in the United States directly from a Defendant from January 1, 1997 through February 28, 2011." Excluded from the Direct Purchaser Settlement Class are (1) Defendants and their respective parents, subsidiaries, and affiliates, and (2) any Direct Purchaser Settlement Class Members who timely and validly elect to be excluded from the Direct Purchaser Settlement Class. The provisional certification of the Direct Purchaser Settlement Class shall be vacated if the Settlements are terminated or not approved by the Court.

4. Solely for purposes of effectuating the proposed Settlements, the Court preliminarily finds that the prerequisites for class action certification under Fed.R.Civ.P. 23 are satisfied as: (a) the members of the Direct Purchaser Settlement Class are so numerous that joinder of all Direct Purchaser Settlement Class Members in the Action is impracticable; (b) there are questions of law and fact common to the Direct Purchaser Settlement Class; (c) the claims of Direct Purchaser Class Plaintiffs are typical of the claims of the Direct Purchaser Settlement Class; (d) the interests of all Direct Purchaser Settlement Class Members are adequately represented by Direct Purchaser Class Plaintiffs and Interim DPP Lead Counsel; (e) the issues common to Direct Purchaser Settlement Class Members predominate over any individualized issues; and (f) a class action is superior to other available methods for the fair and efficient adjudication of the controversy. These preliminary findings shall be vacated if the Settlements are terminated or not approved by the Court.

5. Pursuant to Fed.R.Civ.P. 23, and solely for the purposes of effectuating the Settlements, Direct Purchaser Class Plaintiffs are appointed as class representatives for the

Direct Purchaser Settlement Class and Interim DPP Lead Counsel is appointed as class counsel for the Direct Purchaser Settlement Class. These designations shall be vacated if either of the Settlements is terminated or not approved by the Court.

### III. Notice to the Direct Purchaser Settlement Class

6. The Court approves the appointment of Angeion Group, LLC as Settlement Administrator for the Settlements.

7. The Court finds the proposed form of Notice to Direct Purchaser Settlement Class Members of the proposed Settlements between Direct Purchaser Class Plaintiffs and USALCO and between Direct Purchaser Class Plaintiffs and SII ("Notice"), the proposed summary form of notice ("Summary Notice"), and the proposed methods of dissemination thereof, as set forth herein, satisfy the requirements under Fed.R.Civ.P. 23 and due process, and therefore are approved.

8. Within thirty (30) days of the Execution Date, USALCO and SII shall supply to Interim DPP Lead Counsel, at USALCO's and SII's respective expense and in such form as kept in the regular course of business (electronic format if available), the names and addresses of Direct Purchasers that purchased Alum during the Settlement Class Period, or confirm that they have provided such information previously.

9. The Settlement Administrator shall cause the Notice, substantially in the form attached hereto as Exhibit 1, to be disseminated no later than two weeks following the date of the entry of this Order (the "Notice Date") via first class mail, postage prepaid, to each potential Direct Purchaser Settlement Class Member who is readily and reasonably identified by or was previously identified by USALCO and SII; is identified by or was previously identified by Non-

Settling Defendants; and is identified by Interim DPP Lead Counsel. A Claim Form, substantially in the form attached hereto as Exhibit 2, will be included with the Notice.

10. The Settlement Administrator shall cause the Summary Notice, substantially in the form attached hereto as Exhibit 3, to be published in *Municipal Magazine* as soon as practicable after the Notice Date.

11. On or before the Notice Date, the Settlement Administrator shall post the Notice, Claim Form and Summary Notice on the website created for the Settlements, www.liquidaluminumdirectsettlement.com, and establish a settlement-specific toll-free telephone number.

12. On or before the Notice Date, the Settlement Administrator shall establish a post office box where Direct Purchaser Settlement Class Members can send completed Claim Forms, requests for exclusion, and other correspondence relating to the Settlements.

## IV. Schedule and Procedure for Requesting Exclusion and Submitting Objections

13. The deadline for Direct Purchaser Settlement Class Members to request exclusion from the Direct Purchaser Settlement Class shall be 60 days prior to the Fairness Hearing.

14. As set forth in the Notice, in order to request exclusion, a Direct Purchaser Settlement Class Member must mail a written letter to the following address: *Liquid Aluminum Sulfate Antitrust Litigation – Direct Purchaser Settlement*, c/o Settlement Administrator, P.O. Box 30097, Philadelphia, PA 19103.

15. The written letter must include the following information: (i) a statement indicating the Direct Purchaser Settlement Class Member's desire to be excluded from the Direct Purchaser Settlement Class in *In Re: Liquid Aluminum Sulfate Antitrust Litigation*, Civil Action No. 16-md-2687(JLL)(JAD); (ii) the Direct Purchaser Settlement Class Member's name,

address, telephone number, and signature; (iii) all trade names or business names and all addresses (including any addresses that have received shipments of Alum from a Defendant) that the Direct Purchaser Settlement Class Member or their business have used, as well as any subsidiaries or affiliates who are requesting to be excluded from the Direct Purchaser Settlement Class; and (iv) the total purchases of Alum in dollars by the Direct Purchaser Settlement Class Member during the Class Period.

