## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

In Re: LIQUID ALUMINUM SULFATE
ANTITRUST LITIGATION

Civil Action No. 16-md-2687 (JLL) (JAD)

## ORDER OF PRELIMINARY APPROVAL OF SETTLEMENTS

WHEREAS, this matter having come before the Court by way of Indirect Purchaser Class Plaintiffs' Motion for Preliminary Approval of Proposed Settlements Between Indirect Purchaser Class Plaintiffs and the Defendants Kemira Chemicals, Inc. ("Kemira"), Chemtrade Logistics Income Fund, General Chemical Corporation, General Chemical LLC, General Chemical Performance Products, LLC, Chemtrade Chemicals Corporation, Chemtrade Chemicals US LLC, and Chemtrade Solutions, LLC (collectively, the "Chemtrade Defendants"), and Southern Ionics Incorporated and Milton Sundbeck (collectively, the "Southern Defendants");

WHEREAS, the Court has received the Settlement Agreements that have been entered into by Indirect Purchaser Class Plaintiffs and Kemira (dated as of April 18, 2019), the Chemtrade Defendants (dated as of April 19, 2019), and the Southern Defendants (dated as of April 19, 2019) (collectively, the "Settlement Agreements"), which, if finally approved by the Court, will result in the settlement of all claims asserted against Kemira, the Chemtrade Defendants, and the Southern Defendants in the above-captioned action (the "Action");

WHEREAS, in full and final settlement of the claims asserted against Kemira, Kemira has agreed to: (i) pay $2,350,000 in cash, and (ii) provide certain cooperation measures in Indirect Purchaser Class Plaintiffs' ongoing litigation efforts against the Non-Settling Defendants;

WHEREAS, in full and final settlement of the claims asserted against the Chemtrade Defendants, Chemtrade, on behalf of itself and the other Chemtrade Defendants, has agreed to:

(i) pay $14,000,000 in cash, and (ii) provide certain cooperation measures in Indirect Purchaser Class Plaintiffs' ongoing litigation efforts against the Non-Settling Defendants;

WHEREAS, in full and final settlement of the claims asserted against the Southern Defendants, Southern, on behalf of the Southern Defendants, has agreed to: (i) pay $5,000,000 in cash, and (ii) provide certain cooperation measures in Indirect Purchaser Class Plaintiffs' ongoing litigation efforts against the Non-Settling Defendants;

WHEREAS, the Settlements do not release any claims of the Indirect Purchaser Class Plaintiffs and the other members of the Indirect Purchaser Settlement Class against the Non-Settling Defendants;

WHEREAS, Indirect Purchaser Class Plaintiffs have moved pursuant to Rule 23(e) of the Federal Rules of Civil Procedure for an order preliminarily approving the Settlement Agreement, which sets forth the terms and conditions of the Settlements with Kemira, the Chemtrade Defendants, and the Southern Defendants;

WHEREAS, Indirect Purchaser Class Plaintiffs have moved the Court for an Order: (1) certifying the proposed Indirect Purchaser Settlement Classes; (2) appointing Indirect Purchaser Class Plaintiffs City of Homestead, Florida ("Homestead") and City of Creston Water Works Department ("Creston") as class representatives of the Indirect Purchaser Settlement Classes; (3) appointing Interim IPP Lead Counsel as co-lead class counsel for the Indirect Purchaser Settlement Classes; (4) approving the form of notice ("Notice Form") and plan of notice ("Notice Plan") to the Indirect Purchaser Settlement Classes; (5) approving the proposed Settlement Administrator; and (6) entering an appropriate case management schedule concerning: (i) notice to the Indirect Purchaser Settlement Classes of the Settlements, including opt-out and objection deadlines, (ii) the Indirect Purchaser Class Plaintiffs' motion for attorneys' fees, reimbursement

of litigation expenses, and incentive awards to Indirect Class Purchaser Plaintiffs, and (iii) the scheduling of a final fairness hearing,

**IT IS HEREBY ORDERED, ADJUDGED AND DECREED:**

Preliminary Approval of Settlement Agreement

1.      Unless otherwise defined herein, all terms that are capitalized herein shall have the meanings ascribed to those terms in the Settlement Agreements.

2.      This Court has jurisdiction over the subject matter of the Action (and all actions and proceedings consolidated in the Action), and over Indirect Purchaser Class Plaintiffs, the Indirect Purchaser Settlement Class, and Kemira, the Chemtrade Defendants, and the Southern Defendants.

3.      The Court finds, subject to final determination following a hearing on notice to potential class members, that the proposed Settlements with Kemira, the Chemtrade Defendants, and Southern Defendants, set forth in the Settlement Agreements, are sufficiently fair, reasonable and adequate, such that notice of the Settlements should be provided to the Indirect Purchaser Settlement Classes (defined in paragraph 4 of this Order) and a hearing should be held as provided in paragraph 14 of this Order.

Provisional Class Certification

4.      For purposes of effectuating the Settlements only, the Court certifies the following Indirect Purchaser Settlement Class pursuant to Fed. R. Civ. P. 23(a) and (b)(3):

> All persons or entities in Alabama, Arkansas, Arizona, California, Colorado, District of Columbia, Florida, Hawaii, Illinois, Iowa, Kansas, Maine, Massachusetts, Michigan, Minnesota, Mississippi, Nebraska, Nevada, New Hampshire, New Mexico, New York, North Carolina, North Dakota, Oregon, Puerto Rico, Rhode Island, South Carolina, South Dakota, Tennessee, Utah, Vermont, West Virginia, and Wisconsin, who indirectly purchased liquid aluminum sulfate, not for resale, which was

manufactured, produced or supplied by Defendants or their unnamed co-conspirators from January 1, 1997 through February 28, 2011.

