UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

In Re: LIQUID ALUMINUM SULFATE ANTITRUST LITIGATION

Civil Action No. 16-md-2687 (MCA) (JAD)

**ORDER GRANTING PRELIMINARY APPROVAL OF PROPOSED SETTLEMENT BETWEEN DIRECT PURCHASER CLASS PLAINITFFS AND C&S CHEMICALS, AUTHORIZING DISSEMINATION OF NOTICE OF THE SETTLEMENT, AND SCHEDULING A HEARING FOR FINAL APPROVAL OF THE PROPOSED SETTLEMENT**

WHEREAS, this matter having come before the Court by way of Direct Purchaser Class Plaintiffs' Motion for Preliminary Approval of Proposed Settlement Between Direct Purchaser Class Plaintiffs and C&s Chemicals, Inc. ("C&S"), Authorizing Dissemination of Notice of the Settlement, and Scheduling a Hearing for Final Approval of the Proposed Settlement ("Motion");

WHEREAS, on July 1, 2019, Direct Purchaser Class Plaintiffs, individually and on behalf of the putative Direct Purchaser Settlement Class (as defined below), and C&S entered into a Settlement Agreement ("Settlement"), which, if finally approved by the Court, will result in the settlement of all claims asserted against C&S in the above-captioned action ("Action");

WHEREAS, in full and final settlement of the claims asserted against C&S, C&S has agreed to pay $1,300,000 in cash, payable in equal monthly installments over a period of four years, plus interest at the rate of 4.5%;

WHEREAS, the Settlement does not release any claims of the Direct Purchaser Class Plaintiffs and the other members of the Direct Purchaser Settlement Class against the Non-Settling Defendants;

WHEREAS, Direct Purchaser Class Plaintiffs have moved pursuant to Fed.R.Civ.P. 23(e) for an order preliminarily approving the Settlement Agreement, which sets forth the terms and conditions of the Settlement with C&S;

WHEREAS, Direct Purchaser Class Plaintiffs have further moved for this Court's (i) provisional certification of the Direct Purchaser Settlement Class, for purposes of effectuating the Settlement only; (ii) approval of the manner and form of notice of the Settlement to the Direct Purchaser Settlement Class; (iii) appointment of Angeion Group, LLC as Settlement Administrator; (iv) approval of a proposed briefing schedule for (1) final approval of the Settlement and proposed plan for distribution of the Net Settlement Fund to eligible Direct Purchaser Settlement Class Members and (2) Interim DPP Lead Counsel's application for attorneys' fees, reimbursement of expenses and Case Contribution Awards to Direct Purchaser Class Plaintiffs; and (v) scheduling of a date and time for the Fairness Hearing;

WHEREAS, Direct Purchaser Class Plaintiffs and C&S have agreed to the entry of this Order (the "Order");

WHEREAS, all terms with initial capitalization used in this Order shall have the same meanings as set forth in the Settlement Agreement, unless otherwise defined herein; and

WHEREAS, the Court has considered the Settlement Agreement and the other documents submitted by the Parties in connection with Direct Purchaser Class Plaintiffs' Motion, and good cause appearing therefor:

IT IS THIS 11th day of September, 2019,

ORDERED as follows:

## I. Preliminary Approval of the Settlement

1. Upon review of the record, the Court finds that the Settlement Agreement resulted from arm's-length negotiations between highly experienced counsel and falls within the range of possible approval. Therefore, the Settlement Agreement is hereby preliminarily approved, subject to further consideration thereof at the Fairness Hearing described below. The Court preliminarily finds that the Settlement set forth in the Settlement Agreement raises no obvious reasons to doubt its fairness and raises a reasonable basis for presuming that it satisfies the requirements under Fed.R.Civ.P. 23 and due process so that notice of the Settlement should be given as provided in this Order.

2. At or after the Fairness Hearing the Court shall determine, among other matters, whether the Settlement warrants final approval.

## II. Provisional Certification of the Direct Purchaser Settlement Class

3. Pursuant to Fed.R.Civ.P. 23, and solely for the purpose of effectuating the Settlement, this Court provisionally certifies a settlement class defined as "all persons or entities that purchased liquid aluminum sulfate ("Alum") in the United States directly from a Defendant from January 1, 1997 through February 28, 2011." Excluded from the Direct Purchaser Settlement Class are (1) Defendants and their respective parents, subsidiaries, and affiliates, and (2) any Direct Purchaser Settlement Class Members who timely and validly elect to be excluded from the Direct Purchaser Settlement Class. The provisional certification of the Direct Purchaser Settlement Class shall be vacated if the Settlement is terminated or not approved by the Court.

