# UNITED STATED DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| In Re: LIQUID ALUMINUM SULFATE ANTITRUST LITIGATION | Civil Action No. 16-md-2687 (MCA)(MAH) |

**[PROPOSED] ORDER GRANTING FINAL APPROVAL OF SETTLEMENTS, GRANTING AWARD OF ATTORNEYS' FEES AND EXPENSES, GRANTING CLASS REPRESENTATIVE INCENTIVE AWARDS, AND APPROVING PLAN OF DISTRIBUTION**

THIS MATTER having been opened to the Court by IPP Lead Counsel for final approval of the proposed Settlements[1] of the Class Action with the Chemtrade Defendants,[2] the Southern Ionics Defendants,[3] Kemira Chemicals, Inc. ("Kemira"), USALCO, LLC ("USALCO"), American Securities, LCC ("American Securities"), and C&S Chemicals, Inc. ("C&S") (collectively, the "Settling Defendants"), and no objections having been received to the Settlements or to IPP Lead Counsel's request for attorneys' fees, reimbursement of expenses, and class representative incentive award, and the Court having read the Parties' papers, and good cause appearing for the reasons set forth on the record on November 7, 2019,

IT IS THIS _7_ day of November, 2019,

ORDERED and ADJUDGED as follows:

---

[1] Unless otherwise noted, capitalized terms used herein have the meanings ascribed to them in the respective Settlement Agreements with the Settling Defendants.

[2] The "Chemtrade Defendants" are Chemtrade Logistics Income Fund, General Chemical Corporation, General Chemical Performance Products, LLC, General Chemical LLC, GenTek Inc., Chemtrade Logistics Inc., Chemtrade Chemicals Corporation, Chemtrade Chemicals US LLC, Chemtrade Solutions, LLC, as well as former Chemtrade and American Securities employees named as defendants: Alex Avraamides, Frank Reichl, Amita Gupta, Vincent Opalewski, Matthew LeBaron, and Scott Wolff.

[3] The "Southern Ionics Defendants" are Southern Ionics, Inc. and its principal, Milton Sundbeck.

1.    **Jurisdiction** – The Court has jurisdiction to enter this Order and over the subject matter of the Class Action, as well as personal jurisdiction over all of the Parties and each of the Indirect Purchaser Settlement Class Members.

2.    **Incorporation of Settlement Documents** – This Judgment incorporates and makes a part hereof: (a) the Chemtrade Settlement Agreement filed with the Court on April 19, 2019; (b) the Southern Ionics Settlement Agreement filed with the Court on April 19, 2019; (c) the Kemira Settlement Agreement filed with the Court on April 19, 2019; (d) the USALCO Settlement Agreement filed with the Court on June 21, 2019; (e) the American Securities Settlement Agreement, filed with the Court on June 21, 2019; (f) the C&S Settlement Agreement, filed with the Court on June 21, 2019; and (g) the Notice and the Summary Notice, both of which were filed with the Court on June 21, 2019.

3.    **Notice** – Notice of IPP Lead Counsel's motion for an award of attorneys' fees, reimbursement of litigation expenses, and class representative incentive awards was given to all Indirect Purchaser Settlement Class Members who were readily and reasonably identified by the Defendants or by IPP Lead Counsel. The form and method of notifying the Indirect Purchaser Settlement Class of the request for an award of attorneys' fees, reimbursement of litigation expenses, and class representative incentive awards satisfied the requirements under Fed.R.Civ.P. 23 and due process, and all other applicable law and rules, constituted the best notice practicable under the circumstances, and constituted due and sufficient notice to all persons and entitles entitled thereto.

