# LOEVY & LOEVY

311 N. Aberdeen St., 3rd Floor, Chicago, Illinois 60607

November 12, 2019

***Via Electronic Filing***
Hon. Madeline Cox Arleo
U.S. District Court for the District of New Jersey
Martin Luther King, Jr. Building & U.S. Courthouse
50 Walnut Street
Newark, New Jersey 07101

Re:   In re Liquid Aluminum Sulfate Antitrust Litigation, No. 16-md-2687(MCA)(JAD)

Dear Judge Arleo:

We represent Lawrence McShane, the relator in certain state *qui tam* actions concerning the sale of liquid aluminum sulfate. As you know, Mr. McShane has previously filed motions to intervene and objections with respect to the settlements the Direct Purchaser Plaintiffs entered into with GEO Specialty Chemicals, Inc. ("GEO"), Brian Steppig ("Steppig"), Chemtrade Defendants ("Chemtrade"), USALCO, LLC ("USALCO"), and American Securities LLC ("American Securities"). We have appeared on behalf of Mr. McShane at the fairness hearings before Judge Linares to object to GEO, Steppig, and Chemtrade's settlements. We also recently appeared before you at the fairness hearing on September 26th to object to USALCO and American Securities' settlements. Per Your Honor's recommendations at the September hearing,[1] we submit this letter to preserve Mr. McShane's objections with regard to the settlement agreement between C&S Chemicals, Inc. ("C&S") and the Direct Purchaser Plaintiffs ("C&S Settlement Agreement").

As the relevant provisions of the C&S Settlement Agreement are substantially identical to those in the previously executed settlement agreements, Mr. McShane's previous objections and bases for intervening apply to the C&S Settlement Agreement as well. Mr. McShane's arguments are set forth in Docket Entries 1091-1 and 1092-1 with respect to GEO and Steppig's settlement agreement, Docket Entries 1374-1 and 1375-1 with respect to Chemtrade's settlement agreement, and Docket Entries 1374-1 and 1375-1 with respect to USALCO's and American Securities' settlement agreements.

We understand that you will likely adopt the same ruling that you and Judge Linares made when denying Mr. McShane's previous motions and objections. This ruling was summarized by Judge Linares as follows:

> I am not taking a position, and this Court is not making a ruling today that anything that I do with regard to this judgment today releases or terminates the *qui tam* actions or affects them in any way. Then it is up to the other courts to decide that issue…Because I can only decide what is in front of me, and what is

---

[1] Your Honor recommended at the September 26 fairness hearing that Mr. McShane file a letter about future settlements and appear telephonically rather than file another formal motion to intervene and objection. See Exhibit 1, Transcript of 9/26/19 Fairness at Hearing, at 46:2-12.

> in front of me is the fairness of this settlement and the appropriateness of this settlement. Whether or not there is a decision by another court of what the effect of this is, it is going to be up to them, except that it's going to be clear from the record, as I am speaking, that all I am doing is settling the claims that are before me…and this is not to indicate what, if anything, should be the decision on the qui tam actions at another state.

November 14, 2018 Fairness Hearing Transcript at 38:11-16; 38:11-39:1; 39:3-5 (attached hereto as Exhibit 2). Judge Linares also confirmed his holding in a written order:

> [A]s this Court stated on the record at the hearing, the Court is not making a ruling that its approval of the settlement in any way releases, terminates, or affects Mr. McShane's qui tam actions pending in three separate state courts.

Docket Entry 1169 at 2.

  Assuming that you do adopt the Court's earlier ruling, Mr. McShane respectfully requests that you also reiterate that you are "not making a ruling that [the Court's] approval of the settlement in any way releases, terminates, or affects Mr. McShane's qui tam actions." We also respectfully request the opportunity to appear via telephone at the upcoming November 13th fairness hearing in order to preserve our objections to the C&S Settlement Agreement on the record.

  We appreciate Your Honor's attention to this matter.

       Respectfully,

       /s/ Frank Newell

       Frank Newell
       *Attorney for Lawrence McShane*

Cc: All counsel of record by ECF