16. The request for exclusion shall not be effective unless it provides the required information and is made within the time stated above or the request for exclusion is otherwise accepted by the Court. Persons or entities that request exclusion from the Direct Purchaser Settlement Class shall not be entitled to share in the benefits of the Settlements, nor be bound by any judgment whether favorable or adverse.

17. The Settlement Administrator shall keep track of any and all requests for exclusion.

18. On or before one week prior to the Fairness Hearing, Interim DPP Lead Counsel shall file a notice with the Court: (i) identifying those persons or entities requesting exclusion from the Direct Purchaser Settlement Class, if any; and (ii) informing the Court about the status and execution of the notice program as ordered herein.

19. As set forth in the Notice, Direct Purchaser Settlement Class Members who wish to object or otherwise be heard with respect to the USALCO and/or SII Settlements and to appear in person at the Fairness Hearing for the Settlements, must first send a Notice of Intention to Appear. The Notice of Intention to Appear must include: (i) the case caption, *In Re: Liquid Aluminum Sulfate Antitrust Litigation*, Civil Action No. 16-md-2687 (JLL) (JAD); (ii) the objector's name, address, and telephone number, and (iii) personal information for other people

(including lawyers) who want to speak at the hearing. Written objections must include the following information: (i) a statement indicating that the Direct Purchaser Settlement Class Member objects to the Settlement(s), the plan of distribution and/or the request for attorneys' fees, expenses, or Case Contribution Awards, in *In Re: Liquid Aluminum Sulfate Antitrust Litigation*, Civil Action No. 16-md-2687 (JLL) (JAD); (ii) the objector's name, address, telephone number, and signature; (iii) the reasons for the objection(s) and all documents and writings that the objector wants the Court to consider; and (iv) proof of the objector's membership in the Direct Purchaser Settlement Class, such as invoices or other documentation establishing eligible purchases of Alum. Written objections must be filed with the Court and mailed to the following on or before three weeks prior to the Fairness Hearing:

| | | |
|---|---|---|
| James E. Cecchi, Esq | William F. Ryan, Jr. | John S. Mairo |
| Carella, Byrne, Cecchi, | Aaron L. Casagrande | William Hughes |
| Olstein, Brody & Agnello | Whiteford, Taylor & | Kelly D. Curtin |
| 5 Becker Farm Road | Preston L.L.P. | Porzio, Bromberg & Newman, P.C. |
| Roseland, NJ 07068 | 7 Saint Paul Street | 100 Southgate Parkway |
| Interim DPP Lead Counsel | Baltimore, Maryland 21202 | Morristown, NJ 07962 |
| | Counsel for USALCO | Counsel for SII |

20. Any Direct Purchaser Settlement Class Member who does not make its objection in the manner provided above shall be deemed to have waived their right to object to any aspect of the Settlement(s), the Plan of Distribution, and Interim DPP Lead Counsel's requests for attorneys' fees, reimbursement of expenses and Case Contribution Awards to Direct Purchaser Class Plaintiffs and shall be forever barred and foreclosed from objecting to the fairness, reasonableness or adequacy of the Settlement(s), the Plan of Distribution or the requested attorneys' fees and expenses, or from otherwise being heard concerning the Settlement(s), the Plan of Distribution or the requested attorneys' fees and expenses in this or any other proceeding.

## V. Schedule and Manner for Submitting Claim Forms

21. Direct Purchaser Settlement Class Members who wish to participate in the Settlements and be eligible to receive a payment from the Net Settlement Fund must complete and submit a Claim Form in accordance with the instructions contained therein. Direct Purchaser Settlement Class Members who previously submitted Claim Forms in connection with the Settlement with the GEO, Kemira and/or Chemtrade Settling Parties need not submit any additional Claim Forms in order to participate in these Settlements. Unless the Court orders otherwise, all Claim Forms must be postmarked (if mailed) and received (if submitted online) no later than six weeks after the Fairness Hearing. Notwithstanding the foregoing, Interim DPP Lead Counsel may, at its discretion, accept for processing late Claim Forms provided such acceptance does not delay the distribution of the Net Settlement Fund. By submitting a Claim Form, a person or entity shall be deemed to have submitted to the jurisdiction of the Court with respect to his, her or its claim and the subject matter of the Settlements.

22. Each Claim Form submitted must satisfy the following conditions: (a) it must be properly completed, signed and submitted in a timely manner in accordance with the provisions of the preceding paragraph; (b) it must be accompanied by adequate supporting documentation for the eligible purchases of Alum claimed; (c) if the person or entity executing the Claim Form is acting in a representative capacity, a certification of his, her or its current authority to act on behalf of the Direct Purchaser Settlement Class Member must be included in the Claim Form to the satisfaction of Interim DPP Lead Counsel or the Settlement Administrator; and (d) the Claim Form must be complete and contain no material deletions or modifications of any of the printed matter contained therein and must be signed under penalty of perjury.