Excluded from the Indirect Purchaser Settlement Class are (1) Defendants and their respective parents, subsidiaries, and affiliates, and (2) any Indirect Purchaser Settlement Class Members who timely and validly elect to be excluded from the Indirect Purchaser Settlement Class.

5.    Subject to final approval of the Settlements at the hearing described in paragraph 14 of this Order, the Court finds and concludes for settlement purposes that: (a) the members of the Indirect Purchaser Settlement Class are so numerous that joinder of all members is impracticable; (b) there are questions of law or fact common to the Indirect Purchaser Settlement Class; (c) the claims of the Indirect Purchaser Class Plaintiffs are typical of the claims of the Indirect Purchaser Settlement Class; (d) Indirect Purchaser Class Plaintiffs and Interim IPP Lead Counsel (defined below) will fairly and adequately represent the Indirect Purchaser Settlement Class; and (e) common issues predominate over any individual issues affecting the members of the Indirect Purchaser Settlement Class. The Court also finds the settlement of these claims on a class action basis superior to other means of resolving this matter. The Court appoints Interim IPP Lead Counsel, Jay B. Shapiro of Stearns Weaver Miller Weissler Alhadeff & Sitterson, P.A. and Marvin A. Miller of Miller Law LLC, as class counsel, having determined that the requirements of Rule 23(g) of the Federal Rules of Civil Procedure are fully satisfied by this appointment. Creston and Homestead will serve as class representatives on behalf of the Indirect Purchaser Settlement Class.

Notice to Potential Class Members

6.    The Court approves the appointment of A.B. Data, Ltd. as the Settlement Administrator for the Settlements.

4

7.      The Court approves the Notices of the proposed Settlements (the "Settlement Notice") and finds that the publication of the Notice substantially in the manner and form in the Notice Plan complies fully with the requirements of the Federal Rule of Civil Procedure 23 and due process and is the best notice practicable under the circumstances.

8.      The foregoing Settlement Notice provisions are hereby found to be the best means of providing notice under the circumstances and, when completed, shall constitute due and sufficient notice of the proposed Settlement Agreements and of the Fairness Hearing to all persons affected by and/or entitled to participate in the Settlements, in full compliance with the notice requirements of Rule 23 of the Federal Rules of Civil Procedure and due process of law.

9.      All funds held by the Escrow Agent for each escrow established pursuant to each Settlement Agreement shall be deemed and considered to be in *custodia legis* of the Court and shall remain subject to the jurisdiction of the Court, until such time as such funds shall be distributed pursuant to the Settlement Agreements and further order(s) of the Court.

10.     The Settlement Funds shall be held in trust and, to the extent it is held at a financial institution designated by Interim IPP Interim Lead Counsel, it shall be established as a fiduciary account and administered in accordance with the provisions of the respective Settlement Agreements. The Court approves the establishment of the Indirect Purchaser Escrow Account under the Settlement Agreements as a qualified settlement fund ("QSF") pursuant to Internal Revenue Code Section 468B and the Treasury Regulations promulgated thereunder, and retains continuing jurisdiction as to any issue that may arise in connection with the formation and/or administration of the QSF. Interim IPP Lead Counsel are, in accordance with the Settlement Agreements, authorized to expend funds from the QSF for payment of taxes, notice costs, and related expenses.

11.     The Action is stayed only as to matters related to Kemira, the Chemtrade Defendants, and the Southern Defendants, as provided in the Settlement Agreements, implementation of the Settlements contemplated by them, or matters related to the Settlement Funds, including applications for attorneys' fees, reimbursement of expenses, and case awards to the named Indirect Purchaser Class Plaintiffs.

12.     Indirect Purchaser Class Plaintiffs and the Indirect Purchaser Settlement Class Members are hereby preliminarily enjoined, until such Fairness Hearing, from commencing or proceeding with any action against Kemira, the Chemtrade Defendants, and the Southern Defendants or the Released Parties under the respective Settlement Agreements that includes allegations or claims on account, or arising out of, relating to, or based on conduct alleged or asserted in this Action.

13.     If a Settlement Agreement is not approved by the Court, or is terminated in accordance with its provisions, that Settlement Agreement and all proceedings had in connection therewith shall be null and void, except insofar as expressly provided to the contrary in that Settlement Agreement, and without prejudice to the *status quo ante* rights of Indirect Purchaser Class Plaintiffs, Kemira, the Chemtrade Defendants, the Southern Defendants, and the members of the Indirect Purchaser Settlement Classes.

14.     Because the Court is unable at this time to set a time and date for the final approval hearing for the Proposed Settlements, (ECF No. 1285), and in an effort to coordinate the Court's schedule with the other preliminary settlement approvals in this case, the deadlines for (1) providing notice to the Indirect Purchaser Settlement Class Members, (2) the filing of Interim IPP Lead Counsel's fee and expense application, (3) requesting exclusion from the Settlement Class, (4) objecting to final approval of the Settlement, Plan of Allocation, and/or Interim IPP Lead Counsel's application for attorneys' fees, reimbursement of expenses, and Case Contribution Awards, (5) the filing of opening briefs and materials in support of final approval of Settlement and Plan of Allocation, and (6) the filing of responses to any objections

6

are hereby suspended until the Court sets a date for a final approval hearing for the Proposed

Settlements. Once the date for that final hearing has been set, the Court will issue a further

order setting forth a schedule or schedules for the above enumerated events.

Dated: 5/13/, 2019

Hon. Jose L. Linares

Chief Judge, United States District Court