4. Solely for purposes of effectuating the proposed Settlement, the Court preliminarily finds that the prerequisites for class action certification under Fed.R.Civ.P. 23 are satisfied as:

3

(a) the members of the Direct Purchaser Settlement Class are so numerous that joinder of all Direct Purchaser Settlement Class Members in the Action is impracticable; (b) there are questions of law and fact common to the Direct Purchaser Settlement Class; (c) the claims of Direct Purchaser Class Plaintiffs are typical of the claims of the Direct Purchaser Settlement Class; (d) the interests of all Direct Purchaser Settlement Class Members are adequately represented by Direct Purchaser Class Plaintiffs and Interim DPP Lead Counsel; (e) the issues common to Direct Purchaser Settlement Class Members predominate over any individualized issues; and (f) a class action is superior to other available methods for the fair and efficient adjudication of the controversy. These preliminary findings shall be vacated if the Settlement is terminated or not approved by the Court.

5. Pursuant to Fed.R.Civ.P. 23, and solely for the purposes of effectuating the Settlement, Direct Purchaser Class Plaintiffs are appointed as class representatives for the Direct Purchaser Settlement Class and Interim DPP Lead Counsel is appointed as class counsel for the Direct Purchaser Settlement Class. These designations shall be vacated if the Settlement is terminated or not approved by the Court.

### III. Notice to the Direct Purchaser Settlement Class

6. The Court approves the appointment of Angeion Group, LLC as Settlement Administrator for the Settlement.

7. The Court finds the proposed form of Notice to Direct Purchaser Settlement Class Members of the proposed Settlement between Direct Purchaser Class Plaintiffs and C&S ("Notice"), the proposed summary form of notice ("Summary Notice"), and the proposed methods of dissemination thereof, as set forth herein, satisfy the requirements under Fed.R.Civ.P. 23 and due process, and therefore are approved.

8. Within thirty (30) days of the Execution Date, C&S shall supply to Interim DPP Lead Counsel at C&S's expense and in such form as kept in the regular course of business (electronic format if available) the names and addresses of Direct Purchasers that purchased Alum during the Settlement Class Period, or confirm that it has provided such information previously.

9. The Settlement Administrator shall cause the Notice, substantially in the form attached hereto as Exhibit 1, to be disseminated no later than two weeks following the date of the entry of this Order (the "Notice Date") via first class mail, postage prepaid, to each potential Direct Purchaser Settlement Class Member who is readily and reasonably identified by or was previously identified by C&S; is identified by or was previously identified by Non-Settling Defendants; and is identified by Interim DPP Lead Counsel. A Claim Form, substantially in the form attached hereto as Exhibit 2, will be included with the Notice.

10. The Settlement Administrator shall cause the Summary Notice, substantially in the form attached hereto as Exhibit 3, to be published in *Municipal Magazine* as soon as practicable after the Notice Date.

11. On or before the Notice Date, the Settlement Administrator shall post the Notice, Claim Form and Summary Notice on the website created for the Settlement, www.liquidaluminumdirectsettlement.com, and establish a settlement-specific toll-free telephone number.

12. On or before the Notice Date, the Settlement Administrator shall establish a post office box where Direct Purchaser Settlement Class Members can send completed Claim Forms, requests for exclusion, and other correspondence relating to the Settlement.

## IV. Schedule and Procedure for Requesting Exclusion and Submitting Objections

13. The deadline for Direct Purchaser Settlement Class Members to request exclusion from the Direct Purchaser Settlement Class shall be October 24, 2019.

14. As set forth in the Notice, in order to request exclusion, a Direct Purchaser Settlement Class Member must mail a written letter to the following address: *Liquid Aluminum Sulfate Antitrust Litigation – Direct Purchaser Settlement*, c/o Settlement Administrator, P.O. Box 30097, Philadelphia, PA 19103.

15. The written letter must include the following information: (i) a statement indicating the Direct Purchaser Settlement Class Member's desire to be excluded from the Direct Purchaser Settlement Class in *In Re: Liquid Aluminum Sulfate Antitrust Litigation*, Civil Action No. 16-md-2687(MCA)(JAD); (ii) the Direct Purchaser Settlement Class Member's name, address, telephone number, and signature; (iii) all trade names or business names and all addresses (including any addresses that have received shipments of Alum from a Defendant) that the Direct Purchaser Settlement Class Member or their business have used, as well as any subsidiaries or affiliates who are requesting to be excluded from the Direct Purchaser Settlement Class; and (iv) the total purchases of Alum in dollars by the Direct Purchaser Settlement Class Member during the Class Period.

16. The request for exclusion shall not be effective unless it provides the required information and is made within the time stated above or the request for exclusion is otherwise accepted by the Court. Persons or entities that request exclusion from the Direct Purchaser Settlement Class shall not be entitled to share in the benefits of the Settlement, nor be bound by any judgment whether favorable or adverse.