4.    **Certification of the Indirect Purchaser Settlement Class for Settlement Purposes** – Pursuant to Fed.R.Civ.P. 23, and solely for the purpose of effectuating the Settlements, this Court finally certifies a settlement class defined as:

All persons or entities in Alabama, Arkansas, Arizona, California, Colorado, District of Columbia, Florida, Hawaii, Illinois, Iowa, Kansas, Maine, Massachusetts, Michigan, Minnesota, Mississippi, Nebraska, Nevada, New Hampshire, New Mexico, New York, North Carolina, North Dakota, Oregon, Puerto Rico, Rhode Island, South Carolina, South Dakota, Tennessee, Utah, Vermont, West Virginia, and Wisconsin, who indirectly purchased liquid aluminum sulfate, not for resale, which was manufactured, produced or supplied by Defendants or their unnamed co-conspirators from January 1, 1997 through February 28, 2011.

Excluded from the Indirect Purchaser Settlement Class are (1) Defendants and their respective parents, subsidiaries, and affiliates, and (2) any Indirect Purchaser Settlement Class Members who timely and validly elected to be excluded from the Indirect Purchaser Settlement Class, as listed on the attached Exhibit 1.

5.    The Indirect Purchaser Class Plaintiffs have responsibly and effectively represented the Indirect Purchaser Settlement Class, and are hereby appointed, for purposes of effectuating the Settlements only, as class representative for the Indirect Purchaser Settlement Class. IPP Lead Counsel, Jay B. Shapiro and Marvin A. Miller, have skillfully and zealously represented the interests of the Indirect Purchaser Settlement Class in this case, and are appointed as class counsel for the Indirect Purchaser Settlement Class pursuant to Fed.R.Civ.P. 23(c)(1)(B) and (g).

6.    **CAFA** – The Court finds that the notice requirements set forth in the Class Action Fairness Act of 2005, 28 U.S.C. § 1715, to the extent applicable to this Class Action, have been satisfied.

7.    **Objections** – No objections to the Settlements or to IPP Lead Counsel's request for attorneys' fees, reimbursement of expenses, and class representative incentive awards have been received. This complete absence of any objections provides strong evidence that the Settlements and the requested fee award, reimbursement of expenses, and class representative incentive awards are fair, reasonable, and adequate and warrant final approval by the Court.

8.    **Final Settlement Approval and Dismissal of Claims** -- Pursuant to, and in accordance with, Fed.R.Civ.P. 23, this Court hereby fully and finally approves the Settlements set forth in the Chemtrade Settlement Agreement, the Southern Ionics Settlement Agreement, the Kemira Settlement Agreement, the USALCO Settlement Agreement, the American Securities Settlement Agreement, and the C&S Settlement Agreement, in all respects, including, without limitation: the amount of the Settlements (which, when combined with the amount of the previously-approved IPP settlement with Defendants GEO Specialty Chemicals Inc., Kenneth A. Ghazey, and Brian C. Steppig, total $33,056,653.08), the releases provided for in the Settlements, and the dismissal with prejudice of the Class Action as to each of the Settling Defendants. This Court finds that the Settlements are, in all respects, fair, reasonable, and adequate to the Indirect Purchaser Settlement Class. Accordingly, the Parties are hereby directed to implement, perform, and consummate the Settlements in accordance with the terms and provisions contained in the Settlement Agreements.

9.    The Class Action and all of the claims asserted against the Settling Defendants in the Class Action by Indirect Purchaser Class Plaintiffs and the other Indirect Purchaser Settlement Class Members are hereby dismissed with prejudice. The Parties shall bear their own costs and expenses, except as otherwise expressly provided in the Settlement Agreements.

10.    **Binding Effect** – The terms of the respective Settlement Agreements and of this Judgment shall be forever binding on the Settling Defendants, Indirect Purchaser Class Plaintiffs, and all other Indirect Purchaser Settlement Class Members (regardless of whether or not any individual Indirect Purchaser Settlement Class Member submits a Claim Form or seeks or obtains a distribution from the net Settlement proceeds), as well as their respective successors and assigns. The entities listed on Exhibit 1 hereto are deemed excluded from the Indirect Purchaser Settlement

4

Class pursuant to the Court-approved Stipulations filed as Docket Entries 1311 and 1354, and are not bound by the terms of the Settlement Agreements or this Judgment. Other than those parties listed on Exhibit 1, there are no persons excluded from the Indirect Purchaser Settlement Class and not bound by the terms of the Settlement Agreements or this Judgment.