23. Any Direct Purchaser Settlement Class Member that does not timely and validly submit a Claim Form or whose claim is not otherwise approved by the Court: (a) shall be deemed to have waived their right to share in the Net Settlement Fund; (b) shall be forever barred from participating in any distributions therefrom; (c) shall be bound by the provisions of the Settlement Agreements and the Settlements and all proceedings, determinations, orders and judgments in the Action relating thereto, including, without limitation, the judgment and the releases provided for therein, whether favorable or unfavorable to the Direct Purchaser Settlement Class; and (d) will be barred from commencing, maintaining or prosecuting any of the Released Claims against each and all of the USALCO Released Parties and SII Released Parties, as more fully described in the Settlement Agreements and Notice. Notwithstanding the foregoing, late Claim Forms may be accepted for processing as set forth in ¶21 above.

## VI. The Court's Final Approval Schedule and Fairness Hearing Date

24. All briefs and materials in support of Interim DPP Lead Counsel's fee and expense application, and any application for Case Contribution Awards to Direct Purchaser Class Plaintiffs, shall be filed with the Court no later than four weeks prior to the Fairness Hearing. The applications described in this paragraph shall promptly be posted on the website created for the Settlement, www.liquidaluminumdirectsettlement.com, and shall be considered as separate and apart from the Court's consideration of the fairness, reasonableness, and adequacy of the Settlements. All briefs and materials in support of final approval of the Settlements also shall be filed with the Court no later than four weeks prior to the Fairness Hearing.

25. All reply submissions, including any responses to any objections by Direct Purchaser Settlement Class Members, shall be filed with the Court no later than one week prior to the Fairness Hearing.

26. The Court will issue a separate order indicating the time and place for a hearing on the final approval of the Settlements ("Fairness Hearing").

At the Fairness Hearing, the Court will, among other things, consider:

    a.    final certification of the Direct Purchaser Settlement Class for purposes of effectuating the Settlements with USALCO and SII;

    b.    the fairness, reasonableness and adequacy of the Settlements with USALCO and SII and whether the Settlements should be finally approved and consummated according to their terms;

    c.    whether the Court should approve the proposed Plan for Distribution of the Net Settlement Fund (*i.e.*, net of the costs of settlement administration and notice and any Court-awarded attorneys' fees, expenses and Case Contribution Awards) to eligible Direct Purchaser Settlement Class Members;

    d.    whether notice of the Settlements constitutes due, adequate and sufficient notice of the Settlements meeting the requirements of due process and the Federal Rules of Civil Procedure;

    e.    whether the Action shall be dismissed with prejudice as to the USALCO Released Parties and the SII Released Parties;

    f.    whether the release of any and all Released Claims with respect to the USALCO Released Parties and the SII Released Parties shall be deemed effective as of Final Judgment;

    g.    whether the Releasing Parties are permanently enjoined and barred from instituting, commencing, or prosecuting any action or other proceeding asserting any Released Claims against any USALCO Released Party and any SII Released Party; and

    h.    whether, under Fed.R.Civ.P. 54(b), there is any just reason for delay and whether an order of dismissal as to the USALCO Released Parties and the SII Released Parties shall be final and appealable and entered forthwith.

27. The Fairness Hearing may be rescheduled or continued; in this event, the Court will furnish all counsel with appropriate notice. Interim DPP Lead Counsel shall be responsible for communicating any such notice promptly to the Direct Purchaser Settlement Class by posting conspicuous notice on the website created for the Settlements, www.liquidaluminumdirectsettlement.com.

28. All other proceedings in this Action against USALCO and SII (except as permitted in the Settlement Agreement) shall be stayed pending the Fairness Hearing.

29. In the event that the USALCO Settlement or the SII Settlement does not become final, then, subject to approval of the Court, litigation of the Action against USALCO and/or SII, as applicable, will resume in a reasonable manner to be approved by the Court upon joint application by the Parties.

30. If the Court does not grant final approval of the USALCO Settlement or the SII Settlement or one of both of the Settlements is terminated in accordance with the applicable provisions of the respective Settlement Agreements, such Settlement shall be deemed null and void and shall have no further force and effect, and neither the Settlement nor the negotiations

leading to it shall be used or referred to by any person or entity in this or in any other action or proceeding for any purpose.

31.   Neither this Order nor the Settlement Agreements nor any Settlement-related document nor any proceeding undertaken in accordance with the terms set forth in the Settlement Agreements or in any other Settlement-related documents, shall constitute, be construed as or be deemed to be an admission or evidence of any violation of any statute or law or of any liability or wrongdoing by the USALCO Released Parties or SII Released Parties, or likewise, constitute, be construed as or be deemed to be an admission or evidence of or presumption against Direct Purchaser Class Plaintiffs or any other Direct Purchaser Settlement Class Member that any of their claims are without merit or infirm, that a class should not be certified, or that recoverable damages against USALCO or SII would not have exceeded the Settlement Funds.

HON. JOSE L. LINARES
Chief Judge, United States District Court