17. The Settlement Administrator shall keep track of any and all requests for exclusion.

18. On or before November 7, 2019, Interim DPP Lead Counsel shall file a notice with the Court: (i) identifying those persons or entities requesting exclusion from the Direct Purchaser Settlement Class, if any; and (ii) informing the Court about the status and execution of the notice program as ordered herein.

19. As set forth in the Notice, Direct Purchaser Settlement Class Members who wish to object or otherwise be heard with respect to the C&S Settlement and to appear in person at the Fairness Hearing for the Settlement, must first send a Notice of Intention to Appear. The Notice of Intention to Appear must include: (i) the case caption, *In Re: Liquid Aluminum Sulfate Antitrust Litigation*, Civil Action No. 16-md-2687 (JLL) (JAD); (ii) the objector's name, address, and telephone number, and (iii) personal information for other people (including lawyers) who want to speak at the hearing. Written objections must include the following information: (i) a statement indicating that the Direct Purchaser Settlement Class Member objects to the Settlement(s), the plan of distribution and/or the request for attorneys' fees, expenses, or Case Contribution Awards, in *In Re: Liquid Aluminum Sulfate Antitrust Litigation*, Civil Action No. 16-md-2687 (JLL) (JAD); (ii) the objector's name, address, telephone number, and signature; (iii) the reasons for the objection(s) and all documents and writings that the objector wants the Court to consider; and (iv) proof of the objector's membership in the Direct Purchaser Settlement Class, such as invoices or other documentation establishing eligible purchases of Alum. Written objections must be filed with the Court and mailed to the following on or before October 24, 2019:

| | |
|---|---|
| James E. Cecchi, Esq<br>**Carella, Byrne, Cecchi,**<br>**Olstein, Brody & Agnello**<br>5 Becker Farm Road<br>Roseland, NJ 07068<br>Interim DPP Lead Counsel | John D. "Randy" Dalbey<br>**Chilivis, Cochran, Larkins & Bever LLP**<br>3127 Maple Drive, NE<br>Atlanta, Georgia 30305<br>Counsel for C&S |

20. Any Direct Purchaser Settlement Class Member who does not make its objection in the manner provided above shall be deemed to have waived their right to object to any aspect of the Settlement(s), the Plan of Distribution, and Interim DPP Lead Counsel's requests for attorneys' fees, reimbursement of expenses and Case Contribution Awards to Direct Purchaser Class Plaintiffs and shall be forever barred and foreclosed from objecting to the fairness, reasonableness or adequacy of the Settlement(s), the Plan of Distribution or the requested attorneys' fees and expenses, or from otherwise being heard concerning the Settlement(s), the Plan of Distribution or the requested attorneys' fees and expenses in this or any other proceeding.

## V. Schedule and Manner for Submitting Claim Forms

21. Direct Purchaser Settlement Class Members who wish to participate in the Settlement and be eligible to receive a payment from the Net Settlement Fund must complete and submit a Claim Form in accordance with the instructions contained therein. Direct Purchaser Settlement Class Members who previously submitted Claim Forms in connection with a prior settlement with the Direct Purchaser Settlement Class need not submit any additional Claim Forms in order to participate in this Settlements. Unless the Court orders otherwise, all Claim Forms must be postmarked (if mailed) and received (if submitted online) no later than December 26, 2019. Notwithstanding the foregoing, Interim DPP Lead Counsel may, at its discretion, accept for processing late Claim Forms provided such acceptance does not delay the distribution of the Net Settlement Fund. By submitting a Claim Form, a person or entity shall be deemed to have submitted to the jurisdiction of the Court with respect to his, her or its claim and the subject matter of the Settlement.

22. Each Claim Form submitted must satisfy the following conditions: (a) it must be properly completed, signed and submitted in a timely manner in accordance with the provisions of

the preceding paragraph; (b) it must be accompanied by adequate supporting documentation for the eligible purchases of Alum claimed; (c) if the person or entity executing the Claim Form is acting in a representative capacity, a certification of his, her or its current authority to act on behalf of the Direct Purchaser Settlement Class Member must be included in the Claim Form to the satisfaction of Interim DPP Lead Counsel or the Settlement Administrator; and (d) the Claim Form must be complete and contain no material deletions or modifications of any of the printed matter contained therein and must be signed under penalty of perjury.