11.     The provisions of paragraphs 15, 16, and 17 of the Chemtrade, Southern Ionics, and USALCO Settlement Agreements and paragraphs 14, 15, and 16 of the Kemira, American Securities, and C&S Settlement Agreements, together with the definitions contained in paragraph 1 of the respective Settlement Agreements relating thereto, are expressly incorporated herein in all respects.

12.     Notwithstanding paragraphs 8 and 9 above, nothing in this Judgment shall bar any action by any of the Parties to enforce or effectuate the terms of the Settlement Agreements or this Judgment.

13.     **Rule 11 Findings** – The Court finds and concludes that the Parties and their respective counsel have complied in all respects with the requirements of Fed.R.Civ.P. 11, and the requirements of 28 U.S.C. § 1927, in connection with the institution, prosecution, defense, and settlement of the Class Action.

14.     **No Admissions** – Whether or not Final Judgment is entered or the Settlement Agreements are terminated, the Parties expressly agree that the Settlement Agreements and their contents, and any and all statements, negotiations, documents, and discussions associated with the Settlement Agreements, are not and shall not be deemed or construed to be an admission or evidence of any violation of any statute or law or of any liability or wrongdoing by the Settling Defendants. Nothing in the Settlement Agreements shall affect the application of Federal Rule of Evidence 408 in any instance where it would otherwise apply.

15.     **Retention of Jurisdiction** – Without affecting the finality of this Judgment in any way, this Court retains continuing and exclusive jurisdiction over: (a) the Parties for purpose of the administration, interpretation, implementation and enforcement of the Settlements, including the administration and execution and disputes that may arise concerning the Settling Parties' cooperation; (b) the disposition of the Settlement Funds; (c) any motion for an award of attorneys' fees and/or expenses by IPP Lead Counsel in the Class Action that will be paid from the Settlement Funds; (d) any motion to approve the Plan of Distribution; (e) any motion to approve an order directing distribution of the net Settlement proceeds to the Indirect Purchaser Settlement Class; and (f) the Indirect Purchaser Settlement Class Members for all matters relating to the Class Action.

16.     **Modification of the Agreement of Settlement** – Without further approval from the Court, Indirect Purchaser Class Plaintiffs and the Settling Defendants are hereby authorized to agree to and adopt such amendments or modifications of the Settlement Agreements or any exhibits attached thereto to effectuate the Settlements that: (a) are not materially inconsistent with this Judgment; and (b) do not materially limit the rights of Indirect Purchaser Settlement Class Members in connection with the Settlements. Without further order of the Court, Indirect Purchaser Class Plaintiffs and the Settling Defendants may agree to reasonable extensions of time to carry out any provisions of the Settlements.

17.     **Termination of Settlements** – If any of the Settlements is terminated as provided in the Settlement Agreements or if the Final Judgment otherwise fails to occur, this Judgment shall be vacated, rendered null and void, and be of no further force and effect, except as otherwise provided by the Settlement Agreements, and this Judgment shall be without prejudice to the rights of Indirect Purchaser Class Plaintiffs, the other Indirect Purchaser Settlement Class Members, and

6

the Settling Defendants, and the Parties shall revert to their respective positions in the Class Action as of the date and time immediately prior to the execution of the Settlement Agreements.

18.     **Indirect Purchaser Escrow Accounts** – The escrow accounts established by IPP Lead Counsel to receive and maintain the Settlement Funds contributed by the Settling Defendants for the benefit of the Indirect Purchaser Settlement Class, is approved as a Qualified Settlement Fund pursuant to Internal Revenue Code Section 458B and the Treasury Regulations promulgated thereunder.