23. Any Direct Purchaser Settlement Class Member that does not timely and validly submit a Claim Form or whose claim is not otherwise approved by the Court: (a) shall be deemed to have waived their right to share in the Net Settlement Fund; (b) shall be forever barred from participating in any distributions therefrom; (c) shall be bound by the provisions of the Settlement Agreement and the Settlement and all proceedings, determinations, orders and judgments in the Action relating thereto, including, without limitation, the judgment and the releases provided for therein, whether favorable or unfavorable to the Direct Purchaser Settlement Class; and (d) will be barred from commencing, maintaining or prosecuting any of the Released Claims against each and all of the C&S Released Parties, as more fully described in the Settlement Agreement and Notice. Notwithstanding the foregoing, late Claim Forms may be accepted for processing as set forth in ¶21 above.

## VI. The Court's Final Approval Schedule and Fairness Hearing Date

24. All briefs and materials in support of Interim DPP Lead Counsel's fee and expense application, and any application for Case Contribution Awards to Direct Purchaser Class Plaintiffs, shall be filed with the Court no later than October 17, 2019. The applications described in this paragraph shall promptly be posted on the website created for the Settlement,

www.liquidaluminumdirectsettlement.com, and shall be considered as separate and apart from the Court's consideration of the fairness, reasonableness, and adequacy of the Settlements. All briefs and materials in support of final approval of the Settlements also shall be filed with the Court no later than October 17, 2019.

25. All reply submissions, including any responses to any objections by Direct Purchaser Settlement Class Members, shall be filed with the Court no later than November 7, 2019 prior to the Fairness Hearing.

26. A hearing on final approval of the Settlement ("Fairness Hearing") shall be held before this Court on **November 14, 2019 at 2:00 p.m.** in the Courtroom assigned to the Honorable Madeline Cox Arleo, U.S.D.J., at the United States District Court for the District of New Jersey, Martin Luther King, Jr. Building & U.S. Courthouse, 50 Walnut Street, Newark, NJ 07101. At the Fairness Hearing, the Court will, among other things, consider:

    a. final certification of the Direct Purchaser Settlement Class for purposes of effectuating the Settlement with C&S;

    b. the fairness, reasonableness and adequacy of the Settlements with C&S and whether the Settlements should be finally approved and consummated according to their terms;

    c. whether the Court should approve the proposed Plan for Distribution of the Net Settlement Fund (*i.e.*, net of the costs of settlement administration and notice and any Court-awarded attorneys' fees, expenses and Case Contribution Awards) to eligible Direct Purchaser Settlement Class Members;

    d.    whether notice of the Settlements constitutes due, adequate and sufficient notice of the Settlements meeting the requirements of due process and the Federal Rules of Civil Procedure;

    e.    whether the Action shall be dismissed with prejudice as to the C&S Released Parties;

    f.    whether the release of any and all Released Claims with respect to the C&S Released Parties shall be deemed effective as of Final Judgment;

    g.    whether the Releasing Parties are permanently enjoined and barred from instituting, commencing, or prosecuting any action or other proceeding asserting any Released Claims against any C&S Released Party; and

    h.    whether, under Fed.R.Civ.P. 54(b), there is any just reason for delay and whether an order of dismissal as to the C&S Released Parties shall be final and appealable and entered forthwith.

27. The Fairness Hearing may be rescheduled or continued; in this event, the Court will furnish all counsel with appropriate notice. Interim DPP Lead Counsel shall be responsible for communicating any such notice promptly to the Direct Purchaser Settlement Class by posting conspicuous notice on the website created for the Settlement, www.liquidaluminumdirectsettlement.com.

28. All other proceedings in this Action against C&S (except as permitted in the Settlement Agreements) shall be stayed pending the Fairness Hearing.

29. In the event that a Settlement does not become final, then, subject to approval of the Court, litigation of the Action against C&S, as applicable, will resume in a reasonable manner to be approved by the Court upon joint application by the Parties.

30. If the Court does not grant final approval of a Settlement or a Settlement is terminated in accordance with the applicable provisions of the Settlement Agreement, such Settlement shall be deemed null and void and shall have no further force and effect, and neither the Settlement nor the negotiations leading to it shall be used or referred to by any person or entity in this or in any other action or proceeding for any purpose.

31. Neither this Order nor the Settlement Agreements nor any Settlement-related document nor any proceeding undertaken in accordance with the terms set forth in the Settlement Agreements or in any other Settlement-related documents, shall constitute, be construed as or be deemed to be an admission or evidence of any violation of any statute or law or of any liability or wrongdoing by the C&S Released Parties, or likewise, constitute, be construed as or be deemed to be an admission or evidence of or presumption against Direct Purchaser Class Plaintiffs or any other Direct Purchaser Settlement Class Member that any of their claims are without merit or infirm, that a class should not be certified, or that recoverable damages against C&S would not have exceeded the Settlement Funds.

_____
MADELINE COX ARLEO, U.S.D.J.