19.     **Fee and Expense Award** –IPP Lead Counsel is hereby awarded attorneys' fees in the amount of 33 1/3% ($11,018,884.36) of the total cash proceeds made available to the Indirect Purchaser Settlement Class. With respect to any Settlement Funds from the GEO Settlement and the C&S Settlement that are received after the entry of this Order, 33 1/3% of those funds shall be disbursed to IPP Lead Counsel as attorneys' fees at the time of their receipt, without the need for further approval or action by the Court.   In addition, IPP Lead Counsel is hereby awarded $1,175,125.10 in reimbursement of certain of Plaintiffs' Counsel's out-of-pocket expenses. All fees and expenses awarded by the Court shall be paid from the Settlement Funds, and the Court finds the sums awarded to be fair and reasonable.  IPP Lead Counsel shall allocate the attorneys' fees awarded amongst Plaintiffs' Counsel in a manner which IPP Lead Counsel, in good faith, believes reflects the contributions of such counsel to the institution, prosecution, and settlement of the Class Action with the Settling Defendants as well as with the previously-settled GEO Defendants.

20.     **Factual Findings** – In making this award of attorneys' fees and expenses to be paid from the Settlement Funds, the Court has considered and found that:

(a)      The Chemtrade Settlement will provide a total of $14,000,000 in cash.  The cash Settlement Funds are to be funded into escrow pursuant to the terms of the Chemtrade Settlement Agreement, and numerous Indirect Purchaser Settlement Class Members who submit acceptable Claim Forms will benefit from the Chemtrade Settlement which occurred because of the efforts of Plaintiffs' Counsel;

(b)      The Southern Ionics Settlement will provide a total of $5,000,000 in cash. The cash Settlement Funds are to be funded into escrow pursuant to the terms of the Southern Ionics Settlement Agreement, and numerous Indirect Purchaser Settlement Class Members who submit acceptable Claim Forms will benefit from the Southern Ionics Settlement which occurred because of the efforts of Plaintiffs' Counsel;

(c)      The Kemira Settlement will provide a total of $2,350,000 in cash.  The cash Settlement Funds are to be funded into escrow pursuant to the terms of the Kemira Settlement Agreement, and numerous Indirect Purchaser Settlement Class Members who submit acceptable Claim Forms will benefit from the Kemira Settlement which occurred because of the efforts of Plaintiffs' Counsel;

(d)      The USALCO Settlement will provide a total of $5,000,000 in cash. The cash Settlement Funds are to be funded into escrow pursuant to the terms of the USALCO Settlement Agreement, and numerous Indirect Purchaser Settlement Class Members who submit acceptable Claim Forms will benefit from the USALCO Settlement which occurred because of the efforts of Plaintiffs' Counsel;

(e)      The American Securities Settlement will provide a total of $2,200,000 in cash.  The cash Settlement Funds are to be funded into escrow pursuant to the terms of the American Securities Settlement Agreement, and numerous Indirect Purchaser Settlement Class

8

Members who submit acceptable Claim Forms will benefit from the American Securities Settlement which occurred because of the efforts of Plaintiffs' Counsel;

(f)      The C&S Settlement provides $700,000 in cash, payable over 4 years, bearing interest on the unpaid balance at 4.45 % per annum. With interest, the total amount payable by C&S is expected to be $765,440.96. The cash Settlement Funds are to be funded into escrow pursuant to the terms of the C&S Settlement Agreement, and numerous Indirect Purchaser Settlement Class Members who submit acceptable Claim Forms will benefit from the C&S Settlement which occurred because of the efforts of Plaintiffs' Counsel. IPP Lead Counsel are authorized, in their reasonable discretion, to discount and assign the rights to the Promissory Note between the IPPs and C&S that represents the balance of the amount owed to fund the C&S Settlement, to the extent doing so will facilitate the implementation and distribution of the C&S Settlement;

(g)      Pursuant to the Court-approved Notice Program, the Notice was distributed to potential Indirect Purchaser Settlement Class Members stating, among other things, that IPP Lead Counsel would apply for attorneys' fees in an amount up to 33 1/3% of the total consideration made available to the Indirect Purchaser Settlement Class, reimbursement of the costs and expenses advanced on behalf of the Indirect Purchaser Settlement Class, and class representative incentive awards of no more than $25,000 to each of the two Indirect Purchaser Class Plaintiffs;

(h)      No objections were filed or otherwise submitted;

(i)      The Class Action raised a number of complex issues

(j)      IPP Lead Counsel have conducted this complex litigation with a high degree of diligence, and achieved the Settlements with perseverance and skillful advocacy;

(k)    Had IPP Lead Counsel not achieved the Settlements there would remain a significant risk that Indirect Purchaser Class Plaintiffs and the other members of the Indirect Purchaser Settlement Class may have recovered less or nothing from the Settling Defendants;

(l)    Plaintiffs' Counsel have devoted more than 27,064.9 hours to the prosecution of the Indirect Purchaser Settlement Class's claims against the Defendants, with a lodestar value of approximately $15,033,296.25; and

(m)    The amount of attorneys' fees awarded and expenses to be reimbursed from the Settlement Funds are fair and reasonable and consistent with awards in similar cases.

21.    **Case Contribution Awards** – Indirect Purchaser Class Plaintiffs City of Homestead, Florida and City of Creston Water Works Department are hereby awarded $25,000 each from the Settlement Funds for their work representing the Indirect Purchaser Settlement Class in the Class Action. These awards are in addition to whatever monetary amounts the Indirect Purchaser Class Plaintiffs may receive from the net Settlement proceeds pursuant to the Plan of Distribution.

22.    **Approval of Plan of Distribution** – The Court hereby finds and concludes that the formula for the calculation of the claims of Indirect Purchaser Settlement Class Members ("Claimants") as set forth in the Plan of Distribution described in the Notice mailed to Indirect Purchaser Settlement Class Members and posted on the Settlement Website provides a fair and reasonable basis upon which to allocate the net proceeds of the Settlements among Indirect Purchaser Settlement Class Members with due consideration having been given to administrative convenience and necessity.

23.    For the sake of administrative efficiency, the funds from each of these six Settlements shall be permitted to be aggregated, along with the funds from the earlier GEO

Settlement, into a single account so that claims may be made against the aggregate of the Settlement Funds and not separately against the proceeds from each individual Settlement.

24.    The Court hereby finds and concludes that the Plan of Distribution is, in all respects, fair and reasonable to the Indirect Purchaser Settlement Class.  Accordingly, the Court hereby approves the Plan of Distribution proposed by Indirect Purchaser Class Plaintiffs and IPP Lead Counsel.

25.    **No Impact on Judgment** – Any appeal or any challenge affecting this Court's approval regarding any attorneys' fees and expense application, or the approval of the plan of distribution, shall in no way disturb or affect the finality of the Final Order or Final Judgment.

26.    **Retention of Jurisdiction** – Exclusive jurisdiction is hereby retained over the Parties and the Indirect Purchaser Settlement Class Members for all matters relating to this Class Action, including the administration, interpretation, effectuation, or enforcement of the Settlement Agreements and this Order.

27.    **Entry of Judgment** – There is no just reason to delay the entry of this Judgment in this Class Action.  Accordingly, the Clerk of the Court is expressly directed to immediately enter this Judgment in this Class Action.

MADELINE COX ARLEO, U.S.D.J.

# EXHIBIT 1

Mayor and City Council of Baltimore
City of Richmond
Washington Suburban Sanitary Commission
Fairfax County Water Authority
Appomattox River Water Authority
County of Chesterfield
County of Henrico
City of Lynchburg
City of Newport News
City of Norfolk
Rivanna Water & Sewer Authority
South Central Wastewater Authority
City of Springfield
Commissioners of Public Works of the City of Charleston (d/b/a Charleston Water System)
Grand Strand Water & Sewer Authority
City of Spartanburg
City of Winston-Salem
South Carolina Public Service Authority (d/b/a Santee Cooper)
City of Greenville